IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; LifeBrite Laboratories, LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Empower H.I.S. LLC; David Byrns; and Jorge Perez, <br><br> Defendants. | CIVIL ACTION NO. 5:18-CV-06037-DGK |

**SUGGESTIONS IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully request leave to file their Third Amended Complaint.

**Argument**

Federal Rule of Civil Procedure 15(a)(2) provides that: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Specifically, "[l]eave should normally be granted absent good reason for a denial." *Dean v. Am. Honda Motor Co.*, No. 17-03069-CV-S-DPR, 2017 U.S. Dist. LEXIS 218188, at *1 (W.D. Mo. Nov. 14, 2017) (citation and quotation marks omitted). The Court "may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by

2284457.1

amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment[.]" *Id.* (citation and quotation marks omitted).

On April 5, 2018, Plaintiffs served a Complaint [*see* Dkts. 1, 14] on one of the Defendants, thereby starting the 21-day period during which Plaintiffs could amend the Complaint as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). On April 25, 2018, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs amended the Complaint [Dkt. 21] as a matter of course, adding several new Plaintiffs and identifying a number of entities that had assigned their claims to Plaintiff RightCHOICE Managed Care, Inc. ("RightCHOICE").

On June 8, 2018, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs filed their motion seeking leave to amend the First Amended Complaint to include additional allegations regarding the scope of the pass-through scheme at issue in this dispute, the amount of damages at issue, and to add two additional Defendants, James F. Porter, Jr. and Christian Fletcher. [*See* Dkts. 32, 32-1, 33, and 33-1.] On June 25, 2018, the Court granted Plaintiffs leave to amend their First Amended Complaint. [Dkt. 47.]

On June 28, 2018, Plaintiffs moved for an extension of time within which to comply with the deadline contained in Local Rule 15.1(b). [Dkt. 49.] As explained in this filing, subsequent to requesting leave to file their proposed Second Amended Complaint, Plaintiffs, through their investigation, learned the identities of additional participants in the scheme at issue, whose participation is believed to have caused millions of dollars of

2

the damages to Plaintiffs. [*Id.*] On June 28, 2018, the Court granted Plaintiffs' motion, thereby providing Plaintiffs up to and including July 13, 2018 within which to either file their proposed Second Amended Complaint or, as Plaintiffs now do, file a motion for leave to file a Third Amended Complaint. [Dkt. 50.]

To this end, Plaintiffs' proposed Third Amended Complaint seeks to add five new Defendants to this suit: (1) LabMed Services LLC; (2) Serodynamics LLC; (3) Lucenta Labs LLC; (4) Beau Gertz; and (5) Mark Blake. [*See* Proposed Third Am. Compl. at ¶¶ 56-58, 63, 64.] As explained in greater detail in the proposed Third Amended Complaint, each of LabMed Services LLC, Serodynamics LLC, and Lucenta Labs LLC is alleged to be a Pass-Through Lab; Beau Gertz is alleged to be responsible for the management of LabMed and Serodynamics; and Mark Blake is alleged to be a principal of LabMed Services LLC and to have also assisted with the management of Serodynamics LLC. [*Id.*]

This motion is brought without bad faith or dilatory motive. As explained previously [Dkt. 49], it was only through great difficulty (and by expending substantial resources conducting their investigation) that Plaintiffs ascertained the information giving rise to the proposed Third Amended Complaint. In addition, allowing Plaintiffs to file their Third Amended Complaint will cause no undue delay or prejudice. None of the currently named Defendants have responded to the First Amended Complaint, the Second Amended Complaint has not been filed, and the Court has not yet issued a scheduling order.

3

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request leave to file their Third Amended Complaint.

DATED: July 13, 2018                By:    /s/ Neal F. Perryman

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted *pro hac vice*)
Randall Tietjen (admitted *pro hac vice*)
Jamie R. Kurtz (admitted *pro hac vice*)
Nathaniel J. Moore (admitted *pro hac vice*)
800 LaSalle Avenue
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
rtietjen@robinskaplan.com
jkurtz@robinskaplan.com
nmoore@robinskaplan.com

Timothy Billion (admitted *pro hac vice*)
140 N. Phillips Ave, Suite 307
Sioux Falls, South Dakota 57104
T: (612) 349-8475
tbillion@robinskaplan.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 13th day of July 2018, with notice of case activity sent to counsel of record.

    /s/ Neal F. Perryman