# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) HOSPITAL PARTNERS, INC., et al., ) ) Defendants. ) | No. 5:18-cv-06037-DGK |

## ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AND GRANTING DEFENDANT JAMES F. PORTER, JR.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' THIRD AMENDED COMPLAINT

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital. Pending before the Court is Plaintiffs' request for entry of default against Defendant James F. Porter, Jr. ("Porter") (Doc. 126). Also before the Court is Porter's motion for extension of time to respond to Plaintiffs' third amended complaint (Doc. 128). Because Porter has shown good cause for setting aside default, the Court DENIES Plaintiffs' request for entry of default and GRANTS Porter's motion for extension of time, which the Court construes as a motion to set side default and for leave to respond out of time.

**Background**

Plaintiffs first named Porter a defendant in this action in their third amended complaint (Doc. 57), filed July 17, 2018. Porter was served on September 24, making his response due on October 15. Fed. R. Civ. P. 12(a)(1)(A)(i). He missed this deadline, filing a motion to dismiss (Doc. 124) approximately three weeks late on November 6. Later that day, Plaintiffs filed their instant motion requesting that the Court enter default against Porter. Porter filed the pending

motion for an extension of time to respond to Plaintiffs' complaint on November 9. The clerk did not enter default, and the parties briefed all three motions simultaneously.

Porter claims he failed to timely respond to Plaintiff's complaint because of financial hardship and difficulty securing local counsel. He states that he was struggling financially due to the closure of two businesses he managed, Hospital Laboratory Partners, LLC, and RAJ Enterprises of Central Florida, LLC, which are also defendants in this action. This hardship supposedly rendered him unable to retain counsel until late October. Porter points out that once he did secure representation, his attorney immediately requested an extension of time from Plaintiffs' counsel and began seeking local counsel admitted to this Court.

Plaintiffs dispute that Porter's financial situation precluded him from a timely response. They describe their difficulties serving Porter and claim he owns many expensive properties and recently purchased several vehicles. They also note that Hospital Laboratory Partners voluntarily dissolved the day it was served with Plaintiffs' complaint and RAJ Enterprises dissolved a few months later. Plaintiffs ask the Court to either enter default against Porter or permit them to conduct tailored discovery into his reasons for defaulting.

**Discussion**

Federal Rule of Civil Procedure 12(a)(1)(A) requires a defendant to respond to a complaint within twenty-one days of being served. Otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). "[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." 10 Charles A. Wright, Arthur R. Miller, and Mary K. Kane, *Federal Practice and Procedure* § 2692 (4th ed. 2018). Porter therefore defaulted after he failed to respond to Plaintiffs' complaint within twenty-one days, even though the clerk had not entered notice of this fact. The Court thus construes Porter's motion for an extension of time,

2

together with his briefing opposing the entry of default, as a motion to set aside default under Rule 55(c). *See id.* ("[C]ourts have shown considerable leniency in treating other procedural steps as equivalent to a motion, particularly when defendant's conduct evidences a desire to correct the default."); *Meehen v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (treating other pleadings as a motion to set aside default); *Hughes v. Port of Seattle*, 848 F.2d 1242, at *3 (9th Cir. 1988) (noting that "the clerk's failure to enter a default is not significant to the outcome of this case" and treating the district court's denial of a motion for default judgment as having implicitly set aside default).

Rule 55(c) provides that district courts may grant relief from default for "good cause." In determining whether good cause exists, courts weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (citation omitted). There is additionally a "judicial preference for adjudication on the merits," *id.* (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)), particularly where a plaintiff seeks substantial financial damages. *Swink v. City of Pagedale*, 810 F.2d 791, 792 n.2 (8th Cir. 1987).

Here, good cause exists for setting aside the entry of default.[1] For one, Porter's conduct does not rise to the level of "contumacious or intentional delay or disregard for deadlines and procedurals" that typically warrants default. *Johnson*, 140 F.3d at 784. Granted, Porter should have requested an extension or attempted to represent himself before the deadline lapsed. But he promptly involved himself in the case upon retaining lead and local counsel; he filed a motion to

---

[1] Because Porter requested an extension of time, the parties also briefed whether he satisfies the "excusable neglect" standard of Rule 6(b)(1)(B), which allows the Court to grant parties leave to file out of time. Porter satisfies this standard for the reasons set forth in this Order. *See Zzipline, LLC v. Solutions Group, Inc.*, No. 4:12-cv-994-JAR, 2012 WL 3150584, at *1 (E.D. Mo. Aug. 2, 2012) (discussing the equitable standard for obtaining leave to file out of time under Rule 6(b)(1)(B)).

dismiss the same day he obtained local representation, and he requested an extension of time three days later. These actions clearly evince a desire to defend the case on the merits. *Id.* ("[I]t is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits"). Moreover, the three-week delay more closely constitutes a "'marginal failure' to meet pleading . . . deadlines," which courts frequently excuse. *Id.* (citing cases).

Second, Porter has a meritorious defense. A defense is meritorious for purposes of Rule 55(c) where, if believed, it "would permit a finding for the defaulting party . . . ." *Id.* at 785 (internal quotations and citation omitted). The issue is not whether the defense is undisputed. *Id.* Rather, "[t]he underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (internal quotations, citation, and alterations omitted). In his motion to dismiss, Porter asserts several potentially meritorious defenses to Plaintiffs' complaint, including that the Court lacks jurisdiction and that the Employment Retirement Income Security Act of 1974 preempts Plaintiffs' state-law claims. There is "some possibility" these defenses could produce a result contrary to default, and so this factor also weighs against its entry.

Finally, setting aside default will not significantly prejudice Plaintiffs. Plaintiffs argue that allowing Porter to proceed will delay the litigation. But the delay was relatively short, and delay alone cannot establish prejudice. *Johnson*, 140 F.3d at 785. Furthermore, the case is still in its early stages, since the parties have yet to conduct discovery. Plaintiffs add that Porter's late response, coupled with the dissolution of the defendant entities he controlled, suggests the risk of losing evidence. Porter responds that dissolution takes months, and that his companies initiated the process well before they received Plaintiffs' complaint. Without more from Plaintiffs, their

suspicion amounts to speculation, and the Court will not enter default on this basis.  The interests of fairness are best served by expediently proceeding to adjudicate the merits of Plaintiffs' claims.

## Conclusion

There is good cause for setting aside the entry of default against Porter.  Accordingly, the Court DENIES Plaintiffs' motion for entry of default (Doc. 126) and GRANTS Porter's motion for extension of time (Doc. 128).  Porter is hereby granted leave to respond to Plaintiffs' third amended complaint.

**IT IS SO ORDERED.**

Date:  December 14, 2018  /s/ Greg Kays  
GREG KAYS, CHIEF JUDGE  
UNITED STATES DISTRICT COURT