IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>　　　　　Plaintiffs,<br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; LifeBrite Laboratories, LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; SeroDynamics, LLC; Lucenta Labs, LLC; David Byrns; Jorge Perez; Christian Fletcher; James F. Porter, Jr.; Beau Gertz; and Mark Blake,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br>5:18-CV-06037-DGK |

**PLAINTIFFS' BRIEF REGARDING DISCOVERY DISPUTE WITH DEFENDANTS HOSPITAL PARTNERS, INC., EMPOWER H.I.S., LLC, JORGE PEREZ, AND DAVID BYRNS**

1

Plaintiffs allege that Defendants used Putnam County Memorial Hospital ("Putnam") as a shell through which they billed Plaintiffs more than $70 million in fraudulent laboratory tests.[1] Plaintiffs served discovery requests on Defendants Hospital Partners, Inc., Empower H.I.S., LLC, Jorge Perez, and David Byrns (collectively, the "Empower Defendants") in October 2018. However, the Empower Defendants have not produced any documents and have stated that they will not produce any documents in the future. Originally, they relied on boilerplate objections. More recently, they invoked the Fifth Amendment as an additional basis to withhold production. Neither justifies their refusal to participate in discovery. Adding insult to injury, the Empower Defendants apparently have not issued document-retention notices and it is not clear that they have taken any steps to preserve evidence relevant to this dispute.

## THE PARTIES' EFFORTS TO MEET AND CONFER

The Rule 26(f) conference took place on October 4, 2018. Plaintiffs served Requests for Production and Interrogatories (the "Requests") on the Empower Defendants on October 8, 2018. (*See* Moore Decl., Exs. A-H.) The Empower Defendants served their Rule 26(a)(1) disclosures on October 18, 2018. (*Id.*, Ex. I.) On November 26, 2018, the Empower Defendants served their responses and objections to Plaintiffs' Requests. (*Id.*, Exs. A-H.) Plaintiffs identified deficiencies in the Empower Defendants' responses on December 19, 2018. (*Id.*, Ex. J.)

In a January 7, 2019 telephonic meet-and-confer, the Empower Defendants confirmed that they would not produce any documents to Plaintiffs. (*Id.*, ¶ 14.) The Empower Defendants also stated that they might invoke their purported Fifth Amendment rights. (*Id.*) On January 11, 2019, they "assert[ed] their Fifth Amendment rights." (*Id.*, Ex. K.)

---

[1] In 2017, the Missouri State Auditor audited Putnam and concluded that it was "a shell organization for labs across the country." Its report confirmed the Empower Defendants' role in that scheme. (*See* https://app.auditor.mo.gov/Repository/Press/2017074829206.pdf.)

## THE DISCOVERY DISPUTES

**I.     The Empower Defendants' Rule 26(a)(1) Initial Disclosures**

The Empower Defendants' Rule 26(a)(1) disclosures do not identify *any* witnesses likely to have discoverable information. (*See* Moore Decl., Ex. I.) They also fail to identify the relevant documents or information in their possession, custody, or control. (*Id.*) There is no good-faith basis for the state of these disclosures, and they should be ordered to amend them.

**II.    Empower Defendants' Refusal to Produce Documents or Respond to Interrogatories**

The Empower Defendants have not produced any documents, have stated that they will not produce any in the future, and objected to every one of Plaintiffs' interrogatories. At first, they relied on boilerplate objections. (*See*, *e.g.*, Moore Decl., Ex. D, No. 8.) They also repeatedly objected on the basis of privilege (can be addressed through a privilege log), confidentiality (addressed in the Protective Order [Dkt. 116]), and argued that Plaintiffs should first request documents from third parties, including Putnam. These objections are patently inadequate. *See* Fed. R. Civ. P. 34(b)(2)(B) & (C); Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 36(a)(5); *see also Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 184-85 (N.D. Iowa 2017) (boilerplate objections insufficient without explanation of how objection applies harm that would accrue).

On January 11, 2019, the Empower Defendants invoked the Fifth Amendment as an additional basis for their refusal to respond. (Moore Decl., Ex. K.) But it does not provide "an all-encompassing right of refusal to discovery requests." *See Bank of Am., N.A. v. Roberts*, No. 4:12CV609 AGF, 2014 U.S. Dist. LEXIS 39988, at *9 (E.D. Mo. March 26, 2014). Initially, the two entity defendants have no Fifth Amendment rights. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) ("artificial entities are not protected by the Fifth Amendment."). Corporate custodians cannot refuse production even if the records might incriminate them personally. *Braswell*, 487 U.S. at 110. Therefore, the two entities must respond to Plaintiffs' Requests.

As for Perez and Byrns, "only compelled, incriminating communications that are 'testimonial' in nature are privileged under the Fifth Amendment." *Bank of Am., N.A.,* 2014 U.S. Dist. LEXIS 39988, at *15 (citing *United States v. Doe*, 465 U.S. 605, 611 (1984)). The act of production is only testimonial if it "explicitly or implicitly, relate[s] a factual assertion or disclose[s] information." *United States v. Hubbell*, 530 U.S. 27, 36-37 n.19 (2000). And, as this Court has recognized, blanket invocation of the Fifth Amendment is inappropriate; a party "must specifically claim it with respect to a particular question." *See Tibble v. Daniels*, No. 3:14-mc-05006-DGK, 2016 U.S. Dist. LEXIS 73132, at *10 (W.D. Mo. June 6, 2016). Therefore, Plaintiffs request that the Court order Perez and Byrns to specify which of Plaintiffs' Requests they are invoking the Fifth Amendment in relation to. Plaintiffs also request that the Court order Hospital Partners and Empower H.I.S. to produce responsive documents within 14 days.

### III. Document Preservation

On the January 7, 2019 meet-and-confer, the Empower Defendants' counsel stated that, to his understanding, no document-preservation notices had been distributed to the Empower Defendants or their employees. (Moore Decl., ¶ 15.) Compounding matters, counsel stated that, since the filing of this lawsuit, Empower H.I.S. has dissolved and he was unaware of where its records are today, although they may be in some "central repository." (*Id.*)

### IV. Requested Relief

Plaintiffs request that the Court order the Empower Defendants to, within 14 days: (1) amend their initial disclosures; (2) produce the responsive, non-privileged documents requested from Hospital Partners and Empower H.I.S.; (3) identify which requests Perez and Byrns are invoking the Fifth Amendment in response to; (4) answer Plaintiffs' Interrogatories in good faith or have adverse inferences drawn from their refusal; and (4) provide a sworn statement from each Defendant identifying the steps taken to preserve discoverable information.

4

DATED: January 21, 2019  By:     /s/ Michael L. Jente

                                              LEWIS RICE LLC
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

           -and-

ROBINS KAPLAN LLP
Jeffrey S. Gleason (admitted *pro hac vice*)
Jason W. Pfeiffer (admitted *pro hac vice*)
Nathaniel J. Moore (admitted *pro hac vice*)
Amira ElShareif (admitted *pro hac vice*)
Jaime Wing (admitted *pro hac vice*)
800 LaSalle Avenue
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
aelshareif@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 21st day of January 2019, with notice of case activity sent to counsel of record.

      /s/ Michael L. Jente