# EXHIBIT J



800 LASALLE AVENUE     612 349 8500 TEL
SUITE 2800     612 339 4181 FAX
MINNEAPOLIS MN 55402     ROBINSKAPLAN.COM

JAIME J. WING
612 349 8466 TEL
JWING@ROBINSKAPLAN.COM

December 19, 2018           *Via Email*

Frank M. Smith, Esq.
FMS Lawyer, PL
9900 Stirling Road
Suite 226
Cooper City, FL 33024

    Re:   *RightCHOICE Managed Care, Inc. et al. v. Hospital Partners, Inc. et al.*,
         W.D. Mo. No. 5:18-CV-06037-DGK

Dear Frank:

We have identified numerous deficiencies in Hospital Partners, Inc.'s, Empower H.I.S. LLC's, David Byrns', and Jorge Perez's (collectively, "Defendants") October 18, 2018 initial disclosures and November 26, 2018 discovery responses, each of which is listed below. We request that Defendants cure these deficiencies promptly. We are available to meet and confer if you would like to discuss the items discussed below.

## I.   Initial disclosures

Defendants' initial disclosures reveal next to no information regarding the individuals or documents that Defendants may use to support their defenses. *Cf.* Fed. R. Civ. P. 26(a)(1)(A). Not a single individual is identified by name. Instead, Defendants refer to unidentified "corporate representatives" of various entities (including Defendants Empower H.I.S. and Hospital Partners), and do not even identify Byrns and Perez—individual Defendants in this case—as persons who may have knowledge of the claims and defenses in this case. (Defs.' Initial Disclosures at 2–3.) Likewise, Defendants' disclosures do not describe any pertinent documents, instead asserting that "all" relevant documents are in the possession of third parties. (*Id.* at 4.)

These disclosures suggest that Defendants are unaware of any witnesses or documents that may be used to support defendants' defenses, if any. Defendants must provide more substantive disclosures than they have to date, including

identifying the "billing/management vendors" who they represent to hold relevant electronically stored information.

Defendants should amend their disclosures to comply with Rule 26(a). If Defendants fail to amend their disclosures to comply with Rule 26(a), Plaintiffs will be forced to move to exclude evidence upon which Defendants may later attempt to rely. Fed. R. Civ. P. 37(c)(1).

## II. Discovery responses

### A. Insufficiency of Defendants' objections

Defendants have made a number of objections that lack merit in their responses to Plaintiffs' first sets of discovery requests.

*First*, Defendants' responses are replete with boilerplate objections. For example, in response to Plaintiffs' requests for production and interrogatories, each Defendant asserted that *every single* request or interrogatory was "vague [or] overly broad" without any attempt at explaining why.[1] Defendants lodged these objections against even basic requests that could be expected in a healthcare fraud case with nearly $80 million at stake, including, but not limited to, the following:

> **Request for Production No. 7**: All documents addressing, discussing, describing, or analyzing the [RightCHOICE-Putnam County Memorial Hospital ("PCMH")] Contract.
>
> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information about PCMH's contract with Plaintiffs, but is unclear. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.[2]

---

[1] *See* Hospital Partners, Inc. Resps. to RFPs ¶¶ 1-58 and Resps. to Rogs.¶¶ 1-12; David Byrns Resps. to RFPs ¶¶ 1-58 and Resps. to Rogs.¶¶ 1-12; Empower H.I.S. LLC Resps. to RFPs ¶¶ 1-58; and Resps. to Rogs.¶¶ 1-12; Jorge Perez Resps. to RFPs ¶¶ 1-59 and Resps. to Rogs.¶¶ 1-12.

[2] Because Defendants appear to have responded to each request for production the same way, Plaintiffs include only one exemplar response for the sake of brevity.

>**Request for Production No. 10**: All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.[3]
>
>**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.
>
>**Request for Production No. 44**: All documents related to the dissolution or closure of any defendant.[4]
>
>**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.
>
>**Interrogatory No. 10**: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.
>
>**Response:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant.

Objections like these—divorced from any application to the specific interrogatory or request for production—are improper under the Rules of Civil Procedure, and federal courts condemn them routinely. *E.g.*, Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(C); *Sunnen Prods. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:09CV00889 JCH, 2010 U.S. Dist. LEXIS 16953, at *3–4 (E.D. Mo.

---

[3] The same request for production was directed to every Defendant, with the exception of Perez, as request number 10. This request was number 11 of those directed to Perez.

