**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 5:18-cv-06037-DGK |
| | ) | |
| HOSPITAL PARTNERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital. Plaintiffs RightCHOICE Managed Care, Inc. ("RightCHOICE"), and Blue Cross Blue Shield insurance plans ("BCBS Plans") claim that Defendants contrived to bill them for lab tests through the Missouri hospital even though the tests were performed at outside labs throughout the country. Pending before the Court is a discovery dispute between Plaintiffs and Defendants Hospital Partners, Inc., Empower H.I.S., LLC, David Byrns, and Jorge Perez (collectively, the "Discovery Defendants"). The Discovery Defendants refuse to respond to Plaintiffs' interrogatories and requests for production based on the Fifth Amendment and myriad other objections. The Court grants Plaintiffs' requests for relief because the Fifth Amendment does not apply to artificial entities and their custodians, and because the remainder of the Discovery Defendants' objections are insufficiently specific.

## Background[1]

The parties conferred under Federal Rule of Civil Procedure 26(f) on October 4, 2018. Plaintiffs served the Discovery Defendants with interrogatories and requests for production of

---

[1] The Court's January 23, 2019, Order (Doc. 165) describes the factual background of the case.

documents the following week.  The Discovery Defendants responded on November 26, objecting

to every one of Plaintiffs' questions and requests.  The following responses, provided by Empower

H.I.S, are representative of the objections:

> INTERROGATORY NO. 1:  How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through [the Hospital], and how was that amount calculated?

> RESPONSE: Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant.  In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through [the Hospital], and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "Source" of any paid funds, except that they came from the general accounts of [the Hospital].

(Doc. 160-1.)

> REQUEST NO. 1:  All documents sent to or received from [the Hospital] regarding the laboratory-billing scheme at [the Hospital].

> ANSWER:  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at [the Hospital]" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that [the Hospital's] information is sought, such information would properly be sought from [the Hospital], who Defendant maintains, is an indispensable party.

(Doc. 160-2.)

Plaintiffs took issue with the objections in a December 19 letter to the Discovery

Defendants.  The parties conferred as required by Local Rule 37.1(a) on January 7, 2019, and the

Discovery Defendants reiterated that they would not produce any documents.  They also, for the

first time, informed Plaintiffs that they were planning to invoke their Fifth Amendment right

against self-incrimination as an additional basis for withholding production. Soon afterward, they amended their responses to do just that, stating that the U.S. Department of Justice contacted them about a criminal investigation, and that they were asserting their right against self-incrimination until the nature and scope of the investigation becomes clear.

The parties briefed the dispute (Docs. 159 and 164), and, on January 24, the Court held a teleconference hearing to discuss it. During the hearing, Plaintiffs stated that the Discovery Defendants failed to identify any witnesses in their Rule 26(a)(1) initial disclosures, made boilerplate objections to every interrogatory, and improperly invoked the Fifth Amendment. When the Court asked the Discovery Defendants' counsel whether they had produced a single document in the case, he enthusiastically replied, "Nope."

Plaintiffs request that the Court order the Discovery Defendants to (1) amend their initial disclosures; (2) produce responsive, non-privileged documents requested from Hospital Partners and Empower H.I.S.; (3) specify exactly which interrogatories Byrns and Perez object to on the basis of the privilege against self-incrimination; (4) answer Plaintiffs' interrogatories in good faith or have adverse inferences drawn from their refusal; and (5) each provide a sworn statement identifying the steps taken to preserve discoverable information. The Discovery Defendants ask the Court to deny these requests.

**Standard**

Litigants are entitled to discover any nonprivileged matter that is relevant to their claims or defenses. Fed. R. Civ. P. 26(b)(1). District courts "broadly and liberally" interpret discovery rules "in order to fulfill discovery's purposes of providing . . . parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Weiss v. Amoco Oil Co.*, 142 F.R.D. 311, 313 (S.D. Iowa 1992) (citing *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 341 (1978)) (internal quotations and other citations omitted). District courts have "very wide discretion in handling pretrial discovery," and their decisions will be upheld absent a "gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977); *see also Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

### Discussion

The Discovery Defendants make two general objections to Plaintiffs' interrogatories and requests for production. They first contend that Plaintiffs' discovery attempts presuppose the existence of the alleged billing scheme. They claim that they cannot respond because no such scheme existed. Granted, Plaintiffs' requests seek information pertaining to "the laboratory-billing scheme." But between Plaintiffs' third amended complaint (Doc. 57) and discovery requests, it is apparent that the Discovery Defendants have enough information to understand the specific nature of what Plaintiffs are seeking. The Discovery Defendants are not excused from discovery just because they deny that a "scheme" existed. If the Discovery Defendants' position is that they have no relevant information whatsoever related to the billing arrangement or relationships described in Plaintiffs' complaint, they must so state with particularly and in response to particular requests.

