IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

RightCHOICE Managed Care, Inc., *et al.*,

Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; LifeBrite Laboratories, LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; LabMed Services, LLC; SeroDynamics, LLC; Lucenta Labs, LLC; David Byrns; Jorge Perez; Christian Fletcher; James F. Porter, Jr.; Beau Gertz; and Mark Blake,

Defendants.

CIVIL ACTION NO. 5:18-CV-06037-DGK

**PLAINTIFFS' BRIEF REGARDING DISCOVERY DISPUTE WITH DEFENDANTS HOSPITAL PARTNERS, INC., EMPOWER H.I.S. LLC, AND JORGE PEREZ**

Defendants used Putnam County Memorial Hospital ("Putnam") as a shell through which they billed Plaintiffs more than $70 million in fraudulent laboratory tests. Since Plaintiffs served discovery requests on Defendants Hospital Partners, Inc., Empower H.I.S., LLC, and Jorge Perez (collectively, the "Empower Defendants") in October 2018, the Empower Defendants have repeatedly failed to fulfill their discovery obligations. Initially, the Empower Defendants refused to produce any documents. On February 1, 2019, the Court ordered that they "produce relevant business records in their possession" within 14 days, and prepare a statement identifying the steps taken to preserve discoverable information. (*See* Dkt. 171 at 10.) The Court warned that, if the Empower Defendants' conduct continued, "the Court will consider imposing sanctions." (*Id*.)

The Empower Defendants made their first production on February 15, 2019, but it is patently incomplete (as detailed herein) and includes blanket confidentiality designations (not the individualized designations required by the Protective Order). Moreover, the Empower Defendants represented in verified discovery materials that all emails and documents relating to Putnam were preserved and would continue to be. The Empower Defendants should produce all relevant documents immediately and correct their existing confidentiality designations.

The Empower Defendants have also refused to provide dates for their depositions, despite repeated requests. Plaintiffs request the Court order their depositions as set forth herein.

Finally, Plaintiffs are concerned that the Empower Defendants will soon be unrepresented by counsel, preventing Plaintiffs from obtaining critical evidence. Plaintiffs request that the Court extend the time for the Empower Defendants' to retain local counsel before their counsel's appearance is terminated, and that the Empower Defendants provide their contact information to

Plaintiffs before counsel withdraws.[1] (*See* Dkt. 193.)

**THE PARTIES' EFFORTS TO MEET AND CONFER**

The parties' meet-and-confer efforts prior to the Court's February 1, 2019 Order are detailed in Plaintiffs' January 21, 2019 brief. (*See* Dkts. 159, 160.) The Empower Defendants made a production on February 15, 2019 and served amended responses and objections to Plaintiffs' Requests. (Pfeiffer Decl. ¶ 2.) Plaintiffs sent a deficiency letter on March 19, 2019. (*Id*. Ex. 5.) The parties' counsel have spoken via phone and email on several occasions since then. (*Id.* ¶ 8.) On April 22, 2019, Plaintiffs sent a final email to the Empower Defendants, outlining these issues and requesting the deficiencies be corrected. (*Id*. Ex. 6.) The Empower Defendants' counsel responded the next day (*id.* Ex. 7), but no issues were resolved. (*Id.* ¶ 10.)

**THE DISCOVERY DISPUTES**

**I. Depositions of the Empower Defendants**

Plaintiffs have repeatedly requested—over a period of months—that the Empower Defendants provide dates for their depositions, but have received no response. Rather than incur the expense of scheduling and traveling to depositions that the Empower Defendants not appear for, Plaintiffs respectfully request that the Court order that, within three days, the Empower Defendants each provide Plaintiffs three dates for their deposition, with Perez's deposition taking place within 20 days of the Order and Empower H.I.S.'s and Hospital Partners' depositions taking place within 45 days of the Order. *See, e.g.*, *Ambrose v. City of White Plains*, No. 10-cv-4946 (CS)(LMS), 2016 U.S. Dist. LEXIS 143675, at *33 (S.D.N.Y. Oct. 13, 2016) (directing litigants to provide three alternative dates for their depositions to be taken).

[1] The parties did not have an opportunity to meet and confer regarding this issue. Plaintiffs raise the issue given the substantial risk that—if not addressed—the Empower Defendants will remain in violation of the Court's February 1, 2019 Order and Plaintiffs will have no way to contact the Empower Defendants on an ongoing basis.

## II. The Empower Defendants' Non-Production of Relevant Documents.

On February 1, 2019, the Court ordered the Empower Defendants to produce all documents responsive to Plaintiffs' Requests within 14 days. (Dkt. 171.) To date, however, many key categories of documents have not been produced, despite the Empower Defendants' verified statements attesting to their preservation. For example, the Empower Defendants have produced only a handful of emails from a single custodian; almost no correspondence with their co-defendants; no text or SMS messages; no communications between the Empower Defendants and Putnam (*e.g.*, why the Empower Defendants were qualified to manage Putnam and what their vision was for turning it around); no documents relating to Empower H.I.S.'s billing of claims to Plaintiffs; no documents relating to the Empower Defendants' role in responding to the Missouri State Auditor; no documents detailing the Empower Defendants' role in responding to Plaintiffs' investigation of the claims at issue; and no documents detailing the amounts that the Empower Defendants paid themselves and their co-defendants from Putnam's coffers. These should have been produced by February 15, 2019, and should be produced immediately.

