# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital.  Now before the Court is a second discovery dispute[1] between Plaintiffs and Defendants Hospital Partners, Inc., Empower H.I.S., LLC, and Jorge Perez (collectively, the "Discovery Defendants").  Plaintiffs maintain that the Discovery Defendants have failed to comply in several respects with the Court's February 1, 2019, discovery order (Doc. 171).  Plaintiffs additionally raise concerns about deposing the Discovery Defendants, as well as about their counsel's anticipated attempt to withdraw from the case.  Plaintiffs ask the Court to order the Discovery Defendants to rectify these issues.  As set forth below, the Court GRANTS Plaintiffs' requests.

## I.

Plaintiffs first state that they have attempted for several months without success to depose the Discovery Defendants.  They request that the Court require the Discovery Defendants to provide three possible dates for a deposition, with Perez's to occur within twenty days of this order

---

[1] The Court's January 23, 2019, order (Doc. 165) describes the factual background of the case, and the Court's February 1, 2019, order (Doc. 171) describes the background of some of the discovery issues.  At that time, months into discovery, the Discovery Defendants had not produced a single document.

and the others' to occur within forty-five days of this order. Mr. Frank Smith, counsel for the Discovery Defendants, counters that the current ownership status of Hospital Partners is unclear, and that the company has no documents besides those possessed by other defendants. He states that his understanding is that David Byrns[2] and Perez, neither of whom claim to own Hospital Partners, "have provided whatever documents could be attributed" to the company. Mr. Smith offers Perez for a deposition in the final two weeks of June.

This response is unacceptable. Mr. Smith entered an appearance on the Discovery Defendants' behalf. He is therefore responsible for counseling his clients on their obligations under the Federal Rules, and his ignorance concerning Hospital Partners' ownership and compliance with discovery requirements is no excuse. The Court grants Plaintiffs' request.

**II.**

Plaintiffs next complain that the Discovery Defendants have flouted the Court's previous order, which, among other things, required the production of the Discovery Defendants' relevant business records by February 15. According to Plaintiffs, the Discovery Defendants have provided only a handful of e-mails from a single custodian. The Discovery Defendants do not dispute this. Yet they ask for thirty additional days to locate and produce any additional documents, at least "to the extent they exist." The Court rejects this request and orders the Discovery Defendants to produce all relevant requested documents within seven days. The Court's previous order was clear, and there is no reason for further delay.

**III.**

Plaintiffs' third issue is the Discovery Defendants' blanket designation of all produced documents as "highly confidential." Plaintiffs claim this fails to comply with the protective order

---

[2] Mr. Smith represented Byrns until recently. However, Byrns is by all accounts heavily involved with Hospital Partners.

and is needlessly burdensome. The Court agrees. The Discovery Defendants protest that financial discovery is inappropriate because dissipated funds are not recoverable under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). This argument is without merit, and the Court has already rejected it. *See* Doc. 171, at 9; Doc. 165, at 10-11 (ruling that even though dissipated funds are not recoverable under section 502(a)(3) of ERISA, Plaintiffs are entitled to an opportunity to prove whether the funds are traceable).[3]

Moreover, the crux of Plaintiffs' complaint is that the Discovery Defendants committed fraud by wrongfully availing themselves of the hospital's high insurance reimbursement rate. It should therefore come as no surprise that discovery involves financial records of the entities at the heart of the allegations. *Cf. Nat'l Ben. Programs, Inc. v. Express Scripts, Inc.*, No. 4:10-cv-00907-AGF, 2011 WL 6009655, at *5 (E.D. Mo. Dec. 1, 2011) (taking issue with subpoenas that sought confidential financial information "*unrelated to the litigation at hand*" (emphasis added)). Hence, the Court orders the Discovery Defendants to conduct individualized confidentiality designations within ten days. Otherwise, the Court will deem them waived.

**IV.**

The parties' last disagreement centers on Mr. Smith, who Plaintiffs fear will soon withdraw from the case, thereby depriving them of a needed conduit to both the Discovery Defendants and critical evidence. Mr. Smith is admitted *pro hac vice*. His local counsel was terminated on April 10, and Mr. Smith asked for thirty days to replace her. To date, he has not done so. He anticipates that the Court will strike his appearance, lest he "somehow become an indentured servant," given

---

[3] The Discovery Defendants also argue for the second time that a Florida statute prohibits financial discovery. They are mistaken; Fla. Stat. § 607.1602 pertains to when a corporate shareholder can inspect certain company records. *See Univ. Eng'g Testing Co., Inc. v. Israel*, 707 So.2d 900, 902 (Fla. Dist. Ct. App. 1998) (holding that a corporate shareholder could not use discovery to bypass the statutory process for reviewing corporate records set forth in Fla. Stat. § 607.1602).

3

his clients' purported inability to pay. Considering the state of discovery at this juncture and the Discovery Defendants' lack of responsiveness, the Court will not permit Mr. Smith to withdraw at this time. *See* L.R. 83.2 (requiring the filing of a motion to withdraw that the Court will grant only upon a showing of good cause, such as the entry of appearance of substitute counsel).

## V.

Finally, given the need for progress, the Court orders Plaintiffs and the Discovery Defendants to appear in person for a status conference on July 1, 2019, at 11:00 a.m. This and all cases deserve the parties' adherence to the letter and spirit of the discovery rules. *Weiss v. Amoco Oil Co.*, 142 F.R.D. 311, 313 (S.D. Iowa 1992) (describing the purpose of discovery as providing "parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 341 (1978)) (internal quotations and other citations omitted)). The Discovery Defendants have fallen short of this expectation and been warned once. Their continued and possibly intentional foot-dragging frustrates the Court and wastes the time and resources of all involved.

## Conclusion

Accordingly, the Court ORDERS the Discovery Defendants to (1) provide three dates each for the deposition of Perez, none of which shall be more than twenty days from this order, and Hospital Partners and Empower H.I.S., none of which shall be more than forty-five days from this order; (2) produce all relevant documents within seven days; (3) provide individualized confidentiality designations within ten days, or risk waiving their designations; and (4) appear for an in-person status conference on July 1, 2019, at 11:00 a.m. Should the Discovery Defendants fail to appear, the Court will consider holding them in contempt, as well as appropriate sanctions.

**IT IS SO ORDERED.**

Date: May 10, 2019                     /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT