IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
(ST. JOSEPH DIVISION)

RIGHTCHOICE MANAGED CARE INC., *et al.*,

    Plaintiffs,

v.

HOSPITAL PARTNERS INC., *et al.*,

    Defendants.

CIVIL ACTION NO.:

5:18-cv-06037-DGK

## RENEWED MOTION TO WITHDRAW A COUNSEL FOR DEFENDANTS EMPOWER H.I.S., LLC, HOSPITAL PARTNERS, INC. AND JORGE PEREZ AND CONCURRENT MOTION FOR EXTENSION OF TIME

COMES NOW, Frank Smith, Esq. and the firm of FMS Lawyer PL, who renew their motion to this Court, to enter an Order allowing Frank Smith, Esq. and the firm of FMS Lawyer PL to withdraw as counsel for DEFENDANTS EMPOWER H.I.S., LLC, HOSPITAL PARTNERS, INC. AND JORGE PEREZ (herein, collectively "Defendants"), pursuant to Local Rule 83.2, and concurrently on behalf of the Defendants, seek a reasonable extension of time for all deadlines, and as grounds therefor, state as follows:

### SUGGESTIONS IN SUPPORT

### Relevant Procedural History

1. Frank Smith, Esq. was admitted *pro hac vice* on June 19, 2018 [D.E. #43], to appear on behalf of Defendants as well as former client (and current Defendant) DAVID BYRNS. Lauren Horsman, Esq. was acting as counsel of record, and appearing as the "active member in good standing of this Bar," required by Local Rules 83.5(h)(3)(A).

2. On April 5, 2019, Ms. Horsman moved to withdraw as counsel of record [D.E.

#190] noting she was named as a State Prosecutor. On April 10, 2019 Ms. Horsman was relieved of responsibility and allowed to withdraw. Frank Smith, Esq. was afforded thirty (30) days to attempt to secure local counsel.

3. Frank Smith, Esq. communicated with the Defendants and DAVID BYRNS at the time and indicated that they would need to secure counsel to replace Ms. Horsman.

4. Frank Smith, Esq. called the limited number of attorneys he knows in Missouri, introduced them to the proposed clients, and was unable to secure local counsel for Defendants and Mr. Byrns.

5. On April 12, Mr. Byrns indicated that he had secured his own counsel to represent himself, separate from Mr. Perez. A conversation was held with Justin Johnston, Esq. April 17, 2019, wherein Mr. Johnston indicated he would file his Notice of Appearance for David Byrns only and I would not longer be counsel of record for Mr. Byrns, in light of a potential conflict of interest. Mr. Johnston appeared for Mr. Byrns only on April 17, 2019 [D.E. #196]. Notably, Mr., Johnston did not appear for HOSPITAL PARTNERS, INC.

6. Frank Smith, Esq. continued to search for counsel for Defendants and while having spoken to numerous attorneys in Missouri, many of them had a conflict, and as to those that did not, they "passed" on the case, for a variety of reasons.

7. On April 30, 2019, this Court issued an Order [D.E. #199], as to a discovery dispute between Plaintiffs and Defendants, requiring briefing on May 1, 2019 and May 3, 2019. Plaintiffs filed their brief on May 1, 2019 [D.E. #202] and Defendants filed their brief on May 3, 2019 [D.E. #204].

8. On May 10, 2019, Frank Smith Esq. notified the Court that he had been unable to secure substitute/local counsel for Defendants and requested that his appearance be stricken under

the applicable Local Rules [D.E. #207].

9. Later in the day on May 10, 2019, the Court issued an Order on the pending discovery dispute [D.E. #208], which included language as to Frank Smith Esq.:

> Considering the state of discovery at this juncture and the Discovery Defendants' lack of responsiveness, the Court will not permit Mr. Smith to withdraw at this time. See L.R. 83.2 (requiring the filing of a motion to withdraw that the Court will grant only upon a showing of good cause, such as the entry of appearance of substitute counsel).

10. In compliance with the Order on the pending discovery dispute [D.E. #208], Frank Smith Esq. communicated with the Defendants: scheduling depositions in a timely manner and concurrently instructing the clients as to their obligations.

11. On Friday May 17, 2019, after speaking to Jorge Perez several times a day during the previous week, Frank Smith Esq. was informed that all requested documents had been gathered and were then being uploaded to a "Dropbox" by Mr. Perez, and a link to said Dropbox was provided to counsel for Plaintiff to access the documents. Counsel for Plaintiff was also informed that the designations of the documents would be addressed on Monday, May 20, 2019, also in compliance with the Order of the Court [D.E. #208].

