IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital.[1] Pending before the Court is a discovery dispute between Plaintiffs and Defendants SeroDynamics, LLC; LabMed Services, LLC; Mark Blake; and Beau Gertz (collectively, the "Discovery Defendants"). Plaintiffs maintain that the Discovery Defendants have failed to comply with their discovery obligations and move the Court for relief. The parties briefed the issues (Docs. 234, 237, and 243), and the Court held a telephone hearing on July 11 to further discuss them. As set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' requests.

**Standard**

Litigants are entitled to discover any nonprivileged matter that is relevant to their claims or defenses. Fed. R. Civ. P. 26(b)(1). District courts "broadly and liberally" interpret discovery rules "in order to fulfill discovery's purposes of providing . . . parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Weiss v. Amoco Oil Co.*, 142 F.R.D. 311, 313 (S.D. Iowa 1992) (citing *Oppenheimer Fund, Inc. v.*

---

[1] The Court's January 23, 2019, order (Doc. 165) describes the factual background of the case.

*Sanders*, 437 U.S. 340, 341 (1978)) (internal quotations and other citations omitted). District courts have "very wide discretion in handling pretrial discovery," and their decisions will be upheld absent a "gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977); *see also Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

## Discussion

### I. Search Terms

Plaintiffs first complain that the Discovery Defendants refuse to apply seventeen additional search terms to their repositories of electronic information.[2] The Discovery Defendants respond that conducting the requested searches would yield 30,490 documents that they would then have to review. They do not specifically oppose certain search terms; rather, they generally contend that Plaintiffs' requests are overly broad, disproportionate to the needs of the case, and likely to result in documents previously produced by other parties. They state that they have already applied eight search terms and produced 9,986 documents.

Plaintiffs' request appears reasonable, given the nature of the case and the amount in controversy. *See* Fed. R. Civ. P. 26(b) (listing the factors courts consider in assessing proportionality). Plaintiffs seek to recover more than $70 million in damages, and the Discovery Defendants admit that $26 million is in dispute as to them. Moreover, Plaintiffs have explained the relevance of the suggested terms—some are other defendants' names—and the Discovery

---

[2] Specifically, the requested terms are (1) Byrns; (2) Porter; (3) "RAJ Enterprises"; (4) Pinnacle; (5) "Lab Initiatives"; (6) BLB; (7) MP3 Labs; (8) Claypoole; (9) "Campbellton-Graceville" OR CGH; (10) Mark /1 Thomas; (11) Anthony /1 Thomas; (12) Ivey; (13) SWL OR Southwest; (14) LifeBrite; (15) Christian OR Fletcher; (16) MedX; and (17) Lander.

2

Defendants have not shown how the requested information would be unreasonably cumulative or duplicative. *Id.* R. 26(b)(2)(B); *Country Mut. Ins. Co. v. Wade*, No. 4:10-cv-193-TIA, 2010 WL 3239105, at *1 (E.D. Mo. Aug. 13, 2010) ("[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993))). The Discovery Defendants also have not, to the Court's knowledge, proposed any reasonable restrictions, limitations, or alternatives to the search terms.

The Court thus orders the Discovery Defendants to, within seven days, provide to the Plaintiffs a "hit report" of the seventeen suggested terms. *See Castle Aero Fla. Int'l, Inc. v. Innovatis Asset Mgmt., S.A.*, No. CV 11-2672 (PAM/JJG), 2012 WL 12902786, at *2 (D. Minn. Oct. 10, 2012) ("[H]it reports do not actually disclose substantive information, but rather, they simply give the litigants an idea of the contours of the relationship between parties and the subject matter of the discussions in which the parties were engaged."). The parties shall then use this report to more narrowly tailor the search terms and production of retrieved documents.

## II. Financial Records

Plaintiffs next state that the Discovery Defendants refuse to produce relevant financial records, which Plaintiffs claim are necessary to prevail on their claim for restitution under § 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3). The Discovery Defendants protest that they should not be required to produce personal financial records. Section 502(a)(3), however, applies to individuals as well as corporate entities. *See Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 239 (2000) ["Section 502(a)(3)] admits of no limit . . . on the universe of possible defendants."). And because it affords

3

equitable relief only, Plaintiffs will have to trace the money they seek to "particular funds or property in the [defendants'] possession." *Great-West Life Ann. Ins. Co. v. Knudson*, 435 U.S. 204, 213 (2002). The Court has previously held that the Plaintiffs are entitled to an opportunity to prove whether the funds are traceable. (Doc. 171, at 9; Doc. 165, at 10-11). It sees no reason why relevant personal financial documents would be off limits, and the Discovery Defendants provide no legal authority in support of their argument. In fact, such information could show that the funds have "dissipated," rendering them unrecoverable under § 502(a)(3). *See Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Ben. Plan*, --- U.S. ---, 136 S. Ct. 651, 658-59 (2016).

The Court is nevertheless mindful of the burden involved in permitting such broad discovery of sensitive material. It therefore directs the parties to brief the issue. The briefs, which shall not exceed three pages, shall address the legality of ordering the Discovery Defendants to produce personal financial records with respect to claims made under § 502(a)(3). The briefs shall also suggest the appropriate breadth of discovery on this issue. The parties shall submit their initial briefs no later than July 26 and shall reply to the opposing brief no later than July 31. In addition, if they have not already done so, SeroDynamics and LabMed are ordered to produce financial records relevant to the existence and location of any identifiable proceeds received from Plaintiffs that are at issue in this litigation.

