**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Hospital Partners, Inc., *et al.*, <br><br> Defendants. | **FIRST AMENDED HIPAA QUALIFIED AND GENERAL PROTECTIVE ORDER** <br><br> **CIVIL ACTION NO. 5:18-CV-06037-DGK** |

Having reviewed the parties' Stipulation for the Entry of a First-Amended HIPAA Qualified Protective Order, and good cause appearing, this Stipulation is granted. The following First Amended HIPAA Qualified Protective Order ("Protective Order") shall govern disclosure, handling, and use of all evidence taken at depositions and transcripts resulting thereof, any deposition exhibits, interrogatory responses, admissions, and any other information or materials produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in this proceeding.

**Scope of Protection**

1.      This Protective Order is entered into to facilitate the exchange and discovery of documents, evidence, software, and/or any other information the parties agree merits confidential treatment in this case. The term "documents" shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure Nos. 26 and 34, including but not limited to any "writings," "recordings," or "photographs," as those terms are defined by Rule 1001 of the Federal Rules of Evidence. The Protective Order shall also include the production of any physical evidence and/or "things" as they are defined under the Federal Rules of Civil Procedure, including but not limited to, the production of any physical evidence, software, databases, and/or electronically

stored information produced in or via their native format(s). Documents shall be construed to include, but are not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and/or other data or data compilations that are stored in any medium from which information can be reasonably obtained either directly or, if necessary, after translation.

2.      Any party may designate any evidence as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION" as appropriate under the terms of this Protective Order. In the case of documents or physical things, the designation shall be made by stamping or stating in writing that such evidence bears the appropriate designation. In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all such evidence shall be treated as Protected Health Information.

3.      Any third party producing evidence in this action pursuant to a subpoena, notice, or request may designate such evidence as Testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION." The parties agree that they will treat "Confidential," "Highly Confidential," or "Protected Health Information" information produced by third parties according to the terms of this Order.

4.      This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of evidence as Confidential, Highly Confidential, or Protected Health Information as inappropriate under the Federal Rules of Civil

2

Procedure, Local Rules of this Court, or other applicable law.

5.    Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or evidence revealed in the course of disclosure.

6.    A party may seek the written permission of the Producing party with respect to dissolution or modification of any aspect of this Protective Order. The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this litigation.

## Definitions

7.    As used herein:

(a)    "Protected Health Information" will have the same scope and definition as set forth in 45 C.F.R. § 160.103 as well as any individual health information protected by state or federal law. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected   Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a

3

relative, employer, or household member of a patient/insured/member, to the extent it is linked to

Protected Health Information as defined in 45 C.F.R. § 160.103:

- names;
- all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
- all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
- telephone numbers;
- fax numbers;
- electronic mail addresses;
- social security numbers;
- medical record numbers;
- health plan beneficiary numbers;
- account numbers;
- certificate/license numbers;
- vehicle identifiers and serial numbers, including license plate numbers;
- device identifiers and serial numbers;
- web universal resource locators ("URLs");
- internet protocol ("IP") address numbers;
- biometric identifiers, including finger and voice prints;
- full face photographic images and any comparable images;
- any other unique identifying number, characteristic, or code; and
- any other information that the producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of the information.

(b)    "Confidential Information" shall mean any evidence or system that a party or witness designates as "Confidential." "Confidential Information" includes, but is not limited to, information that contains a party or third party's trade secrets, proprietary or sensitive information, employee records and personnel files, medical records, and any other such information subject to privacy rights.

4

(c)     "Covered entity" shall have the same definition set forth in 45 C.F.R. § 160.103.

(d)     "Highly Confidential Information" shall mean any evidence that a party or witness designates as "Highly Confidential." "Highly Confidential Information" includes information that contains a party's or third parties' non-public business or non-privileged legal information which, if shared with the other party to this action could risk irreparable harm to the Producing party or a third party.

(e)     "Producing party" shall mean the parties to this action and any third- parties producing Confidential Information, Highly Confidential Information, or Protected Health Information in this action, or the party asserting the confidentiality, as the case may be.

(f)     "Receiving party" shall mean the party to this action and/or any third parties receiving or viewing Confidential Information, Highly Confidential Information, or Protected Health Information in connection with this action.

