IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) | |
| Defendants. | ) | |

## SUPPLEMENTAL DISCOVERY ORDER

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital.[1] Pending before the Court is a discovery dispute between Plaintiffs and Defendants SeroDynamics, LLC; LabMed Services, LLC; Mark Blake; and Beau Gertz (collectively, the "Discovery Defendants"). The parties dispute whether additional financial records, including Blake's and Gertz's personal financial records, are discoverable in the face of Plaintiffs' claims for equitable restitution under section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3). The Court ordered (Doc. 255) the parties to brief the issue, along with the proper scope of any such discovery. Now, having reviewed the briefs, the Court finds in favor of Plaintiffs.

Section 502(a)(3) claims may be pursued against both businesses and individuals. *See Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 239 (2000) ("[Section 502(a)(3)] admits of no limit . . . on the universe of possible defendants."). To prevail, however, the plaintiff must trace its money "to particular funds or property in the defendant's possession." *Great-West Life & Ann. Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). Equitable relief is

---

[1] The Court's January 23, 2019, order (Doc. 165) describes the factual background of the case.

therefore unavailable when the proceeds in question have "dissipated" and the plaintiff seeks to recover from a defendant's general assets. *Id.* at 714.

Plaintiffs contend that the lack of discovery has prevented them from tracing their reimbursement payments past SeroDynamics and LabMed, which closed, but not before each paid millions to intermediate companies owned substantially by Blake and Gertz. Information pertaining to the location of Plaintiffs' payments is clearly relevant to Plaintiffs' section 502(a)(3) claims, and the Discovery Defendants offer no persuasive justification for not producing it. *See Sec. Mut. Life Ins. Co. of New York v. Joseph*, No. CIV A 06-CV-4804, 2007 WL 1944345, at *3 (E.D. Pa. July 2, 2007) ("Discovery is necessary on this issue because it is critical to plaintiff's ability to obtain relief to trace plaintiff's alleged overpayments."); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp. Inc.*, No. CV-14-03053-MWF (AFMX), 2016 WL 6821116, at *3 (C.D. Cal. June 17, 2016). They argue that Mo. Rev. Stat. § 510.263.8 prohibits the discovery of financial assets until Plaintiffs establish a likelihood of obtaining punitive damages. But "discovery in a federal court is governed only by [the Federal Rules] and . . . state discovery practices are irrelevant." 8 Charles A. Wright, et al., Fed. Prac. & Proc. Civ. § 2005 (4th ed. 2019) (citing cases).

The Discovery Defendants also claim that funds received from the hospital were deposited into general bank accounts and used for "all sorts of business payments." According to them, the funds have dissipated and Plaintiffs are pursuing their general assets. A discovery brief is not the proper place for such an argument. *See Almont*, 2016 WL 6821116, at *4. In denying Defendants' motion to dismiss, the Court held that Plaintiffs were allowed the chance to prove whether their payments are traceable. The Court will provide them that chance, and if, following discovery, they are unable to do so, the Discovery Defendants can attack the claims on summary judgment. In any

event, the Court notes that the Eighth Circuit has, at least in other contexts, allowed parties to recover assets through constructive trusts even when they been commingled with other funds. *See, e.g.*, *In re MJK Clearing, Inc.*, 371 F.3d 397, 401 (8th Cir. 2004) (applying the "lowest intermediate balance" test to trace mixed funds). Thus, given that the sought-after information is relevant to both Plaintiffs' claims and the Discovery Defendants' defenses, the Court grants the discovery request.

Accordingly, the Discovery Defendants must produce, by August 23, all statements, canceled checks, and wire and deposit details from January 2017 to the present for accounts of intermediary companies such as Lab Metrics, LLC, Perseverance Med, LLC, and any other entity owned by Blake or Gertz, where such information bears on whether the Discovery Defendants possess or control funds or property belonging in good conscience to Plaintiffs. To the extent these entities have transferred such funds or property to Blake and Gertz, they too must produce the same information.

**IT IS SO ORDERED.**

Date: <u>August 8, 2019</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT