UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; LabMed Services, LLC; SeroDynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake.<br><br>    Defendants. | Civil Action No.<br>5:18-CV-06037-DGK |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

1

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully request leave to file a Fourth Amended Complaint. In their proposed amendments, Plaintiffs will not add any claims or defendants. Instead, with the benefit of additional discovery since the filing of the Third Amended Complaint, Plaintiffs seek to: (i) correct certain allegations, including the damages suffered by Plaintiffs; (ii) supplement the facts previously alleged; and to (iii) conform the allegations in the Complaint to the Defendants' conduct. Plaintiffs do not bring this motion in bad faith or with a dilatory motive. Similarly, none of the Defendants will suffer unfair prejudice if Plaintiffs are granted leave to amend the complaint. Therefore, and for the reasons set forth below, Plaintiffs respectfully request that they be granted leave to file a Fourth Amended Complaint.

**ARGUMENT**

**I.      Legal Standard**

A party may amend its pleadings with the court's leave, which a court should give freely when justice requires. Fed. R. Civ. P. 15(a)(2); *FTC v. Next-Gen, Inc.*, No. 4:18-cv-00128-DGK, 2018 U.S. Dist. LEXIS 224811, at *10 (W.D. Mo. Sept. 24, 2018) (Kays, J.). "Leave should normally be granted absent good reason for a denial" such as undue delay, bad faith, a dilatory motive, or if an opposing party shows unfair prejudice. *Dean v. Am. Honda Motor Co.*, No. 17-03069-CV-S-DPR, 2017 U.S. Dist. LEXIS 218188, at *1 (W.D. Mo. Nov. 14, 2017); *see also Next-Gen.*, 2018 U.S. Dist. LEXIS 224811 (quoting *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)); *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, No. 16-00136-CV-W-HFS,

2017 U.S. Dist. LEXIS 136071, at *8-9 (W.D. Mo. May 18, 2017).

As noted above, Plaintiffs seek leave to amend to: (i) correct certain allegations, including the damages suffered by Plaintiffs; (ii) supplement the facts previously alleged; and (iii) more closely conform the allegations in the Complaint to the Defendants' conduct. This motion is not brought in bad faith, with a dilatory motive, or following undue delay. None of the Defendants will suffer unfair prejudice as the allegations in the proposed Fourth Amended Complaint ("FAC") are facts known to the Defendants, including those uncovered during discovery. The only depositions set by the Defendants are scheduled to take place *after* the filing of this motion, thus eliminating any risk that they might suffer any unfair prejudice if the Court grants Plaintiffs leave to file a FAC. For these reasons and those set forth below, Plaintiffs respectfully request that the Court grant them leave to file their proposed Fourth Amended Complaint, attached to Plaintiffs' motion as Exhibit A.

## II. The Court should grant Plaintiffs' motion for leave to amend.

Plaintiffs seek to amend the Third Amended Complaint ("TAC") to correct certain allegations, to supplement the facts alleged, and to conform the operative complaint to the conduct of the Defendants.

*First*, as noted in Plaintiffs' Amended Initial Disclosures, the TAC contains an outdated calculation of Plaintiffs' damages in this case. (*See* Pl.'s Am. Initial Discl.) In the TAC, Plaintiffs alleged more than $73 million in damages. (Dkt. 57 at ¶ 14.) However, Plaintiffs have since identified that their actual damages in this case are in excess of $89 million. (*See* Ex. A, ¶ 14.) Plaintiffs' proposed FAC makes other corrections

to the allegations throughout.

*Second*, Plaintiffs seek to amend their allegations to correct and supplement the TAC's descriptions of the roles played by each Defendant. (*See, e.g.*, Ex. A, ¶¶ 130-50.) Plaintiffs' proposed FAC also provides additional descriptions of particular subsets of claims that the Defendants caused to be billed through Putnam, even though Putnam had no role in those tests. (*See, e.g., id.* at ¶ 10 (describing tests performed before the Defendants had any contractual relationship with Putnam that were billed to Plaintiffs months later, through Putnam.)

