# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; Serodynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,<br><br>　　　　Defendants. | Civil Action No.<br>5:18-CV-06037-DGK |

**PLAINTIFFS' RESPONSE TO THE SERO DEFENDANTS' BRIEF REGARDING DISCOVERY DISPUTE**

## INTRODUCTION

The Sero Defendants seek to depose Plaintiffs regarding their relationships with hundreds of hospitals and laboratories that were not involved in the Putnam pass-through-billing scheme, and other similarly irrelevant topics. Although the Putnam scheme began in 2016, the Sero Defendants demand that Plaintiffs be deposed about their relationships with these hospitals and laboratories over the past 12 years, including *a decade before the Putnam scheme began*. (Dkt. 292 at 4-5). In defense of the disputed topics, the Sero Defendants cite to a handful of largely contextual allegations in the Third Amended Complaint (Dkt. 57 ("TAC")) and general principles governing the scope of discovery, but do not explain *why* the disputed topics are relevant. (*Id.*) Because the disputed topics are irrelevant to the parties' claims and defenses, Plaintiffs respectfully request that the Court strike topics 3-5, 12-13, 15, 19-21, 23, 42-43, and 46-47; and limit topic 16 to 2014-2018.

Plaintiffs accommodated the Sero Defendants' requests that Plaintiffs' two primary corporate representatives be deposed in Missouri. Plaintiffs' remaining three corporate representatives are located in Virginia, Illinois, and Ohio, respectively, and have been designated on one or two discrete topics each. (Dkt. 293-1 ¶ 3.) Given how short their examinations will be, Plaintiffs requested that the Sero Defendants depose the single and two-topic representatives where they reside or via videoconference. (*See* Dkt. 293 at 7.) The Sero Defendants refused, insisting that each appear in Missouri *and* that Plaintiffs' five corporate representatives be made available "over the course of no more than three days." (Dkt. 292 at 6.) Plaintiffs respectfully request that the Court order the single- and two-issue representatives be deposed in their respective places of business or using remote means, and that the Court deny the Sero Defendants' legally unsupported demand that the Plaintiffs' corporate representatives all be deposed over no more than three days.

1

## ARGUMENT

**I.     The Sero Defendants fail to explain why the disputed topics are relevant to this case.**

The Sero Defendants do not explain the relevance of the disputed topics. In fact, they do not explain the relevance *of a single disputed topic*. Instead, they argue that brief (and largely contextual) allegations in the TAC open up discovery on Plaintiffs' relationships over the past 12 years with hundreds of hospitals in five states, Plaintiffs' contractual relationships with an indeterminate number of clinical laboratories (also over 12 years), and other topics like Plaintiffs' lobbying efforts and communications to network providers requiring them not to disclose rates to members (again, over the past 12 years). (*See* Dkt. 292 at 4-5.) This case relates to laboratory tests performed by Serodynamics and other laboratories that were billed to Plaintiffs from 2016-2018 as if the laboratory tests were performed at and by Putnam. (*See* Dkt. 57.) The disputed topics have no bearing on the parties' claims or defenses, and the Sero Defendants' Opening Brief is telling in its inability to explain their relevance.[1]

The Sero Defendants state that they "provided Putnam with valuable clinical blood reference laboratory and marketing consultation services" and that their work "carried with it the functional ability to assist and enhance the financial stability of Putnam and to protect the longevity of rural, critical access hospitals, such as Putnam." (*See* Dkt. 292 at 4-5.) Although Plaintiffs disagree, it does not matter—the Sero Defendants' argument is not a defense. Whether

---

[1] The Sero Defendants' refusal to restrict even the temporal scope of the disputed topics is representative of their approach throughout discovery. Rather than agree to a reasonable date restriction, they insist that 12 years of information on the disputed topics is necessary, in spite of the fact that *their sole justification* for that timeframe is, apparently, that the TAC alleges that "billings jumped exponentially after the purported 'scheme' at Putnam was put in place as compared to Putnam's historical, pre-'scheme' billings." (*See* Dkt. 292 at 4.)

the Sero Defendants provided valuable services to Putnam has no bearing on whether the claims they caused to be submitted contained fraudulent or negligent misrepresentations, whether the Sero Defendants tortiously interfered with Plaintiffs' contract with Putnam, or whether the Sero Defendants violated the impacted ERISA plans. And even if the topics had some relevance to the parties' claims or defenses (which they do not), their nominal probative value is completely overwhelmed by the burden they would impose on Plaintiffs, particularly where the parties would then be forced to litigate the similarity (or lack thereof) of Plaintiffs' relationships with each of the other hospitals and laboratories about which the Sero Defendants inquire.

