# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     No. 5:18-cv-06037-DGK<br>) |
| HOSPITAL PARTNERS, INC., et al., | )<br>) |
| Defendants. | ) |

## ORDER REGARDING DISCOVERY DISPUTE CONCERNING
## RULE 30(b)(6) DEPOSITIONS

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital.[1] Now before the Court are various briefs (Docs. 292, 293, 295, and 296) filed by the parties in advance of a discovery dispute teleconference scheduled for September 3, 2019, at 11:00 a.m. The topics to be taken up at the teleconference concern (1) the scope of a series of 30(b)(6) depositions of Plaintiffs' corporate representatives noticed up by Defendant SeroDynamics, LLC ("Serodynamics"); and (2) the locations where some of these depositions should be taken. With respect to the first issue, SeroDynamics filed a notice of 30(b)(6) deposition containing 47 topics. Plaintiffs object to fifteen[2] of these topics, arguing they are irrelevant to the claims and defenses in this litigation, and that even if relevant, their relevance is outweighed by the undue burden they would place on Plaintiffs. The second issue has to do with where a few of these depositions should be taken. Plaintiffs have agreed to make their two primary corporate

---

[1] The Court's January 23, 2019, order (Doc. 165) describes the factual background of the case.

[2] Plaintiffs' totally object to fourteen topics—3-5, 12-13, 15, 19-21, 23, 42-43, and 46-47—and request the Court limit topic 16 to the years 2014-2018.

representatives, who will cover all but four of the topics, available in St. Louis, Missouri, where defense counsel are located.  Plaintiffs propose that the three other corporate representatives, who will be deposed on the other four topics (and who defense counsel have suggested may not even have to be deposed depending on how the depositions of the primary corporate representatives go) be deposed in the cities in which they work, which are Chicago, Cincinnati, and Richmond.

After reviewing the parties' briefs, the Court finds a teleconference is not necessary to resolve these issues.  The Court rules as follows.

With respect to the scope of the depositions, Plaintiffs' objections are all sustained.  The disputed topics have no bearing on the claims or defenses in this case.  For example, topic 43 ("Your denial of emergency medical services coverage to Affected Patients residing in the states of Kansas, Missouri, Illinois, Iowa, and/or Arkansas during calendar years 2006-2018") has no relevance to this litigation; the only purpose is to embarrass Plaintiffs.  This case is about laboratory tests billed by Putnam to Plaintiffs from 2016 to 2018, not emergency medical services that Plaintiffs allegedly denied over a twelve-year period, something for which Plaintiffs have been criticized in the media.  *See*, *e.g.*, Samantha Raphelson, *Anthem Policy Discouraging 'Avoidable' Emergency Room Visits Faces Criticism*, NPR.org (May 23, 2018), https://www.npr.org/2018/05/23/613649094/anthem-policy-discouraging-avoidable-emergency-room-visits-faces-criticism.  The Court has no idea whether this criticism is grounded in reality or not, but the Court is certain it has nothing to do with the claims or defenses in this case.  And the other disputed topics seem no better.  Thus, Plaintiffs objections to these topics are sustained.

The issue of where the corporate depositions should be held is a closer call.  A corporate representatives deposition is ordinarily taken at the corporation's principle place of business.  *See, e.g.*, *Furminator, Inc. v. Munchkin, Inc.*, No. 4:08CV00367-ERW, 2009 WL 1176285, at *1 (E.D. Mo. May 1, 2009).  But this is a rule of thumb, not a sacrament.

2

Given the circumstances—the limited nature of these four depositions, that the corporate representatives on these topics work in locations relatively far from St. Louis, that the depositions may not be needed at all, and that they could be taken by videoconference—common sense dictates overriding the default rule.  The Court orders these four depositions be taken in the cities where the corporate representative normally work or by videoconference, as Defendant SeroDynamics chooses.

**IT IS SO ORDERED.**

Date:  August 30, 2019                                       /s/ Greg Kays
                                                                                       GREG KAYS, JUDGE
                                                                                       UNITED STATES DISTRICT COURT