# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

This action arises out of an alleged pass-through billing scheme for laboratory tests at a rural Missouri hospital.[1] Now before the Court is Plaintiffs' motion for leave to file a fourth amended complaint (Doc. 287),[2] which is timely filed under the scheduling order.

Plaintiffs state they seek to amend to correct certain allegations, supplement the facts alleged, and conform the complaint to the Defendants' conduct as it has become better understood during the course of discovery. The Sero Defendants[3] oppose the motion, arguing the proposed amendments are unnecessary and immaterial to the lawsuit, and their only purpose is to unduly prejudice and embarrass them. The Sero Defendants also complain that the amended complaint will force them to revise their summary judgment motion, which they have prepared well in advance of the January 31, 2020, summary judgment deadline, resulting in a waste of resources.

---

[1] The Court's January 23, 2019, order (Doc. 165) describes the factual allegations in the case in more detail.

[2] Also pending is Plaintiffs' Motion to Substitute the Proposed Fourth Amended Complaint (294). Plaintiffs seek to substitute the proposed Fourth Amended Complaint attached to Document 287 with another to correct some typographical errors. This motion is GRANTED.

[3] The "Sero Defendants" are corporate Defendants SeroDynamics, LLC and LabMed Services, LLC and individual Defendants Mark Blake and Beau Gertz.

Rule 15(a)(2) provides "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile." *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

In the present case, the Court finds: (1) no undue delay, bad faith, or dilatory motive on the movants' part; (2) the amendments are not futile; and (3) the Sero Defendants will not suffer any undue or unfair prejudice. On the contrary, the interests of justice are served by allowing Plaintiffs to file the proposed amended complaint.

Accordingly, Plaintiffs' motion (Doc. 287) is GRANTED. Plaintiffs shall file the proposed amended complaint on or before September 17, 2019.

**IT IS SO ORDERED.**

Date: <u>September 13, 2019</u>                    <u>/s/ Greg Kays                              </u>
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT