# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

RightCHOICE Managed Care, Inc., *et al.*,

        Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; LabMed Services, LLC; SeroDynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,

        Defendants.

Civil Action No.
5:18-CV-06037-DGK

**DECLARATION OF NATHANIEL J. MOORE IN SUPPORT OF PLAINTIFFS' MOTION FOR RULE 37 SANCTIONS AGAINST DEFENDANTS EMPOWER H.I.S., HOSPITAL PARTNERS, INC., AND JORGE PEREZ**

I, Nathaniel J. Moore, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a Partner at Robins Kaplan LLP, counsel to Plaintiffs in the above-captioned action, and admitted to practice before this Court *pro hac vice*.

2.      In a meet-and-confer with counsel for Empower H.I.S., LLC, Hospital Partners, Inc., and Jorge Perez (the "Empower Defendants") shortly after the Empower Defendants served their responses to Plaintiffs' first set of discovery, the Empower Defendants reiterated to Plaintiffs that they would not produce any documents.

3.      In the same meet-and-confer, and for the first time, the Empower Defendants asserted the Fifth Amendment as a basis for their refusal to produce responsive documents.

4.      The Empower Defendants' February 15, 2019 production did not include: (i) emails from key custodians, such as Jorge Perez, Ricardo Perez (Jorge Perez's brother and business partner), Yesenia Hidalgo (Empower's Operations Manager), and Ernesto Fesser (Empower's Controller); (ii) operations-type documents describing Empower's business

1

practices (*e.g.*, documents detailing Empower's submission of the claims at issue, or guiding employees on how to bill claims); and (iii) the Empower Defendants' financial records.

5. During the spring of 2019, the Empower Defendants made no productions besides the one that occurred on February 15, 2019.

6. Seven days after the Court's May 2019 Order, the Empower Defendants made another limited production. This production did not materially improve the state of the Empower Defendants' production.

7. On August 21, 2019, the parties' counsel spoke by phone regarding the status of the Empower Defendants' production, including the 600,000 new documents. The parties' counsel agreed to work on search terms to narrow the universe of documents to be reviewed from the new batch of 600,000 documents.

8. On August 23, 2019, the Empower Defendants re-produced in usable form the documents that their previous counsel had produced months before.

9. On August 28, 2019, Plaintiffs and the Empower Defendants agreed to search terms that narrowed the universe of new documents to be reviewed to approximately 112,000.

10. With fact discovery scheduled to close in September 2019, Plaintiffs had to take the Empower Defendants' depositions (which were scheduled for September 2019) without the benefit of the vast majority of the documents that the Empower Defendants would eventually produce.

11. In September 2019, Plaintiffs deposed Jorge Perez as well as two other Empower employees (Ricardo Perez and Yesenia Hidalgo), each of whom invoked the Fifth Amendment and declined to answer the Plaintiffs' questions.

12.     On September 24, 2019, the Empower Defendants produced 92,140 documents, totaling 349,657 pages.

13.     On October 17, 2019, the Empower Defendants produced additional financial records.

14.     On December 27, 2019, the Empower Defendants produced more financial records.

15.     Between September 26, 2019 and October 2019, Plaintiffs and the Empower Defendants discussed the completeness of the Empower Defendants' production in multiple emails and at least one telephone call.  During these conversations or emails, Plaintiffs noted to the Empower Defendants that the Empower Defendants had produced fewer than ten emails from 2016, that documents produced by other Defendants showed that the Empower Defendants' production was incomplete, and that operations-type documents (such as those detailing Empower H.I.S. LLC's billing processes) appeared to be missing.

16.     Of the 193,301 documents that the Empower Defendants have produced, only: (a) 0.54% were sent, received, last modified, or created in 2016; (b) 14.07% were sent, received, last modified, or created in 2017; and (c) 87.28% were sent, received, last modified, or created in 2019.

17.     The following table summarizes the Empower Defendants' productions by the year each documents was sent, received, and/or last modified.

|  | 2016 | 2017 | 2018 | 2019 | no date |
|---|---|---|---|---|---|
| **Date Sent** | 9 | 6,443 | 4,411 | 286 | |
| **Date Received** | 5 | 6,125 | 4,361 | 286 | |
| **Date Last Modified** | 115 | 24,350 | 12,061 | 150,180 | |
| **Date Created** | 934 | 10,283 | 7,285 | 167,544 | |
| **Total Unique Docs** | 1041 | 27,198 | 12,876 | 168,704 | 6,264 |
| **% of Population** | 0.54% | 14.07% | 6.66% | 87.28% | 3.24% |

3

18.     "Total Unique Docs" was calculated by searching for all documents with a Date Sent, Date Received, Date Last Modified, or Date Created in a particular year, counting each document once. If a single document has a Date Sent, Date Received, Date Last Modified, and Dated Created in the same year, it was counted as one unique document. If a document was created in one year and modified in another year, it shows as a unique document in both of those years. As a result, the sum of the "Total Unique Docs" exceeds the total documents produced by the Empower Defendants, and the sum of the "% of Populations" calculations is more than 100%. "% of Population" is calculated by dividing the Total Unique Docs Field by the total number of documents produced by the Empower Defendants (193,301).

19.     This analysis was performed by Robins Kaplan LLP in-house e-discovery personnel at my request.

20.     The Empower Defendants still have not provided any explanation for why emails from 2016 have not been produced, nor why the vast majority of the produced documents were from 2019.

21.     Plaintiffs began requesting dates for the deposition of Jorge Perez in April 2019.

22.     In late August 2019, counsel for the Empower Defendants stated that they did not expect to have corporate representatives available to testify under Rule 30(b)(6) for either Empower, H.I.S., LLC or Hospital Partners, Inc. because anyone capable of providing such testimony would invoke their Fifth Amendment rights and refuse to answer Plaintiffs' questions. Plaintiffs' counsel responded that, if the Empower Defendants did not designate a corporate designee, Plaintiffs would seek the imposition of sanctions.

4

23. Plaintiffs and the Empower Defendants eventually agreed to dates that the Empower Defendants and certain of their employees would be deposed in September 2019.

24. On September 10, 2019, Plaintiffs were scheduled to depose Empower H.I.S. LLC, but no corporate representative appeared.

25. On September 18, 2019, Plaintiffs were scheduled to depose Hospital Partners, Inc., but no corporate representative appeared.

26. Plaintiffs performed numerous searches for Exhibits Z and AA in the Empower Defendants' productions, but were unable to locate those documents.

27. A highlighted excerpt from the transcript of the deposition of Putnam County Memorial Hospital's Rule 30(b)(6) representative, Gayle Pickens, is attached as Exhibit A hereto.

28. A true and correct copy of Byrns0011015, a document produced in this case by David Byrns, is attached as Exhibit B hereto.

29. A true and correct copy of Byrns0028955, a document produced in this case by David Byrns, is attached as Exhibit C hereto.

30. A true and correct copy of defendants Hospital Partners, Inc., Empower H.I.S., LLC, David Byrns, and Jorge Perez's Rule 26(a)(1) disclosures is attached as Exhibit D hereto.

31. True and correct copies of the Empower Defendants' responses to the Plaintiffs' 1st Interrogatories, 1st Requests for Production, and 1st Requests for Admission are attached as Exhibits E-M hereto.

32. A true and correct copy of the Empower Defendants' Amended Responses to Plaintiffs' 1st set of Admission, Production, and Interrogatories is attached as Exhibit N hereto.

5

33.     True and correct copies of the Empower Defendants' Amended Responses to Plaintiffs' 1st Requests for Production and 1st Interrogatories are attached Exhibits O-T hereto.

34.     A true and correct copy of correspondence between Plaintiffs' counsel and former counsel for the Empower Defendants dated May 17, 2019 is attached as Exhibit U hereto.

35.     A true and correct copy of correspondence between Plaintiffs' counsel and counsel for the Empower Defendants dated June 21, 2019 is attached as Exhibit V hereto.

36.     A true and correct copy of correspondence between Plaintiffs' counsel and counsel for the Empower Defendants dated August 20, 2019 is attached as Exhibit W hereto.

37.     A highlighted excerpt from the transcript of the deposition of Empower H.I.S., LLC is attached hereto as Exhibit X hereto.

38.     A highlighted excerpt from the transcript of the deposition of Hospital Partners, Inc. is attached hereto as Exhibit Y.

39.     A true and correct copy of Byrns0034894, a document produced in this case by David Byrns, is attached as Exhibit Z hereto.

40.     A true and correct copy of Byrns0008811, a document produced in this case by David Byrns, is attached as Exhibit AA hereto.

Executed in Minneapolis, Minnesota this 7th day of February 2020.

*/s/ Nathaniel J. Moore*
Nathaniel J. Moore

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 7th day of February 2020, with notice of case activity sent to counsel of record.

_/s/ Michael L. Jente_

# Exhibit A

1          IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF MISSOURI
2                  ST. JOSEPH DIVISION

3

4   RightCHOICE Managed Care,    )
    Inc., et al.,                )
5                                )
                   Plaintiffs,   )
6                                )
      v.                         ) CIVIL ACTION NO.
7                                ) 5:18:CV-06037-DGK
                                 )
8   Hospital Partners, Inc.,     )
    et al.,                      )
9                                )
                   Defendants.   )
10  _____)

11

12

13

14

15      VIDEOTAPED DEPOSITION OF ARLENE GAYLE PICKENS

16             Friday, September 27, 2019

17               Kansas City, Missouri

18

19

20

21

22

23

24  REPORTED BY: CONNIE McCARTHY, CCR, RMR, CRR

25  Job No. 169299

1  BY MR. PFEIFFER:

2       Q.   Did David Byrns and Jorge Perez cut ties

3  with TruBridge?  Was that who made that decision?

4       A.   Yes.

5       Q.   And they did that, TruBridge went out, and

6  Empower HIS went in as the billing entity; is that

7  right?

8       A.   Yes, correct.

9       Q.   And TruBridge, while it was working with

10 Putnam, did not submit claims for laboratory services

11 that Putnam did not perform, correct?

12      A.   That is correct.

13      Q.   And you told us right now that Putnam's

14 in-house folks are not billing for services that

15 Putnam does not provide, correct?

16      A.   Correct.  With the exception --

17      Q.   Yeah, go ahead.

18      A.   Excuse me.  With the exception of specimens

19 that my lab cannot -- our inpatients may have, for

20 example, a D-dimer.  I don't have the capabilities to

21 do that, so I send that out to Quest.

22      Q.   All right.  Quest is Putnam's reference

23 lab, correct?

24      A.   Yes.

25      Q.   So it was only during the time that Empower

1    HIS was submitting claims on behalf of Putnam that

2    Putnam received payments for services that Putnam was

3    not performing, correct?

4         A.   Correct.

5         Q.   As part of your role in preparing to

6    testify as a corporate designee, did you have a

7    chance to look at some of the spreadsheets that

8    Putnam provided to us in response to the subpoena

9    that we issued?

10        A.   Yes.

11        Q.   And those spreadsheets show us laboratory

12   tests performed at and by Putnam for BCS members

13   from -- well, I'll back up and just hand you one of

14   them.

15             (Exhibit No. 400 was marked for

16   identification)

17   BY MR. PFEIFFER:

18        Q.   Do you have Exhibit No. 400 in front of

19   you?

20        A.   Yes.

21        Q.   This is a document that Putnam prepared,

22   correct?

23        A.   Yes.

24        Q.   And this spreadsheet shows us the

25   laboratory tests performed at and by Putnam for BCS

1  403.  It's Byrns0032511.  Do you see in this email

2  from February 9, 2017, that David Byrns is asking,

3  quote, How do we get the medical records after the

4  Missouri Auditor wanted to see detailed patient

5  records to support the billings that were submitted

6  on behalf of Putnam?

7              MR. MINANA:  Form and foundation.

8              THE WITNESS:  Yes, that's what's stated.

9  BY MR. PFEIFFER:

10       Q.    So thousands of claims were submitted to

11  health insurers for laboratory services but Putnam

12  did not possess patient records for the services

13  being billed, correct?

14              MR. MINANA:   Same.

15              THE WITNESS:   Correct.

16  BY MR. PFEIFFER:

17       Q.    Putnam did not generate medical records or

18  test reports for the millions that were billed for

19  out-of-state laboratory services, correct?

20              MR. MINANA:   Same.

21              THE WITNESS:   Yes, that's true.

22  BY MR. PFEIFFER:

23       Q.    And that's because Putnam did not actually

24  perform laboratory services for out-of-state patients

25  in 2016 and 2017, correct?

1          THE WITNESS:  It would be Page 3.

2     55,611,793.13.

3     BY MR. PFEIFFER:

4          Q.   So combined between 2016 and 2017, Hospital

5     Lab Partners received more than 61 million from

6     Putnam's bank accounts?

7               MR. MINANA:   Same.

8               THE WITNESS:   Yes.

9     BY MR. PFEIFFER:

10          Q.   And it's your understanding that the vast

11     majority of that money is related to reimbursement

12     for services that Putnam did not perform or directly

13     supervise; is that true?

14               MR. MINANA:   Same.

15               THE WITNESS:   True.

16     BY MR. PFEIFFER:

17          Q.   How much did LabMed Services receive in

18     2017?

19          A.   20,201,295.40.

20          Q.   And what is listed in terms of the

21     description for those amounts.

22          A.   Lab management fees.

23          Q.   Did LabMed have any employees at Putnam in

24     2017?

25               MR. MINANA:  Form, foundation.

1  they received to Putnam?

2      A.    No.

3      Q.    How much did SeroDynamics receive in 2017?

4      A.    6,104,500.

5      Q.    Did Putnam ever receive any invoices from

6  SeroDynamics?

7      A.    No.

8      Q.    Were there any SeroDynamics who were

9  located at the Putnam lab on a day-to-day basis in

10  2016 or 2017?

11          MR. MINANA:  Same.

12          THE WITNESS:  No.

13  BY MR. PFEIFFER:

14      Q.    Is it Putnam's belief that SeroDynamics

15  received more than six million out of the insurance

16  proceeds for services that Putnam did not perform or

17  directly supervise?

18          MR. MINANA:  Same.

19          THE WITNESS:  Yes.

20      Q.    So Exhibit No. 407 shows that Putnam paid

21  out more than 127 million to entities involved in the

22  laboratory billing scheme in 2016 and 2017, correct?

23          MR. MINANA:  Same.

24          THE WITNESS:  Correct.

25  //

1          THE WITNESS:  No.

2    BY MR. PFEIFFER:

3          Q.   Did Putnam provide personal direction or

4    supervision for testing performed by Pinnacle?

5          MR. MINANA:  Same.

6          THE WITNESS:  No.

7    BY MR. PFEIFFER:

8          Q.   Did Putnam provide direction or personal

9    supervision for testing performed by SeroDynamics?

10         MR. MINANA:  Same.

11         THE WITNESS:  No.

12   BY MR. PFEIFFER:

13         Q.   Did Putnam provide direction or personal

14   supervision for testing performed by LifeBrite?

15         MR. MINANA:  Same.

16         THE WITNESS:  No.

17   BY MR. PFEIFFER:

18         Q.   Did Hospital Partners and its

19   representatives exercise full control over the

20   operation of Putnam in 2016 and '17?

21         MR. MINANA:  Same.

22         THE WITNESS:  Yes.

23   BY MR. PFEIFFER:

24         Q.   Did Mr. Perez and Mr. Byrns exercise full

25   control over the operation of Putnam when the claims

# Exhibit B

Hello

| PCMH Lab Posting Summary From 12/09/2016 thru 12/15/2016 | | | |
|---|---|---|---|
| **Account** | **Claim Count** | **Disbursement** | **PCMH** |
| PCM LifeBrite | 333 | $665,389.98 | $166,347.49 |
| PCM Pinnacle | 259 | $497,199.98 | $124,300.00 |
| PCM Cadira | 16 | $20,446.52 | $13,631.02 |
| Total | 608 | $1,162,589.96 | $304,278.51 |

For Billing:
EMPOWER HIS LLC          **$116,259.00**
8724 SW 72nd ST Suite 459
Miami, FL 33173

Account# 4301769018
TD BANK
Routing# 067014822



1

# Exhibit C

| | |
|---|---|
| **From:** | Rhonda Webber <rwebber@pcmhosp.com> |
| **Sent:** | Tuesday, September 19, 2017 11:21 AM |
| **To:** | Ernesto Fesser; Lisa Umphrey; Michele Stafford; daviedlb@aol.com |
| **Cc:** | Ricardo J. Perez |
| **Subject:** | RE: Distribution |

Ernie,
I just spoke with David and he asked me to ask you to hold off one day on these wires.  We need to make payroll on Thursday.

Thank you.

*Rhonda Webber*
**Accounts Payable**
**Putnam County Memorial Hospital**
**1926 Oak Street**
**P.O. Box 389**
**Unionville, MO 63565**
**Phone 660-947-3673 Ext 2313**
**Fax 660-947-3825**
rwebber@pcmhosp.com


PUTNAM COUNTY
MEMORIAL HOSPITAL
People You Know, Care You Trust

http://www.pcmhosp.com/

---

**From:** Ernesto Fesser [mailto:ernesto.fesser@empowerhis.com]
**Sent:** Tuesday, September 19, 2017 10:57 AM
**To:** Rhonda Webber; Lisa Umphrey; Michele Stafford; daviedlb@aol.com
**Cc:** Ricardo J. Perez
**Subject:** Distribution


Hi Rhonda and Lisa

Please process the following wire transfers.

LabMed Services, LLC - $176,276.00
BB&T  Bank
ABA No. 263191387
Acct No. 0000243610818
1910 E. Palm Ave


EXHIBIT PP
Perez 386
9-19-19

1

Byrns0028955

#12302
Tampa, FL 33605
813-480-6828

SeroDynamics, LLC - $67,500.00
Wells Fargo Bank, N.A.
ABA No. 121000248
Acct No. 3699558734
301 S. Orlando Ave
Maitland, FL 32751
407-646-1600


Thank you

**Ernie Fesser, MBA**
**Controller**

empowerHIS

efesser@empowerhis.com
Office: (786)364-5423
Cell Phone: (305)282-2533

IMPORTANT NOTICE: This electronic message, including any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. "2510-2521" therefore it is confidential and may be legally privilege. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender indicating that you have received the message in error and delete it from your system.

Confidentiality Notice: This e-mail message, including attachments, is for the sole use of the intended recipient(s) and may contain privileged and/or confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by replying to this message and destroy all original copies.

2

Byrns0028956

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
(ST. JOSEPH DIVISION)**

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*,           ) | |
|     ) | CIVIL ACTION NO.: |
|     Plaintiffs,    ) | |
|     ) | 5:18-cv-06037-DGK |
| v.    ) | |
|     ) | |
| HOSPITAL PARTNERS INC., *et al.*,    ) | |
|     ) | |
|     Defendants.    ) | |

<u>**RULE 26(a)(1) DISCLOSURES OF DEFENDANTS HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS, AND JORGE PEREZ**</u>

PLEASE TAKE NOTICE that Defendants HOSPITAL PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID BYRNS and JORGE PEREZ (herein, collectively "Defendants"), by and through undersigned counsel, and in accordance with the applicable Fed. R. Civ. P. 26(a)(1), hereby disclose as follows:

Defendants note that as this matter is not yet at issue, and none of the parties, claims, counterclaims and defenses are settled at this time, it is impossible to currently ascertain a scope of the proceeding or discovery, or to completely determine standard Fed. R. Civ. P. 26(a)(1) disclosures. Accordingly, the responses below are provided in general form, subject to later amendment as the case proceeds, and Defendants reserving all rights in this regard.

1.    The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subject of that information – that Disclosing Party may use to support its claims or defenses, unless the use would be solely for impeachment.

Disclosure:

a. Corporate Representative(s) of each of the Plaintiffs to discuss the allegations in the complaint, their policies, procedures, factual allegations and claims, as well as which vendors handle information. Address and phone in care of Plaintiffs' counsel.

b. Corporate Representative(s) of any billing/management/information vendors of the Plaintiffs to discuss the allegations in the complaint, their policies, procedures, the factual allegations and claims, as well as the Plaintiffs' information. Address and phone in care of Plaintiffs' counsel.

c. Corporate Representative(s) of each of the Defendants to discuss the allegations in the complaint, their policies, procedures, factual allegations and defenses, as well as which vendors handle information. Address and phone in care of undersigned counsel.

d. Corporate Representative(s) of any billing/management vendors of the Defendants to discuss the allegations in the complaint, their policies, procedures, the factual allegations and defenses of Defendants, as well as the Defendants' information. Address and phone in care of undersigned counsel.

e. Corporate Representative(s) of each of the other defendants to discuss the allegations in the complaint, their policies, procedures, factual allegations and defenses, as well as which vendors handle information. Address and phone in care of their counsel.

f. Corporate Representative(s) of any billing/management vendors of the other defendants to discuss the allegations in the Complaint, their policies,

procedures, the factual allegations and defenses of the other defendants, as well as the other defendants' information. Address and phone in care of their counsel.

g.  Corporate Representative(s) of each of Putnam County Memorial Hospital, Putnam County Memorial Hospital Board and Putnam County, to discuss the allegations in the complaint, their policies, procedures, factual allegations and defenses, as well as which vendors handle information. Address and phone in care of their counsel.

h.  Corporate Representative(s) of any billing/management vendors of the Putnam County Memorial Hospital, Putnam County Memorial Hospital Board and Putnam County to discuss the allegations in the complaint, their policies, procedures, the factual allegations and defenses of Putnam County Memorial Hospital, Putnam County Memorial Hospital Board and Putnam County, as well as Putnam County Memorial Hospital's, Putnam County Memorial Hospital Board's and Putnam County's information. Address and phone in care of their counsel.

i.  Representatives of CMS and the State of Missouri to address the allegations of the complaint. Address and phone in care of their respective counsel.

2.  A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that Disclosing Party has in its possession, custody, or control, that Disclosing Party may use to support its claims or defenses, unless the use would be solely for impeachment.

Disclosure:

a. It does not appear that any responsive documents would be in the Defendants' possession at this time, other than their internal policies, procedures, and contracts with Putnam County and the Putnam County Memorial Hospital Board; all relevant documents being in the possession custody and control of third-parties as the Complaint is currently understood.

b. Depending on the scope of the matter and any defenses raised, there may be electronically stored information in the possession of any billing/management vendors of the Defendants. These documents may include information relative to the veracity of the claims in the Complaint, as well as the responses and defenses raised by Defendants.

3. A computation of each category of damages claimed by Disclosing Party – who will make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Disclosure:

a. Not applicable, no damages are currently sought by Defendants.

4. Make arrangements for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Disclosure:

a. Defendants are unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in the

action or to indemnify or reimburse for payments made to satisfy the judgment.

5.     Defendants expressly reserve their right to supplement this disclosure as the case comes to issue, and investigation and discovery continue.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.

