IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RightCHOICE Managed Care, Inc. et al. | ) | |
| Plaintiffs, | ) | Civil Action No: |
| v. | ) | 5:18-CV-06037-DGK |
| Hospital Partners, Inc. et al. | ) | |
| Defendants | ) | |

SUGGESTIONS IN SUPPORT OF MOTION OF KIRK AND DEBBIE HALL AND FLEMCO, LLC TO INTERVENE FOR PURPOSE OF RELIEF FROM THE PROTECTIVE ORDER HEREIN

Intervenors submit these suggestions in support of their motion to intervene for a limited purpose.

Description of the HMC Case

HMC/CAH Consolidated, Inc. is, or in some cases was, the owner of a 20% interest in each of 10 rural hospitals the management of which was taken over by Mr. Perez (Defendant in this case) and others, acting on behalf of the 80% owner, Health Acquisition Company LLC, on or about April 1, 2017. Mr. Perez and those associated with him remained in charge of management of the hospitals until or shortly before nine of the hospitals went into bankruptcy and the other into receivership in early 2019, where they all apparently remain at this writing. Mr. Perez and others managed these hospitals through EMPOWER HMS, EMPOWER HIS (a defendant in this case) and perhaps other "Perez" entities. The HMC case is a shareholders' derivative action on behalf of HMC against Mr. Perez and others for actions and conduct

1

occurring during their management of the hospitals, including involving one or more of the hospitals in a "lab outreach" program similar to that practiced upon the Putnam County Hospital as alleged in this case. Of particular interest is that fact that EMPOWER HIS was the billing arm of the Perez operation's "lab outreach" for both the Putnam County Hospital and one or more of the HMC hospitals. EMPOWER HIS is a defendant in both cases.

Mr. Perez at this time is representing himself in the HMC case and EMPOWER HIS is unrepresented. Both were previously represented by counsel, Mr. Frank Smith.

There are at least two reasons undersigned counsel for Plaintiffs in the HMC case should be given access to documents produced by defendants in this case. First, the HMC Plaintiffs have tried to obtain the desired documents from Mr. Perez, EMPOWER HMS and EMPOWER HIS. Surprisingly, if not shockingly, Mr. Perez and EMPOWER HMS and HIS have responded to document discovery in the HMC case by denying they have any of the documents Plaintiffs have requested, and Mr. Perez has filed an affidavit to that effect. The affidavit also affirms that he has no access to any such documents. The HMC Plaintiffs' document requests to Mr. Perez and to EMPOWER HIS are attached hereto as Exhibits A and B and Mr. Perez's affidavit is attached as Exhibit C. Mr. Perez's affidavit was in response to the Court's order compelling production of the documents requested from he and EMPOWER HIS.

Conversely, review by undersigned counsel of this Court's docket and the underlying papers that have been filed regarding the *Right Choice* Plaintiffs' document requests suggests that Mr. Perez and entities he controls, including EMPOWER HIS, have produced a great many documents in this case. It is more than odd that Mr. Perez would have access to voluminous documents relating to the Putnam County Hospital but absolutely none regarding the 10 HMC hospitals. In particular, if lab outreach billing records of EMPOWER HIS were produced in this

case, there would appear to be no reason such records would not exist for the HMC hospitals. Assuming they do exist, that fact alone is highly relevant at least to Mr. Perez's credibility in the HMC case.

Second, undersigned counsel has information suggesting that financial transactions took place between the Putnam County Hospital and the HMC hospitals, individually or on a consolidated basis, apparently in the form of monetary advances. The nature and extent of this relationship and whether HMC money was used for the benefit of Putnam County Hospital is relevant to the HMC case. To the extent the documents produced by Plaintiffs in this case contain financial data on transactions between Putnam County Hospital and one or more or the HMC hospitals, they are directly relevant to the HMC case.

*Argument*

The HMC Plaintiffs seek to intervene for the limited purpose of obtaining relief from the protective order sufficient to allow disclosure to undersigned counsel whether 1) Mr. Perez or EMPOWER HIS have produced documents in this case, 2) whether any documents produced in this case include documents relevant to the HMC case, and 3) if so, to provide those documents to counsel for the HMC Plaintiffs. The production would be subject to the same restrictions as are imposed by the protective order presently and counsel would sign an appropriate document to that effect.

Permissive intervention under Federal Rule of Civil Procedure 24(b) is an appropriate procedural vehicle for a non-party to seek relief from a protective order. *Flynt v. Lombardi*, 782 F.3d 963, 966-67 (8th Cir. 2015) ("[W]hen a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits, an independent

3

basis of jurisdiction is not required"). S*ee also, Flynt v. Lombardi, 885 F.3d 508, 509 (8th Cir. 2018)* (court has supervisory control over its records, thus the court has discretion whether to seal or unseal records)*; Management Registry Incorporated v. AW Companies, Inc.*, Case No. 0:17-cv-05009-JRT-KMM (U.S.D.C., D. Minn. Oct. 22, 2019).

The Eighth Circuit in the later *Flynt* case did not disturb the trial court's ruling that the sealed records Flynt sought – parts of depositions and documents – were "judicial records," to which there is a common law right of access. This right may be overcome by showing "compelling reasons" to keep the records sealed. *Flynt*, 885 F.3d at 511. It is questionable whether this analysis is applicable here, as the putative intervenors are not simply members of the public but instead have a direct interest in the subject matter of any responsive documents, and presumably the records here, or most of them, are not sealed. Assuming the analysis is appliable, however, any party to this case who might oppose this motion cannot show a compelling reason to prevent disclosure to Plaintiffs in the HMC case, subject of course to the restrictions of the protective order. Indeed, to the extent that documents relevant to the HMC case are in fact included in the productions in this case, they should have been produced in the HMC case, as well, to the extent they were requested. Plaintiffs have also shown that they have been unsuccessful in obtaining those documents from the party producing them in this case.

As this motion is not to intervene for the purpose of litigating, no proposed pleading under Rule 24(b) is attached. Granting of this motion will not cause delay to any extent in this case.

*Conclusion*

4

For the foregoing reasons, Movants/Intervenors pray for the Court's order granting relief from the Protective Order in this case as described herein subject to the terms of the Protective Order and such other requirements as the Court may impose.

Respectfully submitted,

Wood Law Office LLC

By: /s/C. Brooks Wood
C. Brooks Wood, Mo. Bar 24077
1600 Genesee St., Ste. 455
Kansas City, Missouri 64102
816-469-5005
bwood@bwoodlawllc.com

Attorney for Plaintiffs

I certify that on this 7th day of February, 2020, I filed the foregoing document electronically with the Clerk of the Court by using the CM/ECF system, a true copy thereby to be furnished to all counsel of record and was emailed to counsel of record in the HMC case, Mr. Andrew Funk, and to Mr. Jorge Perez, *pro se*, at apbjap@gmail.com.

/s/C. Brooks Wood