IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., et al., | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Cause No. 5:18-CV-06037-DGK ) |
| Hospital Partners, Inc.; et al. | ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS HOSPITAL PARTNERS, INC., EMPOWER H.I.S., LLC, AND JORGE PEREZ'S RESPONSE TO PLAINTIFFS' MOTION FOR RULE 37 SANCTIONS**

Defendants Hospital Partners, Inc., Empower H.I.S., LLC, and Jorge Perez (collectively "Defendants"), by and through undersigned counsel, for their Opposition to Plaintiffs' Motion for Rule 37 Sanctions state as follows:

**INTRODUCTION**

Plaintiffs' Motion for Sanctions and Suggestions in Support ("Motion" or "Suggestions in Support") arises out of their claim that Defendants disregarded their discovery obligations. Defendants respectfully disagree. Defendants' counsel and Plaintiffs' counsel corresponded on multiple occasions via phone and e-mail concerning both (1) the issues of deposing a corporate representative that would invoke the Fifth Amendment and (2) the production of documents. No corporate representative was present at the noticed deposition because there was not a corporate representative to depose, not because Defendants "refused" to produce one. Plaintiffs' counsel knew well in advance of the scheduled corporate representative depositions that Defendants were

unable to produce representatives. Defendant Hospital Partners, Inc. has not been an operating company since before the lawsuit was filed. The only possible corporate representatives for Hospital Partners, Inc. were Defendants Jorge Perez and David Byrns, both of whom asserted their Fifth Amendment Rights in their individual depositions. Defendant Empower H.I.S., LLC is no longer in business. The only potential corporate representatives for Empower H.I.S., LLC were Defendant Jorge Perez and possibly Ricardo Perez, both of whom asserted their Fifth Amendment Rights in their individual depositions. While a corporation does not have Fifth Amendment rights, individuals do. *Macon-Bibb County Hosp. Authority v. Continental Ins. Co.¸* 673 F. Supp. 1580, 1583 (M.D. Ga. 1987) (holding while a corporation may not invoke the Fifth Amendment privilege, an individual officer as the corporate representative retains the right to assert the privilege in his individual capacity); U.S. Const. Amend. V. To force the only individuals with sufficient knowledge or information to testify on behalf of the corporations to give testimony would violate the individuals' Fifth Amendment rights.

Further, all documents in the possession of Defendants have been produced, as Plaintiffs' counsel has been told. There is proof of this by way of Affidavit, which was attached as Exhibit C to Doc. 363. *See* Exhibit 1. No evidence exists that indicates Defendants are somehow "hiding" documents. A third-party e-discovery vendor obtained all documents in possession of Defendants and they were produced according to Plaintiffs' own search term list. *See* Exhibit 2.

## LEGAL STANDARD

Rule 37(b) and 37(d) sanctions "are proper only where there has been a complete or nearly total failure of discovery." *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir. 1975). "There is a strong policy favoring a trial on the merits and against depriving a party of his day in court." *Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 898

(8th Cir. 2009) (citing *Fox*, 516 F.2d at 995-96) (holding district court abused its discretion in imposing the harsh sanction of establishing as true specific paragraphs of a counterclaim, which in effect established liability and left open only the issue of damages).

There has not been a "complete or nearly total failure of discovery" in this case. Plaintiffs have received every relevant document, per their own "search terms." Defendants did not refuse to produce a corporate representative; there was no corporate representative to produce. Plaintiffs have suggested to the Court that it should impose the most severe sanctions by preventing Defendants from presenting any evidence in their defense on this action and establishing intentional misrepresentation by Defendants. For the reasons set forth herein, sanctions are not warranted at all in this matter, much less to the severity requested by Plaintiffs.

## ARGUMENT

### I. There was no corporate representative to produce for Defendants.

Fed. R. Civ. P. 30(b)(6) states where a party wishes to depose a public or private entity, the organization must designate one or more representatives who consent to testify on its behalf regarding information known or reasonably available to the entity.

Plaintiffs' argument that Defendants refused to produce a corporate representative is inherently flawed. Plaintiffs state sanctions should be issued against Defendants because they failed and refused to designate a "non-invoking" corporate representative. *See Nutramax Labs, Inc. v. Twin Labs, Inc.*, 32 F. Supp. 2d. 331, 338 (D. Md. 1999) (ordering further depositions where corporate representative invoked the Fifth Amendment). As Plaintiffs are aware, there were not any corporate representatives of Defendant who would not invoke the Fifth Amendment. *See* Exhibit 3. An individual defendant has the right to invoke the Fifth Amendment privilege in his individual capacity, even where he is testifying as a corporate

representative. *See e.g. Macon-Bibb County Hosp. Authority* ¸673 F. Supp. at 1583; *Matter of Grand Jury Subpoena June 12, 1986*, 658 F. Supp. 387, 392 (D. Md. 1986) (noting where an individual is personally compelled to produce and authenticate corporate records, the individual can assert the privilege even as a corporate representative). Defendants never refused to designate a corporate representative. In fact, according to the correspondence between Plaintiffs' counsel and Defendants' counsel, Defendants were willing to designate the corporate representative, but disclosed to Plaintiffs that there was no representative that would not invoke the Fifth Amendment. *See* Exhibit 3. Defendants had only three corporate representatives that could possibly testify – Jorge Perez, Ricardo Perez, and David Byrns. All asserted their individual Fifth Amendment privilege. Plaintiffs' counsel made a strategic decision to simply state on the record that there were no corporate representatives of Defendants who could testify without invoking the Fifth Amendment. *Id.*

Moreover, the level of sanctions that Plaintiffs have requested is extraordinary. Sanctions are within the discretion of the trial court. *Sentis Group, Inc., Coral Group, Inc.*, 559 F.3d at 898; Fed. R. Civ. P. 37(b)(2)(A). However, sanctions should not be imposed where the "disobedient party shows that it cannot produce the other person." Fed. R. Civ. P. 37(b)(2)(B). As stated, there are no other persons to produce as a corporate representative. This was explained at length to Plaintiffs' counsel prior to the filing of their Motion. Thus, Defendants did all they could to comply with the Court's May 2019 Order. Sanctions are not justified under Rule 37(b)(2)(B).