[4] The same request for production was directed to every Defendant, with the exception of Perez, as request number 44. This request was number 45 of those directed to Perez.

Feb. 25, 2010) ("[A] party resisting discovery must show *specifically* how each interrogatory or document request is not relevant or how each question is overly broad, burdensome or oppressive." (emphasis added)).

*Second*, as the excerpts above indicate, Defendants have objected that several requests "seek[] information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence."[5] This objection misapprehends the proper scope of discovery, which, in pertinent part, extends to "any nonprivileged matter that is relevant to *any* party's *claim or defense*." Fed. R. Civ. P. 26(b)(1) (emphases added). Information need not be admissible in evidence to be discoverable. *Id.* Plaintiffs' have directed all of their requests to matters at the core of this action, including the contract between RightCHOICE and PCMH, Defendants' liability, Plaintiffs' damages, and the current location of money fraudulently obtained from Plaintiffs.

*Third*, Defendants object on several occasions that responses to certain requests would encompass a "large portion" or the "sum total" of some larger category of information.[6] But Defendants cannot base their refusal to respond on the mere breadth of a potential response. Plaintiffs' requests are proportional to the "amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

*Fourth*, Defendants object to several requests on the basis that they seek some indeterminate "private, proprietary, or restricted information."[7] Defendants cannot unilaterally determine the scope of discovery this way. *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). If Defendants have a basis for withholding commercially-sensitive information, as they appear to suggest, they may move for a protective order under Rule 26(c) or other authority upon complying with Local Rules 16.1 and 37. Defendants should otherwise provide

---

[5] *See* Hospital Partners, Inc. Resps. to RFPs ¶¶ 1-58 and Resps. to Rogs.¶¶ 1-12; David Byrns Resps. to RFPs ¶¶ 1-58 and Resps. to Rogs.¶¶ 1-12; Empower H.I.S. LLC Resps. to RFPs ¶¶ 1-58 and Resps. to Rogs.¶¶ 1-12; Jorge Perez Resps. to RFPs ¶¶ 1-59 and Resps. to Rogs.¶¶ 1-12.

[6] *See* Hospital Partners, Inc. Resps. to RFPs ¶¶ 20-23, 27, 32, 43, 50; David Byrns Resps. to RFPs ¶¶ 20-23, 27, 32, 42, 43, 50; Empower H.I.S. LLC Resps. to RFPs 20-23, 27, 32, 42, 43, 50; Jorge Perez Resps to Reqs for Produc. ¶¶ 21-24, 28, 33, 43, 44, 51.

[7] *See* Hospital Partners, Inc. Resps. to RFPs ¶¶ 1-58; David Byrns Resps. to RFPs ¶¶ 1-58; Empower H.I.S. LLC Resps. to RFPs ¶¶ 1-58; Jorge Perez Resps. to RFPs ¶¶ 1-59. Defendants also objected to interrogatories for similar reasons. *See* Hospital Partners, Inc. Resps. to Rogs.¶¶ 1-3, 6, 10, 12; David Byrns Resps. to Rogs.¶¶ 1-3, 6, 10, 12; Empower H.I.S. LLC Resps. to Rogs.¶¶ 1-3, 6, 10, 12; Jorge Perez Resps. to Rogs.¶¶ 1-3, 6, 10, 12.

substantive discovery responses, which other parties (including Plaintiffs) will treat in accordance with the parties' stipulated HIPAA-qualified protective order.

*Fifth*, Plaintiffs are puzzled as to Defendants' assertion, repeated throughout their responses, that this matter or proceeding is "not yet at issue."[8] Although Plaintiffs do not understand what Defendants mean by this, they will note that discovery has obviously opened in this action. Defendants must meet their obligation to respond to discovery requests as the Rules envision.

### B.     Failure to produce documents

Defendants did not produce *or even agree to produce* any documents in response to Plaintiffs' requests. This is unacceptable. As the Missouri State Auditor has reported, Defendants were involved in the laboratory-billing scheme at PCMH.[9] Perez and Byrns both controlled Hospital Partners, Inc., which in turn entered an agreement to operate PCMH that was allegedly approved by the latter's board of trustees. Empower H.I.S., for its part, performed the billing that allowed the scheme to operate. Somehow, though, Defendants have implicitly asserted that they do not have a single non-privileged document that responds to Plaintiffs' requests. This is just not credible, and it evinces a lack of responsible participation in the discovery process. *See* Fed. R. Civ. P. 26(g) advisory committee's note on 1983 amendments.