The Discovery Defendants next argue that Plaintiffs' requests are more appropriately directed at the Hospital. But whether the Hospital possesses the same or additional relevant documents is immaterial to the Discovery Defendants' independent obligation to produce all relevant, non-privileged information in their "possession, custody, or control." Fed. R. Civ. P. 34(a).

# I.     The Discovery Defendants must supplement their initial disclosures.

Rule 26(a)(1) requires litigants to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information."  It also requires copies or a description of "all documents, electronically stored information, and tangible things" in the disclosing party's possession that may be used to support its claims or defenses.  The Discovery Defendants' Rule 26(a)(1) disclosures provide none of this.  They merely list "corporate representative[s]" of various unnamed entities, such as "any billing/management vendors of the Defendants."  They describe the subject of the information held by these entities with only a generic sentence about "the allegations of the complaint."  They state that the addresses and phone numbers of these representatives are in the care of the Discovery Defendants', or other parties', counsel.

Such responses fail to comply with Rule 26(a)(1).  *See, e.g.*, *Toney v. Hakala*, 4:10-cv-2056-JAR, 2012 WL 1554911, at *1 (E.D. Mo. Apr. 30, 2012); *Lyon v. Bankers Life & Cas. Co.*, No. CIV-09-5070-JLV, 2011 WL 124629, at *4-7 (D.S.D. Jan. 14, 2011); *Rogers v. Bank of Am., N.A.*, No. 13-1333-CM-TJJ, 2014 WL 4681031, at *4-5 (D. Kan. Sept. 19, 2014).  The Court orders the Discovery Defendants to supplement their initial disclosures with the specific names and contact information, if known, of individuals likely to have discoverable information.  The Discovery Defendants must also provide copies of, or a list detailing, by category and location, all documents, electronically stored information, and tangible things in their possession, custody, or control that they may use to support their claims or defenses.

## II. Hospital Partners and Empower H.I.S. must respond to Plaintiffs' interrogatories and requests for production; Byrns and Perez must produce relevant business records in their possession, custody, or control, and assert their Fifth Amendment rights with greater specificity as to each interrogatory.

The four Discovery Defendants assert their Fifth Amendment privilege against self-incrimination as the principle basis for refusing to respond to interrogatories and produce documents. Their invocation is invalid. To begin, the Fifth Amendment does not protect Hospital Partners and Empower H.I.S. because they are artificial legal entities. *Braswell v. United States*, 487 U.S. 99, 102 (1988); *United States v. White*, 322 U.S. 694, 698 (1944) ("Since the privilege against self-incrimination is a purely personal one, it cannot be utilized by or on behalf of any organization, such as a corporation."). And because such entities act only through their agents, a corporate custodian cannot invoke the privilege with respect to business records—even when their production would personally incriminate him. *Bellis v. United States*, 417 U.S. 85, 88 (1974).[2]

The Discovery Defendants argue that the Fifth Amendment nonetheless shields Hospital Partners and Empower H.I.S. from discovery because they are the alter egos of the individual defendants.[3] This argument is meritless. Where, as here, individuals "form a separate business entity, hold that entity out as distinct and apart from the individuals involved, and file separate tax returns on behalf of the entity, [they] are estopped from denying the existence and viability of that entity for Fifth Amendment purposes." *United States v. Harrison*, 653 F.3d 359, 361-62 (8th Cir. 1981); *see also United States v. Doe*, 465 U.S. 605, 608 n.4 (1984) (quoting *Bellis*, 417 U.S. at 92). Hospital Partners and Empower H.I.S. are a Florida corporation and limited liability

---

[2] This principle is known as the "collective entity" doctrine.

[3] More specifically, the Discovery Defendants claim that the Plaintiffs, by attempting to pierce the corporate veil, have acknowledged that there is "essentially no difference between the individuals and the entities." But as discussed in the Court's January 23, 2019, Order denying the Discovery Defendants' motion to dismiss (Doc. 165), Plaintiffs do not seek to pierce the corporate veil.

company, respectively, with legal identities separate from Byrns and Perez. They engaged in institutional activity by, among other things, entering into contracts pertaining to the Hospital's management. They therefore have no Fifth Amendment rights.

That Hospital Partners and Empower H.I.S. do not have "hundreds of owners" is immaterial. "It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be." *Bellis*, 417 U.S. at 100; *see also United States v. Lawn Bldrs. of New Eng., Inc.*, 856 F.2d 388, 394 (1st Cir. 1988) ("[E]ven assuming [the corporation] to be a one-man corporation and [the corporate custodian] to be that one man, the corporate records are not shielded from production.").