The Empower Defendants also have not produced the financial records requested by Plaintiffs, which is essential to Plaintiffs' ability to trace the funds at issue and, as such, to demonstrate the equitable nature of the relief sought through their ERISA claim. *See* 28 U.S.C. § 1132(a)(3); *see also UnitedHealth Grp., Inc. v. Dowdy*, 8:06-cv-2111, 2007 U.S. Dist. LEXIS 80090, at *2 (M.D. Fla. Oct. 29, 2007) (granting motion to compel discovery of "account information from [d]efendant's financial institutions[] and income tax return data" because "discovery regarding the location of the alleged overpayments . . . [is] critical to the plan fiduciary's ability to recover [them]"); *Popowski v. Parrot*, No. 1:04-cv-0889, 2007 U.S. Dist. LEXIS 81077, at *4 (N.D. Ga. Oct. 31, 2007) (granting motion to compel discovery regarding "what settlement money [defendant received and where that money is now," including

documents relating to financial institutions at which defendant kept subject funds). The missing documents include bank statements, deposit detail, canceled checks, and wire transfers from the Empower Defendants' accounts that received funds from Putnam or any Defendant from September 2016 to the present.

The Empower Defendants stated in verified discovery that they were preserving—*and would continue to preserve*—all documents relating to Putnam.[2] (*See* Pfeiffer Decl. Exs. 1-3.) There is no reason the documents should not be produced immediately.

**III. The Blanket Designation of Documents as "Highly Confidential"**

The Protective Order requires that, in order to designate a document as "Confidential," "Highly Confidential," or as containing "Protected Health Information," the designation "shall be made by stamping those documents with the appropriate designation." (Dkt. 166 ¶ 2.) Instead, the Empower Defendants requested via email that Plaintiffs treat *every document they produced* as "Highly Confidential." (Pfeiffer Decl. ¶ 4; *id.* Ex. 4.) They did not undertake any individualized assessment, nor did they stamp the documents as is required by the Protective Order, and the "Highly Confidential" designation prevents Plaintiffs' counsel from even sharing the documents with Plaintiffs. (*See* Dkt. 166 ¶ 9.) Excessive and undifferentiated confidentiality designations complicate depositions, motion practice, and hearings unnecessarily. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-3442, 2010 U.S. Dist. LEXIS 136006, at *18 (D. Md. Dec. 23, 2010) (sanctioning defendants who "chose to purposefully and liberally over-

[2] For example, Empower H.I.S. attested that, "upon becoming aware of this case, it did ensure that all of the emails under its domain (www.empowerhis.com) (and also www.medxgroup.com) and documents which were otherwise related to [Putnam], continued to be maintained in the ordinary course, and that no such emails and documents were deleted or otherwise subject to disposal. Virtually all of such documents were and are stored electronically, and are preserved 'in the cloud;' and will continue to be preserved as such." (*Id*. Ex. 3 at 6.) Perez signed the verifications. (*Id.* Ex. 1 at 7; Ex. 2 at 7; Ex. 3 at 7.)

designate”); *cf.* Fed. R. Civ. P. 1. Plaintiffs therefore request that the Court order the Empower Defendants to re-designate their documents within ten days, on an individualized basis, by stamping the documents; if no such action is taken, the Court should strike the designations. Plaintiffs will continue to treat Protected Health Information appropriately.

**IV. Local Counsel**

On April 10, 2019, the Court granted the Empower Defendants’ local counsel’s Motion to Withdraw. (Dkt. 193.) The Empower Defendants’ remaining counsel has indicated that he, too, will soon withdraw. (Pfeiffer Decl. Ex. 7.) Plaintiffs are concerned that the Empower Defendants will thus soon be unrepresented by counsel, thereby effectively preventing Plaintiffs from obtaining critical evidence. Plaintiffs therefore request that the Court extend the time for the Empower Defendants to obtain local counsel, and that the Court require the Empower Defendants to provide contact information to Plaintiffs before their counsel withdraws.

**V. Requested Relief**

Plaintiffs request that the Court order the Empower Defendants to: (1) within three days of the Court’s Order, provide three dates each for the deposition of Perez (which shall be not more than 20 days from the Court’s Order) and Hospital Partners and Empower H.I.S. (which shall be not more than 45 days from the Court’s Order); (2) produce all relevant documents requested by Plaintiffs, including account statements, canceled checks, deposit detail, and wire transfer information for all accounts that received funds from Putnam or any defendant within seven days; (3) provide individualized confidentiality designations within ten days or their requested designations will be deemed waived; and (4) have an additional 30 days to retain local counsel, and that before Mr. Smith withdraws, Plaintiffs be provided with the Empower Defendants’ current residence addresses, mailing addresses, email addresses, and phone numbers.

DATED: May 1, 2019 By: */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted *pro hac vice*)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted *pro hac vice*)
Amira ElShareif (admitted *pro hac vice*)
Jaime Wing (admitted *pro hac vice*)
800 LaSalle Avenue
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
aelshareif@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 1st day of May 2019, with notice of case activity sent to counsel of record.

/s/ Michael L. Jente