12. As of late last night, Frank Smith Esq. was informed by counsel for Plaintiff that there was some problem accessing the documents. Frank Smith, Esq. suggested a call today with IT personnel from Plaintiffs' counsel's office with Mr. Perez directly to see if the problem could be solved. No response has been had as of the making of this motion, and hence the incorporated motion for extension of time, so as not to prejudice the Defendants for any technical problems.

13. As will be further discussed below, Frank Smith, Esq. has complied with the Order of the Court [D.E. #208] as of date, but in light of the "split" between Mr. Perez and Mr. Byrns, believes that an actual conflict of interest exists. It is for this reason as well as certain economic

considerations that Frank Smith, Esq. renews his Motion to Withdraw.

## **Factual Considerations**

14. With an effort to avoid revealing any attorney-client privileged information, Frank Smith, Esq. notes as follows:

   a. Hospital Partners, Inc. is alleged by Plaintiffs to have had a central role in the allegations of the current version of the complaint;

   b. Jorge Perez and David Byrns are alleged by Plaintiffs to have had a central role in the allegations of the current version of the complaint;

   c. Hospital Partners, Inc. appears to have been owned by David Byrns at one time;

   d. In early 2018, its has been represented by Mr. Byrns and Mr. Perez that Mr. Perez entered into a purchase agreement to buy our Mr. Byrns;

   e. It is unclear to Frank Smith Esq. who actually owns Hospital Partners, Inc., although upon information and belief it appears from the current State of Florida records (noting Hospital Partners, Inc. is a Florida entity) that David Byrns is the President, Secretary and a Director, and Jorge Perez is the Vice-President, Treasurer and a Director. The State of Missouri records reveal the entity was administratively dissolved on April 12, 2019 and that as of 2018, Jorge Perez was the President, Secretary, Chairman and a Director, although he is listed at what is believed to be David Byrns address;

   f. Mr. Perez is scheduled for deposition on May 29, 2019, Empower HIS, LLC is scheduled for deposition on June 6, 2019 and Hospital Partners, Inc. is scheduled for deposition on June 7, 2019;

   g. Mr. Perez is scheduled to appear for his deposition and that of Empower HIS, LLC

(noting the topics for the deposition have not yet been provided);

 h. In light of Mr. Byrns having his own counsel, Mr. Perez is also the only witness that can be provided for Hospital Partners, Inc. (noting the topics for the deposition have not yet been provided); and,

 i. As previously noted to this Court, it is understood the actual ownership of Hospital Partners, Inc. remains in dispute, between Mr. Byrns and Mr. Perez.

15. It is clear to Frank Smith, Esq. that an actual conflict exists between his current client, Mr. Perez, and his former client, Mr. Byrns. The conflict appears to be as to their current position vis-à-vis their respective roles and responsibilities regarding Putnam County Memorial Hospital, as well as their respective roles and responsibilities regarding Hospital Partners, Inc.

16. Conversations with Justin Johnston, Esq. have only bolstered the opinion that an actual conflict exists.

17. Notably, while representing the Defendants and David Byrns concurrently, the divergent positions between Mr. Byrns and Mr. Perez, either did not exist, or was not raised by any o the parties; or Frank Smith, Esq. would have sought to withdraw at that time.

18. Further, in light of the upcoming depositions, Frank Smith Esq. is virtually certain to have to both question and defend his current and former clients, all to the detriment of each other.

19. Finally, to the extent that the Court does not find the conflict dispositive, despite the Order of the Court [D.E. #208], and the prior reference to the economics of continued representation, the undersigned is compelled to implore that the Court take the following into consideration:

 a. Frank Smith, Esq. is a true solo practitioner, without any other attorney who can

Page 5 of 11
Case 5:18-cv-06037-DGK   Document 211   Filed 05/19/19   Page 5 of 11

assist with the representation;

b. Frank Smith, Esq. is owed well into the low six figures in fees at this point in time from Mr. Perez, with no reasonable likelihood that any payments are forthcoming for this matter. Notably all of the hospitals where Mr. Perez was/is affiliated, are believed to be closed, in receivership or in bankruptcy at this time;

c. Frank Smith, Esq. is concerned that he physically cannot properly defend the Defendants, as this case looks to take up an inordinate amount of time, which would both preclude Frank Smith Esq. from properly servicing his other clients, and tax his health as he is only one (1) person; and,

d. Without the client properly funding the case, Frank Smith Esq. is concerned that he will be forced to proceed in this matter without an ability to meaningfully participate in the discovery process (as to the other Defendants), not being able to order transcripts, having no budget to travel, having no budget to employ vendors or experts, and having to expend personal funds for all required appearances (as was done for mediation, including having to pay for the Defendants lodging and food).

### Argument and Applicable Laws/Rules

20. Withdrawal of an attorney, is governed by the local rules:

Local Rule 83.2 WITHDRAWAL OF COUNSEL.
To withdraw from a case, an attorney must file a motion to withdraw. The Court may grant the motion only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel.

21. This Court defers to the Rules of Professional Conduct adopted by the Supreme Court of Missouri:

The District's Code of Professional Responsibility is the Rules of Professional

Conduct adopted by the Supreme Court of Missouri, except as otherwise provided by specific order of the Court en banc after consideration of comments by representatives of bar associations within the State.

W.D. Mo. Civ. & Crim. R. 83.6.

22. Frank Smith, Esq. does not believe he can continue as counsel in this matter, in light of the inability to protect David Byrns, as former client, as it appears that Mr. Byrns and Mr. Perez have materially adverse positions:

> 4-1.9. Duties to Former Clients
> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
> (1) whose interests are materially adverse to that person; and
> (2) about whom the lawyer had acquired information protected by Rules 4-1.6 and 4-1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client or when the information has become generally known; or
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Mo. Sup. Ct. R. 4-1.9.

23. In addition to the above Mo. Sup. Ct. R. 4-1.9, Frank Smith, Esq. does not believe he can continue as counsel in this matter, in light of his having the confidential information of David Byrns as per Mo. Sup. Ct. R. 4-1.6,

> 4-1.6. Confidentiality of Information
> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by Rule 4-1.6(b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

> (1) to prevent death or substantial bodily harm that is reasonably certain to occur;
> (2) to secure legal advice about the lawyer's compliance with these Rules;
> (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;
> (4) to comply with other law or a court order; or
> (5) to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.
> (c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of the client.

Mo. Sup. Ct. R. 4-1.6.

24. Being in possession of the confidential information of David Byrns, and having to continue representing Defendants, creates the irreconcilable conflict of Franks Smith, Esq. both having to use all information in possession to represent Defendants, and at the same time, not being allowed to use the David Byrns confidential information.

25. As to HOSPITAL PARTNERS, INC., the undersigned no longer even has a client with whom to communicate. At this time Mr. Perez and Mr. Byrns dispute who owns the entity, and as to any discovery obligations, they appear to be pointing at each other for the information.

26. Frank Smith, Esq. also has more than a passing concern that the disputes between Mr. Perez and Mr. Byrns will require their respective counsels to question me as to my knowledge of any transactional documents in existence or the event of early 2018 involving Putnam County Memorial Hospital. It is unclear at this time whether Frank Smith, Esq. "ought to be called" as a witness or "is likely to be a necessary witness."

> As noted above, the moving party on a disqualification motion bears the "heavy burden" of proving the facts required for disqualification. *Evans v. Artek Systems,* 715 F.2d 788, 794 (2d Cir. 1983). A high standard of proof is required. *Government of India v. Cook Industries, Inc.,* 569 F.2d 737 (2d Cir. 1978). In this instance,

plaintiff bears the burden, under either the Code of Professional Responsibility or the ABA Model Rules, of proving that defendants should call their attorney as a witness. As counsel for both parties point out, case law reveals various rules for determining when a lawyer "ought to be called" as a witness or "is likely to be a necessary witness." These range from advocating the lawyer's testimony be used to provide the client with "every scrap of favorable evidence," *Supreme Beef Processors, Inc. v. American Consumer Industries, Inc.*, 441 F.Supp. 1064, 1068 (N.D. Tex. 1977), to recommending its use only when it is "crucial," *Universal Athletic Sales Co. v. American Gym, Recreational & Athletic Equipment Corp.,* 546 F.2d 530, 538-39 n. 21 (3d Cir. 1976), *cert. denied*, 430 U.S. 984 (1977).

*Shadow Isle, Inc. v. Am. Angus Asso.*, No. 84-6126-CV-SJ-6, 1987 U.S. Dist. LEXIS 8590, at *21-22 (W.D. Mo. Sep. 22, 1987). At this time Frank Smith, Esq. would defer to counsel for David Byrns as to his intentions in this regard.

27. This Court has precedent allowing withdrawal under these circumstances, even where no conflict exists:

> The Court "ordinarily" will not relieve an attorney from a case unless "entry of appearance by substitute counsel is assured or has occurred." L.R. 83.5(*o*). However, if the attorney is not being paid or provided with important information related to the client's defense, then the court may permit withdrawal even if no substitute counsel is lined up. *See Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 2016 WL 929373, at *2-3 (8th Cir. 2016). The Court finds the behavior outlined in Smith's motion to be consistent with Hanzada's behavior of this case. Because Hanzada and its lead counsel are neither paying nor involving Smith, the Court finds good cause to let him withdraw from the case.
> However, an attorney admitted pro hac vice must associate with "an active Missouri resident member in good standing of this Bar who shall participate in the preparation and trial of the case." L.R. 83.5(*l*). With Smith excused, Hanzada no longer complies with this rule. Therefore, Hanzada must find new local counsel.

*Aly v. Hanzada for Imp. & Exp. Co.*, No. 12-CV-6069-SJ-DGK, 2016 U.S. Dist. LEXIS 178879, at *2-3 (W.D. Mo. Mar. 22, 2016). In this case, there is an actual conflict, Frank Smith, Esq. is not being paid, and there is no current local counsel on board.

28. Further, while loathe to defend himself in a public forum against a client, Frank Smith, Esq. can represent that it is an ongoing effort to keep the Defendants focused on this matter, in light of the Defendants' (individually or as representative of an entity) involvement in numerous

other litigations (where Frank Smith, Esq. is not counsel of record), various third-party disputes over who controls the subject data and documents, and the inability for the Defendants to ever pay any third-party to preserve access to data and documents (noting it appears the Trustee in a multi-party bankruptcy proceeding in the Eastern District of North Carolina upon information and belief, has possession custody and control of all non-email data related to Jorge Perez and his related entities). Further, it is understood that Jorge Perez has a heart condition in the form of tachycardia which has interfered with his ability to communicate in a meaningful fashion with counsel or appear for hearings/depositions in various matters.

29. It also remains understood that Mr. Perez and Empower H.I.S., LLC continue to indicate they are likely declaring bankruptcy in the near future.

## **CONCLUSION**

30. If the Court fails to grant the within motion, Frank Smith, Esq. is concerned that as an officer of the Court, he cannot under any circumstances, satisfy the competing and conflicting interests of the Court, the Defendants and David Byrns, and implores upon this Court, that it not allow such a scenario to exist.

31. Further, in light of the ongoing issues as to the "uploading" of any documents, upon which Frank Smith, Esq. cannot intelligently comment (as it appears to be a technical issue), it is respectfully requested that to the extent Defendants have reasonably attempted to comply and have substantially complied with the Order of the Court [D.E. #208], that the Defendants be given a reasonable time period to address any issue with the "upload."

WHEREFORE, Frank Smith, Esq. and the firm of FMS Lawyer PL hereby respectfully request an Order, allowing Frank Smith, Esq. and the firm of FMS Lawyer PL to withdraw as counsel for DEFENDANTS EMPOWER H.I.S., LLC, HOSPITAL PARTNERS, INC. AND

JORGE PEREZ, granting Defendants a reasonable extension of time as need be, together with such other, further and different relief as may be just, proper and equitable under the circumstances.

Dated: May 16, 2019.

>Respectfully submitted,
>
>FMS LAWYER PL
>
>By:   */s/ Frank Smith*
>      Frank Smith – FL Bar No. 069681
>      9900 Stirling Road, Suite 226
>      Cooper City, FL 33024
>      Telephone: 954-985-1400
>      Telefax: 954-241-6947
>      Email: frank.smith@fmslawyer.com
>      ATTORNEY FOR DEFENDANTS
>      EMPOWER H.I.S., LLC,
>      and JORGE PEREZ
>      *Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May 2019, I electronically served a true copy of the foregoing to all counsel of record. Additionally, a copy has been provided to JORGE PEREZ for all Defendants via email at APBJAP@gmail.com.

>*/s/ Frank Smith*