### III. Text Messages

Plaintiffs also seek to compel the production of the Discovery Defendants' senior employees' relevant text messages, at least to the extent the information contained in such messages is not available elsewhere. The Discovery Defendants respond that they are in the process of reviewing and producing Gertz's text messages. They refuse to locate or provide

4

additional messages, however, claiming that they should not be compelled to collect and produce every former employee's messages from his or her personal phone.

The Court does not understand that to be Plaintiffs' request. During the telephone hearing, Plaintiffs expressed an interest in text messages on company phones. Text messages are discoverable if they are relevant, not privileged, and in the Discovery Defendants' custody, possession, or control. *Paisley Park Enters. v. Boxill*, 330 F.R.D. 226, 234 (D. Minn. 2019) ("It is well established that text messages fit comfortably within the scope of materials that a party may request under Rule 34." (internal quotations and citations omitted)). The Court therefore orders the Discovery Defendants to, by July 31, produce relevant text messages from senior employees' business phones if the messages serve as the sole source of relevant information. Insofar as Plaintiffs seek messages stored on the personal phones of employees other than Gertz and Blake, their request is denied. *See Lulumiere v. Willow Springs Care, Inc.*, No. 1:16-cv-3133-RMP, 2017 WL 6943148, at *2 (W.D. Wash. Sept. 18, 2017) ("[A] company does not possess or control the text messages from the personal phones of its employees and may not be compelled to disclose text messages from employees' personal phones.").

### IV. Deposition Conduct

Plaintiffs lastly take issue with the Discovery Defendants' conduct during depositions. They state that Mr. Greg Minana, counsel for the Discovery Defendants, improperly ordered Gertz and Blake not to answer certain questions,[3] interjected with suggestive "speaking objections," and ended Gertz's deposition early. Federal Rule of Civil Procedure 30(c)(2) permits an attorney to

---

[3] As to Gertz, these questions pertained to (1) the owners of various companies affiliated with the defendants, (2) why Gertz loaned money to someone he later sued, and (3) the financial institution that maintains the bank accounts into which Gertz received funds from the defendants. As to Blake, these questions pertained to (1) the amount that Blake received from a company that held Blake's ownership interests in the defendants, (2) the identity of Blake's accountant, and (3) the financial institutions that maintain the bank accounts into which Blake received funds from the defendants.

5

instruct a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Mr. Minana identified no such grounds for his instructions. Accordingly, the Court orders Gertz and Blake to answer the deposition questions that Mr. Minana directed them not to answer, as if posed as interrogatories, within seven days.

Next, Federal Rule of Civil Procedure 30(c)(2) instructs that deposition objections are to be "stated concisely in a nonargumentative and nonsuggestive manner." "Speaking objections," objections that coach a deponent or otherwise shape a deponent's answers, are inappropriate. The parties shall henceforth state the bases for their objections with only a single word or, if necessary, a short phrase (e.g., "compound question"). The Court also notes the suggestiveness inherent in telling deponents to answer only "if they know," and therefore directs Mr. Minana to cease using this qualification. *See Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 WL 28071, at *5 (D. Kan. Jan. 5, 2012) ("Instructions to a witness that they may answer a question 'if they know' or 'if they understand the question' are raw, unmitigated coaching, and are never appropriate."); *Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-cv-598-CRS, 2017 WL 3044763, at *11 (W.D. Ky. July 18, 2017) ("If the deponent does not know how to answer a question, he or she may state as much, but it is not appropriate for his or her attorney to push him or her in that direction.").

Finally, Federal Rule of Civil Procedure 30(d)(1) limits the length of depositions to "one day of seven hours." Only the time spent on the actual deposition counts toward this limit. *See* Fed. R. Civ. P. 30(d)(2) adv. comm. n. to 2000 amend. Mr. Minana terminated Gertz's deposition to catch a flight. When he left, Gertz had been on the record for six hours and forty minutes. Mr. Minana notified Plaintiffs about his flight prior to the deposition. He also made himself and Gertz available for eight hours of testimony. Plaintiff asks the Court to re-open Gertz's deposition and

provide them with an additional four hours to depose him.  The Court denies this request, because Plaintiffs have not thoroughly explained their need for re-opening the deposition and because of the relatively small amount of lost time.  *See id.* ("Preoccupation with timing is to be avoided.").

**Conclusion**

The Court hereby ORDERS the Discovery Defendants to (1) produce within seven days a "hit report" of the seventeen suggested search terms for Plaintiffs' review and then confer with them to narrow the production of documents; (2) file a brief by July 26 setting forth their argument that personal financial records are not discoverable in the face of an ERISA § 502(a)(3) claim; (3) produce by July 31 all relevant text messages contained on the business phones of key employees, where the messages are the sole source of relevant information; (4) answer within seven days and as if posed by interrogatories the deposition questions that their counsel instructed them not to answer; (5) limit the stated basis for objecting during depositions to a single word or short phrase; (6) stop instructing deponents to respond to questions only if they know the answer.

**IT IS SO ORDERED.**

Date:  July 22, 2019                                     /s/ Greg Kays
                                                         GREG KAYS, JUDGE
                                                         UNITED STATES DISTRICT COURT