### Disclosure Agreements

8.     Except with the prior written consent of the Producing party or by order of the Court, Confidential Information and Protected Health Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)     current personnel of Plaintiffs or Defendant who have been advised of their obligations hereunder and who agree to use such information exclusively in connection with this litigation;

(b)     in-house and outside counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are under the supervision or control of such counsel and who have been advised by such counsel of their obligations hereunder;

5

(c)  expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 12 hereof;

(d)  the Court and Court personnel;

(e)  an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 17 hereof;

(f)  trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 15 or 17, respectively, hereof.

9.  Except with the prior written consent of the Producing party or by order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)  in-house and outside counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are under the supervision or control of such counsel and who have been advised by such counsel of their obligations hereunder;

(b)  expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with paragraph 12 hereof;

6

(c)      the Court and Court personnel;

(d)      an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 17 hereof;

(e)      trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 15 or 17, respectively, hereof.

10.      Except with the prior written consent of the Producing party, or by order of the Court, all keys to or for the LabTrac (also known as "CadiraTrac") system, or any other similar system where keys are being provided, shall be provided only to outside counsel for the parties and their staff.  Counsel and their staff hereby agree they will not provide keys to the LabTrac system, or any similar system, to any person or entity except for the law firm by which they are employed. Counsel will not access or utilize the LabTrac system, or any similar system, if counsel ceases to be employed by their respective law firm. Information may be downloaded and/or exported from the LabTrac system, or any similar system, by outside counsel and their staff, but if any such evidence, documents, or other information is exported from the system, it shall be marked both "PHI" and "Confidential" pursuant to the terms of the Protective Order. Once exported and designated as "PHI" and "Confidential," the downloaded records can be circulated and shared consistent with paragraph 8 of the Protective Order.

### Use of Confidential Information, Protected Health Information, and Highly Confidential Information

11.      Confidential Information, Highly Confidential Information, and Protected Health Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes. If at any time Confidential Information, Highly Confidential Information, or Protected Health Information is subpoenaed or requested by any court, arbitral,

7

administrative, regulatory, legislative, or governmental body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every party who has produced such Confidential Information, Highly Confidential Information, or Protected Health Information through its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of Confidential Information, Highly Confidential Information, or Protected Health Information implicated by the subpoena. Such notice shall not be required if the party to whom the subpoena is directed is also the party that designated the information as Confidential, Highly Confidential, or Protected Health Information.

12. Before any disclosure of Confidential Information, Highly Confidential Information, or Protected Health Information is made to an expert witness or consultant pursuant to paragraphs 8(c) or 9(b) hereof, such expert or consultant shall be provided with a copy of this Protective Order and shall execute the certificate annexed hereto agreeing to comply with and be bound by the terms of this Protective Order. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of designation of the witness outlined in the Court's Scheduling Order. Any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied, but shall be retained by counsel for the party retaining the witness and shall be produced if appropriate.

13. Any evidence designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period, the party who designated the information as protected may move the

8

Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The moving party should indicate whether or not the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response. The copy of the motion must be delivered to chambers and accompanied by an un-redacted copy of the designated material(s). As an aid to the Court, the un-redacted copy must be tabbed, marking each section for which continued protection is being requested so the Court can easily review and determine if continued protection will be granted.

14.     A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection.

15.     If the information is entitled to continued protection, counsel for the party making the disclosure will request that the Court exclude from the hearing or trial any person that is not entitled to receive or view such information under paragraphs 8 or 9 above.

16.     All depositions shall presumptively be treated as Confidential and subject to this Protective Order during the deposition and for a period of thirty-five (35) days after the date of the deposition. At any time during the course of the deposition or during the thirty-five (35) day period thereafter, a party may designate all or portions of the transcript as Confidential Information, Highly Confidential Information, or Protected Health Information. Upon such designation, the deposition shall be classified appropriately. If no designation is made during such thirty-five (35) day period, the deposition shall lose its Confidential designation at the end of the thirty-five (35) day period.

9

17.     This Protective Order shall not preclude counsel for the parties from using during any deposition in this action any evidence which has been designated or treated as Confidential Information, Highly Confidential Information, or Protected Health Information under the terms hereof, provided the witness is entitled to review such information pursuant to paragraphs 8 or 9, above. Any court reporter (and any necessary secretarial, clerical or other personnel of such reporter) and deposition witness who is given access to Confidential Information, Highly Confidential Information, or Protected Health Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party. Any party intending to use Highly Confidential Information or Protected Health Information at a deposition may seek to exclude from the deposition room any person not entitled to receive or view such information under paragraphs 8 or 9 above. To the extent feasible, the parties shall meet and confer regarding such exclusion at a time reasonably in advance of the relevant questioning.

18.     If a deponent refuses to agree to the nondisclosure provisions of this Order, as provided in paragraph 17 above, disclosure of Confidential Information, Highly Confidential Information, or Protected Health Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent. Any third-party deponent (other than expert witnesses) who receives Confidential Information, Highly Confidential Information, or Protected Health Information during a deposition shall be permitted to obtain a copy of the deponent's deposition transcript and exhibits solely for the purpose of reviewing the deposition transcript for accuracy, and shall destroy all such copies within the deponent's possession within three (3) days after reviewing and signing the transcript.

19.     Any person receiving Confidential Information, Highly Confidential Information, or Protected Health Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

20.     The entry of this Protective Order shall not, in itself:

(a)     constitute a waiver of any party's right to seek, at a future time, relief from the Court for an order restricting access to Confidential Information, Highly Confidential Information, or Protected Health Information to a more limited group of individuals or entities than defined in paragraphs 8 and 9 above, or granting access to Confidential Information, Highly Confidential Information, or Protected Health Information to specific individuals; or

(b)     constitute a waiver of any objection to any discovery request; or

(c)     be construed as an admission or agreement that evidence designated as Confidential, Highly Confidential, or Protected Health Information, in fact, is confidential, or comprises a trade secret, or otherwise is entitled to any protective relief whatsoever.

21.     Extracts and summaries of Confidential Information, Highly Confidential Information, and Protected Health Information shall be treated in accordance with the designation of the information from which they were derived, in accordance with the provisions of this Protective Order.

22.     The production or disclosure of Confidential Information, Highly Confidential Information, or Protected Health Information shall in no way constitute a waiver of each party's right to object to its use at the trial or to object to the production or disclosure of other information in this litigation or in any other action.

**Production, Use, and Disclosure of Protected Health Information**

23.     Paragraphs 24 through 30 provide additional requirements for the production, use,

handling, and disclosure of Protected Health Information. These paragraphs are in addition to the requirements discussed above. In the event paragraphs 24 through 30 conflict with any other provision in this Protective Order regarding the production, use, handling, and disclosure of Protected Health Information, paragraphs 24 through 30 shall govern.

24.     In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (see Pub. L. 104 191, 110 Stat. 1936), specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v)-(vi), the Court hereby institutes this Protective Order as a HIPAA Qualified Protective Order as that term is defined in these statutes and regulations.

25.     The parties are authorized through discovery to request and subpoena Protected Health Information from the parties and other HIPAA covered entities. The parties (and nonparties, including covered entities, providing discovery pursuant to subpoenas from the parties) are authorized to provide discovery as described in paragraphs 8 and 9 above, to the extent such information is otherwise discoverable. Accordingly, the parties (and nonparties, including covered entities, providing discovery pursuant to subpoenas from the parties) may produce Protected Health Information without consent of the patient or his or her legal representative and without providing notice to the patient.

26.     The parties also seek to ensure that any person who receives and stores Protected Health Information in connection with this litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent unpermitted use or disclosure of any Protected Health Information they may receive from any person in connection with this litigation. Protected Health Information will be destroyed or de-identified pursuant to the

12

provisions of paragraphs 42 and 43 below.

27.     The parties shall not file any document or any evidence containing Protected Health Information or submit such evidence to the Court, or reproduce their contents in any filing, unless all Protected Health Information has been removed, redacted, or de-identified in compliance with HIPAA. Each party has an independent obligation to review material that it plans to file with the Court to ensure that any Protected Health Information is protected as required by this Protective Order.

28.     Nothing contained in this Protective Order authorizes the parties to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or attorney-client communications. Moreover, the parties may seek additional protection from the disclosure and use of any evidence or information for which they believe this Protective Order does not provide adequate protection or with respect to any evidence they believe is not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

29.     Discovery in this case may involve the production of Protected Health Information relating to individuals who are not currently parties to this litigation. In order to protect patient privacy, no party shall, without prior leave from Court, use, rely on, or disclose Protected Health Information produced by other parties in order to contact any patient, former patient, or other individual not represented by counsel. Such communications, if specifically authorized by the Court, shall be only in writing, with copies to all parties, and shall be treated as Protected Health Information to the extent their contents or the identity of the individuals contacted reveal any information related to any individual's Protected Health Information. This provision does not prohibit any party from contacting any individual based on information in that parties' possession,

13

custody or control.

30.     In the event that the Receiving party, including any expert or consultant of the Receiving party, inadvertently discloses Protected Health Information, triggering a reportable event, the Receiving party shall indemnify and hold harmless the Producing party as it relates to such inadvertent disclosure and any related reporting.

## Failure to Designate

31.     Any evidence that might contain Confidential Information, Highly Confidential Information, or Protected Health Information that has been produced without identification as to its "Confidential," "Highly Confidential," or "Protected Health Information" nature as provided in paragraph 2 or 3 of this Protective Order, may be so designated by the party asserting the confidentiality by written notice to the undersigned counsel for the Receiving party identifying such evidence as "Confidential," "Highly Confidential," or "Protected Health Information" within a reasonable time following the discovery that such evidence has been produced without such designation.

## Challenging Designations

32.     The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information, Highly Confidential Information, or Protected Health Information. The Receiving party shall describe the basis for each challenge to the party who made the designation being challenged. The Producing party will have fourteen (14) calendar days to respond to the Receiving party by agreeing to re-designate the challenged designation, or explaining why it believes the challenged designation is proper. The parties agree to meet and confer within seven (7) calendar days thereafter to resolve any remaining disputes. The parties agree to confer in good faith in

14

person or via telephone.

33.     If the Producing party does not agree to declassify such evidence, the Receiving party may move the Court for an order declassifying such evidence.

## Production of Privileged or Confidential Evidence

34.     If, in connection with these proceedings, any evidence or information subject to a claim of attorney-client privilege, work product protection, or other privilege, protection, or immunity from disclosure is disclosed ("Disclosed Information") by a Producing party, in accordance with Federal Rule of Evidence 502(d), the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege, work product protection, or other privilege or immunity from disclosure that the Producing party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter.

35.     The Receiving party shall, within five (5) business days of receiving notice of the claim of disclosure, return, delete, or destroy the Disclosed Information and delete or destroy the portions of all work product that reflect or are derived from such Disclosed Information, including all copies thereof, and shall make no further use of such Disclosed Information and work product. The Receiving party shall not be required to return, delete, or destroy any of the Disclosed Information contained on the Receiving party's disaster recovery tapes so long as the Receiving party does not use, or disclose, for any purpose any of the Disclosed Information contained on the Receiving party's disaster recovery tapes.

36.     The Producing party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production, and the party receiving information subject to a claim of attorney-client privilege, work product protection, or other privilege, protection, or immunity agrees not to challenge the reasonableness of such efforts.

37.     Upon request by the Producing party, the Receiving party shall confirm in writing that it has complied with the procedures described in paragraph 35.

38.     In accordance with Federal Rule of Evidence 502, if a Receiving party discovers on its own that it has received Disclosed Information, it shall promptly sequester such Disclosed Information and refrain from using it and the portions of all work product that reflect or are derived from such Disclosed Information. The Receiving party shall promptly notify the Producing party in writing of the existence of such Disclosed Information. Upon request by the Producing party, the Receiving party shall comply with the procedures described in paragraphs 35 and 37.

39.     Pursuant to Federal Rule of Evidence 502, nothing in this Order shall limit the Receiving party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing party's claim that Disclosed Information is protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege, protection, or immunity from disclosure.

40.     After the return of the Disclosed Information, the Receiving party may challenge the claim of privilege, protection, or immunity from disclosure by making a motion to the Court. In accordance with Federal Rule of Evidence 502(e), the Parties' agreement on the effect of disclosure of a communication or information covered by a claim of attorney- client privilege, work product protection, or other privilege, protection, or immunity from disclosure is binding on the parties regardless of whether or not the Court enters this Order. Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected from discovery or otherwise inadmissible as evidence because of an operation of the attorney-client privilege, work product protection, or other privilege, protection, or immunity from disclosure.

16

41.     If a Receiving party learns that it has disclosed Confidential Information, Highly Confidential Information, or Protected Health Information to any person or in any circumstance not authorized under this Protective Order, the Receiving party must immediately

(a)     notify in writing the Producing party of the unauthorized disclosures;

(b)     use its best efforts to retrieve all unauthorized copies of the Confidential Information, Highly Confidential Information, or Protected Health Information;

(c)     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order;

(d)     request such persons to destroy all copies of the Confidential Information, Highly Confidential Information, or Protected Health Information; and

(e)     request such person or persons to execute the "Agreement to Be Bound by the Stipulated HIPAA Qualified Protective Order" the form of which is attached hereto as Exhibit A.

### Conclusion of Action

42.     Within 60 days after the final termination of this litigation by settlement or exhaustion of all appeals, each party must destroy all evidence produced via this Protective Order by other parties during the course of litigation, as well as all reproductions thereof.  Each party shall also destroy or de-identify any evidence containing, quoting, or incorporating Protected Health Information produced by any other party. In addition, except as set forth in paragraph 43, each party shall destroy all other evidence containing, quoting, or incorporating Confidential Information or Highly Confidential Information produced by any other party. Nothing herein shall affect the right of a Producing party to retain evidence that it has produced in this litigation.

43.     Notwithstanding the destruction obligations set forth in paragraph 42, counsel for each party may maintain for their client file one copy of all evidence that has been filed with the

17

Court, including transcripts, emails, and correspondence, including those that contain Confidential Information or Highly Confidential Information. Any such evidence maintained by counsel under this provision that contain Protected Health Information produced by any other party must be de-identified.

44.     Within 60 days after the final termination of this litigation by settlement or exhaustion of all appeals, each party and their counsel shall certify in writing that they have complied with paragraphs 42 and 43 to the best of their knowledge.

45.     Any materials retained by counsel as permitted by paragraph 43 will continue to be bound by this Order.

46.     Nothing herein shall affect the right of the Producing party to disclose to any person or entity its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless an authorized disclosure by the Producing party renders the information public.

47.     This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information, except in no case may evidence or other materials exchanged in this litigation be used outside of this litigation, except as provided in this Order.

**IT IS SO ORDERED.**

Date: <u>July 26, 2019</u>                                    <u>/s/ Greg Kays</u>
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT

18

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br>Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; LifeBrite Laboratories, LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; SeroDynamics, LLC; Lucenta Labs, LLC; David Byrns; Jorge Perez; Christian Fletcher; James F. Porter, Jr.; Beau Gertz; and Mark Blake.<br>Defendants. | **AGREEMENT TO BE BOUND BY THE STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**<br><br>Civil Action No.:<br>5:18-CV-06037-DGK |

I,_____, state that:

1.    I received a copy of the Stipulated HIPAA Qualified Protective Order (the "Protective Order") entered in the above-entitled action on_____.

2.    I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information, Highly Confidential Information, or Protected Health Information (collectively, "Protected Material") that is disclosed to me. I further agree not to disclose any Protected Material except as allowed by the terms of the Protective Order.

19

5.     I will only make copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or settling this litigation or to comply with judicial process or any applicable statute or regulation in connection with this action.

6.     I understand and agree that all Protected Health Information is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").

7.     By executing this Agreement, I agree that I will only use or disclose any Protected Health Information in connection with this case for prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent non-permitted use or disclosure of any Protected Health Information I receive from any person in connection with this case.

8.     I will promptly return to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Material, or securely destroy or delete, all Protected Material that comes into my possession, as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue even after the conclusion of the action.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement

of the Protective Order in this action.

Dated:_____       Signature: _____