Third, Plaintiffs seek to conform their proposed FAC to the conduct of the Defendants. In particular, the Sero Defendants—Serodynamics, LLC; Labmed Services, LLC; Beau Gertz; and Mark Blake—have repeatedly argued that blood tests are not a focus of the TAC and, therefore, are not of significance in the case. (*See, e.g.*, Dkts. 252 at 5; 272 at 2.) They have also argued that their interactions with hospitals other than Putnam are not relevant, possibly because they were not a focus of the TAC. (*See, e.g.*, Dkt. 237, Ex. 3.) While Plaintiffs believe that the TAC's allegations are sufficiently broad to address these concerns, the FAC includes additional, detailed allegations regarding the Sero Defendants' particular conduct. (*See, e.g.*, Ex. A, ¶¶ 158, 160, 164, 220.) In short: the blood tests performed by the Sero Defendants are as important as the urine-drug tests performed by Pinnacle Labs and LifeBrite Labs, and Plaintiffs' proposed amendments provide details regarding the Sero Defendants' role in blood testing, the significance of blood testing in this lawsuit, and the extent of damages that Plaintiffs have suffered because of the submission of fraudulent blood testing claims. (*See e.g., id.*

4

¶¶ 13, 160, 220.)

As the Court recently recognized, Plaintiffs have diligently pursued discovery in this case (*see* Dkt. 156 at 1-2), and they have brought this motion to amend the operative complaint before the deadline to do so. *See Gustafson v. Bi-State Dev. Agency of the Mo.-Ill. Metro. Dist.*, No. 4:18-CV-2074 CAS, 2019 U.S. Dist. LEXIS 92748, at *5 (E.D. Mo. May 31, 2019) (noting that whether the motion to amend is timely is a "significant consideration"). Given the timeliness of this motion, and Plaintiffs' diligence in discovery, there is no undue delay, bad faith, or dilatory motive. *See Next-Gen, Inc.*, 2018 U.S. Dist. LEXIS 224811, at *19 (granting out-of-time motion to amend because the record did not reflect bad faith and because party moving to amend did not delay unduly or show a dilatory motive, in part, because of party's diligence in discovery).

Further, Defendants cannot show that amending the operative complaint with these factual details would cause them unfair prejudice. In *Westchester Surplus Lines, Inc.*, the Court held that a party was not prejudiced by another's motion to amend by adding new facts and even a new claim, in part because the new facts should not have been surprising to the opposing party. 2017 U.S. Dist. LEXIS 136071, at *8-9 (granting leave to amend pleadings even though deadline had passed five months earlier). The same is true here. The facts Plaintiffs wish to add to the TAC should not surprise any of the Defendants; all of these allegations have been discussed at length in the course of depositions, meet and confers, and briefs. In some instances, the Sero Defendants have freely admitted them. (*See* Dkts. 237 at 1-2; 262 at 2 & n.1.) Additionally, because the proposed amendments only add facts that expand on and clarify what they have

already pleaded, there is no need for further discovery beyond that allowed by the Court's operative Scheduling and Trial Order. *See Gustafson*, 2019 U.S. Dist. LEXIS 92748, at *4-14 (permitting plaintiff to add new claims and facts and stating that granting amendments is more likely "where the requested amendments are based on facts similar to the original complaint" and the amendments do not involve new theories of recovery or impose additional discovery requirements).

Given Plaintiffs' desire to merely correct and supplement the allegations in the Complaint without asserting new claims or adding new Defendants, there is no good reason to deny such a request. Accordingly, Plaintiffs request leave to amend their Complaint as outlined in Exhibit A to Plaintiffs' motion.

## CONCLUSION

Plaintiffs respectfully request that the Court grant them leave to amend the operative Complaint as provided in the proposed Fourth Amended Complaint, attached to Plaintiffs' motion. Upon the Court's grant of this motion, Plaintiffs will separately move for leave to file under seal Exhibit A to the Fourth Amended Complaint, which has previously been attached to each of Plaintiffs' prior Complaints under seal.

Dated: August 15, 2019          By:      */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Amira A. ElShareif (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
aelshareif@robinskaplan.com
jwing@robinskaplan.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 15th day of August 2019, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*