The Sero Defendants provide no explanation for why the disputed topics are relevant to the parties' claims or defenses. Therefore, Plaintiffs respectfully request that the Court strike topics 3-5, 12-13, 15, 19-21, 23, 42-43, and 46-47, and limit topic 16 to 2014-2018.

## II. Plaintiffs' single- and two-issue representatives should be deposed where they work or, in the alternative, by videoconference.

At the Sero Defendants' request, Plaintiffs agreed to make their two primary corporate representatives available in Missouri.[2] (Dkt. 293-1 ¶ 3.) These two representatives will cover all but four of the undisputed topics. The remaining four undisputed topics will be addressed by three representatives located in Illinois, Ohio, Virginia, and Illinois, respectively. (*Id.*) Plaintiffs requested that the Sero Defendants depose these three representatives where they reside or via videoconference, because the topics are likely to be brief and to avoid imposing multiple days of travel on each person. (*See* Dkt. 293 at 7.) The Sero Defendants insist that they appear in Missouri, and that *all five* of Plaintiffs' representatives appear over three days.[3] (Dkt. 292 at 5-6.)

---

[2] The primary corporate representatives reside in Kentucky and Missouri, respectively.
[3] The Sero Defendants cite no case law in support of their argument that all of Plaintiffs' corporate representatives must appear over the course of three days. (*See* Dkt. 292 at 6.)

The Sero Defendants' argue that, because the representatives are appearing on behalf of Plaintiff RightCHOICE Managed Care, Inc., which is headquartered in Missouri, they must appear in Missouri. (*See* Dkt. 292 at 5-6.) But the corporate representatives are appearing on behalf of 19 Plaintiffs, only two of which are headquartered in Missouri. (*See* Dkt. 57 ¶¶ 26-44.) The 19 Plaintiffs have their headquarters across the country, including in Ohio and Virginia, where two of the representatives reside. (*See id.* ¶¶ 40-41.)

Critically, courts across the country have recognized that videoconference is a suitable alternative to in-person depositions, especially when the topics are limited and likely to be brief. *See United States v. One Gulfstream G-V Jet Displaying Tail No. VPCES,* 304 F.R.D. 10, 17-18 (D.D.C. 2014) (collecting authorities and noting that "[a]mple case law recognizes that a videoconference deposition can be an adequate substitute . . . particularly when significant expenses are at issue or when the deposition will cover a limited set of topics"); *see Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS (DHB), 2016 U.S. Dist. LEXIS 111767, at *16 (S.D. Cal. Aug. 19, 2016) ("The Court finds Plaintiffs' desire to save expenses on what is anticipated to be a short deposition is a legitimate reason to order a remote deposition."); *Gee v. Suntrust Mortg., Inc.*, No. 10-cv-01509 RS (NC), 2011 U.S. Dist. LEXIS 131935, at *4-8 (N.D. Cal. Nov. 15, 2011) (denying motion to compel plaintiffs' deposition in forum state because parties "routinely conduct depositions via videoconference, and . . . doing so minimizes travel costs and permits the jury to make credibility evaluations").

## CONCLUSION

Plaintiffs respectfully request that the Court strike topics 3-5, 12-13, 15, 19-21, 23, 42-43, and 46-47 and limit topic 16 to calendar years 2014-2018. Plaintiffs further respectfully request that the Court order the single- and two-issue representatives' depositions be taken in their respective places of business or, in the alterative, be conducted by videoconference.

4

Dated: August 27, 2019        By:           */s/ Michael L. Jente*

                **LEWIS RICE LLC**
                Neal F. Perryman, MO Bar #43057
                Michael L. Jente, MO Bar #62980
                600 Washington Avenue, Suite 2500
                St. Louis, Missouri 63101
                T: (314) 444-7600
                nperryman@lewisrice.com
                mjente@lewisrice.com

                -and-

                **ROBINS KAPLAN LLP**
                Jeffrey S. Gleason (admitted PHV)
                Jason W. Pfeiffer, MO Bar # 50104
                Nathaniel J. Moore (admitted PHV)
                Amira A. ElShareif (admitted PHV)
                Jaime J. Wing (admitted PHV)
                800 LaSalle Avenue, Suite 2800
                Minneapolis, Minnesota 55402
                T: (612) 349-8500
                F: (612) 339-4181
                jgleason@robinskaplan.com
                jpfeiffer@robinskaplan.com
                nmoore@robinskaplan.com
                aelshareif@robinskaplan.com
                jwing@robinskaplan.com

                *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 27th day of August 2019, with notice of case activity sent to counsel of record.

                                            */s/ Michael L. Jente*