By:  */s/ Lauren A. Horsman*
        Lauren A. Horsman – Mo Bar No. 60982
        903 Jackson – P.O. Box 228
        Chillicothe, MO 64601
        Telephone: 660-646-0627
        Telefax: 660-646-1105
        E-mail: lhorsman@ccttlaw.com
        ATTORNEY FOR DEFENDANTS
        HOSPITAL PARTNERS, INC.,
        EMPOWER H.I.S., LLC, DAVID BYRNS
        and JORGE PEREZ

FMS LAWYER PL

By:  */s/ Frank Smith*
        Frank Smith – FL Bar No. 069681
        9900 Stirling Road, Suite 226
        Cooper City, FL 33024
        Telephone: 954-985-1400
        Telefax: 954-241-6947
        Email: frank.smith@fmslawyer.com
        ATTORNEY FOR DEFENDANTS
        HOSPITAL PARTNERS, INC.,
        EMPOWER H.I.S., LLC, DAVID BYRNS
        and JORGE PEREZ
        *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2018, I electronically served a true copy of the foregoing to all counsel of record.

*/s/ Lauren A. Horsman*

# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### (ST. JOSEPH DIVISION)

RIGHTCHOICE MANAGED CARE INC., )
*et al.*, )
          )     CIVIL ACTION NO.:
              Plaintiffs, )
          )     5:18-cv-06037-DGK
v. )
          )
HOSPITAL PARTNERS INC., *et al.*, )
          )
              Defendants. )
          )

## DEFENDANT EMPOWER H.I.S. LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Fed. R. Civ. P. 26(b)(1) and 33, and the Local Rules for the Western District of Missouri, Defendant EMPOWER H.I.S. LLC, ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1.       To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.       Defendant will not reproduce information, which is attached to the pleadings and papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

3.       Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 33 and will not admit any pure legal conclusions.

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 29 of 314

4. Defendant reserves the right to supplement, correct or otherwise modify his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

5. Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties who have not yet been joined to this proceeding. Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

6. Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon its understanding of what it believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

7. Defendant's provision of any information in response to Plaintiff's First Set of Interrogatories is not a concession as to the admissibility of such information or document. Defendant reserves all objections as to admissibility.

8. Defendant has reviewed any proposed instructions, but will only adhere to same to the extent the instructions are not in conflict with the applicable Rules.

9. Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Interrogatories as follows:

## <u>**RESPONSES TO INTERROGATORIES**</u>

1. INTERROGATORY NO. 1: How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through PCMH, and how was that amount calculated?

**<u>RESPONSE:</u>** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged

as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH.

2. INTERROGATORY NO. 2: Where is the money that you received for laboratory tests that were billed through PCMH after January 1, 2016?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH.

3. INTERROGATORY NO. 3: Have you returned any of the money that you received for services that were billed through PCMH? If not, please explain why you have not returned the money.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any

objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH. Defendant is further unaware of any basis to return any funds to PCMH by any party.

4.     INTERROGATORY NO. 4: Do you claim that the laboratory-billing arrangement at PCMH was proper? If yes, please explain why.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory.

5.     INTERROGATORY NO. 5: Have you or any of your employees ever suggested to anyone (excluding your attorneys) that the billing arrangement for laboratory services at PCMH was improper, illegal, or impermissible? If yes, please explain.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory.

6.     INTERROGATORY NO. 6: Do you intend to keep all of the money that you received for laboratory services that were billed through PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH. Defendant is further unaware of any basis to return any funds to PCMH by any party.

7.    INTERROGATORY NO. 7: Why were the laboratory tests billed to Plaintiffs through PCMH or using PCMH-related identifiers?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer why they did, what they did.

8.    INTERROGATORY NO. 8: Identify every person who participated in the laboratory-billing arrangement and define the role that each played.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer who handled their laboratory billing. This interrogatory also seems to be requesting the identification every employee of any Plaintiff, every employee of any Defendant, all employees of PCMH, all doctors of PCMH, and all patients who ultimately received laboratory tests and/or results.

9.    INTERROGATORY NO. 9: Who initially proposed or suggested that you bill

laboratory tests through PCMH even though PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer why they did, what they did, but Defendant notes that he is unaware of the scenario implied in the interrogatory.

10. INTERROGATORY NO. 10: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant.

11. INTERROGATORY NO. 11: When and how were the pass-through labs, as defined in the Third Amended Complaint, made aware that their services would be or were being billed through PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory. Defendant further suggests that only PCMH can answer as to their communication with third-parties.

12.    INTERROGATORY NO. 12: Are you currently participating in any other laboratory-billing arrangement like the one at PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is not currently in the laboratory business.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.

By:  /s/ Lauren A. Horsman
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO  64601
Telephone:  660-646-0627
Telefax:  660-646-1105
E-mail: lhorsman@ccttlaw.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

FMS LAWYER PL

By:  /s/ Frank Smith
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ
*Admitted Pro Hac Vice*

## SWORN VERIFICATION

STATE OF F⎵loricla ⎵)
COUNTY OF Miani - Dade) ss.

    JORGE PEREZ as Manager of EMPOWER H.I.S. LLC, the person signing these answers

to interrogatories, being duly sworn on oath states that he has read the foregoing Responses to

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**, and the answers given are true and

complete to the best of JORGE PEREZ's information and belief as Manager of EMPOWER H.I.S.

LLC.



_____
JORGE PEREZ
as Manager of EMPOWER H.I.S. LLC

    The foregoing sworn verification to the Response to **PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES** were subscribed and sworn to by JORGE PEREZ as Manager of

EMPOWER H.I.S. LLC, before me, a Notary Public, this 26 th day of November 2018.

_____
Notary Public

My Commission Expires:

6/21/2021

Notary Public State of Florida
Ernesto O Fesser
My Commission GG 117675
Expires 06/21/2021

# Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## (ST. JOSEPH DIVISION)

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | 15:18-cv-06037-DGK |
| v. | ) ) | |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANT HOSPITAL PARTNERS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Fed. R. Civ. P. 26(b)(1) and 33, and the Local Rules for the Western District of Missouri, Defendant HOSPITAL PARTNERS, INC., ("Defendant"). by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories, in accordance with the above-mentioned Rules.

### GENERAL PARAMETERS

1.    To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.    Defendant will not reproduce information, which is attached to the pleadings and papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including without limitation, any Fed. R. Civ. P. 26 disclosures.

3.    Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 33, and will not admit any pure legal conclusions.

4.      Defendant reserves the right to supplement, correct or otherwise modify its responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

5.      Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

6.      Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon its understanding of what it believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

7.      Defendant's provision of any information in response to Plaintiff's First Set of Interrogatories is not a concession as to the admissibility of such information or document. Defendant reserves all objections as to admissibility.

8.      Defendant has reviewed any proposed instructions, but will only adhere to same to the extent the instructions are not in conflict with the applicable Rules.

9.      Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Interrogatories, as follows:

**<u>RESPONSES TO INTERROGATORIES</u>**

1.      INTERROGATORY NO. 1: How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through PCMH, and how was that amount calculated?

**<u>RESPONSE</u>:**  Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Further objection is lodged

as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH.

2.     INTERROGATORY NO. 2: Where is the money that you received for laboratory tests that were billed through PCMH after January 1, 2016?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH.

3.     INTERROGATORY NO. 3: Have you returned any of the money that you received for services that were billed through PCMH? If not, please explain why you have not returned the money.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any

objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH. Defendant is further unaware of any basis to return any funds to PCMH by any party.

4.      INTERROGATORY NO. 4: Do you claim that the laboratory-billing arrangement at PCMH was proper? If yes, please explain why.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory.

5.      INTERROGATORY NO. 5: Have you or any of your employees ever suggested to anyone (excluding your attorneys) that the billing arrangement for laboratory services at PCMH was improper, illegal, or impermissible? If yes, please explain.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory.

6.      INTERROGATORY NO. 6: Do you intend to keep all of the money that you received for laboratory services that were billed through PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH. Defendant is further unaware of any basis to return any funds to PCMH by any party.

7. INTERROGATORY NO. 7: Why were the laboratory tests billed to Plaintiffs through PCMH or using PCMH-related identifiers?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer why they did, what they did.

8. INTERROGATORY NO. 8: Identify every person who participated in the laboratory-billing arrangement and define the role that each played.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer who handled their laboratory billing. This interrogatory also seems to be requesting the identification every employee of any Plaintiff, every employee of any Defendant, all employees of PCMH, all doctors of PCMH, and all patients who ultimately received laboratory tests and/or results.

9. INTERROGATORY NO. 9: Who initially proposed or suggested that you bill

laboratory tests through PCMH even though PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer why they did, what they did, but Defendant notes that he is unaware of the scenario implied in the interrogatory.

10. INTERROGATORY NO. 10: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant.

11. INTERROGATORY NO. 11: When and how were the pass-through labs, as defined in the Third Amended Complaint, made aware that their services would be or were being billed through PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory. Defendant further suggests that only PCMH can answer as to their communication with third-parties.

12.   INTERROGATORY NO. 12: Are you currently participating in any other laboratory-billing arrangement like the one at PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is not currently in the laboratory business.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By:   */s/ Lauren A. Horsman*
      Lauren A. Horsman – Mo Bar No. 60982
      903 Jackson – P.O. Box 228
      Chillicothe, MO  64601
      Telephone:  660-646-0627
      Telefax:  660-646-1105
      E-mail: lhorsman@ccttlaw.com
      ATTORNEY FOR DEFENDANTS
      HOSPITAL PARTNERS, INC.,
      EMPOWER H.I.S., LLC, DAVID BYRNS
      and JORGE PEREZ

FMS LAWYER PL

By:   */s/ Frank Smith*
      Frank Smith – FL Bar No. 069681
      9900 Stirling Road, Suite 226
      Cooper City, FL 33024
      Telephone: 954-985-1400
      Telefax: 954-241-6947
      Email: frank.smith@fmslawyer.com
      ATTORNEY FOR DEFENDANTS
      HOSPITAL PARTNERS, INC.,
      EMPOWER H.I.S., LLC, DAVID BYRNS
      and JORGE PEREZ
      *Admitted Pro Hac Vice*

## SWORN VERIFICATION

STATE OF _Florida_ )
                                    ) ss.
COUNTY OF _Miami-Dade_ )

JORGE PEREZ as CEO of HOSPITAL PARTNERS, INC., the person signing these answers to interrogatories, being duly sworn on oath states that he has read the foregoing Responses to **PLAINTIFF'S FIRST SET OF INTERROGATORIES**, and the answers given are true and complete to the best of JORGE PEREZ's information and belief as CEO of HOSPITAL PARTNERS, INC.

_____
JORGE PEREZ
as CEO of HOSPITAL PARTNERS, INC.

The foregoing sworn verification to the Response to **PLAINTIFF'S FIRST SET OF INTERROGATORIES** were subscribed and sworn to by JORGE PEREZ as CEO of HOSPITAL PARTNERS, INC., before me, a Notary Public, this _26th_ day of November 2018.

_____
Notary Public

My Commission Expires:

_6/21/2021_



Notary Public State of Florida
Ernesto O Feaser
My Commission GG 117875
Expires 06/21/2021

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 45 of 314

# Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 1:18-cv-01304-MLB |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT JORGE PEREZ'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

In accordance with Fed. R. Civ. P. 26(b)(1) and 33, and the Local Rules for the Western District of Missouri, Defendant JORGE PEREZ, ("Defendant"), by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories, in accordance with the above-mentioned Rules.

**GENERAL PARAMETERS**

1.      To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.      Defendant will not reproduce information, which is attached to the pleadings and papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including without limitation any Fed. R. Civ. P. 26 disclosures.

3.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 33, and will not admit any pure legal conclusions.

4.      Defendant reserves the right to supplement, correct or otherwise modify, his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

5.      Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

6.      Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon his understanding of what he believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

7.      Defendant's provision of any information in response to Plaintiff's First Set of Interrogatories is not a concession as to the admissibility of such information or document. Defendant reserves all objections as to admissibility.

8.      Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

9.      Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Interrogatories, as follows:

## RESPONSES TO INTERROGATORIES

1.      INTERROGATORY NO. 1: How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through PCMH, and how was that amount calculated?

**RESPONSE:**  Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Further objection is lodged

as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH.

2.        INTERROGATORY NO. 2: Where is the money that you received for laboratory tests that were billed through PCMH after January 1, 2016?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH.

3.        INTERROGATORY NO. 3: Have you returned any of the money that you received for services that were billed through PCMH? If not, please explain why you have not returned the money.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any

objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH. Defendant is further unaware of any basis to return any funds to PCMH by any party.

4.    INTERROGATORY NO. 4: Do you claim that the laboratory-billing arrangement at PCMH was proper? If yes, please explain why.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory.

5.    INTERROGATORY NO. 5: Have you or any of your employees ever suggested to anyone (excluding your attorneys) that the billing arrangement for laboratory services at PCMH was improper, illegal, or impermissible? If yes, please explain.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory.

6.    INTERROGATORY NO. 6: Do you intend to keep all of the money that you received for laboratory services that were billed through PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary financial information of Defendant. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any amounts received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that as a service provider, or derivatively through a service provider, Defendant would have no actual knowledge of the "source" of any paid funds, except that they came from the general accounts of PCMH. Defendant is further unaware of any basis to return any funds to PCMH by any party.

7. INTERROGATORY NO. 7: Why were the laboratory tests billed to Plaintiffs through PCMH or using PCMH-related identifiers?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer why they did, what they did.

8. INTERROGATORY NO. 8: Identify every person who participated in the laboratory-billing arrangement and define the role that each played.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer who handled their laboratory billing. This interrogatory also seems to be requesting the identification every employee of any Plaintiff, every employee of any Defendant, all employees of PCMH, all doctors of PCMH, and all patients who ultimately received laboratory tests and/or results.

9. INTERROGATORY NO. 9: Who initially proposed or suggested that you bill

laboratory tests through PCMH even though PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant further suggests that only PCMH can answer why they did, what they did, but Defendant notes that he is unaware of the scenario implied in the interrogatory.

10. INTERROGATORY NO. 10: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant.

11. INTERROGATORY NO. 11: When and how were the pass-through labs, as defined in the Third Amended Complaint, made aware that their services would be or were being billed through PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. In an effort to answer the interrogatory, without waiving any objections, Defendant is unaware of any improper billing arrangement at PCMH, and accordingly has no basis to answer the proposed interrogatory. Defendant further suggests that only PCMH can answer as to their communication with third-parties.

12.    INTERROGATORY NO. 12: Are you currently participating in any other laboratory-billing arrangement like the one at PCMH?

**RESPONSE:** Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Further objection is lodged as to this being an improper request for private, confidential and proprietary information of Defendant.  In an effort to answer the interrogatory, without waiving any objections, Defendant is not currently in the laboratory business.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By:    */s/ Lauren A. Horsman*
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO  64601
Telephone:  660-646-0627
Telefax:  660-646-1105
E-mail: lhorsman@ccttlaw.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

FMS LAWYER PL

By:    */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

*Admitted Pro Hac Vice*

## SWORN VERIFICATION

STATE OF F lovida )
                              ) ss.
COUNTY OF Miami-Dade)

JORGE PEREZ, the person signing these answers to interrogatories, being duly sworn on oath states that he has read the foregoing Responses to **PLAINTIFF'S FIRST SET OF INTERROGATORIES**, and the answers given are true and complete to the best of JORGE PEREZ's, information and belief.

_____
JORGE PEREZ

The foregoing sworn verification to the Response to **PLAINTIFF'S FIRST SET OF INTERROGATORIES** were subscribed and sworn to by JORGE PEREZ, before me, a Notary Public, this 26th day of November 2018.

_____
Notary Public

My Commission Expires:

6/21/2021

> Notary Public State of Florida
> Ernesto O Fesser
> My Commission GG 117875
> Expires 06/21/2021

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 54 of 314

# Exhibit H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### (ST. JOSEPH DIVISION)

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| ——————————————————— | ) | |

## DEFENDANT EMPOWER H.I.S., LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

In accordance with Fed. R. Civ. P. 26(b)(1) and 34, and the Local Rules for the Western District of Missouri, Defendant EMPOWER H.I.S. LLC ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Production, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1. Defendant will not produce information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege. Defendant will also not reproduce settlement correspondence between counsel in any other actions, whether or not Plaintiffs are/were involved.

2. To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

3. Defendant will not reproduce information, which is attached to the pleadings and

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 56 of 314

papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

4.    Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 34, and will not admit any pure legal conclusions.

5.    Defendant will not reproduce information beyond a "reasonable" time frame, where no time frame is proposed.

6.    Defendant will not reproduce information which is in the public records or public domain and which is not otherwise (except as copies of the public records or public domain) in the files of Defendant.

7.    Defendant reserves the right to supplement, correct or otherwise modify, its responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

8.    Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

9.    Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon its understanding of what he believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

10.    Defendant's provision of any information in response to Plaintiff's First Set of Requests for Production is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

11.    Defendant has reviewed any proposed instructions, but will only adhere to same to

the extent the instructions are not in conflict with the applicable Rules.

12.    Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Requests for Production, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    **REQUEST NO. 1**: All documents sent to or received from PCMH regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

2.    **REQUEST NO. 2:** All documents sent to or received from any defendant regarding the laboratory billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an

indispensable party.

3.      **REQUEST NO. 3:** All documents sent to or received from any person or entity other than your counsel regarding the laboratory-billing scheme at PCMH.

**<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

4.      **REQUEST NO. 4:** All documents sent to or received from any person other than your counsel regarding the use of PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes.

**<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests and is not only connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined, but seeks **<u>everything</u>** where PCMH's NPI, TIN, name, or other identifier was used for billing

or claim submission purposes. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

5. **REQUEST NO. 5:** All documents related to the use of any hospital's NPI, TIN, name, or other identifier to secure higher reimbursement for laboratory tests.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests and is not only connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined, but seeks **everything** where PCMH's NPI, TIN, name, or other identifier was used to secure higher reimbursement for laboratory tests. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

6. **REQUEST NO. 6:** All documents sent to or received from any person or entity other than your counsel regarding billing for laboratory tests through a hospital where (a) the hospital does not (or did not) perform all of the tests billed; or (b) the tests were for individuals who were neither inpatients nor outpatients of the hospital or who were not under the medical supervision of hospital-credentialed healthcare providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

7.    **REQUEST NO. 7:** All documents addressing, discussing, describing, or analyzing the Contract.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information about PCMH's contract with Plaintiffs, but is unclear. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

8.    **REQUEST NO. 8:** All contracts or agreements with PCMH or the defendants related to the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as

well. This Request appears to be seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

9.      **REQUEST NO. 9:** Any other contracts or agreements with any entity or individual related to the laboratory-billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

10.     **REQUEST NO. 10:** All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

11. **REQUEST NO. 11:** All documents related to the operability or inoperability of the PCMH Lab and its equipment since January 1, 2016, including records of the purchase, lease, or other acquisition of all laboratory equipment, as well as records of any periods of inoperability for any laboratory equipment.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

12.     **REQUEST NO. 12:** All documents relating to the capabilities of the laboratory equipment at the PCMH Lab from January 1, 2016 to the present.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.  Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

13.     **REQUEST NO. 13:** All documents related to the claims for laboratory tests that were billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests, and seeks **everything** where PCMH or its identifiers were used for laboratory tests. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the

extent the information is properly sought.

14.     **REQUEST NO. 14:** All documents that You contend establish the propriety of the claims for laboratory tests billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request seeks documents to "establish the propriety of the claims for laboratory tests," and Defendant simply has no idea what that means. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

15.     **REQUEST NO. 15:** All documents related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests, and seeks **everything** "related to the provision of laboratory tests that were billed

to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers." Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

16.     **REQUEST NO. 16:** All documents related to the provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to the "provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

17.     **REQUEST NO. 17:** All documents related to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to the "to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

18.     **REQUEST NO. 18:** All documents used to market or promote the use of hospitals to bill for laboratory tests that (a) were not performed by the hospitals billing the claims; or (b) were for individuals who were neither inpatients nor outpatients of the hospitals billing the claims or who were not under the medical supervision of providers credentialed by the hospitals.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to efforts to "market or promote the use of hospitals to bill for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information

is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

19.     **REQUEST NO. 19:** All documents used to market or promote the laboratory-billing scheme to providers, laboratories, or any other party.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to efforts to "market or promote the laboratory-billing scheme to providers, laboratories, or any other party," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

20.     **REQUEST NO. 20:** All documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH,"** which appears to be the sum total of all of PCMH's information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who

Defendant maintains, is an indispensable party.

21.     **REQUEST NO. 21:** All communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH,"** which appears to be the sum total of all of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

22.     **REQUEST NO. 22:** All documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers,"** which appears to be the sum total of all of PCMH's lab information again. Further, to the extent that PCMH information

is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

23.     **REQUEST NO. 23:** Documents sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[d]ocuments sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it,"** which appears to be a large portion of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

24.     **REQUEST NO. 24:** All documents sent to or received from any defendant, laboratory, or provider relating to the use of online Internet portals to transmit information about the laboratory tests at issue to anyone.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This request could very well be asking for any information related to any lab business

anywhere in the world.

25.    **REQUEST NO. 25:** Any assignment of benefits received from Plaintiffs' members for the laboratory tests at issue.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. In order for anyone to possible craft a reasonable response, they would have to know all of Plaintiffs' members, information known to Plaintiffs, as well as a definition of "assignment of benefits." Even then, the request would be objectionable.

26.    **REQUEST NO. 26:** All documents reflecting billing policies and procedures relevant to the laboratory-billing scheme at PCMH from January 1, 2016 to the present.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

27.    **REQUEST NO. 27:** All documents related to directives regarding laboratory billings at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to directives regarding laboratory billings at PCMH,"** which appears to be a large portion of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

28. **REQUEST NO. 28:** All documents addressing, discussing, describing, or analyzing what an outreach laboratory is or does.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Defendant would direct Plaintiffs to the applicable State and Federal Laws, Codes and Rules.

29. **REQUEST NO. 29:** All documents related to why the laboratory tests at issue were billed through PCMH rather than any by any other hospital or laboratory.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seems to be seeking information as to the thought process behind certain of PCMH's actions, which would appear to be an improper request. Further, to the extent

that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

30.     **REQUEST NO. 30:** All documents related to defendants' efforts to collect copays or coinsurance obligations from Plaintiffs' members.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well.  In order for anyone to possible craft a reasonable response, they would have to know all of Plaintiffs' members, information known to Plaintiffs, as well as a definition of "efforts to collect copays or coinsurance obligations."  Even then, the request would be objectionable.  It is also noted that this request is not restricted to PCMH or any one (1) defendant.

31.     **REQUEST NO. 31:** All documents related to any criticism of, or questioning of the legality of, the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought

from PCMH, who Defendant maintains, is an indispensable party. In this case, Defendant does not believe any responsive documents would exist.

32. **REQUEST NO. 32:** All documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed,"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

33. **REQUEST NO. 33:** All documents related to the employment, supervision, and termination of phlebotomists (as referenced in the Missouri Auditor's reports).

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH's employment and HR files. Further, to the extent that PCMH information is sought, such information would properly be sought

from PCMH, who Defendant maintains, is an indispensable party.

34. **REQUEST NO. 34:** All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Further, until this matter is at issue, Defendant could not possibly "know" what defenses will be applicable.

35. **REQUEST NO. 35:** All documents related to any defendants' efforts to conceal or explain the laboratory-billing scheme.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to "efforts to conceal or explain" a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

36. **REQUEST NO. 36:** All documents related to the receipt of payment from Plaintiffs for the laboratory-billing scheme.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to "receipt of payment" for a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

37.     **REQUEST NO. 37:** All documents relating to amounts paid or owed to any entity or individual because of the laboratory-billing scheme at PCMH, including agreements setting forth amounts owed and reconciliations of amounts owed and paid.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

38.     **REQUEST NO. 38:** All documents relating to the payment by any defendant of anything of value to providers, including indirectly (*e.g.*, through sales personnel or independent contractors).

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is simply unintelligible.

39.     **REQUEST NO. 39:** All documents provided to or received from the Missouri State Auditor, the Missouri Attorney General, or any other public regulatory, investigative, or law enforcement agency.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is not connected to PCMH or anything else, but simply requests the universe of lifelong documents received by Defendant.

40.     **REQUEST NO. 40:** All documents discussing or responding to Plaintiffs' investigation of the laboratory-billing scheme.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought

from PCMH, who Defendant maintains, is an indispensable party.

41.     **REQUEST NO. 41:** All documents relating to any public statement, press release, or interview regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

42.     **REQUEST NO. 42:** All documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein).

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein),"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 78 of 314

43.  **REQUEST NO. 43:** All documents related to proposals and revenue projections for services that were billed through PCMH.

<u>**Answer:**</u>  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll related to proposals and revenue projections for services that were billed through PCMH,"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

44.  **REQUEST NO. 44:** All documents related to the dissolution or closure of any defendant.

<u>**Answer:**</u>  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.

45.  **REQUEST NO. 45:** All documents related to any travel that you or your employees made to PCMH or to meet with any of the defendants regarding PCMH.

<u>**Answer:**</u>  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain

applicable privileges, and appears to seek private, proprietary or restricted information as well. The request appears to seek voluminous amounts of documents, of any travel of numerous persons, at any time, for any purpose, and without restriction.

46. **REQUEST NO. 46:** All documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH.

> **<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH,"** which appears to be every possible demand or C&D that ever mentioned PCMH. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

47. **REQUEST NO. 47:** All documents related to the termination of contracts, agreements, or relationships with any of the defendants.

> **<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to the termination of contracts, agreements, or relationships with any of the defendants,"** which appears to be every possible termination of any contract ever entered into by any of the defendants.

48. **REQUEST NO. 48:** All documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts,"** which appears to be every possible litigation paper involving defendants.

49. **REQUEST NO. 49:** All documents relating to business or managerial changes that you have made since learning of concerns about the billing arrangement for laboratory services at PCMH.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to business or managerial changes,"** although limited to some unknown time frame.

50. **REQUEST NO. 50:** All documents related to the return of money that you received as a result of laboratory tests that were billed through PCMH since January 1, 2016.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks information which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

51. **REQUEST NO. 51:** All transcripts, notes, recordings, statements, or summaries related to interviews of any defendant's employees related to laboratory tests billed through PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.

52. **REQUEST NO. 52:** All documents related to monies, wire transfers, or payments received from PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all payments made to Defendant by PCMH, which is simply improper at this stage of the case. Further, to the extent that

PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

53.  **REQUEST NO. 53:** All documents related to monies, wire transfers, or payments received from or sent to any defendant related to PCMH since January 1, 2016, with supporting documentation therefor.

> **<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks broad-based financial disclosure of all payments made to or from any Defendant without restriction from January 1, 2016, which is simply improper at this stage of the case.

54.  **REQUEST NO. 54:** Documents sufficient to show the details from January 1, 2016 to the present of all transactions (including receipts, deposits, payments, transfers, withdrawals, purchases, credit-card transactions, etc.) in any accounts under Your control at financial institutions that received funds from PCMH, directly or indirectly. The details shall include periodic statement issued for any such account, the identity of the financial organization, the account number, the name and address of the account holder, and (for each transaction), the date of the transaction, the amount of money involved, the type of transaction, the resulting balance of the account, the identity of every individual or organization that was a party to the transaction, copies or images of any checks, deposit detail, and wire-transfer details.

> **<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all accounts of Defendant that may have received any monies from PCMH, which is simply improper at this stage of the case.

55.     **REQUEST NO. 55:** All documents used to, or that could be used to, reconcile the claims submitted to Plaintiffs with the amounts paid by Plaintiffs.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking documents which would allow Plaintiffs to determine what they paid, or what claims they received?

56.     **REQUEST NO. 56:** All current financial statements and documents showing Your current assets.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all of Defendant's finances, which is simply improper at this stage of the case.

57.     **REQUEST NO. 57:** All documents related to the current location of any funds that you received from laboratory tests that were billed through PCMH since January 1, 2016, or any

real or personal property purchased with that money with a value in excess of $20,000.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks broad-based financial disclosure of some indeterminate funds, which would simply be impossible to trace.

58.     **REQUEST NO. 58:** All documents related to insurance policies that may provide a defense or indemnity, including the policies, declaration pages, limits, and any documents related to tenders, coverage denials, or reservations of rights.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is presumably directed to PCMH's insurance policies, but contains no restrictions. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By: */s/ Lauren A. Horsman*
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO  64601
Telephone:  660-646-0627
Telefax:  660-646-1105
E-mail: lhorsman@ccttlaw.com

ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

FMS LAWYER PL

By: _/s/ Frank Smith_____
        Frank Smith – FL Bar No. 069681
        9900 Stirling Road, Suite 226
        Cooper City, FL 33024
        Telephone: 954-985-1400
        Telefax: 954-241-6947
        Email: frank.smith@fmslawyer.com
        ATTORNEY FOR DEFENDANTS
        HOSPITAL PARTNERS, INC.,
        EMPOWER H.I.S., LLC, DAVID BYRNS
        and JORGE PEREZ
        *Admitted Pro Hac Vice*

# Exhibit I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### (ST. JOSEPH DIVISION)

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| ——————————————————— | ) | |

## DEFENDANT HOSPITAL PARTNERS, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

In accordance with Fed. R. Civ. P. 26(b)(1) and 34, and the Local Rules for the Western District of Missouri, Defendant HOSPITAL PARTNERS, INC. ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Production, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1.      Defendant will not produce information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege. Defendant will also not reproduce settlement correspondence between counsel in any other actions, whether or not Plaintiffs are/were involved.

2.      To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

3.      Defendant will not reproduce information, which is attached to the pleadings and

papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

4.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 34, and will not admit any pure legal conclusions.

5.      Defendant will not reproduce information beyond a "reasonable" time frame, where no time frame is proposed.

6.      Defendant will not reproduce information which is in the public records or public domain, and which is not otherwise (except as copies of the public records or public domain) in the files of Defendant.

7.      Defendant reserves the right to supplement, correct or otherwise modify, its responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

8.      Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

9.      Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon its understanding of what he believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

10.      Defendant's provision of any information in response to Plaintiff's First Set of Requests for Production is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

11.      Defendant has reviewed any proposed instructions, but will only adhere to same, to

the extent the instructions are not in conflict with the applicable Rules.

12.    Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Requests for Production, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    **REQUEST NO. 1**: All documents sent to or received from PCMH regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

2.    **REQUEST NO. 2:** All documents sent to or received from any defendant regarding the laboratory billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an

indispensable party.

3.    **REQUEST NO. 3:** All documents sent to or received from any person or entity other than your counsel regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

4.    **REQUEST NO. 4:** All documents sent to or received from any person other than your counsel regarding the use of PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests and is not only connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined, but seeks **everything** where PCMH's NPI, TIN, name, or other identifier was used for billing

or claim submission purposes. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

5.    **REQUEST NO. 5:** All documents related to the use of any hospital's NPI, TIN, name, or other identifier to secure higher reimbursement for laboratory tests.

> **<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests and is not only connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined, but seeks **<u>everything</u>** where PCMH's NPI, TIN, name, or other identifier was used to secure higher reimbursement for laboratory tests. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

6.    **REQUEST NO. 6:** All documents sent to or received from any person or entity other than your counsel regarding billing for laboratory tests through a hospital where (a) the hospital does not (or did not) perform all of the tests billed; or (b) the tests were for individuals who were neither inpatients nor outpatients of the hospital or who were not under the medical supervision of hospital-credentialed healthcare providers.

> **<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

7.     **REQUEST NO. 7:** All documents addressing, discussing, describing, or analyzing the Contract.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information about PCMH's contract with Plaintiffs, but is unclear. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

8.     **REQUEST NO. 8:** All contracts or agreements with PCMH or the defendants related to the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as

well. This Request appears to be seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

    9.    **REQUEST NO. 9:** Any other contracts or agreements with any entity or individual related to the laboratory-billing scheme at PCMH.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

    10.    **REQUEST NO. 10:** All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

11.    **REQUEST NO. 11:** All documents related to the operability or inoperability of the PCMH Lab and its equipment since January 1, 2016, including records of the purchase, lease, or other acquisition of all laboratory equipment, as well as records of any periods of inoperability for any laboratory equipment.

**<u>Answer:</u>**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

12.     **REQUEST NO. 12:** All documents relating to the capabilities of the laboratory equipment at the PCMH Lab from January 1, 2016 to the present.

**<u>Answer:</u>**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.  Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

13.     **REQUEST NO. 13:** All documents related to the claims for laboratory tests that were billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**<u>Answer:</u>**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests, and seeks **<u>everything</u>** where PCMH or its identifiers were used for laboratory tests. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the

extent the information is properly sought.

14.    **REQUEST NO. 14:** All documents that You contend establish the propriety of the claims for laboratory tests billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

> **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request seeks documents to "establish the propriety of the claims for laboratory tests," and Defendant simply has no idea what that means. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.  Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

15.    **REQUEST NO. 15:** All documents related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers.

> **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests, and seeks **everything** "related to the provision of laboratory tests that were billed

to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers." Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

16. **REQUEST NO. 16:** All documents related to the provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to the "provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

17. **REQUEST NO. 17:** All documents related to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to the "to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

18.     **REQUEST NO. 18:** All documents used to market or promote the use of hospitals to bill for laboratory tests that (a) were not performed by the hospitals billing the claims; or (b) were for individuals who were neither inpatients nor outpatients of the hospitals billing the claims or who were not under the medical supervision of providers credentialed by the hospitals.

**<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to efforts to "market or promote the use of hospitals to bill for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information

is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

19.     **REQUEST NO. 19:** All documents used to market or promote the laboratory-billing scheme to providers, laboratories, or any other party.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to efforts to "market or promote the laboratory-billing scheme to providers, laboratories, or any other party," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

20.     **REQUEST NO. 20:** All documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH,"** which appears to be the sum total of all of PCMH's information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who

Defendant maintains, is an indispensable party.

21.    **REQUEST NO. 21:** All communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH,"** which appears to be the sum total of all of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

22.    **REQUEST NO. 22:** All documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers,"** which appears to be the sum total of all of PCMH's lab information again. Further, to the extent that PCMH information

is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

23.    **REQUEST NO. 23:** Documents sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[d]ocuments sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it,"** which appears to be a large portion of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

24.    **REQUEST NO. 24:** All documents sent to or received from any defendant, laboratory, or provider relating to the use of online Internet portals to transmit information about the laboratory tests at issue to anyone.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well.  This request could very well be asking for any information related to any lab business

anywhere in the world.

25.     **REQUEST NO. 25:** Any assignment of benefits received from Plaintiffs' members for the laboratory tests at issue.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. In order for anyone to possible craft a reasonable response, they would have to know all of Plaintiffs' members, information known to Plaintiffs, as well as a definition of "assignment of benefits." Even then, the request would be objectionable.

26.     **REQUEST NO. 26:** All documents reflecting billing policies and procedures relevant to the laboratory-billing scheme at PCMH from January 1, 2016 to the present.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

27.     **REQUEST NO. 27:** All documents related to directives regarding laboratory billings at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to directives regarding laboratory billings at PCMH,"** which appears to be a large portion of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

28.     **REQUEST NO. 28:** All documents addressing, discussing, describing, or analyzing what an outreach laboratory is or does.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well.  Defendant would direct Plaintiffs to the applicable State and Federal Laws, Codes and Rules.

29.     **REQUEST NO. 29:** All documents related to why the laboratory tests at issue were billed through PCMH rather than any by any other hospital or laboratory.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seems to be seeking information as to the thought process behind certain of PCMH's actions, which would appear to be an improper request. Further, to the extent

that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

30. **REQUEST NO. 30:** All documents related to defendants' efforts to collect copays or coinsurance obligations from Plaintiffs' members.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. In order for anyone to possible craft a reasonable response, they would have to know all of Plaintiffs' members, information known to Plaintiffs, as well as a definition of "efforts to collect copays or coinsurance obligations." Even then, the request would be objectionable. It is also noted that this request is not restricted to PCMH or any one (1) defendant.

31. **REQUEST NO. 31:** All documents related to any criticism of, or questioning of the legality of, the laboratory-billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought

from PCMH, who Defendant maintains, is an indispensable party. In this case, Defendant does not believe any responsive documents would exist.

32. **REQUEST NO. 32:** All documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed,"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

33. **REQUEST NO. 33:** All documents related to the employment, supervision, and termination of phlebotomists (as referenced in the Missouri Auditor's reports).

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH's employment and HR files. Further, to the extent that PCMH information is sought, such information would properly be sought

from PCMH, who Defendant maintains, is an indispensable party.

34.     **REQUEST NO. 34:** All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation.

> **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Further, until this matter is at issue, Defendant could not possibly "know" what defenses will be applicable.

35.     **REQUEST NO. 35:** All documents related to any defendants' efforts to conceal or explain the laboratory-billing scheme.

> **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to "efforts to conceal or explain" a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

36.     **REQUEST NO. 36:** All documents related to the receipt of payment from Plaintiffs for the laboratory-billing scheme.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to "receipt of payment" for a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

37. **REQUEST NO. 37:** All documents relating to amounts paid or owed to any entity or individual because of the laboratory-billing scheme at PCMH, including agreements setting forth amounts owed and reconciliations of amounts owed and paid.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

38. **REQUEST NO. 38:** All documents relating to the payment by any defendant of anything of value to providers, including indirectly (*e.g.*, through sales personnel or independent contractors).

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is simply unintelligible.

39.     **REQUEST NO. 39:** All documents provided to or received from the Missouri State Auditor, the Missouri Attorney General, or any other public regulatory, investigative, or law enforcement agency.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is not connected to PCMH or anything else, but simply requests the universe of lifelong documents received by Defendant.

40.     **REQUEST NO. 40:** All documents discussing or responding to Plaintiffs' investigation of the laboratory-billing scheme.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought

from PCMH, who Defendant maintains, is an indispensable party.

41.    **REQUEST NO. 41:** All documents relating to any public statement, press release, or interview regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

42.    **REQUEST NO. 42:** All documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein).

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein),"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

43.     **REQUEST NO. 43:** All documents related to proposals and revenue projections for services that were billed through PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll related to proposals and revenue projections for services that were billed through PCMH,"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

44.     **REQUEST NO. 44:** All documents related to the dissolution or closure of any defendant.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.

45.     **REQUEST NO. 45:** All documents related to any travel that you or your employees made to PCMH or to meet with any of the defendants regarding PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain

applicable privileges, and appears to seek private, proprietary or restricted information as well. The request appears to seek voluminous amounts of documents, of any travel of numerous persons, at any time, for any purpose, and without restriction.

46. **REQUEST NO. 46:** All documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH,"** which appears to be every possible demand or C&D that ever mentioned PCMH. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

47. **REQUEST NO. 47:** All documents related to the termination of contracts, agreements, or relationships with any of the defendants.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to the termination of contracts, agreements, or relationships with any of the defendants,"** which appears to be every possible termination of any contract ever entered into by any of the defendants.

48. **REQUEST NO. 48:** All documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts,"** which appears to be every possible litigation paper involving defendants.

49. **REQUEST NO. 49:** All documents relating to business or managerial changes that you have made since learning of concerns about the billing arrangement for laboratory services at PCMH.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to business or managerial changes,"** although limited to some unknown time frame.

50. **REQUEST NO. 50:** All documents related to the return of money that you received as a result of laboratory tests that were billed through PCMH since January 1, 2016.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks information which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

51.     **REQUEST NO. 51:** All transcripts, notes, recordings, statements, or summaries related to interviews of any defendant's employees related to laboratory tests billed through PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.

52.     **REQUEST NO. 52:** All documents related to monies, wire transfers, or payments received from PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all payments made to Defendant by PCMH, which is simply improper at this stage of the case. Further, to the extent that

PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

53.    **REQUEST NO. 53:** All documents related to monies, wire transfers, or payments received from or sent to any defendant related to PCMH since January 1, 2016, with supporting documentation therefor.

    **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks broad-based financial disclosure of all payments made to or from any Defendant without restriction from January 1, 2016, which is simply improper at this stage of the case.

54.    **REQUEST NO. 54:** Documents sufficient to show the details from January 1, 2016 to the present of all transactions (including receipts, deposits, payments, transfers, withdrawals, purchases, credit-card transactions, etc.) in any accounts under Your control at financial institutions that received funds from PCMH, directly or indirectly. The details shall include periodic statement issued for any such account, the identity of the financial organization, the account number, the name and address of the account holder, and (for each transaction), the date of the transaction, the amount of money involved, the type of transaction, the resulting balance of the account, the identity of every individual or organization that was a party to the transaction, copies or images of any checks, deposit detail, and wire-transfer details.

    **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all accounts of Defendant that may have received any monies from PCMH, which is simply improper at this stage of the case.

55.    **REQUEST NO. 55:** All documents used to, or that could be used to, reconcile the claims submitted to Plaintiffs with the amounts paid by Plaintiffs.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking documents which would allow Plaintiffs to determine what they paid, or what claims they received?

56.    **REQUEST NO. 56:** All current financial statements and documents showing Your current assets.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all of Defendant's finances, which is simply improper at this stage of the case.

57.    **REQUEST NO. 57:** All documents related to the current location of any funds that you received from laboratory tests that were billed through PCMH since January 1, 2016, or any

real or personal property purchased with that money with a value in excess of $20,000.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks broad-based financial disclosure of some indeterminate funds, which would simply be impossible to trace.

58. **REQUEST NO. 58:** All documents related to insurance policies that may provide a defense or indemnity, including the policies, declaration pages, limits, and any documents related to tenders, coverage denials, or reservations of rights.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is presumably directed to PCMH's insurance policies, but contains no restrictions. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By: _/s/ Lauren A. Horsman_____
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO 64601
Telephone: 660-646-0627
Telefax: 660-646-1105
E-mail: lhorsman@ccttlaw.com

ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

FMS LAWYER PL

By:  */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ
*Admitted Pro Hac Vice*

# Exhibit J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### (ST. JOSEPH DIVISION)

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| | ) | 5:18-cv-06037-DGK |
| v. | ) ) | |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## DEFENDANT JORGE PEREZ'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

In accordance with Fed. R. Civ. P. 26(b)(1) and 34, and the Local Rules for the Western District of Missouri, Defendant, JORGE PEREZ ("Defendant"), by and through his undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Production, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1.     Defendant will not produce information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege.  Defendant will also not reproduce settlement correspondence between counsel in any other actions, whether or not Plaintiffs are/were involved.

2.     To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

3.     Defendant will not reproduce information, which is attached to the pleadings and

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 120 of 314

papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

4.    Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 34, and will not admit any pure legal conclusions.

5.    Defendant will not reproduce information beyond a "reasonable" time frame, where no time frame is proposed.

6.    Defendant will not reproduce information which is in the public records or public domain, and which is not otherwise (except as copies of the public records or public domain) in the files of Defendant.

7.    Defendant reserves the right to supplement, correct or otherwise modify, his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

8.    Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

9.    Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon his understanding of what he believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

10.   Defendant's provision of any information in response to Plaintiff's First Set of Requests for Production is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

11.   Defendant has reviewed any proposed instructions, but will only adhere to same, to

the extent the instructions are not in conflict with the applicable Rules.

12. Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Requests for Production, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

1. **REQUEST NO. 1**: All documents sent to or received from PCMH regarding the laboratory-billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

2. **REQUEST NO. 2:** All documents sent to or received from any defendant regarding the laboratory billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an

indispensable party.

3. **REQUEST NO. 3:** All documents sent to or received from any person or entity other than your counsel regarding the laboratory-billing scheme at PCMH.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

4. **REQUEST NO. 4:** All documents sent to or received from any person other than your counsel regarding the use of PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests and is not only connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined, but seeks **everything** where PCMH's NPI, TIN, name, or other identifier was used for billing

or claim submission purposes. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

5. **REQUEST NO. 5:** All documents related to the use of any hospital's NPI, TIN, name, or other identifier to secure higher reimbursement for laboratory tests.

**<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests and is not only connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined, but seeks **<u>everything</u>** where PCMH's NPI, TIN, name, or other identifier was used to secure higher reimbursement for laboratory tests. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

6. **REQUEST NO. 6:** All documents sent to or received from any person or entity other than your counsel regarding billing for laboratory tests through a hospital where (a) the hospital does not (or did not) perform all of the tests billed; or (b) the tests were for individuals who were neither inpatients nor outpatients of the hospital or who were not under the medical supervision of hospital-credentialed healthcare providers.

**<u>Answer:</u>** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

7.    **REQUEST NO. 7:** All documents addressing, discussing, describing, or analyzing the Contract.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be another way of seeking information about PCMH's contract with Plaintiffs, but is unclear. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

8.    **REQUEST NO. 8:** All contracts or agreements with PCMH or the defendants related to the laboratory-billing scheme at PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as

well. This Request appears to be seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

9. **REQUEST NO. 9:** Any other contracts or agreements with any entity or individual related to the laboratory-billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking information alleged to be connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

10. **REQUEST NO. 10:** All documents relating to your relationship with Defendant Hospital Laboratory Partners, LLC..

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing,

and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well.

11.     **REQUEST NO. 11:** All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.

   **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.  Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

12.     **REQUEST NO. 12:** All documents related to the operability or inoperability of the PCMH Lab and its equipment since January 1, 2016, including records of the purchase, lease, or other acquisition of all laboratory equipment, as well as records of any periods of inoperability for any laboratory equipment.

   **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as

well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

13. **REQUEST NO. 13:** All documents relating to the capabilities of the laboratory equipment at the PCMH Lab from January 1, 2016 to the present.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH information and, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant notes that he understands that Plaintiffs have previously been provided HPI's contracts with PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

14. **REQUEST NO. 14:** All documents related to the claims for laboratory tests that were billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain

applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests, and seeks **everything** where PCMH or its identifiers were used for laboratory tests. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

15. **REQUEST NO. 15:** All documents that You contend establish the propriety of the claims for laboratory tests billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

<u>**Answer:**</u> Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request seeks documents to "establish the propriety of the claims for laboratory tests," and Defendant simply has no idea what that means. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

16. **REQUEST NO. 16:** All documents related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, or the "joint defense doctrine," and appears to seek private, proprietary or restricted information as well. This Request is much broader than the prior requests, and seeks **everything** "related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers." Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. Defendant also notes, that this information may be available from other Defendants, to the extent the information is properly sought.

17.    **REQUEST NO. 17:** All documents related to the provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to the "provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further,

to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

18.    **REQUEST NO. 18:** All documents related to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to the "to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

19.    **REQUEST NO. 19:** All documents used to market or promote the use of hospitals to bill for laboratory tests that (a) were not performed by the hospitals billing the claims; or (b) were for individuals who were neither inpatients nor outpatients of the hospitals billing the claims or who were not under the medical supervision of providers credentialed by the hospitals.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain

applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to efforts to "market or promote the use of hospitals to bill for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

20.     **REQUEST NO. 20:** All documents used to market or promote the laboratory-billing scheme to providers, laboratories, or any other party.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to efforts to "market or promote the laboratory-billing scheme to providers, laboratories, or any other party," of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

21.     **REQUEST NO. 21:** All documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH,"** which appears to be the sum total of all of PCMH's information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

22.    **REQUEST NO. 22:** All communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH,"** which appears to be the sum total of all of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

23.    **REQUEST NO. 23:** All documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers,"** which appears to be the sum total of all of PCMH's lab information again. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

24.    **REQUEST NO. 24:** Documents sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it.

> **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[d]ocuments sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it,"** which appears to be a large portion of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

25.    **REQUEST NO. 25:** All documents sent to or received from any defendant, laboratory, or provider relating to the use of online Internet portals to transmit information about

the laboratory tests at issue to anyone.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This request could very well be asking for any information related to any lab business anywhere in the world.

26. **REQUEST NO. 26:** Any assignment of benefits received from Plaintiffs' members for the laboratory tests at issue.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. In order for anyone to possible craft a reasonable response, they would have to know all of Plaintiffs' members, information known to Plaintiffs, as well as a definition of "assignment of benefits." Even then, the request would be objectionable.

27. **REQUEST NO. 27:** All documents reflecting billing policies and procedures relevant to the laboratory-billing scheme at PCMH from January 1, 2016 to the present.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which

Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

28. **REQUEST NO. 28:** All documents related to directives regarding laboratory billings at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to directives regarding laboratory billings at PCMH,"** which appears to be a large portion of PCMH's lab information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

29. **REQUEST NO. 29:** All documents addressing, discussing, describing, or analyzing what an outreach laboratory is or does.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Defendant would direct Plaintiffs to the applicable State and Federal Laws, Codes and Rules.

30. **REQUEST NO. 30:** All documents related to why the laboratory tests at issue were billed through PCMH rather than any by any other hospital or laboratory.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seems to be seeking information as to the thought process behind certain of PCMH's actions, which would appear to be an improper request. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

31. **REQUEST NO. 31:** All documents related to defendants' efforts to collect copays or coinsurance obligations from Plaintiffs' members.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. In order for anyone to possible craft a reasonable response, they would have to know all of Plaintiffs' members, information known to Plaintiffs, as well as a definition of "efforts to collect copays or coinsurance obligations." Even then, the request would be objectionable. It is also noted that this request is not restricted to PCMH or any one (1) defendant.

32. **REQUEST NO. 32:** All documents related to any criticism of, or questioning of the legality of, the laboratory-billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party. In this case, Defendant does not believe any responsive documents would exist.

33.    **REQUEST NO. 33:** All documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed,"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

34.    **REQUEST NO. 34:** All documents related to the employment, supervision, and termination of phlebotomists (as referenced in the Missouri Auditor's reports).

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking PCMH's employment and HR files. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

35.     **REQUEST NO. 35:** All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Further, until this matter is at issue, Defendant could not possibly "know" what defenses will be applicable.

36.     **REQUEST NO. 36:** All documents related to any defendants' efforts to conceal or explain the laboratory-billing scheme.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to "efforts to conceal or explain" a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not

understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

37.     **REQUEST NO. 37:** All documents related to the receipt of payment from Plaintiffs for the laboratory-billing scheme.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to "receipt of payment" for a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

38.     **REQUEST NO. 38:** All documents relating to amounts paid or owed to any entity or individual because of the laboratory-billing scheme at PCMH, including agreements setting forth amounts owed and reconciliations of amounts owed and paid.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further,

to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

39. **REQUEST NO. 39:** All documents relating to the payment by any defendant of anything of value to providers, including indirectly (*e.g.*, through sales personnel or independent contractors).

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is simply unintelligible.

40. **REQUEST NO. 40:** All documents provided to or received from the Missouri State Auditor, the Missouri Attorney General, or any other public regulatory, investigative, or law enforcement agency.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is not connected to PCMH or anything else, but simply requests the universe of lifelong documents received by Defendant.

41. **REQUEST NO. 41:** All documents discussing or responding to Plaintiffs' investigation of the laboratory-billing scheme.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to

lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

42. **REQUEST NO. 42:** All documents relating to any public statement, press release, or interview regarding the laboratory-billing scheme at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is connected to a "laboratory-billing scheme at PCMH" of which Defendant is unaware, or at a minimum, Defendant does not understand as defined. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

43. **REQUEST NO. 43:** All documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein).

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents tabulating amounts billed or received by**

**PCMH for laboratory tests since January 1, 2016 (or any length of time therein),"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

44.     **REQUEST NO. 44:** All documents related to proposals and revenue projections for services that were billed through PCMH.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll related to proposals and revenue projections for services that were billed through PCMH,"** which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

45.     **REQUEST NO. 45:** All documents related to the dissolution or closure of any defendant.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.

46.     **REQUEST NO. 46:** All documents related to any travel that you or your

employees made to PCMH or to meet with any of the defendants regarding PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. The request appears to seek voluminous amounts of documents, of any travel of numerous persons, at any time, for any purpose, and without restriction.

47.     **REQUEST NO. 47:** All documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH,"** which appears to be every possible demand or C&D that ever mentioned PCMH. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

48.     **REQUEST NO. 48:** All documents related to the termination of contracts, agreements, or relationships with any of the defendants.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain

applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to the termination of contracts, agreements, or relationships with any of the defendants,"** which appears to be every possible termination of any contract ever entered into by any of the defendants.

49. **REQUEST NO. 49:** All documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks **"[a]ll documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts,"** which appears to be every possible litigation paper involving defendants.

50. **REQUEST NO. 50:** All documents relating to business or managerial changes that you have made since learning of concerns about the billing arrangement for laboratory services at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as

well. This Request seeks **"[a]ll documents relating to business or managerial changes,"** although limited to some unknown time frame.

51. **REQUEST NO. 51:** All documents related to the return of money that you received as a result of laboratory tests that were billed through PCMH since January 1, 2016.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks information which appears to be a large portion of PCMH's lab and billing information. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

52. **REQUEST NO. 52:** All transcripts, notes, recordings, statements, or summaries related to interviews of any defendant's employees related to laboratory tests billed through PCMH.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. Once again Defendant has no idea what Plaintiffs are seeking.

53. **REQUEST NO. 53:** All documents related to monies, wire transfers, or payments received from PCMH since January 1, 2016, with supporting documentation therefor.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome,

harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all payments made to Defendant by PCMH, which is simply improper at this stage of the case. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

54. **REQUEST NO. 54:** All documents related to monies, wire transfers, or payments received from or sent to any defendant related to PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks broad-based financial disclosure of all payments made to or from any Defendant without restriction from January 1, 2016, which is simply improper at this stage of the case.

55. **REQUEST NO. 55:** Documents sufficient to show the details from January 1, 2016 to the present of all transactions (including receipts, deposits, payments, transfers, withdrawals, purchases, credit-card transactions, etc.) in any accounts under Your control at financial institutions that received funds from PCMH, directly or indirectly. The details shall include periodic statement issued for any such account, the identity of the financial organization, the account number, the name and address of the account holder, and (for each transaction), the date

of the transaction, the amount of money involved, the type of transaction, the resulting balance of the account, the identity of every individual or organization that was a party to the transaction, copies or images of any checks, deposit detail, and wire-transfer details.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all accounts of Defendant that may have received any monies from PCMH, which is simply improper at this stage of the case.

56.     **REQUEST NO. 56:** All documents used to, or that could be used to, reconcile the claims submitted to Plaintiffs with the amounts paid by Plaintiffs.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request appears to be seeking documents which would allow Plaintiffs to determine what they paid, or what claims they received?

57.     **REQUEST NO. 57:** All current financial statements and documents showing Your current assets.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain

applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is broad-based financial disclosure of all of Defendant's finances, which is simply improper at this stage of the case.

58.     **REQUEST NO. 58:** All documents related to the current location of any funds that you received from laboratory tests that were billed through PCMH since January 1, 2016, or any real or personal property purchased with that money with a value in excess of $20,000.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request seeks broad-based financial disclosure of some indeterminate funds, which would simply be impossible to trace.

59.     **REQUEST NO. 59:** All documents related to insurance policies that may provide a defense or indemnity, including the policies, declaration pages, limits, and any documents related to tenders, coverage denials, or reservations of rights.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Request may also invade certain applicable privileges, and appears to seek private, proprietary or restricted information as well. This Request is presumably directed to PCMH's insurance policies, but contains no restrictions. Further, to the extent that PCMH information is sought, such information would properly be sought from PCMH, who Defendant maintains, is an indispensable party.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.

By:  /s/ Lauren A. Horsman
       Lauren A. Horsman – Mo Bar No. 60982
       903 Jackson – P.O. Box 228
       Chillicothe, MO  64601
       Telephone:  660-646-0627
       Telefax:  660-646-1105
       E-mail: lhorsman@ccttlaw.com
       ATTORNEY FOR DEFENDANTS
       HOSPITAL PARTNERS, INC.,
       EMPOWER H.I.S., LLC, DAVID BYRNS
       and JORGE PEREZ

       FMS LAWYER PL

By:  /s/ Frank Smith
       Frank Smith – FL Bar No. 069681
       9900 Stirling Road, Suite 226
       Cooper City, FL 33024
       Telephone: 954-985-1400
       Telefax: 954-241-6947
       Email: frank.smith@fmslawyer.com
       ATTORNEY FOR DEFENDANTS
       HOSPITAL PARTNERS, INC.,
       EMPOWER H.I.S., LLC, DAVID BYRNS
       and JORGE PEREZ
       *Admitted Pro Hac Vice*

# Exhibit K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS INC., *et al*., | ) ) ) | |
| Defendants. | ) ) | |
| ———————————————————— | ) | |

## DEFENDANT EMPOWER H.I.S. LLC,'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

In accordance with Fed. R. Civ. P. 26(b)(1) and 36, and the Local Rules for the Western District of Missouri, Defendant EMPOWER H.I.S. LLC ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Admission, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1.      To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.      Defendant will not reproduce information, which is attached to the pleadings and papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

3.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 36, and will not admit any pure legal conclusions.

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 152 of 314

4.    Defendant reserves the right to supplement, correct or otherwise modify, his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

5.    Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

6.    Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon its understanding of what it believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

7.    Defendant's provision of any information in response to Plaintiff's First Set of Requests for Admission is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

8.    Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

9.    Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Requests for Admission, as follows:

## RESPONSES TO REQUESTS FOR ADMISSIONS

1.    REQUEST NO. 1: Admit that you received money as a result of laboratory tests that were billed through PCMH.

**RESPONSE:**  Denied as Defendant did not, and does not, perform laboratory tests.

2.    REQUEST NO. 2: Admit that prior to October 20, 2016, you had never received money as a result of laboratory tests that were billed through PCMH.

**RESPONSE:** Denied as phrased, as Defendant did not, and does not, perform laboratory tests. It is noted that assuming the underlying date aligns with the date that any Defendants commenced a relationship with PCMH, no money would have been received by any Defendant prior to that date.

3. REQUEST NO. 3: Admit that you knew in 2017 that laboratory tests were being billed to Plaintiffs for members who had no connection to PCMH.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

4. REQUEST NO. 4: Admit that you knew in 2017 that it was improper to bill laboratory tests through PCMH if the member had no connection to PCMH.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

5. REQUEST NO. 5: Admit that you have raised concerns about the billing arrangement used at PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any problems with a purported billing arrangement. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

6. REQUEST NO. 6: Admit that one or more defendants engaged in improper conduct as it relates to billing laboratory tests through PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any improper conduct. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

7. REQUEST NO. 7: Admit that you have transferred assets and funds you received as a result of the laboratory-billing arrangement.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

8. REQUEST NO. 8: Admit that no defendant or person should be permitted to retain proceeds from an improper billing scheme at PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any improper billing scheme. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

9. REQUEST NO. 9: Admit that providers ordered the tests from the Laboratory Defendants directly.

**RESPONSE:** Denied as the Request is understood, noting Defendant is not PCMH, not a provider, and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for

this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

10.     REQUEST NO. 10: Admit that PCMH and its physicians did not order the tests from the Laboratory Defendants.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, not a physician, and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request.  Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

11.     REQUEST NO. 11: Admit that a portion of the tests billed to Plaintiffs by PCMH were performed by the Laboratory Defendants.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

12.     REQUEST NO. 12: Admit that the Laboratory Defendants provided the test results to the ordering providers.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, is not an ordering provider, and is not a Laboratory Defendant; as such Defendant has a lack of

knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

13.     REQUEST NO. 13: Admit that claims were billed to Plaintiffs regardless of whether the members had ever been treated there or been treated by PCMH-credentialed providers.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By:   */s/ Lauren A. Horsman*
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO  64601
Telephone:  660-646-0627
Telefax:  660-646-1105
E-mail: lhorsman@ccttlaw.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

FMS LAWYER PL

By:   */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400

Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ
*Admitted Pro Hac Vice*

# Exhibit L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## DEFENDANT HOSPITAL PARTNERS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

In accordance with Fed. R. Civ. P. 26(b)(1) and 36, and the Local Rules for the Western District of Missouri, Defendant HOSPITAL PARTNERS, INC. ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Admission, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1.      To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.      Defendant will not reproduce information, which is attached to the pleadings and papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

3.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 36, and will not admit any pure legal conclusions.

Case 5:18-cv-06037-DGK   Document 362-1   Filed 02/07/20   Page 160 of 314

4.     Defendant reserves the right to supplement, correct or otherwise modify, his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

5.     Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

6.     Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon its understanding of what he believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

7.     Defendant's provision of any information in response to Plaintiff's First Set of Requests for Admission is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

8.     Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

9.     Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Requests for Admission, as follows:

## **RESPONSES TO REQUESTS FOR ADMISSIONS**

1.     REQUEST NO. 1: Admit that you received money as a result of laboratory tests that were billed through PCMH.

**RESPONSE:**  Denied as Defendant did not, and does not, perform laboratory tests.

2.     REQUEST NO. 2: Admit that prior to October 20, 2016, you had never received money as a result of laboratory tests that were billed through PCMH.

**RESPONSE:** Denied as phrased, as Defendant did not, and does not, perform laboratory tests. It is noted that assuming the underlying date aligns with the date that any Defendants commenced a relationship with PCMH, no money would have been received by any Defendant prior to that date.

3.    REQUEST NO. 3: Admit that you knew in 2017 that laboratory tests were being billed to Plaintiffs for members who had no connection to PCMH.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

4.    REQUEST NO. 4: Admit that you knew in 2017 that it was improper to bill laboratory tests through PCMH if the member had no connection to PCMH.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

5.    REQUEST NO. 5: Admit that you have raised concerns about the billing arrangement used at PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any problems with a purported billing arrangement. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

6. REQUEST NO. 6: Admit that one or more defendants engaged in improper conduct as it relates to billing laboratory tests through PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any improper conduct. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

7. REQUEST NO. 7: Admit that you have transferred assets and funds you received as a result of the laboratory-billing arrangement.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

8. REQUEST NO. 8: Admit that no defendant or person should be permitted to retain proceeds from an improper billing scheme at PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any improper billing scheme. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

9. REQUEST NO. 9: Admit that providers ordered the tests from the Laboratory Defendants directly.

**RESPONSE:** Denied as the Request is understood, noting Defendant is not PCMH, not a provider, and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for

this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

10.    REQUEST NO. 10: Admit that PCMH and its physicians did not order the tests from the Laboratory Defendants.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, not a physician, and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request.  Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

11.    REQUEST NO. 11: Admit that a portion of the tests billed to Plaintiffs by PCMH were performed by the Laboratory Defendants.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

12.    REQUEST NO. 12: Admit that the Laboratory Defendants provided the test results to the ordering providers.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, is not an ordering provider, and is not a Laboratory Defendant; as such Defendant has a lack of

knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

13. REQUEST NO. 13: Admit that claims were billed to Plaintiffs regardless of whether the members had ever been treated there or been treated by PCMH-credentialed providers.

**RESPONSE:** Denied as the Request is understood, noting Defendant is not PCMH; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By: _/s/ Lauren A. Horsman_
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO 64601
Telephone: 660-646-0627
Telefax: 660-646-1105
E-mail: lhorsman@ccttlaw.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ

FMS LAWYER PL

By: _/s/ Frank Smith_
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400

Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ
*Admitted Pro Hac Vice*

# Exhibit M

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) | |
| | ) | 5:18-cv-06037-DGK |
| v. | ) | |
| | ) | |
| HOSPITAL PARTNERS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT JORGE PEREZ'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

In accordance with Fed. R. Civ. P. 26(b)(1) and 36, and the Local Rules for the Western District of Missouri, Defendant JORGE PEREZ ("Defendant"), by and through his undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Admission, in accordance with the above-mentioned Rules.

**GENERAL PARAMETERS**

1.      To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.      Defendant will not reproduce information, which is attached to the pleadings and papers on file in this matter, already in the possession of Plaintiffs or parties under the control of Plaintiffs, including, without limitation, any Fed. R. Civ. P. 26 disclosures.

3.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 36, and will not admit any pure legal conclusions.

4.     Defendant reserves the right to supplement, correct or otherwise modify, his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

5.     Defendant notes that this matter is not yet at issue, and it appears that the majority, if not all, of the information sought would be more properly addressed to other Defendants in this matter, or indispensable parties, who have not yet been joined to this proceeding.  Accordingly, any discovery requests seeking such information would properly be addressed to such parties.

6.     Inasmuch as this proceeding is not yet at issue, Defendant has responded herein predicated upon his understanding of what he believes is a defective Complaint, and speculating as to what may be the ultimate scope of discovery under Rule 26.

7.     Defendant's provision of any information in response to Plaintiff's First Set of Requests for Admission is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

8.     Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

9.     Subject to the above General Parameters, Defendant responds to the Plaintiff's First Set of Requests for Admission, as follows:

## <u>RESPONSES TO REQUESTS FOR ADMISSIONS</u>

1.     REQUEST NO. 1: Admit that you received money as a result of laboratory tests that were billed through PCMH.

**<u>RESPONSE:</u>**  Denied as Defendant did not, and does not, perform laboratory tests.

2.     REQUEST NO. 2: Admit that prior to October 20, 2016, you had never received money as a result of laboratory tests that were billed through PCMH.

**RESPONSE:** Denied as phrased, as Defendant did not, and does not, perform laboratory tests. It is noted that assuming the underlying date aligns with the date that any Defendants commenced a relationship with PCMH, no money would have been received by any Defendant prior to that date.

3.      REQUEST NO. 3: Admit that you knew in 2017 that laboratory tests were being billed to Plaintiffs for members who had no connection to PCMH.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

4.      REQUEST NO. 4: Admit that you knew in 2017 that it was improper to bill laboratory tests through PCMH if the member had no connection to PCMH.

**RESPONSE:** Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

5.      REQUEST NO. 5: Admit that you have raised concerns about the billing arrangement used at PCMH.

**RESPONSE:** Denied as the Request is understood, noting Defendant is unaware of any problems with a purported billing arrangement. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

6.     REQUEST NO. 6: Admit that one or more defendants engaged in improper conduct as it relates to billing laboratory tests through PCMH.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is unaware of any improper conduct.  Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

7.     REQUEST NO. 7: Admit that you have transferred assets and funds you received as a result of the laboratory-billing arrangement.

**RESPONSE:**  Denied as Defendant did not, and does not, perform laboratory tests. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

8.     REQUEST NO. 8: Admit that no defendant or person should be permitted to retain proceeds from an improper billing scheme at PCMH.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is unaware of any improper billing scheme.  Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

9.     REQUEST NO. 9: Admit that providers ordered the tests from the Laboratory Defendants directly.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, not a provider, and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for

this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

10.    REQUEST NO. 10: Admit that PCMH and its physicians did not order the tests from the Laboratory Defendants.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, not a physician, and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request.  Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

11.    REQUEST NO. 11: Admit that a portion of the tests billed to Plaintiffs by PCMH were performed by the Laboratory Defendants.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH and is not a Laboratory Defendant; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

12.    REQUEST NO. 12: Admit that the Laboratory Defendants provided the test results to the ordering providers.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH, is not an ordering provider, and is not a Laboratory Defendant; as such Defendant has a lack of

knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

13.     REQUEST NO. 13: Admit that claims were billed to Plaintiffs regardless of whether the members had ever been treated there or been treated by PCMH-credentialed providers.

**RESPONSE:**  Denied as the Request is understood, noting Defendant is not PCMH; as such Defendant has a lack of knowledge and has no ability to talk to PCMH, who would likely have the information necessary for this request. Further, Defendant does not even understand the Request as it is unclear, what admission is being sought; even to the point of being unclear as to what facts, application of law, or opinion is being sought.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By:  /s/ Lauren A. Horsman
     Lauren A. Horsman – Mo Bar No. 60982
     903 Jackson – P.O. Box 228
     Chillicothe, MO  64601
     Telephone:  660-646-0627
     Telefax:  660-646-1105
     E-mail: lhorsman@ccttlaw.com
     ATTORNEY FOR DEFENDANTS
     HOSPITAL PARTNERS, INC.,
     EMPOWER H.I.S., LLC, DAVID BYRNS
     and JORGE PEREZ

FMS LAWYER PL

By:  /s/ Frank Smith
     Frank Smith – FL Bar No. 069681
     9900 Stirling Road, Suite 226
     Cooper City, FL 33024
     Telephone: 954-985-1400

Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC.,
EMPOWER H.I.S., LLC, DAVID BYRNS
and JORGE PEREZ
*Admitted Pro Hac Vice*

# Exhibit N

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | 5:18-cv-06037-DGK |
| v. | ) ) | |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
ADMISSION, PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION, AND
PLAINTIFFS' FIRST SET OF INTERROGATORIES BY DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID BYRNS AND JORGE PEREZ**

In accordance with Fed. R. Civ. P. 26(b)(1), 33, 34 and 36, and the Local Rules for the
Western District of Missouri, Defendants HOSPITAL PARTNERS, INC., EMPOWER H.I.S.,
LLC, DAVID BYRNS and JORGE PEREZ ("Defendants"), by and through their undersigned
counsel, hereby amend their prior responses to Plaintiffs' First Set of Requests for Admission,
Plaintiffs' First Set of Requests for Production and Plaintiffs' First Set of Interrogatories, in
accordance with the above-mentioned Rules, as follows:

**RELEVANT HISTORY**

1.     On November 26, 2018, Defendants provided their responses to Plaintiffs' First Set
of Requests for Admission, Plaintiffs First Set of Requests for Production and Plaintiffs First Set
of Interrogatories (collectively, the "Responses").

2.     On January 7, 2019, Plaintiffs' counsel and Defendants' counsel held a "meet and
confer" conference to discuss Plaintiffs' claimed deficiencies with the Responses.

3.     At that time, counsel for Defendants informed counsel for Plaintiffs that they had

recently been contacted by the United States Department of Justice ("DOJ") (on January 4, 2019 and January 7, 2019) as to the existence of a criminal investigation, which potentially involves parties in the within litigation. Counsel for Defendants further noted that at this time it is unclear as to the nature of the investigation, but that it appears that most, if not all, of the parties in the within litigation are the subject of the investigation.

4.      For that reason, and until the scope and targets of the DOJ investigation become clear, Defendants must at this time, at least on a temporary basis, assert their Fifth Amendment rights, primarily at this point related to the "Act of Production," as well as reserving their other rights related to Self-Incrimination, to the extent that same becomes necessary, advisable or desirable.

5.      Once the scope and targets of the DOJ investigation become clear, Defendants will commit to a final position on exercising their Fifth Amendment rights, vis-à-vis the within litigation.

6.      Other than as modified and amended herein, the Responses remain in full-force and effect.

CHAPMAN AND COWHERD, P.C.

By:   */s/ Lauren A. Horsman*
        Lauren A. Horsman – Mo Bar No. 60982
        903 Jackson – P.O. Box 228
        Chillicothe, MO 64601
        Telephone: 660-646-0627
        Telefax: 660-646-1105
        E-mail: lhorsman@ccttlaw.com
        ATTORNEY FOR DEFENDANTS
        HOSPITAL PARTNERS, INC. EMPOWER
        H.I.S., LLC, DAVID BYRNS and
        JORGE A. PEREZ

FMS LAWYER PL

By: */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
HOSPITAL PARTNERS, INC. EMPOWER
H.I.S., LLC, DAVID BYRNS and
JORGE A. PEREZ
*Admitted Pro Hac Vice*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically to:

*COUNSEL OF RECORD FOR PLAINTIFFS*

This 11th day of January 2019.

FMS LAWYER PL

By: */s/ Frank Smith*
Frank Smith

# Exhibit O

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al*., | ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | 5:18-cv-06037-DGK |
| v. | ) ) | |
| HOSPITAL PARTNERS INC., *et al*., | ) ) | |
| Defendants. | ) ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**DEFENDANT EMPOWER H.I.S., LLC's AMENDED RESPONSE TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION**

In accordance with Fed. R. Civ. P. 26(b)(1) and 34, and the Local Rules for the Western District of Missouri, Defendant EMPOWER H.I.S., LLC, ("Defendant") by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Production, in accordance with the above-mentioned Rules.

**GENERAL PARAMETERS**

1.      Defendant will not produce information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege. Defendant will also not reproduce settlement correspondence between counsel in any other actions, whether or not Plaintiffs are/were involved.

2.      To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

3.      Defendant will not reproduce information, which is attached to the pleadings and

papers on file in this matter, is already in the possession of Plaintiffs or parties under the control of Plaintiffs, including without limitation any Fed. R. Civ. P. 26 disclosures.

4.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 34, and will not admit any pure legal conclusions.

5.      Defendant will not reproduce information beyond a "reasonable" time frame, where no time frame is proposed.

6.      Defendant will not reproduce information which is in the public records or public domain, and which is not otherwise (except as copies of the public records or public domain) in the files of Defendant.

7.      Defendant reserves the right to supplement, correct or otherwise modify, its responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

8.      Defendant's provision of any information in response to Plaintiff's First Set of Requests for Production is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

9.      Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

10.     As separately noted below in response to the individual requests, Defendant objects to the use of the terminology "laboratory-billing scheme;" as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH. In each case so as to achieve compliance with this Court's Order [D.E. #171], Defendant has provided documents responsive the requests as if the request referenced "laboratory billing at PCMH."

11.     Subject to the above General Parameters, Defendant responds to the Plaintiff's

First Set of Requests for Production, as follows:

## AMENDED RESPONSES TO REQUESTS FOR PRODUCTION

1.      **REQUEST NO. 1**: All documents sent to or received from PCMH regarding the laboratory-billing scheme at PCMH.

> **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

2.      **REQUEST NO. 2:** All documents sent to or received from any defendant regarding the laboratory billing scheme at PCMH.

> **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

3.     **REQUEST NO. 3:** All documents sent to or received from any person or entity other than your counsel regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

4.     **REQUEST NO. 4:** All documents sent to or received from any person other than your counsel regarding the use of PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes.

**Answer:**  Defendant partially objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the request seeks documents referencing PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes, which would appear to potentially, be all medical and billing records of PCMH.   Notwithstanding the objection, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH billing in its possession, custody and control, responsive to this request.

5.     **REQUEST NO. 5:** All documents related to the use of any hospital's NPI, TIN, name, or other identifier to secure higher reimbursement for laboratory tests.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Notwithstanding the objection the request, as the request is understood, Defendant has no responsive documents in its possession, custody and control.

6.     **REQUEST NO. 6:** All documents sent to or received from any person or entity other than your counsel regarding billing for laboratory tests through a hospital where (a) the hospital does not (or did not) perform all of the tests billed; or (b) the tests were for individuals who were neither inpatients nor outpatients of the hospital or who were not under the medical supervision of hospital-credentialed healthcare providers.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  Defendant further objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, and

inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to PCMH laboratory billing in its possession, custody and control, responsive to this request.

7. **REQUEST NO. 7:** All documents addressing, discussing, describing, or analyzing the Contract.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests (wherein the contract is at least impliedly referenced), Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

8. **REQUEST NO. 8:** All contracts or agreements with PCMH or the defendants related to the laboratory-billing scheme at PCMH.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

9. **REQUEST NO. 9:** Any other contracts or agreements with any entity or

individual related to the laboratory-billing scheme at PCMH.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

10.    **REQUEST NO. 10:** All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request. Defendant notes that Plaintiffs have been provided the contracts regarding PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

11.    **REQUEST NO. 11:** All documents related to the operability or inoperability of the PCMH Lab and its equipment since January 1, 2016, including records of the purchase, lease, or other acquisition of all laboratory equipment, as well as records of any periods of inoperability for any laboratory equipment.

> **Answer:** As this request is understood, other than what Defendant has produced

contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

12.     **REQUEST NO. 12:** All documents relating to the capabilities of the laboratory equipment at the PCMH Lab from January 1, 2016 to the present.

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

13.     **REQUEST NO. 13:** All documents related to the claims for laboratory tests that were billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

14.     **REQUEST NO. 14:** All documents that You contend establish the propriety of the claims for laboratory tests billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

15. **REQUEST NO. 15:** All documents related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

16. **REQUEST NO. 16:** All documents related to the provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

17. **REQUEST NO. 17:** All documents related to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor

outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

18.    **REQUEST NO. 18:** All documents used to market or promote the use of hospitals to bill for laboratory tests that (a) were not performed by the hospitals billing the claims; or (b) were for individuals who were neither inpatients nor outpatients of the hospitals billing the claims or who were not under the medical supervision of providers credentialed by the hospitals.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However,

inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

19.     **REQUEST NO. 19:** All documents used to market or promote the laboratory-billing scheme to providers, laboratories, or any other party.

   **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

20.     **REQUEST NO. 20:** All documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH.

   **Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

21.     **REQUEST NO. 21:** All communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH.

   **Answer:**  As this request is understood, other than what Defendant has produced

contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

22.     **REQUEST NO. 22:** All documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers.

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory specimens in its possession, custody and control, responsive to this request.

23.     **REQUEST NO. 23:** Documents sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it.

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

24.     **REQUEST NO. 24:** All documents sent to or received from any defendant, laboratory, or provider relating to the use of online Internet portals to transmit information about the laboratory tests at issue to anyone.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. This request could very well be asking

for any information related to any lab business anywhere in the world. As pertains to this matter and PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

25.     **REQUEST NO. 25:** Any assignment of benefits received from Plaintiffs' members for the laboratory tests at issue.

**Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

26.     **REQUEST NO. 26:** All documents reflecting billing policies and procedures relevant to the laboratory-billing scheme at PCMH from January 1, 2016 to the present.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

27.     **REQUEST NO. 27:** All documents related to directives regarding laboratory

billings at PCMH.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

28. **REQUEST NO. 28:** All documents addressing, discussing, describing, or analyzing what an outreach laboratory is or does.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory in its possession, custody and control, responsive to this request. Defendant would further direct Plaintiffs to the applicable State and Federal Laws, Codes and Rules.

29. **REQUEST NO. 29:** All documents related to why the laboratory tests at issue were billed through PCMH rather than any by any other hospital or laboratory.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

30. **REQUEST NO. 30:** All documents related to defendants' efforts to collect copays or coinsurance obligations from Plaintiffs' members.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such collections in its

possession, custody and control, responsive to this request.

31.    **REQUEST NO. 31:** All documents related to any criticism of, or questioning of the legality of, the laboratory-billing scheme at PCMH.

<u>**Answer:**</u>  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

32.    **REQUEST NO. 32:** All documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed.

<u>**Answer:**</u>   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

33.    **REQUEST NO. 33:** All documents related to the employment, supervision, and termination of phlebotomists (as referenced in the Missouri Auditor's reports).

<u>**Answer:**</u>   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant

business records (and would have no non-business records) as to such phlebotomists in its possession, custody and control, responsive to this request.

34.    **REQUEST NO. 34:** All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation.

**Answer:** Defendant objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. Further, Defendant objects to this request as it appears to seek attorney client privileged information and asserting such "defense" may require a waiver of such privilege. At this time, Defendant does not "know" what defenses will ultimately be applicable. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, and without waiving the applicable privilege at this time, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant does not believe he has any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

35.    **REQUEST NO. 35:** All documents related to any defendants' efforts to conceal or explain the laboratory-billing scheme.

**Answer:** Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

36.    **REQUEST NO. 36:** All documents related to the receipt of payment from

Plaintiffs for the laboratory-billing scheme.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

37.    **REQUEST NO. 37:** All documents relating to amounts paid or owed to any entity or individual because of the laboratory-billing scheme at PCMH, including agreements setting forth amounts owed and reconciliations of amounts owed and paid.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

38.    **REQUEST NO. 38:** All documents relating to the payment by any defendant of

anything of value to providers, including indirectly (*e.g.*, through sales personnel or independent contractors).

    **Answer:** Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

    39.    **REQUEST NO. 39:** All documents provided to or received from the Missouri State Auditor, the Missouri Attorney General, or any other public regulatory, investigative, or law enforcement agency.

    **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

    40.    **REQUEST NO. 40:** All documents discussing or responding to Plaintiffs' investigation of the laboratory-billing scheme.

    **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant responds

by stating that other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

41.    **REQUEST NO. 41:** All documents relating to any public statement, press release, or interview regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant responds by stating that other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

42.    **REQUEST NO. 42:** All documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein).

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing/payments in its possession, custody and control, responsive to this request.

43.    **REQUEST NO. 43:** All documents related to proposals and revenue projections

for services that were billed through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such projections in its possession, custody and control, responsive to this request.

44. **REQUEST NO. 44:** All documents related to the dissolution or closure of any defendant.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such dissolution or closure in its possession, custody and control, responsive to this request.

45. **REQUEST NO. 45:** All documents related to any travel that you or your employees made to PCMH or to meet with any of the defendants regarding PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The request appears to seek voluminous amounts of documents, of any travel of numerous persons, at any time, for any purpose, and without restriction. In any event, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such travel in its possession, custody and control, responsive to this request.

46. **REQUEST NO. 46:** All documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

47. **REQUEST NO. 47:** All documents related to the termination of contracts, agreements, or relationships with any of the defendants.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

48. **REQUEST NO. 48:** All documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant

business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

49.    **REQUEST NO. 49:** All documents relating to business or managerial changes that you have made since learning of concerns about the billing arrangement for laboratory services at PCMH.

> **Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

50.    **REQUEST NO. 50:** All documents related to the return of money that you received as a result of laboratory tests that were billed through PCMH since January 1, 2016.

> **Answer:**  Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

51.    **REQUEST NO. 51:** All transcripts, notes, recordings, statements, or summaries related to interviews of any defendant's employees related to laboratory tests billed through PCMH.

> **Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its

possession, custody and control, responsive to this request.

52. **REQUEST NO. 52:** All documents related to monies, wire transfers, or payments received from PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:** This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

53. **REQUEST NO. 53:** All documents related to monies, wire transfers, or payments received from or sent to any defendant related to PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:** This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

54. **REQUEST NO. 54:** Documents sufficient to show the details from January 1, 2016 to the present of all transactions (including receipts, deposits, payments, transfers, withdrawals, purchases, credit-card transactions, etc.) in any accounts under Your control at

financial institutions that received funds from PCMH, directly or indirectly. The details shall include periodic statement issued for any such account, the identity of the financial organization, the account number, the name and address of the account holder, and (for each transaction), the date of the transaction, the amount of money involved, the type of transaction, the resulting balance of the account, the identity of every individual or organization that was a party to the transaction, copies or images of any checks, deposit detail, and wire-transfer details.

**Answer:** This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

55. **REQUEST NO. 55:** All documents used to, or that could be used to, reconcile the claims submitted to Plaintiffs with the amounts paid by Plaintiffs.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

56. **REQUEST NO. 56:** All current financial statements and documents showing Your current assets.

**Answer:** This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals,

which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests and as to HOSPITAL PARTNERS, INC., Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

57. **REQUEST NO. 57:** All documents related to the current location of any funds that you received from laboratory tests that were billed through PCMH since January 1, 2016, or any real or personal property purchased with that money with a value in excess of $20,000.

**Answer:** This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests and as to HOSPITAL PARTNERS, INC., Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

58. **REQUEST NO. 58:** All documents related to insurance policies that may provide a defense or indemnity, including the policies, declaration pages, limits, and any documents related to tenders, coverage denials, or reservations of rights.

**Answer:** Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

Dated: February 15, 2019.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By: */s/ Lauren A. Horsman*
Lauren A. Horsman – Mo Bar No. 60982

903 Jackson – P.O. Box 228
Chillicothe, MO 64601
Telephone: 660-646-0627
Telefax: 660-646-1105
E-mail: lhorsman@ccttlaw.com
*ATTORNEY FOR DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID
BYRNS and JORGE PEREZ*


FMS LAWYER PL
By: */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
*ATTORNEY FOR DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID
BYRNS and JORGE PEREZ*
*Admitted Pro Hac Vice*

# Exhibit P

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## (ST. JOSEPH DIVISION)

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al*., | ) ) ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | 5:18-cv-06037-DGK |
| v. | ) ) | |
| HOSPITAL PARTNERS INC., *et al*., | ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT HOSPITAL PARTNERS, INC.'s AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

In accordance with Fed. R. Civ. P. 26(b)(1) and 34, and the Local Rules for the Western District of Missouri, Defendant HOSPITAL PARTNERS, INC., ("Defendant") by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Production, in accordance with the above-mentioned Rules.

## GENERAL PARAMETERS

1.     Defendant will not produce information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege. Defendant will also not reproduce settlement correspondence between counsel in any other actions, whether or not Plaintiffs are/were involved.

2.     To the extent Defendant inadvertently discloses information that may arguably be protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

3.     Defendant will not reproduce information, which is attached to the pleadings and

papers on file in this matter, is already in the possession of Plaintiffs or parties under the control of Plaintiffs, including without limitation any Fed. R. Civ. P. 26 disclosures.

4.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 34, and will not admit any pure legal conclusions.

5.      Defendant will not reproduce information beyond a "reasonable" time frame, where no time frame is proposed.

6.      Defendant will not reproduce information which is in the public records or public domain, and which is not otherwise (except as copies of the public records or public domain) in the files of Defendant.

7.      Defendant reserves the right to supplement, correct or otherwise modify, its responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

8.      Defendant's provision of any information in response to Plaintiff's First Set of Requests for Production is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

9.      Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

10.     As separately noted below in response to the individual requests, Defendant objects to the use of the terminology "laboratory-billing scheme;" as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH. In each case so as to achieve compliance with this Court's Order [D.E. #171], Defendant has provided documents responsive the requests as if the request referenced "laboratory billing at PCMH."

11.     Subject to the above General Parameters, Defendant responds to the Plaintiff's

First Set of Requests for Production, as follows:

**AMENDED RESPONSES TO REQUESTS FOR PRODUCTION**

1.      **REQUEST NO. 1**: All documents sent to or received from PCMH regarding the laboratory-billing scheme at PCMH.

> **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

2.      **REQUEST NO. 2:** All documents sent to or received from any defendant regarding the laboratory billing scheme at PCMH.

> **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

3.      **REQUEST NO. 3:** All documents sent to or received from any person or entity other than your counsel regarding the laboratory-billing scheme at PCMH.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

4.      **REQUEST NO. 4:** All documents sent to or received from any person other than your counsel regarding the use of PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes.

**Answer:** Defendant partially objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the request seeks documents referencing PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes, which would appear to potentially, be all medical and billing records of PCMH. Notwithstanding the objection, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH billing in its possession, custody and control, responsive to this request.

5.     **REQUEST NO. 5:** All documents related to the use of any hospital's NPI, TIN, name, or other identifier to secure higher reimbursement for laboratory tests.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Notwithstanding the objection the request, as the request is understood, Defendant has no responsive documents in its possession, custody and control.

6.     **REQUEST NO. 6:** All documents sent to or received from any person or entity other than your counsel regarding billing for laboratory tests through a hospital where (a) the hospital does not (or did not) perform all of the tests billed; or (b) the tests were for individuals who were neither inpatients nor outpatients of the hospital or who were not under the medical supervision of hospital-credentialed healthcare providers.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  Defendant further objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, and

inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to PCMH laboratory billing in its possession, custody and control, responsive to this request.

7. **REQUEST NO. 7:** All documents addressing, discussing, describing, or analyzing the Contract.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests (wherein the contract is at least impliedly referenced), Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

8. **REQUEST NO. 8:** All contracts or agreements with PCMH or the defendants related to the laboratory-billing scheme at PCMH.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

9. **REQUEST NO. 9:** Any other contracts or agreements with any entity or

individual related to the laboratory-billing scheme at PCMH.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in its possession, custody and control, responsive to this request.

10. **REQUEST NO. 10:** All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request. Defendant notes that Plaintiffs have been provided the contracts regarding PCMH, the PCMH Board and Putnam County, and further notes that PCMH would have its contracts with the other Defendants.

11. **REQUEST NO. 11:** All documents related to the operability or inoperability of the PCMH Lab and its equipment since January 1, 2016, including records of the purchase, lease, or other acquisition of all laboratory equipment, as well as records of any periods of inoperability for any laboratory equipment.

> **Answer:** As this request is understood, other than what Defendant has produced

contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

12.     **REQUEST NO. 12:** All documents relating to the capabilities of the laboratory equipment at the PCMH Lab from January 1, 2016 to the present.

**Answer:**     As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

13.     **REQUEST NO. 13:** All documents related to the claims for laboratory tests that were billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**Answer:**     As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

14.     **REQUEST NO. 14:** All documents that You contend establish the propriety of the claims for laboratory tests billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

**Answer:**     As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

15. **REQUEST NO. 15:** All documents related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers.

    **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

16. **REQUEST NO. 16:** All documents related to the provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

    **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

17. **REQUEST NO. 17:** All documents related to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor

outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

18. **REQUEST NO. 18:** All documents used to market or promote the use of hospitals to bill for laboratory tests that (a) were not performed by the hospitals billing the claims; or (b) were for individuals who were neither inpatients nor outpatients of the hospitals billing the claims or who were not under the medical supervision of providers credentialed by the hospitals.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However,

inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

19. **REQUEST NO. 19:** All documents used to market or promote the laboratory-billing scheme to providers, laboratories, or any other party.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

20. **REQUEST NO. 20:** All documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

21. **REQUEST NO. 21:** All communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced

contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

22.    **REQUEST NO. 22:** All documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers.

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory specimens in its possession, custody and control, responsive to this request.

23.    **REQUEST NO. 23:** Documents sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it.

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

24.    **REQUEST NO. 24:** All documents sent to or received from any defendant, laboratory, or provider relating to the use of online Internet portals to transmit information about the laboratory tests at issue to anyone.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. This request could very well be asking

for any information related to any lab business anywhere in the world. As pertains to this matter and PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

25. **REQUEST NO. 25:** Any assignment of benefits received from Plaintiffs' members for the laboratory tests at issue.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in its possession, custody and control, responsive to this request.

26. **REQUEST NO. 26:** All documents reflecting billing policies and procedures relevant to the laboratory-billing scheme at PCMH from January 1, 2016 to the present.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

27. **REQUEST NO. 27:** All documents related to directives regarding laboratory

billings at PCMH.

 **Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

28. **REQUEST NO. 28:** All documents addressing, discussing, describing, or analyzing what an outreach laboratory is or does.

 **Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory in its possession, custody and control, responsive to this request. Defendant would further direct Plaintiffs to the applicable State and Federal Laws, Codes and Rules.

29. **REQUEST NO. 29:** All documents related to why the laboratory tests at issue were billed through PCMH rather than any by any other hospital or laboratory.

 **Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

30. **REQUEST NO. 30:** All documents related to defendants' efforts to collect copays or coinsurance obligations from Plaintiffs' members.

 **Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such collections in its

possession, custody and control, responsive to this request.

31. **REQUEST NO. 31:** All documents related to any criticism of, or questioning of the legality of, the laboratory-billing scheme at PCMH.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

32. **REQUEST NO. 32:** All documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

33. **REQUEST NO. 33:** All documents related to the employment, supervision, and termination of phlebotomists (as referenced in the Missouri Auditor's reports).

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant

business records (and would have no non-business records) as to such phlebotomists in its possession, custody and control, responsive to this request.

34. **REQUEST NO. 34:** All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation.

**Answer:** Defendant objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. Further, Defendant objects to this request as it appears to seek attorney client privileged information and asserting such "defense" may require a waiver of such privilege. At this time, Defendant does not "know" what defenses will ultimately be applicable. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, and without waiving the applicable privilege at this time, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant does not believe he has any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

35. **REQUEST NO. 35:** All documents related to any defendants' efforts to conceal or explain the laboratory-billing scheme.

**Answer:** Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

36. **REQUEST NO. 36:** All documents related to the receipt of payment from

Plaintiffs for the laboratory-billing scheme.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

37. **REQUEST NO. 37:** All documents relating to amounts paid or owed to any entity or individual because of the laboratory-billing scheme at PCMH, including agreements setting forth amounts owed and reconciliations of amounts owed and paid.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

38. **REQUEST NO. 38:** All documents relating to the payment by any defendant of

anything of value to providers, including indirectly (*e.g.*, through sales personnel or independent contractors).

**Answer:** Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

39. **REQUEST NO. 39:** All documents provided to or received from the Missouri State Auditor, the Missouri Attorney General, or any other public regulatory, investigative, or law enforcement agency.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

40. **REQUEST NO. 40:** All documents discussing or responding to Plaintiffs' investigation of the laboratory-billing scheme.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant responds

by stating that other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

41.     **REQUEST NO. 41:** All documents relating to any public statement, press release, or interview regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant responds by stating that other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in its possession, custody and control, responsive to this request.

42.     **REQUEST NO. 42:** All documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein).

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing/payments in its possession, custody and control, responsive to this request.

43.     **REQUEST NO. 43:** All documents related to proposals and revenue projections

for services that were billed through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such projections in its possession, custody and control, responsive to this request.

44. **REQUEST NO. 44:** All documents related to the dissolution or closure of any defendant.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such dissolution or closure in its possession, custody and control, responsive to this request.

45. **REQUEST NO. 45:** All documents related to any travel that you or your employees made to PCMH or to meet with any of the defendants regarding PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The request appears to seek voluminous amounts of documents, of any travel of numerous persons, at any time, for any purpose, and without restriction. In any event, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such travel in its possession, custody and control, responsive to this request.

46. **REQUEST NO. 46:** All documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

47. **REQUEST NO. 47:** All documents related to the termination of contracts, agreements, or relationships with any of the defendants.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

48. **REQUEST NO. 48:** All documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all deposition transcripts.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant

business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

49. **REQUEST NO. 49:** All documents relating to business or managerial changes that you have made since learning of concerns about the billing arrangement for laboratory services at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

50. **REQUEST NO. 50:** All documents related to the return of money that you received as a result of laboratory tests that were billed through PCMH since January 1, 2016.

**Answer:** Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

51. **REQUEST NO. 51:** All transcripts, notes, recordings, statements, or summaries related to interviews of any defendant's employees related to laboratory tests billed through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its

possession, custody and control, responsive to this request.

52.   **REQUEST NO. 52:** All documents related to monies, wire transfers, or payments received from PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:**   This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

53.   **REQUEST NO. 53:** All documents related to monies, wire transfers, or payments received from or sent to any defendant related to PCMH since January 1, 2016, with supporting documentation therefor.

**Answer:**   This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

54.   **REQUEST NO. 54:** Documents sufficient to show the details from January 1, 2016 to the present of all transactions (including receipts, deposits, payments, transfers, withdrawals, purchases, credit-card transactions, etc.) in any accounts under Your control at

financial institutions that received funds from PCMH, directly or indirectly. The details shall include periodic statement issued for any such account, the identity of the financial organization, the account number, the name and address of the account holder, and (for each transaction), the date of the transaction, the amount of money involved, the type of transaction, the resulting balance of the account, the identity of every individual or organization that was a party to the transaction, copies or images of any checks, deposit detail, and wire-transfer details.

**Answer:**  This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

55.    **REQUEST NO. 55:** All documents used to, or that could be used to, reconcile the claims submitted to Plaintiffs with the amounts paid by Plaintiffs.

**Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

56.    **REQUEST NO. 56:** All current financial statements and documents showing Your current assets.

**Answer:**  This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals,

which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests and as to EMPOWER H.I.S., LLC, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

57.     **REQUEST NO. 57:** All documents related to the current location of any funds that you received from laboratory tests that were billed through PCMH since January 1, 2016, or any real or personal property purchased with that money with a value in excess of $20,000.

**Answer:**  This Defendant objects to the extent the request would otherwise seek its private financial information or the financial information of its underlying individuals, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests and as to EMPOWER H.I.S., LLC, Defendant has no relevant business records (and would have no non-business records) as to such letters in its possession, custody and control, responsive to this request.

58.     **REQUEST NO. 58:** All documents related to insurance policies that may provide a defense or indemnity, including the policies, declaration pages, limits, and any documents related to tenders, coverage denials, or reservations of rights.

**Answer:**  Defendant does not have any relevant business records (and would have no non-business records) in its possession, custody and control, responsive to this request.

Dated: February 15, 2019.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By: */s/ Lauren A. Horsman*
Lauren A. Horsman – Mo Bar No. 60982

903 Jackson – P.O. Box 228
Chillicothe, MO 64601
Telephone: 660-646-0627
Telefax: 660-646-1105
E-mail: lhorsman@ccttlaw.com
*ATTORNEY FOR DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID
BYRNS and JORGE PEREZ*


FMS LAWYER PL
By: */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
*ATTORNEY FOR DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID
BYRNS and JORGE PEREZ*
*Admitted Pro Hac Vice*

# Exhibit Q

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS INC., *et al*., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**DEFENDANT JORGE PEREZ'S AMENDED RESPONSE TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION**

In accordance with Fed. R. Civ. P. 26(b)(1) and 34, and the Local Rules for the Western

District of Missouri, Defendant JORGE PEREZ, ("Defendant") by and through his undersigned

counsel, hereby responds to Plaintiff's First Set of Requests for Production, in accordance with

the above-mentioned Rules.

**GENERAL PARAMETERS**

1.      Defendant will not produce information that may arguably be protected from

discovery under the attorney-client privilege, the work-product doctrine or any other applicable

privilege.  Defendant will also not reproduce settlement correspondence between counsel in any

other actions, whether or not Plaintiffs are/were involved.

2.      To the extent Defendant inadvertently discloses information that may arguably be

protected from discovery under the attorney-client privilege, the work-product doctrine or any

other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such

privilege.

3.      Defendant will not reproduce information, which is attached to the pleadings and

papers on file in this matter, is already in the possession of Plaintiffs or parties under the control of Plaintiffs, including without limitation any Fed. R. Civ. P. 26 disclosures.

4.      Defendant will not respond beyond the obligations imposed by the Fed. R. Civ. P. 34, and will not admit any pure legal conclusions.

5.      Defendant will not reproduce information beyond a "reasonable" time frame, where no time frame is proposed.

6.      Defendant will not reproduce information which is in the public records or public domain, and which is not otherwise (except as copies of the public records or public domain) in the files of Defendant.

7.      Defendant reserves the right to supplement, correct or otherwise modify, his responses as new facts are ascertained in the course of any further discovery or as unclear facts become clear.

8.      Defendant's provision of any information in response to Plaintiff's First Set of Requests for Production is not a concession as to the admissibility of such information or document.  Defendant reserves all objections as to admissibility.

9.      Defendant has reviewed any proposed instructions, but will only adhere to same, to the extent the instructions are not in conflict with the applicable Rules.

10.     As separately noted below in response to the individual requests, Defendant objects to the use of the terminology "laboratory-billing scheme;" as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH. In each case so as to achieve compliance with this Court's Order [D.E. #171], Defendant has provided documents responsive the requests as if the request referenced "laboratory billing at PCMH."

11.     Subject to the above General Parameters, Defendant responds to the Plaintiff's

First Set of Requests for Production, as follows:

## AMENDED RESPONSES TO REQUESTS FOR PRODUCTION

1.      **REQUEST NO. 1**: All documents sent to or received from PCMH regarding the laboratory-billing scheme at PCMH.

> **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in his possession, custody and control, responsive to this request.

2.      **REQUEST NO. 2:** All documents sent to or received from any defendant regarding the laboratory billing scheme at PCMH.

> **Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in his possession, custody and control, responsive to this request.

3.     **REQUEST NO. 3:** All documents sent to or received from any person or entity other than your counsel regarding the laboratory-billing scheme at PCMH.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in his possession, custody and control, responsive to this request.

4.     **REQUEST NO. 4:** All documents sent to or received from any person other than your counsel regarding the use of PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes.

**Answer:**  Defendant partially objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the request seeks documents referencing PCMH's NPI, TIN, name, or other identifier for billing or claim submission purposes, which would appear to potentially, be all medical and billing records of PCMH.     Notwithstanding the objection, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH billing in his possession, custody and control, responsive to this request.

5.    **REQUEST NO. 5:** All documents related to the use of any hospital's NPI, TIN, name, or other identifier to secure higher reimbursement for laboratory tests.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Notwithstanding the objection the request, as the request is understood, Defendant has no responsive documents in his possession, custody and control.

6.    **REQUEST NO. 6:** All documents sent to or received from any person or entity other than your counsel regarding billing for laboratory tests through a hospital where (a) the hospital does not (or did not) perform all of the tests billed; or (b) the tests were for individuals who were neither inpatients nor outpatients of the hospital or who were not under the medical supervision of hospital-credentialed healthcare providers.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  Defendant further objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, and

inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to PCMH laboratory billing in his possession, custody and control, responsive to this request.

7. **REQUEST NO. 7:** All documents addressing, discussing, describing, or analyzing the Contract.

**Answer:**  As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests (wherein the contract is at least impliedly referenced), Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

8. **REQUEST NO. 8:** All contracts or agreements with PCMH or the defendants related to the laboratory-billing scheme at PCMH.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in his possession, custody and control, responsive to this request.

9. **REQUEST NO. 9:** Any other contracts or agreements with any entity or

individual related to the laboratory-billing scheme at PCMH.

    **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such PCMH laboratory billing in his possession, custody and control, responsive to this request.

    10.    **REQUEST NO. 10:** All documents relating to your relationship with Defendant Hospital Laboratory Partners, LLC.

    **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request. Note, Defendant was not a record-custodian for this entity and maintained no separate email account, therefor.

    11.    **REQUEST NO. 11:** All documents related to indemnity agreements or provisions with any party to this litigation or with PCMH.

    **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request. Defendant notes that Plaintiffs have been provided

the contracts regarding PCMH, the PCMH Board and Putnam County, and further notes
that PCMH would have its contracts with the other Defendants.

12.     **REQUEST NO. 12:** All documents related to the operability or inoperability of
the PCMH Lab and its equipment since January 1, 2016, including records of the purchase, lease,
or other acquisition of all laboratory equipment, as well as records of any periods of inoperability
for any laboratory equipment.

> **Answer:**    As this request is understood, other than what Defendant has produced
> contemporaneously herewith in response to the other requests, Defendant has no relevant
> business records (and would have no non-business records) in his possession, custody
> and control, responsive to this request.

13.     **REQUEST NO. 13:** All documents relating to the capabilities of the laboratory
equipment at the PCMH Lab from January 1, 2016 to the present.

> **Answer:**    As this request is understood, other than what Defendant has produced
> contemporaneously herewith in response to the other requests, Defendant has no relevant
> business records (and would have no non-business records) in his possession, custody
> and control, responsive to this request.

14.     **REQUEST NO. 14:** All documents related to the claims for laboratory tests that
were billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1,
2016.

> **Answer:**    As this request is understood, other than what Defendant has produced
> contemporaneously herewith in response to the other requests, Defendant has no relevant
> business records (and would have no non-business records) as to such laboratory tests in
> his possession, custody and control, responsive to this request.

15.     **REQUEST NO. 15:** All documents that You contend establish the propriety of the claims for laboratory tests billed to Plaintiffs through PCMH or using any of PCMH's identifiers since January 1, 2016.

>   **Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

16.     **REQUEST NO. 16:** All documents related to the provision of laboratory tests that were billed to Plaintiffs through PCMH, including treatment notes, test order forms (*i.e.*, requisitions), test results, and transmittal of test results to ordering providers.

>   **Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

17.     **REQUEST NO. 17:** All documents related to the provision of laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

>   **Answer:**   Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise

protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

18.    **REQUEST NO. 18:** All documents related to the billing of claims for laboratory tests that (a) PCMH did not perform; or (b) were for individuals who were neither inpatients nor outpatients of PCMH or were not under the medical supervision of PCMH-credentialed providers.

**Answer:**    Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

19.    **REQUEST NO. 19:** All documents used to market or promote the use of hospitals to bill for laboratory tests that (a) were not performed by the hospitals billing the claims; or (b) were for individuals who were neither inpatients nor outpatients of the hospitals billing the claims or who were not under the medical supervision of providers credentialed by the

hospitals.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence as this request appears to be another way of seeking information alleged to be connected to a "laboratory-billing scheme at PCMH;" the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

20. **REQUEST NO. 20:** All documents used to market or promote the laboratory-billing scheme to providers, laboratories, or any other party.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

21. **REQUEST NO. 21:** All documents related to the generation or acquisition of patient specimens for laboratory tests billed to Plaintiffs through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

22. **REQUEST NO. 22:** All communications with any provider who ordered laboratory tests that were billed to Plaintiffs through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

23. **REQUEST NO. 23:** All documents relating to the shipment of any specimens taken from Plaintiffs' members, where the testing of such specimens was billed to Plaintiffs through PCMH or using PCMH's identifiers.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory specimens in his possession, custody and control, responsive to this request.

24. **REQUEST NO. 24:** Documents sufficient to identify, for the laboratory tests billed by PCMH to Plaintiffs, where each such test was ordered from, where it was performed, who reported the results to the ordering provider, and who billed it.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing

in his possession, custody and control, responsive to this request.

25. **REQUEST NO. 25:** All documents sent to or received from any defendant, laboratory, or provider relating to the use of online Internet portals to transmit information about the laboratory tests at issue to anyone.

> **Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. This request could very well be asking for any information related to any lab business anywhere in the world. As pertains to this matter and PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

26. **REQUEST NO. 26:** Any assignment of benefits received from Plaintiffs' members for the laboratory tests at issue.

> **Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory tests in his possession, custody and control, responsive to this request.

27. **REQUEST NO. 27:** All documents reflecting billing policies and procedures relevant to the laboratory-billing scheme at PCMH from January 1, 2016 to the present.

> **Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues,

including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

28.    **REQUEST NO. 28:** All documents related to directives regarding laboratory billings at PCMH.

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

29.    **REQUEST NO. 29:** All documents addressing, discussing, describing, or analyzing what an outreach laboratory is or does.

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory in his possession, custody and control, responsive to this request. Defendant would further direct Plaintiffs to the applicable State and Federal Laws, Codes and Rules.

30.    **REQUEST NO. 30:** All documents related to why the laboratory tests at issue were billed through PCMH rather than any by any other hospital or laboratory.

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant

business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

31.    **REQUEST NO. 31:** All documents related to defendants' efforts to collect copays or coinsurance obligations from Plaintiffs' members.

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such collections in his possession, custody and control, responsive to this request.

32.    **REQUEST NO. 32:** All documents related to any criticism of, or questioning of the legality of, the laboratory-billing scheme at PCMH.

**Answer:**    Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

33.    **REQUEST NO. 33:** All documents relating to any questions or concerns from any provider, member, or payor regarding why claims for laboratory tests were billed through PCMH, or why the questioning the propriety of amounts billed or owed.

**Answer:**    As this request is understood, other than what Defendant has produced

contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

34.    **REQUEST NO. 34:** All documents related to the employment, supervision, and termination of phlebotomists (as referenced in the Missouri Auditor's reports).

**Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such phlebotomists in his possession, custody and control, responsive to this request.

35.    **REQUEST NO. 35:** All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation.

**Answer:** Defendant objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  Further, Defendant objects to this request as it appears to seek attorney client privileged information and asserting such "defense" may require a waiver of such privilege. At this time, Defendant does not "know" what defenses will ultimately be applicable.  However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, and without waiving the applicable privilege at this time, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant does not

believe he has any relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

36.    **REQUEST NO. 36:** All documents related to any defendants' efforts to conceal or explain the laboratory-billing scheme.

**Answer:**  Defendant does not have any relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

37.    **REQUEST NO. 37:** All documents related to the receipt of payment from Plaintiffs for the laboratory-billing scheme.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory.  However,  inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

38.    **REQUEST NO. 38:** All documents relating to amounts paid or owed to any entity or individual because of the laboratory-billing scheme at PCMH, including agreements setting forth amounts owed and reconciliations of amounts owed and paid.

**Answer:**  Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues,

including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant has produced contemporaneously herewith all relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

39.     **REQUEST NO. 39:** All documents relating to the payment by any defendant of anything of value to providers, including indirectly (*e.g.*, through sales personnel or independent contractors).

**Answer:**  Defendant does not have any relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

40.     **REQUEST NO. 40:** All documents provided to or received from the Missouri State Auditor, the Missouri Attorney General, or any other public regulatory, investigative, or law enforcement agency.

**Answer:**  Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

41.     **REQUEST NO. 41:** All documents discussing or responding to Plaintiffs'

investigation of the laboratory-billing scheme.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant responds by stating that other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

42.     **REQUEST NO. 42:** All documents relating to any public statement, press release, or interview regarding the laboratory-billing scheme at PCMH.

**Answer:** Defendant partially objects to this request as vague, overly broad, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; the reference to a "scheme" creates many issues, including potential individual rights to raise protection of the Fifth Amendment Privilege, and is certainly inflammatory. However, inasmuch as this Defendant is unaware of any wrongdoing or "scheme" as pertains to laboratory billing at PCMH, Defendant responds by stating that other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing in his possession, custody and control, responsive to this request.

43. **REQUEST NO. 43:** All documents tabulating amounts billed or received by PCMH for laboratory tests since January 1, 2016 (or any length of time therein).

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such laboratory billing/payments in his possession, custody and control, responsive to this request.

44. **REQUEST NO. 44:** All documents related to proposals and revenue projections for services that were billed through PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such projections in his possession, custody and control, responsive to this request.

45. **REQUEST NO. 45:** All documents related to the dissolution or closure of any defendant.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such dissolution or closure in his possession, custody and control, responsive to this request.

46. **REQUEST NO. 46:** All documents related to any travel that you or your employees made to PCMH or to meet with any of the defendants regarding PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The request appears to seek voluminous

amounts of documents, of any travel of numerous persons, at any time, for any purpose, and without restriction. In any event, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such travel in his possession, custody and control, responsive to this request.

47. **REQUEST NO. 47:** All documents related to demand or cease-and-desist letters sent to or received from any defendant, individual, or entity related to PCMH.

**Answer:** As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

48. **REQUEST NO. 48:** All documents related to the termination of contracts, agreements, or relationships with any of the defendants.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

49. **REQUEST NO. 49:** All documents related to litigation with any of the defendants, including all documents produced and received in discovery, all pleadings, and all

deposition transcripts.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

50.     **REQUEST NO. 50:** All documents relating to business or managerial changes that you have made since learning of concerns about the billing arrangement for laboratory services at PCMH.

**Answer:** Defendant objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request seeks information related to hospitals other than PCMH. Subject to the objection/restriction to PCMH, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

51.     **REQUEST NO. 51:** All documents related to the return of money that you received as a result of laboratory tests that were billed through PCMH since January 1, 2016.

**Answer:** Defendant does not have any relevant business records (and would have no

non-business records) in his possession, custody and control, responsive to this request.

52.    **REQUEST NO. 52:** All transcripts, notes, recordings, statements, or summaries related to interviews of any defendant's employees related to laboratory tests billed through PCMH.

> **Answer:**    As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

53.    **REQUEST NO. 53:** All documents related to monies, wire transfers, or payments received from PCMH since January 1, 2016, with supporting documentation therefor.

> **Answer:**    This Defendant objects to the extent the request would otherwise seek his private individual financial information, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

54.    **REQUEST NO. 54:** All documents related to monies, wire transfers, or payments received from or sent to any defendant related to PCMH since January 1, 2016, with supporting documentation therefor.

> **Answer:**    This Defendant objects to the extent the request would otherwise seek his private individual financial information, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests,

Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

55.     **REQUEST NO. 55:** Documents sufficient to show the details from January 1, 2016 to the present of all transactions (including receipts, deposits, payments, transfers, withdrawals, purchases, credit-card transactions, etc.) in any accounts under Your control at financial institutions that received funds from PCMH, directly or indirectly. The details shall include periodic statement issued for any such account, the identity of the financial organization, the account number, the name and address of the account holder, and (for each transaction), the date of the transaction, the amount of money involved, the type of transaction, the resulting balance of the account, the identity of every individual or organization that was a party to the transaction, copies or images of any checks, deposit detail, and wire-transfer details.

> **Answer:**   This Defendant objects to the extent the request would otherwise seek his private individual financial information, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

56.     **REQUEST NO. 56:** All documents used to, or that could be used to, reconcile the claims submitted to Plaintiffs with the amounts paid by Plaintiffs.

> **Answer:**   As this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests, Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

57. **REQUEST NO. 57:** All current financial statements and documents showing Your current assets.

> **Answer:** This Defendant objects to the extent the request would otherwise seek his private individual financial information, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests and as to EMPOWER H.I.S., LLC and HOSPITAL PARTNERS, INC., Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

58. **REQUEST NO. 58:** All documents related to the current location of any funds that you received from laboratory tests that were billed through PCMH since January 1, 2016, or any real or personal property purchased with that money with a value in excess of $20,000.

> **Answer:** This Defendant objects to the extent the request would otherwise seek his private individual financial information, which is not discoverable at this time. Otherwise, subject to the stated objection, as this request is understood, other than what Defendant has produced contemporaneously herewith in response to the other requests and as to EMPOWER H.I.S., LLC and HOSPITAL PARTNERS, INC., Defendant has no relevant business records (and would have no non-business records) as to such letters in his possession, custody and control, responsive to this request.

59. **REQUEST NO. 59:** All documents related to insurance policies that may provide a defense or indemnity, including the policies, declaration pages, limits, and any documents related to tenders, coverage denials, or reservations of rights.

**Answer:** Defendant does not have any relevant business records (and would have no non-business records) in his possession, custody and control, responsive to this request.

Dated: February 15, 2019.

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By: */s/ Lauren A. Horsman*
Lauren A. Horsman – Mo Bar No. 60982
903 Jackson – P.O. Box 228
Chillicothe, MO 64601
Telephone: 660-646-0627
Telefax: 660-646-1105
E-mail: lhorsman@ccttlaw.com
*ATTORNEY FOR DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID
BYRNS and JORGE PEREZ*


FMS LAWYER PL
By: */s/ Frank Smith*
Frank Smith – FL Bar No. 069681
9900 Stirling Road, Suite 226
Cooper City, FL 33024
Telephone: 954-985-1400
Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
*ATTORNEY FOR DEFENDANTS HOSPITAL
PARTNERS, INC., EMPOWER H.I.S., LLC, DAVID
BYRNS and JORGE PEREZ*
*Admitted Pro Hac Vice*

# Exhibit R

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## (ST. JOSEPH DIVISION)

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO.:

5:18-cv-06037-DGK

## **DEFENDANT EMPOWER H.I.S. LLC'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

In accordance with Fed. R. Civ. P. 26(b)(1) and 33, and the Local Rules for the Western District of Missouri, Defendant EMPOWER H.I.S. LLC, ("Defendant"). by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories, in accordance with the above-mentioned Rules.

## **AMENDED RESPONSES TO INTERROGATORIES**

1.    INTERROGATORY NO. 1: How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through PCMH, and how was that amount calculated?

**RESPONSE:**  Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH.  Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has separately provided all of the relevant financial documents showing all amounts received by Defendant from PCMH.

2.      INTERROGATORY NO. 2: Where is the money that you received for laboratory tests that were billed through PCMH after January 1, 2016?

**RESPONSE:**  Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH.  Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which it received would have been generally "spent."

3.      INTERROGATORY NO. 3: Have you returned any of the money that you received for services that were billed through PCMH? If not, please explain why you have not returned the money.

**RESPONSE:**  Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH.  Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which it received would have been generally "spent."  Defendant is further unaware of any basis to return any funds to PCMH by any party.

4.      INTERROGATORY NO. 4: Do you claim that the laboratory-billing arrangement at PCMH was proper? If yes, please explain why.

**RESPONSE:**  Yes, because Defendant is unaware of any improper billing arrangement at PCMH.

5.      INTERROGATORY NO. 5: Have you or any of your employees ever suggested

to anyone (excluding your attorneys) that the billing arrangement for laboratory services at PCMH was improper, illegal, or impermissible? If yes, please explain.

**RESPONSE:** No, because Defendant is unaware of any improper billing arrangement at PCMH.

6. INTERROGATORY NO. 6: Do you intend to keep all of the money that you received for laboratory services that were billed through PCMH?

**RESPONSE:** Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH. Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which it received would have been generally "spent." Defendant is further unaware of any basis to return any funds to PCMH by any party.

7. INTERROGATORY NO. 7: Why were the laboratory tests billed to Plaintiffs through PCMH or using PCMH-related identifiers?

**RESPONSE:** Defendant does not have any individual understanding of "why" the PCMH laboratory tests were billed to Plaintiffs through PCMH or using PCMH-related identifiers, except that PCMH could only bill using PCMH-related identifiers, noting that PCMH could not bill using another entities identifier. Defendant further suggests that only PCMH can answer why they did, what they did.

8. INTERROGATORY NO. 8: Identify every person who participated in the laboratory-billing arrangement and define the role that each played.

**RESPONSE:**

**Jorge Perez** – One of the owners of Hospital Partners Inc. and Empower HIS, LLC

**David Byrns** - One of the owners of Hospital Partners Inc. and was the CEO of Putnam County Memorial Hospital.

**Hospital Partners, Inc**. – Allegedly managed Putnam County Memorial Hospital for the Putnam County Memorial Hospital Board, and also allegedly had a lease.

**Empower H.I.S., LLC** – Did billing for Putnam County Memorial Hospital.

**Putnam County Memorial Hospital** – The Hospital.

**Putnam County Memorial Hospital Board** – Decision-making authority for the Hospital.

**Howard Luscan** – Chairman for the Putnam County Memorial Hospital Board.

**Gayle Pickens** – In charge of financial decision-making authority at the Hospital

**Hospital Laboratory Partners, LLC** - James F. Porter, Jr. –Laboratory Manager.

**LifeBrite Laboratories, LLC - Christian Fletcher** – Laboratory.

**RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services - James F. Porter, Jr.** – Lead Laboratory.

**Labmed Services, LLC** – Laboratory.

**SeroDynamics, LLC** - Beau Gertz – Laboratory.

**Lucenta Labs** – Laboratory.

**Mark Blake** – Laboratory.

**Putnam County** – In charge of the Putnam County Memorial Hospital Board.

**State of Missouri** – Adopted CMS rules for Missouri.

**CMS** – Set rules to allow reference laboratory billing for Putnam County Memorial Hospital.

9.    INTERROGATORY NO. 9: Who initially proposed or suggested that you bill laboratory tests through PCMH even though PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers?

> **RESPONSE:** Defendant did bill laboratory tests for PCMH, but notes that EMPOWER H.I.S., LLC did the billing under the direction of PCMH. Defendant does not know who first suggested that PCMH bills lab tests. Defendant is unaware of any laboratory tests through PCMH where PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers.

10.    INTERROGATORY NO. 10: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.

> **RESPONSE:** EMPOWER H.I.S., LLC provides limited billing services to Christian Fletcher and his related labs, unrelated to PCMH.

11.    INTERROGATORY NO. 11: When and how were the pass-through labs, as defined in the Third Amended Complaint, made aware that their services would be or were being billed through PCMH?

> **RESPONSE:** Defendant does not know when or how such labs became aware of PCMH, but presume that they became aware when they contracted with PCMH.

12.    INTERROGATORY NO. 12: Are you currently participating in any other laboratory-billing arrangement like the one at PCMH?

> **RESPONSE:** No.

## STATEMENT IDENTIFYING STEPS
## TO PRESERVE DISCOVERABLE INFORMATION

13.     EMPOWER H.I.S., LLC, pursuant to the Court's Order of February 1, 2019, hereby acknowledges that upon becoming aware of this case, it did ensure that all of the emails under its domain (www.empowerhis.com) (and also www.medxgroup.com) and documents which were otherwise related to Putnam County Memorial Hospital, continued to be maintained in the ordinary course, and that no such emails and documents were deleted or otherwise subject to disposal. Virtually all of such documents were and are stored electronically, and are preserved "in the cloud;" and will continue to be preserved as such.

## SWORN VERIFICATION

STATE OF _Florida_ )

COUNTY OF _Miami-Dade_ ) ss.

      JORGE PEREZ as Manager of EMPOWER H.I.S. LLC, the person signing these answers

to interrogatories, being duly sworn on oath states that he has read the foregoing Amended

Responses to **PLAINTIFF'S FIRST SET OF INTERROGATORIES**, and the answers given

are true and complete to the bést of JORGE PEREZ's information and belief as Manager of

EMPOWER H.I.S. LLC.

                                     _____

                                     JORGE PEREZ

                                     as Manager of EMPOWER H.I.S. LLC

      The foregoing sworn verification to the Amended Response to **PLAINTIFF'S FIRST**

**SET OF INTERROGATORIES** were subscribed and sworn to by JORGE PEREZ as Manager

of EMPOWER H.I.S. LLC, before me, a Notary Public, this 15th day of February 2019.

                                     _____

                                     Notary Public

My Commission Expires:

_6/21/2021_

Notary Public State of Florida
Ernesto O Fesser
My Commission GG 117675
Expires 06/21/2021

Page 7 of 7

# Exhibit S

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(ST. JOSEPH DIVISION)**

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE INC., *et al.*,         ) <br> ) <br> ) <br> Plaintiffs,     ) <br> ) <br> v.                       ) <br> ) <br> HOSPITAL PARTNERS INC., *et al.*,   ) <br> ) <br> Defendants.    ) <br> ——————————————————— ) | CIVIL ACTION NO.: <br><br> 5:18-cv-06037-DGK |

<u>**DEFENDANT HOSPITAL PARTNERS INC.'S AMENDED RESPONSES TO**</u>
<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>

In accordance with Fed. R. Civ. P. 26(b)(1) and 33, and the Local Rules for the Western District of Missouri, Defendant HOSPITAL PARTNERS, INC., ("Defendant"). by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories, in accordance with the above-mentioned Rules.

<u>**AMENDED RESPONSES TO INTERROGATORIES**</u>

1.     INTERROGATORY NO. 1: How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through PCMH, and how was that amount calculated?

**<u>RESPONSE:</u>**  Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH. Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has separately provided all of the relevant financial documents showing all amounts received by Defendant from PCMH.

2. INTERROGATORY NO. 2: Where is the money that you received for laboratory tests that were billed through PCMH after January 1, 2016?

**RESPONSE:** Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH. Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which it received would have been generally "spent" or "distributed."

3. INTERROGATORY NO. 3: Have you returned any of the money that you received for services that were billed through PCMH? If not, please explain why you have not returned the money.

**RESPONSE:** Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH. Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which it received would have been generally "spent." Defendant is further unaware of any basis to return any funds to PCMH by any party.

4. INTERROGATORY NO. 4: Do you claim that the laboratory-billing arrangement at PCMH was proper? If yes, please explain why.

**RESPONSE:** Yes, because Defendant is unaware of any improper billing arrangement at PCMH.

5. INTERROGATORY NO. 5: Have you or any of your employees ever suggested

to anyone (excluding your attorneys) that the billing arrangement for laboratory services at PCMH was improper, illegal, or impermissible? If yes, please explain.

**RESPONSE:** No, because Defendant is unaware of any improper billing arrangement at PCMH.

6. INTERROGATORY NO. 6: Do you intend to keep all of the money that you received for laboratory services that were billed through PCMH?

**RESPONSE:** Defendant is unaware of any amounts that it would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH. Defendant would have no actual knowledge of the "source" of any paid funds it received, except that they came from the general accounts of PCMH. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which it received would have been generally "spent." Defendant is further unaware of any basis to return any funds to PCMH by any party.

7. INTERROGATORY NO. 7: Why were the laboratory tests billed to Plaintiffs through PCMH or using PCMH-related identifiers?

**RESPONSE:** Defendant does not have any individual understanding of "why" the PCMH laboratory tests were billed to Plaintiffs through PCMH or using PCMH-related identifiers, except that PCMH could only bill using PCMH-related identifiers, noting that PCMH could not bill using another entities identifier. Defendant further suggests that only PCMH can answer why they did, what they did..

8. INTERROGATORY NO. 8: Identify every person who participated in the laboratory-billing arrangement and define the role that each played.

**RESPONSE:**

**Jorge Perez** – One of the owners of Hospital Partners Inc. and Empower HIS, LLC

**David Byrns** - One of the owners of Hospital Partners Inc. and was the CEO of Putnam County Memorial Hospital.

**Hospital Partners, Inc**. – Allegedly managed Putnam County Memorial Hospital for the Putnam County Memorial Hospital Board, and also allegedly had a lease.

**Empower H.I.S., LLC** – Did billing for Putnam County Memorial Hospital.

**Putnam County Memorial Hospital** – The Hospital.

**Putnam County Memorial Hospital Board** – Decision-making authority for the Hospital.

**Howard Luscan** – Chairman for the Putnam County Memorial Hospital Board.

**Gayle Pickens** – In charge of financial decision-making authority at the Hospital

**Hospital Laboratory Partners, LLC** - James F. Porter, Jr. –Laboratory Manager.

**LifeBrite Laboratories, LLC - Christian Fletcher** – Laboratory.

**RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services - James F. Porter, Jr.** – Lead Laboratory.

**Labmed Services, LLC** – Laboratory.

**SeroDynamics, LLC** - Beau Gertz – Laboratory.

**Lucenta Labs** – Laboratory.

**Mark Blake** – Laboratory.

**Putnam County** – In charge of the Putnam County Memorial Hospital Board.

**State of Missouri** – Adopted CMS rules for Missouri.

**CMS** – Set rules to allow reference laboratory billing for Putnam County Memorial Hospital.

9.     INTERROGATORY NO. 9: Who initially proposed or suggested that you bill laboratory tests through PCMH even though PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers?

> **RESPONSE:** Defendant did bill laboratory tests for PCMH, but notes that EMPOWER
> H.I.S., LLC did the billing under the direction of PCMH. Defendant does not know who
> first suggested that PCMH bills lab tests. Defendant is unaware of any laboratory tests
> through PCMH where PCMH did not perform all the tests, the members were not treated
> at PCMH, and the members were not under the care of PCMH-credentialed providers.

10.     INTERROGATORY NO. 10: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.

> **RESPONSE:** No.

11.     INTERROGATORY NO. 11: When and how were the pass-through labs, as defined in the Third Amended Complaint, made aware that their services would be or were being billed through PCMH?

> **RESPONSE:** Defendant does not know when or how such labs became aware of
> PCMH, but presume that they became aware when they contracted with PCMH.

12.     INTERROGATORY NO. 12: Are you currently participating in any other laboratory-billing arrangement like the one at PCMH?

> **RESPONSE:** No.

**STATEMENT IDENTIFYING STEPS
TO PRESERVE DISCOVERABLE INFORMATION**

13.     HOSPITAL PARTNERS, INC., pursuant to the Court's Order of February 1, 2019, hereby acknowledges that upon becoming aware of this case, it did ensure that all of the emails (noting it has no email domain) and documents which were otherwise related to Putnam County Memorial Hospital, continued to be maintained in the ordinary course, and that no such emails and documents were deleted or otherwise subject to disposal. Virtually all of such documents were and are stored electronically, and are preserved "in the cloud;" and will continue to be preserved as such.

## SWORN VERIFICATION

STATE OF _Florida_ )

COUNTY OF _Miami-Dade_ ) ss.

JORGE PEREZ as CEO of HOSPITAL PARTNERS, INC., the person signing these answers to interrogatories, being duly sworn on oath states that he has read the foregoing Amended Responses to **PLAINTIFF'S FIRST SET OF INTERROGATORIES**, and the answers given are true and complete to the best of JORGE PEREZ's information and belief as CEO of HOSPITAL PARTNERS, INC.

_____
JORGE PEREZ
as CEO of HOSPITAL PARTNERS, INC.

The foregoing sworn verification to the Amended Response to **PLAINTIFF'S FIRST SET OF INTERROGATORIES** were subscribed and sworn to by JORGE PEREZ as CEO of HOSPITAL PARTNERS, INC., before me, a Notary Public, this 19th day of February 2019.

_____
Notary Public

My Commission Expires:

_6/21/2021_

Notary Public State of Florida
Ernesto O Fesser
My Commission GG 117675
Expires 06/21/2021

# Exhibit T

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## (ST. JOSEPH DIVISION)

RIGHTCHOICE MANAGED CARE INC.,　　　)
*et al.*,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　CIVIL ACTION NO.:
　　　　　　　　　　　　Plaintiffs,　　　)
　　　　　　　　　　　　　　　　　　　)　　5:18-cv-06037-DGK
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
HOSPITAL PARTNERS INC., *et al.*,　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　)
_____)

## DEFENDANT JORGE PEREZ'S AMENDED RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Fed. R. Civ. P. 26(b)(1) and 33, and the Local Rules for the Western District of Missouri, Defendant JORGE PEREZ, ("Defendant"). by and through their undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories, in accordance with the above-mentioned Rules.

## AMENDED RESPONSES TO INTERROGATORIES

1.　　INTERROGATORY NO. 1: How much did you receive, whether directly or indirectly, as a result of laboratory tests that were billed through PCMH, and how was that amount calculated?

**RESPONSE:**　Defendant is unaware of any amounts that he would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that all such amounts would only come derivatively through a service provider, in this case HOSPITAL PARTNERS, INC. and EMPOWER H.I.S. LLC. Defendant would have no actual knowledge of the "source" of any paid funds he received individually, except that they came from the general accounts of PCMH through the general funds of

the service providers. As to any subject amounts, Defendant has separately provided all of the relevant financial documents from the service providers showing all amounts received by Defendant.

2.      INTERROGATORY NO. 2: Where is the money that you received for laboratory tests that were billed through PCMH after January 1, 2016?

**RESPONSE:**   Defendant is unaware of any amounts that he would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that derivatively through a service provider, in this case HOSPITAL PARTNERS, INC. and EMPOWER H.I.S. LLC. Defendant would have no actual knowledge of the "source" of any paid funds he received individually, except that they came from the general accounts of PCMH through the general funds of the service providers. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which he received would have been generally "spent."

3.      INTERROGATORY NO. 3: Have you returned any of the money that you received for services that were billed through PCMH? If not, please explain why you have not returned the money.

**RESPONSE:**   Defendant is unaware of any amounts that he would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that derivatively through a service provider, in this case HOSPITAL PARTNERS, INC. and EMPOWER H.I.S. LLC. Defendant would have no actual knowledge of the "source" of any paid funds he received individually, except that they came from the general accounts of PCMH through the general funds of the service providers. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all

monies which he received would have been generally "spent." Defendant is further unaware of any basis to return any funds to PCMH.

4. INTERROGATORY NO. 4: Do you claim that the laboratory-billing arrangement at PCMH was proper? If yes, please explain why.

**RESPONSE:** Yes, because Defendant is unaware of any improper billing arrangement at PCMH.

5. INTERROGATORY NO. 5: Have you or any of your employees ever suggested to anyone (excluding your attorneys) that the billing arrangement for laboratory services at PCMH was improper, illegal, or impermissible? If yes, please explain.

**RESPONSE:** No, because Defendant is unaware of any improper billing arrangement at PCMH.

6. INTERROGATORY NO. 6: Do you intend to keep all of the money that you received for laboratory services that were billed through PCMH?

**RESPONSE:** Defendant is unaware of any amounts that he would have received directly or indirectly, as a result of laboratory tests that were billed through PCMH, and notes that derivatively through a service provider, in this case HOSPITAL PARTNERS, INC. and EMPOWER H.I.S. LLC. Defendant would have no actual knowledge of the "source" of any paid funds he received individually, except that they came from the general accounts of PCMH through the general funds of the service providers. As to any subject amounts, Defendant has no basis to answer this interrogatory except to state all monies which he received would have been generally "spent." Defendant is further unaware of any basis to return any funds to PCMH.

7. INTERROGATORY NO. 7: Why were the laboratory tests billed to Plaintiffs

through PCMH or using PCMH-related identifiers?

>**RESPONSE:** Defendant does not have any individual understanding of "why" the PCMH laboratory tests were billed to Plaintiffs through PCMH or using PCMH-related identifiers, except that PCMH could only bill using PCMH-related identifiers, noting that PCMH could not bill using another entities identifier. Defendant further suggests that only PCMH can answer why they did, what they did.

8.    INTERROGATORY NO. 8: Identify every person who participated in the laboratory-billing arrangement and define the role that each played.

>**RESPONSE:**

>**Jorge Perez** – One of the owners of Hospital Partners Inc. and Empower HIS, LLC

>**David Byrns**  - One of the owners of Hospital Partners Inc. and was the CEO of Putnam County Memorial Hospital.

>**Hospital Partners, Inc.** – Allegedly managed Putnam County Memorial Hospital for the Putnam County Memorial Hospital Board, and also allegedly had a lease.

>**Empower H.I.S., LLC** – Did billing for Putnam County Memorial Hospital.

>**Putnam County Memorial Hospital** – The Hospital.

>**Putnam County Memorial Hospital Board** – Decision-making authority for the Hospital.

>**Howard Luscan** – Chairman for the Putnam County Memorial Hospital Board.

>**Gayle Pickens** – In charge of financial decision-making authority at the Hospital

>**Hospital Laboratory Partners, LLC** - James F. Porter, Jr. –Laboratory Manager.

>**LifeBrite Laboratories, LLC - Christian Fletcher** – Laboratory.

**RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services - James F. Porter, Jr.** – Lead Laboratory.

**Labmed Services, LLC** – Laboratory.

**SeroDynamics, LLC** - Beau Gertz – Laboratory.

**Lucenta Labs** – Laboratory.

**Mark Blake** – Laboratory.

**Putnam County** – In charge of the Putnam County Memorial Hospital Board.

**State of Missouri** – Adopted CMS rules for Missouri.

**CMS** – Set rules to allow reference laboratory billing for Putnam County Memorial Hospital.

9.      INTERROGATORY NO. 9: Who initially proposed or suggested that you bill laboratory tests through PCMH even though PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers?

**RESPONSE:**  Defendant did not bill any laboratory tests for PCMH, but notes that EMPOWER H.I.S., LLC did the billing under the direction of PCMH. Defendant does not know who first suggested that PCMH bills lab tests. Defendant is unaware of any laboratory tests through PCMH where PCMH did not perform all the tests, the members were not treated at PCMH, and the members were not under the care of PCMH-credentialed providers.

10.      INTERROGATORY NO. 10: Do you still do business with any of the defendants? If not, please explain why. If yes, please describe your current relationship with each such defendant.

**RESPONSE:** EMPOWER H.I.S., LLC provides limited billing services to Christian Fletcher and his related labs, unrelated to PCMH.

11. **INTERROGATORY NO. 11:** When and how were the pass-through labs, as defined in the Third Amended Complaint, made aware that their services would be or were being billed through PCMH?

**RESPONSE:** Defendant does not know when or how such labs became aware of PCMH, but presume that they became aware when they contracted with PCMH.

12. **INTERROGATORY NO. 12:** Are you currently participating in any other laboratory-billing arrangement like the one at PCMH?

## STATEMENT IDENTIFYING STEPS
## TO PRESERVE DISCOVERABLE INFORMATION

13. JORGE PEREZ, pursuant to the Court's Order of February 1, 2019, hereby acknowledges that upon becoming aware of this case, he did ensure that all of his emails and documents which were otherwise related to Putnam County Memorial Hospital, continued to be maintained in the ordinary course, and that no such emails and documents were deleted or otherwise subject to disposal. Virtually all of such documents were and are stored electronically, and are preserved "in the cloud;" and will continue to be preserved as such.

## SWORN VERIFICATION

STATE OF _Florida_ )
COUNTY OF _Miami-Dade_ ) ss.

JORGE PEREZ, the person signing these answers to interrogatories, being duly sworn on

oath states that he has read the foregoing Amended Responses to **PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES**, and the answers given are true and complete to the best of JORGE

PEREZ's, information and belief.



JORGE PEREZ

The foregoing sworn verification to the Amended Response to **PLAINTIFF'S FIRST**

**SET OF INTERROGATORIES** were subscribed and sworn to by JORGE PEREZ, before me,

a Notary Public, this _19th_ day of February 2019.

Notary Public

My Commission Expires:

_6/21/2021_

Notary Public State of Florida
Ernesto O Fesser
My Commission GG 117875
Expires 06/21/2021

Page 7 of 7

# Exhibit U

| | |
|---|---|
| **From:** | Pfeiffer, Jason W. |
| **To:** | RK Putnam |
| **Subject:** | FW: RightCHOICE Managed Care, Inc. et al v. Hospital Partner, Inc, et al |
| **Date:** | Saturday, May 18, 2019 8:24:44 AM |

**From:** Frank Smith <frank.smith@fmslawyer.com>
**Sent:** Saturday, May 18, 2019 6:55 AM
**To:** Moore, Nathaniel J. <NMoore@RobinsKaplan.com>; Pfeiffer, Jason W. <JPfeiffer@RobinsKaplan.com>
**Subject:** [EXTERNAL] Re: RightCHOICE Managed Care, Inc. et al v. Hospital Partner, Inc, et al

I believe the upload is still continuing. Please email me with any issues accessing the data.

Best regards,

Frank Smith, Esq.
FMS Lawyer PL
9900 Stirling Road, Suite 226
Cooper City, Florida 33024
Tel. 954-985-1400
Fax. 954-241-6947
frank.smith@fmslawyer.com
www.fmslawyer.com

On May 17, 2019, at 11:01 PM, Frank Smith <frank.smith@fmslawyer.com> wrote:

> Dear Nate and Jason:
>
> The following drop box link contains the materials being produced today for Defendants' Hospital Partners, Inc. Empower H.I.S., LLC, and Jorge Perez responses to the Requests for Production of Documents. The materials should all be denoted as "Confidential" at this time until Monday per my discussion with Nate. I will be in touch by Monday afternoon to address the re-designation of everything in the box.
>
> https://www.dropbox.com/sh/y1nlwkgt97fm3lq/AACjN1x5MIm4mJtkupCfggCOa?dl=0
>
> Note, the link is the same as previous as the client has indicated they added everything else they found pursuant to the Judge's order. Please call me if there are any problems with access.
>
> I understand the uploading process is ongoing as I send this and will keep you apprised of any problems.
>
> Best regards,

Frank Smith, Esq.

FMS Lawyer PL
9900 Stirling Road, Suite 226
Cooper City, Florida 33024
Tel.  954-985-1400
Fax. 954-241-6947
frank.smith@fmslawyer.com
www.fmslawyer.com

STATEMENT OF CONFIDENTIALITY AND PRIVILEGE AND TAX ADVICE
The information contained in this e-mail communication may be confidential and
privileged. It is intended only for the use of the individual or entity identified. If you
are not the intended recipient, please do not disseminate, distribute, or copy. Instead,
please notify us at 954-985-1400 and immediately delete this message.

Pursuant to Internal Revenue Service Circular 230, we are required to advise you that if
there is any tax advice contained in this email, it was neither written nor intended by
the sender or this firm to be used, and cannot be used, by the addressee, recipient, or
any taxpayer, for the purpose of avoiding penalties that may be imposed by or under
United States law, including but not limited to the Internal Revenue Code.

# Exhibit V

| From: | Ronald D. Marney |
|---|---|
| To: | Moore, Nathaniel J. |
| Cc: | Pfeiffer, Jason W.; Hansen, J. Haynes |
| Subject: | [EXTERNAL] Re: Putnam - Perez/Empower Production |
| Date: | Friday, June 21, 2019 5:26:31 PM |
| Attachments: | image003.png |

Nate nice to meet you. I have hired an e discovery group and I think they will get started early next week. You guys probably know better than I how long it takes to get this done but I will get an estimate when they see what they are looking at. It will be before the next hearing for sure because I don't want to take my toothbrush to court. Stand by and I will update you next week. Have a good weekend. Ron

Ronald D. Marney II
Shareholder
Sandberg Phoenix & von Gontard P.C.
4600 Madison Ave. Suite 1000
Kansas City, MO 64112
Direct: 816.627.5533

On Jun 21, 2019, at 8:58 AM, Moore, Nathaniel J. <NMoore@robinskaplan.com> wrote:

> Hi Ron,
>
> Nice to meet you (even briefly) in Atlanta.
>
> Do you have any update on when we can expect a production from your clients in Putnam?
>
> Thank you,
> Nate
>
> Nathaniel J. Moore
> <image003.png>
> Robins Kaplan LLP | 800 LaSalle Avenue | Suite 2800 | Minneapolis, MN 55402
> p 612 349 0646 | f 612 339 4181 | NMoore@RobinsKaplan.com | RobinsKaplan.com
>
> _____
>
> Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.
>
> If you are not the intended recipient, do not read, distribute, or reproduce this transmission.
>
> If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

# Exhibit W

**From:** Michael J. Rudd <mrudd@sandbergphoenix.com>
**Sent:** Tuesday, August 20, 2019 8:17 PM
**To:** Moore, Nathaniel J. <NMoore@RobinsKaplan.com>
**Cc:** Pfeiffer, Jason W. <JPfeiffer@RobinsKaplan.com>; Ronald D. Marney <rmarney@sandbergphoenix.com>; Meghan M. Sholy <msholy@sandbergphoenix.com>
**Subject:** RE: [EXTERNAL] Empower and Perez Documents [SPVG-LIB1.FID1739221]

Nate,

You are correct. The documents that will be produced on Monday will be the Dropbox data in a useable format and Bates stamped. There are responsive emails, financials, and other "operations documents" in that set that you will hopefully be able to view and search once the e-discovery vendor finishes their work.

We have recently obtained additional documents through the forensic team of our e-discovery vendor. Currently there are more than 600,000 documents that were sourced from that forensic collection. The e-discovery vendor is working to get the total number of documents refined to a manageable review set using search terms based on your requests for production. This is a very recent development and they have not been able to get me a count on the review set at this point. Once I have a count on the review set I will be able to give you an idea of when that supplementary production will be completed.



Michael Rudd
Associate
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
mrudd@sandbergphoenix.com
Tel: 816.627.5332 | Direct: 816.425.9699 | Fax: 816.627.5532
http://www.sandbergphoenix.com

CONFIDENTIALITY NOTICE: This e-mail message and any attachments are confidential, and may contain information that is privileged, attorney-client communication or work product. If you have received this communication in error, please immediately notify the sender at 314-231-3332 or by reply e-mail, and delete this e-mail message and any attachment(s) from your system.

**From:** Moore, Nathaniel J. [mailto:NMoore@RobinsKaplan.com]

**Sent:** Tuesday, August 20, 2019 7:55 PM
**To:** Michael J. Rudd
**Cc:** Pfeiffer, Jason W.; Ronald D. Marney; Meghan M. Sholy
**Subject:** Re: [EXTERNAL] Empower and Perez Documents [SPVG-LIB1.FID1739221]

Thanks, Michael. We appreciate the update.

Our understanding from our last call is that the forthcoming production will contain the documents previously uploaded to Dropbox by your predecessor counsel, but now in a useable format and Bates stamped. Is that right, or does this also contain the responsive emails, financials, and other "operations documents" from Empower that have yet to be produced?

Thank you,
Nate

On Aug 20, 2019, at 7:44 PM, Michael J. Rudd <mrudd@sandbergphoenix.com> wrote:

Nate,

Hope you are well. I am writing to provide you with an update on the documents coming from Empower and Perez. The e-discovery vendor is currently working to get those ready for production. They are telling me the documents will be ready to be produced on Monday. There is a chance they will be ready sooner. However, the processing power of the computer that gets those documents converted into text files and categorizes the meta-data so you can search through the document set seems to be the limiting factor. If there is any way I can get those to you sooner I will. Thanks.

<image001.jpg>

**Michael Rudd**
Associate
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
mrudd@sandbergphoenix.com
Tel: 816.627.5332 | Direct: 816.425.9699 | Fax: 816.627.5532
http://www.sandbergphoenix.com

CONFIDENTIALITY NOTICE: This e-mail message and any attachments are confidential, and may contain information that is privileged, attorney-client communication or work product. If you have received this communication in error, please immediately notify the sender at 314-231-3332 or by reply e-mail, and delete this e-mail message and any attachment(s) from your system.

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

---

# Exhibit X

1        IN THE UNITED STATES DISTRICT COURT

         WESTERN DISTRICT OF MISSOURI

2            ST. JOSEPH DIVISION

3    _____

4    RIGHTCHOICE MANAGED CARE, INC.,

5    et al.,

6         Plaintiffs,                    Civil Action

7    vs.                        No. 5:18-CV-06037-DGK

8    HOSPITAL PARTNERS, INC.; HOSPITAL

9    LABORATORY PARTNERS, LLC; EMPOWER

10   H.I.S. LLC; RAJ ENTERPRISES OF

11   CENTRAL FLORIDA, LLC d/b/a

12   PINNACLE LABORATORY SERVICES;

13   LABMED SERVICES, LLC; SERODYNAMICS,

14   LLC; DAVID BYRNS; JORGE PEREZ;

15   JAMES F. PORTER, JR.; BEAU GERTZ;

16   and MARK BLAKE,

17        Defendants.

18   _____

19

20     VIDEO RECORDED DEPOSITION OF EMPOWER H.I.S., LLC

21                  Miami, Florida

22            Tuesday, September 10, 2019

23

24   Reported by:  TRACEY S. LOCASTRO, RPR, FPR

25   Job Number:  167516

1

2

3

4

5           Tuesday, September 10, 2019

6           10:16 a.m.

7

8

9

10       Video recorded deposition of EMPOWER H.I.S.,

11     LLC, held at the offices of Regus Executive

12     Suites, 801 Brickell Avenue, Suite 900, Miami,

13     Florida, pursuant to Notice of Taking Deposition

14     filed by the Plaintiffs in the above cause

15     before Tracey S. LoCastro, a Registered

16     Professional Reporter and Notary Public of the

17     State of Florida.

18

19

20

21

22

23

24

25

1    A P P E A R A N C E S:

2

    ROBINS KAPLAN

3    800 LaSalle Avenue

4    Minneapolis, Minnesota 55402

    BY:  AMI ELSHAREIF, ESQ.

5    BY:  JAIME WING, ESQ. (VIA TELEPHONE)

    BY:  NATE MOORE, ESQ. (VIA TELEPHONE)

6    Counsel for Plaintiffs

7

8    SANDBERG, PHOENIX & von GONTARD

    4600 Madison Avenue

9

    Kansas City, Missouri 64112

10    BY:  RONALD MARNEY, ESQ.

    Counsel for Defendants Jorge Perez and Empower H.I.S.

11

12

    HUSCH BLACKWELL

13    4801 Main Street

14    Kansas City, Missouri 64112

    BY:  JR MONTGOMERY, ESQ. (VIA TELEPHONE)

15    Counsel for Defendants Mark Blake, Beau Gertz,

    SeroDynamics and LabMed

16

17

18    JOHNSTON LAW FIRM

    811 Grand Boulevard

19

    Kansas City, Missouri 64106

20    BY:  JUSTIN JOHNSTON, ESQ. (VIA TELEPHONE)

    Counsel for Defendants David Byrns

21

22

23    ALSO PRESENT:

    Carlos Lopez, Videographer

24

25

1
I N D E X

2

E X H I B I T S

3

NUMBER          DESCRIPTION                PAGE

4

Exhibit 309     Plaintiff's Third           6
5                Amended Notice of
                 Taking 30(b)(6)
6                Deposition of Defendant
                 Empower H.I.S., LLC
7                (9-page document)

8

9    REPORTER'S CERTIFICATE                  9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | | |
|---|---|---|
| 1 | VIDEOGRAPHER:  This is the start of | 10:15 |
| 2 | media label number 1 of the video recorded | 10:15 |
| 3 | deposition of Empower H.I.S., LLC 30(b)(6) | 10:15 |
| 4 | in the matter of RightCHOICE Managed Care, | 10:15 |
| 5 | Inc., et al. versus Hospital Partners, | 10:16 |
| 6 | Inc., et al. | 10:16 |
| 7 | This deposition is being held at 801 | 10:16 |
| 8 | Brickell Avenue, Miami, Florida 33131 on | 10:16 |
| 9 | September 10th, 2019 at approximately | 10:16 |
| 10 | 10:16 a.m. | 10:16 |
| 11 | My name is Carlos Lopez.  I'm the | 10:16 |
| 12 | legal video specialist from TSG Reporting, | 10:16 |
| 13 | Inc. | 10:16 |
| 14 | The court reporter is Tracey LoCastro | 10:16 |
| 15 | in association with TSG. | 10:16 |
| 16 | Will counsel please introduce | |
| 17 | yourself for the record. | 10:16 |
| 18 | MS. ELSHAREIF:  Ami ElShareif of | 10:16 |
| 19 | Robins Kaplan on behalf of plaintiffs. | 10:16 |
| 20 | MR. MARNEY:  Ron Marney on behalf of | 10:16 |
| 21 | Jorge Perez, Empower H.I.S. and | 10:16 |
| 22 | Hospital Partners. | 10:16 |
| 23 | MR. MOORE:  Nate Moore, also from | 10:16 |
| 24 | Robins Kaplan, on behalf of the | 10:16 |
| 25 | plaintiffs, attending telephonically. | 10:16 |

1          MR. MONTGOMERY:  JR Montgomery on          10:16

2     behalf of LabMed, SeroDynamics, Mark Blake      10:16

3     and Beau Gertz, also appearing                  10:17

4     telephonically.                                 10:17

5          COURT REPORTER:  Mr. Johnson --            10:17

6     Johnston?  Sorry.                               10:17

7          (No response was heard from the

8     conference call.)

9          MR. MARNEY:  Now what do we do?

10         COURT REPORTER:  I don't have anyone        10:17

11    to swear.                                       10:17

12         MS. ELSHAREIF:  Nope.                       10:17

13         Why don't we begin by marking as an         10:17

14    exhibit Plaintiff's Third Amended Notice        10:17

15    of Taking 30(b)(6) Deposition of Defendant      10:17

16    Empower H.I.S., LLC.

17         COURT REPORTER:  That will be 309.

18         (Empower H.I.S., LLC Deposition

19    Exhibit 309 was marked for identification.)     10:17

20         MR. JOHNSTON:  Ma'am, I apologize.  I       10:17

21    had my microphone muted.  It's Justin           10:17

22    Johnston on behalf of the defendant David       10:17

23    Byrns, also appearing telephonically.           10:17

24         COURT REPORTER:  Thank you.                 10:17

25         MS. ELSHAREIF:  Plaintiffs understand       10:17

1    that defendant Empower H.I.S., LLC has no                10:17
2    representative available to be deposed on                10:18
3    the topics listed in plaintiff's                         10:18
4    deposition notice because every person                   10:18
5    knowledgeable about the topics would                     10:18
6    invoke their Fifth Amendment privilege and               10:18
7    refuse to testify.                                       10:18
8        Plaintiffs also understand that                      10:18
9    defendant Empower H.I.S., LLC is unable to               10:18
10   prepare another representative to be                     10:18
11   deposed on the topics listed in                          10:18
12   plaintiff's deposition notice because the                10:18
13   persons knowledgeable about the topics                   10:18
14   would invoke their Fifth Amendment                       10:18
15   privilege and refused to prepare the                     10:18
16   designated representative.                               10:18
17       Mr. Marney is here on behalf of                      10:18
18   Empower H.I.S., LLC.                                     10:18
19       Mr. Marney, would you confirm that                   10:18
20   statement?                                               10:18
21       MR. MARNEY:  I agree with your                       10:18
22   statement.                                               10:18
23       MS. ELSHAREIF:  Plaintiffs advised                   10:18
24   Mr. Marney in advance of this deposition                 10:18
25   via email on August 22nd, 2019 that they                 10:18

1      would seek the imposition of sanctions         10:18

2      against Empower H.I.S., LLC if it did not       10:18

3      make a representative available to discuss      10:18

4      the topics listed in plaintiff's               10:18

5      deposition notice.                             10:18

6           Is that correct?                          10:18

7           MR. MARNEY:  I agree with that too.       10:18

8           MS. ELSHAREIF:  With that, nothing        10:18

9      further in this deposition.                    10:18

10          MR. MARNEY:  I have no questions.         10:19

11          VIDEOGRAPHER:  Time is 10:19 a.m.         10:19

12     We're going off the record.                    10:19

13          (The deposition concluded at

14     10:19 a.m.)

15

16

17

18

19

20

21

22

23

24

25

1          REPORTER'S CERTIFICATE

2

3    STATE OF FLORIDA

4    COUNTY OF PALM BEACH

5

6          I, TRACEY S. LOCASTRO, RPR, certify that I

7    was authorized to and did stenographically report the

8    foregoing deposition of EMPOWER H.I.S., LLC; that a

9    review of the transcript was not requested; and that

10   the foregoing transcript, pages 1 through 9, is a true

11   record of my stenographic notes.

12

13         I FURTHER CERTIFY that I am not a relative,

14   employee, attorney, or counsel of any of the parties,

15   nor am I a relative or employee of any of the parties'

16   attorney or counsel connected with the action, nor am I

17   financially interested in the action.

18

19         Dated this 23rd day of September, 2019 at

20   Palm Beach County, Florida.

21

22

23   _____

24         TRACEY S. LOCASTRO, RPR, FPR

25

# Exhibit Y

1              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF MISSOURI
2                ST. JOSEPH DIVISION
3          Civil Action No. 5:18-CV-06037-DGK
4  RightCHOICE Managed Care, Inc., et al.,
5        Plaintiffs,
6  -vs-
7  Hospital Partners, Inc.; Hospital
    Laboratory Partners, LLC; Empower
8  H.I.S. LLC; RAJ Enterprises of
    Central Florida, LLC d/b/a
9  Pinnacle Laboratory Services;
    Labmed Services, LLC;
10  Serodynamics, LLC;
    David Byrns; Jorge Perez;
11  James F. Porter, Jr.; Beau Gertz;
    and Mark Blake,
12

        Defendants.
13 _____/
14

15

16            STATEMENT ON THE RECORD
17    RE:  30(b)(6) DEPOSITION OF HOSPITAL PARTNERS
18

        Wednesday, September 18, 2019
19          9:50 a.m. - 9:54 a.m.
20         One Alhambra Plaza
        Coral Gables, Florida 33134
21

22

23  Stenographically Reported By
    Pamela J. Pelino, RPR, FPR, CLR
24  Notary Public, State of Florida
    TSG REPORTING
25  Job #:166763

```
 1   APPEARANCES:
 2   On behalf of the Plaintiffs:
 3        JAIME WING, ESQUIRE
          NATHANIEL MOORE, ESQUIRE
 4        ROBINS KAPLAN
          800 LaSalle Avenue
 5        Minneapolis, Minnesota 55402
 6
 7
 8
     On behalf of the Defendants Hospital Parnters, Inc.;
 9        Empower H.I.S., LLC; Jorge Perez:
10        RONALD MARNEY, ESQUIRE
          SANDBERG PHOENIX & VON GONTARD
11        4600 Madison Avenue
          Kansas City, MO 64112
12
13
14
     On behalf of the Defendants Labmed Services,
15        Serodynamics, Beau Gertz, Mark Blake:
16        SARAH ZIMMERMAN, ESQUIRE
          HUSCH BLACKWELL
17        190 Carondelet Plaza
          St. Louis, Missouri 63105
18        (appeared telephically)
19
20
21   On behalf of the Defendant David Byrns:
22        JUSTIN JOHNSTON, ESQUIRE
          THE JOHNSTON LAW FIRM
23        811 Grand Boulevard
          Kansas City, Missouri 64106
24        (appeared telephonically)
25
```

P R O C E E D I N G S

- - -

1  THE VIDEOGRAPHER:  We're on the video record.  09:49
2  The time is approximately 9:51 a.m.  Today is      09:49
3  September 18th, 2019.  This is the start of video   09:49
4  media disk Number 1 of the video deposition of the  09:49
5  30(b)(6) deposition of Hospital Partners.           09:49
6
7      Please note, as the microphones are very        09:49
8  sensitive, be aware that they can pick up           09:49
9  whispering and conversations not intended for the   09:49
10  record.  Additionally please turn off your cell     09:49
11  phones or place them away from the microphones.     09:49
12  They can interfere with the audio.  The audio and   09:49
13  video recording will continue to take place unless  09:49
14  all parties agree to go off the record.             09:50
15
16      This is in the matter of RightCHOICE Managed    09:50
17  Care, Inc., et al., versus Hospital Partners, Inc., 09:50
18  et al., in the United States District Court,        09:50
19  Western District of Missouri, St. Joseph Division,  09:50
20  Case Number 5:18-CV-06037-DGK.  This deposition is  09:50
21  being held at the Regus Conference Center, One      09:50
22  Alhambra Plaza, Penthouse, Coral Gables, Florida.   09:50
23      My name is Thomas Olender.  I'm the certified   09:50
24  legal video specialist from TSG Reporting, Inc.,    09:50
25  headquartered at 747 3rd Avenue, New York,          09:50

1    New York.  The court reporter is Pamela Pelino,        09:50

2    also in association with TSG Reporting.               09:50

3         Would counsel please introduce yourselves.       09:50

4    State whom you represent, starting with the           09:50

5    noticing attorney, and then -- well, there is no      09:50

6    witness to swear in.                                  09:51

7         MR. MOORE:  This is Nate Moore from Robins        09:51

8    Kaplan on behalf of the plaintiffs.                   09:51

9         MR. MARNEY:  Ron Marney for Hospital             09:51

10   Partners, Inc., Empower H.I.S., and Jorge Perez.      09:51

11        MR. WING:  Jaime Wing on behalf of               09:51

12   plaintiffs.                                           09:51

13        MS. ZIMMERMAN:  Sarah Zimmerman on behalf of     09:51

14   Labmed Services, Serodynamics, Beau Gertz, Mark       09:51

15   Blake, with the law firm Husch Blackwell.             09:51

16        MR. MOORE:  With no witness to swear in, it      09:51

17   is plaintiffs' understanding that the individuals     09:51

18   with knowledge of the topics listed in plaintiffs'    09:51

19   30(b)(6) deposition notice to Hospital Partners       09:51

20   would all invoke the -- their Fifth Amendment         09:51

21   privilege and refuse to testify and that those same   09:52

22   persons would similarly refuse to prepare any other   09:52

23   person to appear as the corporate representative      09:52

24   today on behalf of Hospital Partners; is that         09:52

25   correct?                                              09:52

1          MR. MARNEY:  That's correct.                    09:52

2          MR. MOORE:  At this point, other than noting    09:52

3    that plaintiffs have previously made clear to         09:52

4    counsel for Hospital Partners that they believe       09:52

5    sanctions are appropriate, plaintiffs have nothing    09:52

6    further.                                              09:52

7          MR. MARNEY:  I agree with that.                 09:52

8          THE VIDEOGRAPHER:  Okay.  This concludes the    09:52

9    30(b)(6) deposition of Hospital Partners,             09:52

10   consisting of one video media disk.  The time is      09:52

11   9:54 a.m., and we're going off the record.            09:52

12          (Statement Concluded at 9:54 a.m.)             09:52

13                     -   -   -                           09:52

14                                                         09:52

15

16

17

18

19

20

21

22

23

24

25

```
1                        - - -                      09:52

2              C E R T I F I C A T E               09:52

3                                                   09:52

4    THE STATE OF FLORIDA                           09:52

     COUNTY OF PALM BEACH                           09:52

5                                                   09:52

6                                                   09:52

7         I, PAMELA J. PELINO, Registered Professional  09:52

8    Reporter, State of Florida at large, certify that I was  09:52

9    authorized to and did stenographically report the  09:52

10   foregoing proceedings and that the transcript is a true  09:52

11   and complete record of my stenographic notes.  09:52

12        Dated this 30th day of September, 2019.   09:52

13                                                   09:52

14                                                   09:52

15   _____               09:52

          PAMELA J. PELINO, RPR, FPR                09:52

16                                                   09:52

17                                                   09:52

18                                                   09:52

19                                                   09:52

20                                                   09:52

21                                                   09:52

22                                                   09:52

23                                                   09:52

24                                                   09:52

25                                                   09:52
```

# Exhibit Z

| From: | daviedlb@aol.com |
|---|---|
| Sent: | Tuesday, September 13, 2016 11:16 AM |
| To: | jperez@empower.md |
| Subject: | Fwd: Blue Cross Contract |
| Attachments: | Blue Cross Contract.pdf |

Jorge, this contract is screwy. It is a managed care contract to begin with but it has the BCBS reimbursement rate sheet at the end.

Call me as soon as you can.

David L. Byrns

-----Original Message-----
From: Rhonda Webber <rwebber@pcmhosp.com>
To: DavieDLB <DavieDLB@aol.com>
Sent: Tue, Sep 13, 2016 12:13 pm
Subject: Blue Cross Contract

*Rhonda Webber*
Accounts Payable
**Putnam County Memorial Hospital**
1926 Oak Street
P.O. Box 389
Unionville, MO 63565
Phone 660-947-3673 Ext 2313
Fax 660-947-3825
rwebber@pcmhosp.com


PUTNAM COUNTY
MEMORIAL HOSPITAL
People You Know, Care You Trust

Confidentiality Notice: This e-mail message, including attachments, is for the sole use of the intended recipient(s) and may contain privileged and/or confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by replying to this message and destroy all original copies.


EXHIBIT
312
9-10-19

Case 5:18-cv-06037-DGK    Document 362-1    Filed 02/07/20    Page 312 of 314    Byrns0034894

# Exhibit AA

**From:** Beau Gertz <beau@cadiramd.com>
**Sent:** Friday, November 4, 2016 11:24 AM
**To:** daviedlb@aol.com
**Cc:** jperez@medxgroup.com
**Subject:** Re: Signed Agreements

Team,

Thank you for your trust in our services. We appreciate the ability to serve and will move forward to accomplish the mission.

Sincerely,

Beau Gertz
President
CadiraMD
303.877.8789

On Nov 4, 2016, at 11:10 AM, "daviedlb@aol.com" <daviedlb@aol.com> wrote:

> Beau, the signed agreements are attached. Please sign them and send them back for my records and let's get this thing going next week.
>
> David L. Byrns
> (954) 336-4640
>
> <Consulting and Marketing Srv Agreement.pdf>
>
> <Exclusive Services Agreement for Ref Lab Srv.pdf>

1



Byrns0008811