Plaintiffs also claim sanctions should be awarded under Rule 37(d). Rule 37(d) states the court, in its discretion, may award sanctions where a corporate representative fails to attend a deposition. *See generally Sentis Group, Inc., Coral Group, Inc.*, 559 F.3d at 898. Based upon communication and consent by Plaintiffs' counsel, and after explaining in detail why no

corporate representative could testify, Plaintiffs allowed Defendants to not appear for the noticed deposition. *See* Exhibit 3. It was Defendants understanding based upon the express language of Plaintiffs that this was an effort to save time and costs for Plaintiffs. Plaintiffs should not be allowed to claim Rule 37(d) sanctions are applicable after consenting to a non-appearance.

## II. All documents have been produced to Plaintiffs in accordance with their requests and the Court Order.

There was no violation of a court order regarding discovery documents and thus sanctions cannot be assessed as claimed by Plaintiffs. Defendants are only required to produce those documents that are within their possession. As explained below, Defendants made every effort to locate and produce all documents that were requested.

"A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample [responsive documents] in the responding party's possession, custody, or control…" Fed. R. Civ. P. 34(a)(1). A defendant is not required to produce documents that are not in their possession, custody, or control. *Group, LLC v. Akers*, No. 4:12–CV–812–JAR, 2013 WL 1703927, *1 (E.D. Mo. 2013); *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018) (holding the same under issuance of a subpoena); *U.S. v. Building & Const. Trades Council of St. Louis, Mo., AFL-CIO*, 271 F.Supp. 454, 459 (E.D. Mo. 1966) (holding where defendants' showed by affidavits that they had no control or custody of apprenticeship records, they complied with Rule 34 and a motion to compel was unwarranted).

Defendants produced all documentation in their possession in compliance with the February 2019 Court Order. The parties did have trouble accessing the documents produced in their native format. Thereafter, Defendants retained their current counsel, which had the resources to retain an e-discovery vendor to download, process, and re-produce the documents

5
12916937.4
Case 5:18-cv-06037-DGK   Document 365   Filed 02/21/20   Page 5 of 8

already produced in their native format as requested by the parties and required by the February 2019 Court Order. By consent of the parties, Plaintiffs allowed Defendants more time to produce the documents, considering new counsel had just been retained who needed time to retain an e-discovery vendor and to obtain, review, and produce the documents. *See e.g.* Exhibit 4.

Once the documents were obtained, it was discovered that there were approximately 600,000 documents. By agreement of the parties, Plaintiffs gave Defendants a list of "search terms" to use to narrow down the documents, creating a reasonable list to review and disclose. *See id.* Defendants complied with the list of search terms, reviewed the documents and produced approximately 88% percent of the documents that resulted from the search terms provided by Plaintiffs, which is well above the average production rate. *See* Exhibit 2, ¶ 12. These documents were produced in September of 2019, only a few short weeks after Plaintiffs sent Defendants the list of search terms to use. There were no other responsive documents in possession of Defendants. *See* Exhibit 1. Plaintiffs suggest there were "other e-mails" from 2016. If other e-mails are in the possession of other defendants in this action, as Plaintiffs have suggested, that has no bearing on whether these Defendants are in possession of the same e-mails. As further evidence, attached as Exhibit 2 to this Response is an Affidavit from the e-discovery vendor, evidencing all documents were obtained from Defendants' server and those that were produced were responsive to Plaintiffs' list of search terms.

Finally, Plaintiffs implied Defendants committed some wrongdoing in Paragraph J of Page 9 of the Motion in that Plaintiffs did not receive financial records of Defendants until October and December of 2019. However, Defendants went to the third-party bank to obtain the financial records for Plaintiffs, after obtaining Plaintiffs approval for letters requesting the

records from the financial institutions, and produced them as soon as they were available. *See* Exhibit 5.

Plaintiffs have failed to meet their burden of proving under Rule 37(b) and 37(d) that there has been a complete or nearly complete failure of discovery. In fact, the opposite is true. Defendants completely complied with the discovery requests. Thus, there is no merit in Plaintiffs' argument for sanctions and their Motion must be denied.

## CONCLUSION

Contrary to Plaintiffs Motion, Defendants have complied with all requests by Plaintiffs and have followed Plaintiffs' own parameters for discovery. The issue with the corporate representative deposition was dealt with by the express consent of Plaintiffs' counsel. Every responsive document in the possession of Defendants was produced in compliance with the February 2019 Court Order, and again in September 2019 per the request of the parties. Supplemental discovery requests were complied with timely, even though Plaintiffs requested it after the close of discovery and Defendants had to request documents from third-parties. There is no evidence of bad faith on Defendants part and no justification for an imposition of sanctions. Thus, Plaintiffs' Motion must be denied.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Ronald D. Marney II
Ronald D. Marney II #47141
Meghan Sholy #71174
Michael Rudd #71591
4600 Madison Ave. Suite 1000
Kansas City, Missouri 64112
816-816-627-5332
Fax: 816-627-5532
rmarney@sandbergphoenix.com
msholy@sandbergphoenix.com
mrudd@sandbergphoenix.com

*Attorneys for Defendants*
*Jorge Perez, Empower H.I.S. LLC and*
*Hospital Partners, Inc.*

### Certificate of Service

I hereby certify that on 21st day of February 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Ronald D. Marney II