Several of Defendants' responses to requests for production also state that "to the extent PCMH information is sought, such information would properly be sought from PCMH."[10] This response rests on a misunderstanding of Defendants' duties under Rule 34. That rule provides that responding parties must produce

---

[8] *See* Hospital Partners, Inc. Resps. to RFA (General Parameters) ¶¶ 5, 6; Hospital Partners, Inc. Resps to RFPs (General Parameters) ¶¶ 8, 9; Hospital Partners, Inc. Resps. to Rogs.(General Parameters) ¶¶ 5, 6; David Byrns Resps. to RFA (General Parameters) ¶¶ 5, 6; David Byrns Resps to RFPs (General Parameters) ¶¶ 8, 9; David Byrns Resps. to Rogs.(General Parameters) ¶¶ 5, 6; Empower H.I.S. LLC Resps. to RFA (General Parameters) ¶¶ 5, 6; Empower H.I.S. LLC Resps to RFPs (General Parameters) ¶¶ 8, 9; Empower H.I.S. LLC Resps. to Rogs.(General Parameters) ¶¶ 5, 6; Jorge Perez Resps. to RFA (General Parameters) ¶¶ 5, 6; Jorge Perez Resps to RFPs (General Parameters) ¶¶ 8, 9; Jorge Perez Resps. to Rogs. (General Parameters) ¶¶ 5, 6.

[9] *See* Office of Mo. State Auditor, *Putnam County Memorial Hospital*, Report No. 2017-074 (Aug. 2017), https://app.auditor.mo.gov/Repository/Press/2017074829206.pdf, *incorporated by reference in* 3d Am. Compl. ¶ 20 & n.1, Dkt. 57.

[10] *See* Hospital Partners, Inc. Resps. to RFPs ¶¶ 1-23, 26, 27, 29, 31-33, 35-37, 40-43, 46, 50, 52, 58; David Byrns Resps. to RFPs ¶¶ 1-23, 26, 27, 29, 31-33, 35-37, 40-43, 46, 50, 52, 58; Empower H.I.S. LLC Resps. to RFPs ¶¶ 1-23, 26, 27, 29, 31-33, 35-37, 40-43, 46, 50, 52, 58; Jorge Perez Resps. to RFPs ¶¶ 1-9, 11-24, 27, 28, 30, 32-34, 36-38, 41-44, 47, 51, 53, 59.

documents in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The fact that a third party may also possess the requested information is no reason for a defendant to shirk its responsibility to produce documents. Defendants should produce all documents within their possession, custody, or control that respond to Plaintiffs' requests.

### C. Denial of requests for admission

Defendants denied all of Plaintiffs' requests for admission. These denials create qualifying language that is absent in the requests themselves. To cite only one example, request number 1 asks that Defendants admit "[they] received money as a result of laboratory tests that were billed through PCMH." Uniformly, Defendants denied this request and added that they "did not, and [do] not, perform laboratory tests."[11] But as the request shows, whether Defendants performed or perform laboratory tests is independent of whether they received money due to tests billed through PCMH. Plaintiffs will remind Defendants that their responses must fairly meet the substance of these requests. Fed. R. Civ. P. 36(a)(4).

• • •

Plaintiffs ask that Defendants promptly serve amended initial disclosures and discovery responses that comply with Fed. R. Civ. P. 26, 34, and 36 as detailed above. And if the amended discovery responses continue to include objections, please specify if documents are being withheld on the basis of those objections.

Sincerely,

*/s/ Jaime J. Wing*

Jaime J. Wing

cc: Lauren A. Horsman, Esq.
Chapman and Cowherd, P.C.
903 Jackson Street
Chillicothe, MO 64601

---

[11] *See* Hospital Partners, LLC Resps. to RFA ¶ 1; David Byrns Resps. to RFA ¶ 1; Empower H.I.S. LLC Resps. to RFA ¶ 1; Jorge Perez Resps. to RFA ¶ 1. Other examples of such misinterpretations include the following responses: Hospital Partners Inc. Resps. to RFA ¶¶ 2-3, 7; David Byrns Resps. to RFA ¶¶ 2-3, 7; Empower H.I.S. LLC Resps. to RFA ¶¶ 2-3, 7; Jorge Perez Resps. to RFA ¶¶ 2-3, 7.