The Discovery Defendants' claim that the act of production itself has a protected, testimonial aspect is also without merit. In the Eighth Circuit, the Fifth Amendment act-of-production privilege does not extend to corporate custodians. *In re Grand Jury Subpoena (85-W-71-5)*, 784 F.2d 857, 861-62 (8th Cir. 1986); *Lawn Bldrs.*, 856 F.2d at 394. Consequently, Byrns and Porter have no act-of-production protection with respect to the business records of Hospital Partners and Empower H.I.S.

As to the Discovery Defendants' blanket invocation of the privilege in response to Plaintiffs' interrogatories, the Eighth Circuit has been very clear that "[t]here is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings." *Capitol Prods. Corp. v. Hernon*, 457 F.2d 541, 542 (8th Cir. 1972). Rather, "[t]he privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." *Id.* (internal quotations and citation omitted). The Discovery Defendants' one-sentence invocation of the Fifth Amendment as a basis for refusing to respond to a single question is impermissibly broad. It does not show that Byrns and Perez thoughtfully considered how each

question might incriminate them. It also fails to provide the Court with sufficient factual information to evaluate the claims of privilege.

Based on the foregoing, the Court orders Hospital Partners and Empower H.I.S. to produce relevant, non-privileged documents and respond to Plaintiffs' interrogatories. The Court further orders Byrns and Perez to produce all relevant, non-privileged business records in their possession. *See In re Grand Jury Witnesses*, 92 F.3d 710, 713 (8th Cir. 1996) ("It is irrelevant that the witnesses are not the corporation's designated document custodians. For Fifth Amendment purposes, any corporate agent with possession, custody, or control of corporate records produces those records in a representative capacity." (citations omitted)). In addition, Byrns and Perez must contour their Fifth Amendment objections to each particular interrogatory, so that, if necessary, the Court can make a question-by-question judgment on the privilege's applicability.

### III. The Discovery Defendants' must object to Plaintiffs' interrogatories and requests for production with particularity.

Having concluded that the Fifth Amendment does not shield the Discovery Defendants' from providing discovery, the Court next addresses their objections to Plaintiffs' interrogatories and requests for production. Rule 33 governs interrogatories, and Rule 34 governs requests for production. Both require objections to be made with "specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 184 (N.D. Iowa 2017). Boilerplate objections are unacceptable. *Id.*; *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." (citations omitted)).

Almost all of the Discovery Defendants' objections to Plaintiffs' interrogatories and requests for production include the following sentence: "Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant

and/or not reasonably calculated to lead to the discovery of admissible evidence." Many objections also assert unspecified "applicable privileges." The Discovery Defendants do not explain why the protective order (Doc. 166), which they negotiated, does not address their concerns. Nor do they provide a privilege log. And although some of the objections differ to some degree, they are still conclusory recitations that do not adequately explain their underlying bases. The Court orders the Discovery Defendants to either respond to Plaintiffs' questions and requests or tailor their objections with much greater particularity. If they assert a privilege, they must provide a privilege log.

### IV.     The Discovery Defendants must document their preservation efforts

The Discovery Defendants' failure to produce a single document, months into discovery, concerns the Court. The Court is likewise concerned by the Discovery Defendants' sweeping and generalized responses, as well as Plaintiffs' allegations that they have not issued retention notices and are unaware of the location of Empower H.I.S.'s records. Under the circumstances, the Court agrees with Plaintiffs that the Discovery Defendants each need to prepare a sworn statement detailing their efforts to preserve discoverable information.

### V.     The Discovery Defendants' remaining arguments are without merit.

The Court addressed many of the Discovery Defendants' remaining arguments in its January 23, 2019, Order (Doc. 165) denying their and James Porter Jr.'s motions to dismiss. For example, the Discovery Defendants claim that broad discovery is improper until the Court determines whether it has jurisdiction. It has now done so. Finally, to the extent the Court's prior Order did not address the Discovery Defendants' remaining arguments, the Court has considered them and finds them without merit.

## Conclusion

Accordingly, the Court hereby ORDERS the following: Within fourteen days, (1) the Discovery Defendants must supplement their initial disclosures so that they comply with Rule 26(a); (2) Hospital Partners and Empower H.I.S. must respond to Plaintiffs' interrogatories and requests for production; (3) Byrns and Perez must produce relevant business records in their possession; (4) Byrns and Perez must specify which interrogatories they object to on the basis of the Fifth Amendment; (5) the Discovery Defendants must either respond to Plaintiffs' interrogatories and requests for production in good faith or specifically tailor their objections to each question or request; (6) each Discovery Defendant must prepare a statement identifying the steps taken to preserve discoverable information.

The Discovery Defendants' and their attorney's conduct in failing to provide any discovery delays litigation and creates additional costs for all involved. The Court finds their behavior contrary to the spirit of the Federal Rules. Should it continue, the Court will consider imposing sanctions.

**IT IS SO ORDERED.**

Date: <u>February 1, 2019</u>                          /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT