# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

|  |  |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; LabMed Services, LLC; SeroDynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,<br><br>   Defendants. | Civil Action No.<br>5:18-CV-06037-DGK |

## PLAINTIFFS' SUGGESTIONS IN SUPPORT OF MOTION FOR ORDER THAT THE SERO DEFENDANTS HAVE WAIVED ATTORNEY-CLIENT PRIVILEGE, OR, IN THE ALTERNATIVE, STRIKING ALL EVIDENCE OF RELIANCE ON ADVICE OF COUNSEL AND FOR IN CAMERA REVIEW

**TABLE OF CONTENTS**

**Page**

Introduction................................................................................................................. 4

Factual Background ...................................................................................................... 5

    I.  The Sero Defendants Have Waived Attorney-Client Privilege........................... 12

    II.  Alternatively, All Evidence of the Sero Defendants' Reliance on Advice of Counsel Should be Stricken and the Sero Defendants' Privileged Documents Should be Subject to an Expedited In Camera Review. ...................................................................... 21

Conclusion ................................................................................................................. 22

**Page(s)**

**Cases**

*Babbs v. Block*,
 No. 15-cv-0194-DGK, 2017 WL 1628959 (W.D. Mo. May 1, 2017)....................................17

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,
 408 F.3d 1142 (9th Cir. 2005) ...................................................................................17, 20

*Cox v. Administrator U.S. Steel & Carnegie*,
 17 F.3d 1386 (11th Cir. 1994) ........................................................................................14

*Dorr-Oliver Inc. v. Fluid-Quip, Inc.*,
 834 F. Supp. 1008 (N.D. Ill. 1993) ..................................................................................15

*IM Boone, LLC v. Adams*,
 No. 16-4177-CV-C-NKL, 2017 WL 4399280 (W.D. Mo. Oct. 3, 2017) ..........................12, 14

*In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litig.*,
 No. 08-1967-MW-W-ODS, 2011 WL 1136440 (W.D. Mo. Mar. 25, 2011) ..........................19

*In re Broadcom Corp. Sec. Litig.*,
 Nos. SA CV 01275GLTMLGX & SACV02301GLTANX, 2005 WL 1403516
 (C.D. Cal. Feb. 10, 2005)................................................................................................15

*In re Chevron Corp.*,
 749 F. Supp. 2d 170 (S.D.N.Y. 2010)...............................................................................18

*In re Gaming Lottery Sec. Litig.*,
 No. 96 CIV. 5567 (RPP), 2000 WL 340897 (S.D.N.Y. Mar. 30, 2000)................................16

*InCompass IT, Inc. v. XO Comm'ns Servs., Inc.*,
 Civ. No. 10-3864, 2011 WL 13233488 (D. Minn. Nov. 13, 2011) ........................................20

*Kmak v. Am. Century Companies, Inc.*,
 No. 12-1111-CV-W-BP, 2015 WL 13636656 (W.D. Mo. Apr. 23, 2015)..............................22

*Lipton Realty, Inc. v. St. Louis Hous. Auth.*,
 705 S.W.2d 565 (Mo. Ct. App. 1986)................................................................................20

*Sedco Intern., S.A. v. Cory*,
 683 F.2d 1201 (8th Cir. 1982) .....................................................................................12, 19

*Software AG v. Bea Systems, Inc.*,
 No. Civ.A03-739 GMS, 2005 WL 8599266 (D. Del. April 8, 2005)....................................21

Case 5:18-cv-06037-DGK    Document 367    Filed 02/21/20    Page 3 of 25

*Taber v. Ford Motor Co.*,
No. 16-00162-CV-W-SWH, 2017 WL 4391779 (W.D. Mo. Sept. 29, 2017)....................19, 21

*United States ex rel. Cairns v. D.S. Med., L.L.C.*,
No. 1:12CV00004 AGF, 2017 WL 3887850 (E.D. Mo. Aug. 31, 2017) ..........................12, 14

*United States ex rel. Lutz v. Berkeley Heartlab, Inc.*,
No. 9:11-CV-1593-RMG, 2017 WL 1282012 (D.S.C. Apr. 5, 2017)......................................16

*United States v. Bilzerian*,
926 F.2d 1285 (2d Cir. 1991)...............................................................................................14

*United States v. Wolfe*,
781 F. App'x 566 (8th Cir. 2019) ........................................................................................14

*United States v. Workman*,
138 F.3d 1261 (8th Cir. 1998) .............................................................................................12

*Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*,
230 F.R.D. 688 (M.D. Fla. 2005)....................................................................................17, 20

**Rules**

Fed. R. Civ. P. 26(b)(5)...................................................................................................4, 16, 18, 19

Fed. R. Civ. P. 32 ........................................................................................................................17

# INTRODUCTION

On January 28, 2020, four months after the close of fact discovery, Plaintiffs learned that the Sero Defendants—LabMed Services, LLC ("Labmed"); SeroDynamics, LLC ("Serodynamics"); Beau Gertz; and Mark Blake—withheld more than 1,200 relevant documents on the grounds of attorney-client privilege. Despite the Sero Defendants' obligations under Rule 26(b)(5) to log documents withheld on the basis of privilege, and the Plaintiffs' repeated requests that the Defendants log any documents being withheld, the Sero Defendants first disclosed the existence of these documents in a privilege log on January 28, 2020, long after the deadline to raise discovery disputes and the depositions of the Sero Defendants and their employees.

Almost all of the more than 1,200 documents withheld by the Sero Defendants were apparently withheld *because they involve Defendant Mark Blake*, who is an attorney, but also an officer and owner of Defendants Serodynamics and Labmed. As a Defendant, documents relating to Mr. Blake's knowledge, intent, and role with respect to Putnam are of clear relevance, and the fact that they were withheld without disclosure is extremely concerning. Moreover, other documents between Mr. Blake, Mr. Gertz, and employees of Serodynamics and Labmed were produced by the Sero Defendants, and the privilege log provided by the Sero Defendants does not provide an explanation for how the Sero Defendants determined which documents were, or were not, privileged. The Sero Defendants' service of their privilege log on the eve of the deadline for dispositive motions is an egregious, unjustified delay that has prejudiced Plaintiffs and warrants, at a minimum, a finding of waiver.

On this basis alone, the Sero Defendants have waived attorney-client

privilege by putting this legal advice at issue; they may not use the attorney-client privilege as both a sword and a shield. Accordingly, Plaintiffs respectfully request that the Court issue an Order that the Sero Defendants have waived the attorney-client privilege as to their relationship with Putnam and other hospitals, and for the production of documents for which they have asserted privilege. Alternatively, Plaintiffs ask that all evidence of the Sero Defendants' reliance on advice of counsel be stricken and excluded from all future proceedings, and request *in camera* review of the purportedly privileged documents.

## FACTUAL BACKGROUND

The Sero Defendants have taken inconsistent positions on whether they are maintaining the attorney-client privilege or asserting an advice-of-counsel defense. First, in response to Plaintiffs' request for production of "All documents regarding legal advice that you received relating to the laboratory-billing scheme, if you intend to rely on advice of counsel as a defense in this litigation," each defendant responded, "Not applicable." (Declaration of Nathaniel Moore ("Moore Decl."),Exs. A-D.) Beginning in June 2019, Plaintiffs asked the Defendants to produce a privilege log if they were withholding documents on the basis of privilege; the Sero Defendants did not respond. (*Id.*, ¶ 17 & Exs. O-Q.) In the meantime, the Sero Defendants produced other documents involving Mr. Blake and employees of Serodynamics. (*Id.*, ¶ 6.)

During their depositions, Defendants Beau Gertz and Mark Blake testified about their reliance on, and the substance of, legal advice regarding the Sero Defendants' relationship with Putnam. (*Id.*, Exs. E, F (Gertz Tr. 25:15-26:13, 97:9-15, 238:1-9; Blake Tr. 175:24-176:13).) But Defendants Gertz and Blake also invoked the attorney-client privilege when asked specifically about that legal advice. (*Id.*, Exs. E, F (Gertz Tr. 45:5-8; 325:3-13; Blake Tr. 174:25-175:14).)

The Sero Defendants' inconsistency on this issue recently came to a head. They produced

the expert report of Dr. Karen Meador on December 31, 2019.

(*Id.*, Ex. G at 35-36 (emphasis added).)

(*Id.*, Ex. G at 37.)

- 

- 

- 

(*Id.*, Ex. G at 36.)

-

(*Id.*, Ex. H (Meador Tr. 100:21-101:7).)

-

(*Id.*, Ex. H (Meador Tr. 101:18-102:6).)

-

(*Id.*, Ex. H (Meador Tr. 104:22-105:15).)

-

(*Id.*, Ex. H (Meador Dep. Tr. at 107:2-9).)

████████████████████████████████████████████████████

██████████████████████████ on January 28, 2020, the Sero Defendants produced

their first privilege log in this case. (*Id.*. Ex. I.) Through the privilege log, the Sero Defendants

disclosed—for the first time—the existence of more than 1,200 additional *relevant* documents,

the vast majority of which were withheld because of the involvement of Defendant Mark Blake,

despite the fact that, even according to Defendant Beau Gertz, Mr. Blake's role with respect to

Putnam was dual: he was an "[o]verall business man and legal, general counsel." (*Id.*, Ex. E

(Gertz Tr. 56:3-6).) █████████████████████████████████████

████████ █████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████

The Sero Defendants' privilege log is exceedingly tardy. It trailed the discovery motion

and fact discovery deadlines—September 20, 2019 and September 30, 2019, respectively—by

nearly four months. (Dkt. 256.) It comes after the deadline for expert discovery motions, which

was January 8, 2020, and after the close of expert discovery, which was January 15, 2020. (Dkt.

---

1 ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

342.) And it precedes the deadline for motions for summary judgment, which is February 28, 2020, by only one month. (Dkt. 342.)

The Sero Defendants' privilege log is 167 pages. (Moore Decl., Ex. I.) Given the number of entries on each page—ranging from approximately 6 to 15—it appears to include more than 1,200 entries. (*Id.*, Ex. I.) ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████ For example, in SERO0083459-60, Laine Hetzler wrote that one of Labmed's contracted marketing groups no longer wished to have their specimens billed through the in-network contract of Campbellton-Graceville Hospital, and instead wanted the tests billed directly (and out-of-network) by Serodynamics. (*Id.*, Ex. J (Sept. 19, 2016 at 5:55 p.m.).) Beau Gertz responded to a group including Mark Blake (*id.* (Sept. 20, 2016 at 8:43 a.m.)), and Laine Hetzler forwarded that email back to the contracted marketing group. (*Id.* (Sept. 29, 2016 at 4:34 p.m.).) There is no indication of any anticipation of litigation, there is no correspondence soliciting or providing legal advice, and the chain is forwarded to a third party. (*Id.*) ███████

████████████████████████████████████████████████

[Redacted]

Similarly, in SERO0083805, Beau Gertz emailed Mark Blake about how their companies would respond to distributors (*i.e.*, contracted marketing companies) regarding issues that had arisen at Campbellton-Graceville Hospital. (*See id.*, Ex. K (Dec. 16, 2016 at 10:55 a.m.).) Beau Gertz then forwarded his email to Laine Hetzler, explaining that the email would be used to communicate with distributors "still upset about CGH." (*Id.*, Ex. K (Dec. 16, 2016 at 1:07 p.m.).)

[Redacted]



On January 29, 2020, one day after receiving the Sero Defendants' privilege log, Plaintiffs requested a meet and confer regarding the subject of this motion. (*Id.*, ¶ 17.) The parties conferred via telephone on January 31, 2020. (*Id.*, ¶ 18.) When asked why the privilege log was produced to Plaintiffs in late January 2020, the Sero Defendants' counsel did not provide an explanation for the timing of their privilege log other than that their clients had produced more documents than Plaintiffs. (*Id.*)

Following the meet-and-confer, Plaintiffs identified and communicated to the Sero

Defendants 19 documents on the privilege log that included third parties, and therefore were not privileged. (*Id.*, ¶ 19.) To date, the Sero Defendants have not produced those documents. (*Id.*)

**ARGUMENT**

**I.      The Sero Defendants Have Waived Attorney-Client Privilege.**

**A.      *By Asserting an Advice-of-Counsel Defense, the Sero Defendants Waived Attorney-Client Privilege.***

The attorney-client privilege is waived when a party raises attorney advice as a defense. *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (citing *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985) and *Sedco Int'l, S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982)). "[I]f a party interjects the advice of counsel as an essential element of a defense, then 'all advice received concerning the same subject matter' is discoverable, not subject to protection by the attorney-client privilege." *United States ex rel. Cairns v. D.S. Med., L.L.C.*, No. 1:12CV00004 AGF, 2017 WL 3887850, at *3 (E.D. Mo. Aug. 31, 2017). A defendant "cannot assert attorney-client privilege selectively, raising it to prevent introduction of information that may be harmful to their defense while simultaneously relying on aspects of their conversation with their counsel where it serves their interest." *IM Boone, LLC v. Adams*, No. 16-4177-CV-C-NKL, 2017 WL 4399280, at *1 (W.D. Mo. Oct. 3, 2017). In other words, attorney-client privilege "cannot be used as both a shield and a sword." *Workman*, 138 F.3d at 1264.

The Sero Defendants have put advice of counsel at issue and accordingly have waived attorney-client privilege. For example, in his deposition, Beau Gertz testified about legal opinion letters that the Sero Defendants obtained regarding their relationship with Putnam:

> Q:  Was it appropriate to have specimens billed through Putnam without common ownership?
>
> [Objections]
>
> A:  I'm not an attorney, but there was legal opinion letters and a lot

12

of attorneys involved that said it was proper.

(Moore Decl., Ex. E (Gertz Tr. 238:1-9).) When asked more generally about who developed the business model that the Sero Defendants used at Putnam, Gertz responded, "[m]ultiple attorneys, myself, business partners and other people from within the industry." (*Id.*, Ex. E (Gertz Tr. 25:19-22).) When pressed to identify the individuals, Gertz responded, "Mark Thomas, [Jorge] Perez, Jim Porter, everybody who worked at Campbellton-Graceville, select individuals from subsidiaries of United Healthcare, and multiple legal attorneys." (*Id.*, Ex. E (Gertz Tr. 26:7-13).) But Defendants Gertz and Blake also invoked the attorney-client privilege when asked about that legal advice. (*Id.*, Exs. E, F (Gertz Tr. 45:5-8; 325:3-13; Blake Tr. 174:25-175:14).)



[black redaction bars]

The Sero Defendants may not rely upon the advice of counsel while simultaneously asserting that very advice is privileged. To rely upon an advice of counsel defense, defendants must show that they fully disclosed all material facts to counsel before seeking advice, and that defendants actually relied on counsel's advice in the good faith belief that their conduct was legal. *United States v. Wolfe*, 781 F. App'x 566, 568 (8th Cir. 2019); *United States ex rel. Cairns*, 2017 WL 3887850, at *3. Plaintiffs are entitled to discovery so that they can test whether the Sero Defendants have satisfied these requirements.

Courts in this District and elsewhere hold that, when a party asserts that it believes it was acting in compliance with the law, as the Sero Defendants have here, that party has waived attorney-client privilege. *See, e.g., IM Boone, LLC*, 2017 WL 4399280, at *1 ("Defendants cannot assert that their actions were not fraudulent because they were taken upon advice of counsel and at the same time contend that IM Boone, LLC is not entitled to discovery as to the counsel's advice."); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994) ("USX could have denied criminal intent without affirmatively asserting that it believed that its change in pension fund policy was legal. Having gone beyond mere denial, affirmatively to assert good faith, USX injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.

1991) ("Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue. His conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent.").

To the extent the Sero Defendants believe that they may put legal advice in issue and maintain privilege so long as they do not disclose the specific *content* of the relevant legal advice, they are mistaken. First, this contention is groundless as a factual matter. ███████ ████████████████████████████████████████████████████████ ████████████████████████ Second, this argument fails as a legal matter. Courts reject such assertions of "back door" advice-of-counsel defenses. For example, in *Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008 (N.D. Ill. 1993), the court resoundingly disagreed with the argument that a party did not assert an advice-of-counsel defense because it was not disclosing or relying on the content of legal advice:

> Defendants . . . claim[] they are not asserting or relying on the content of any legal opinion; they are simply invoking the fact of their consultation with counsel as one aspect of their prudent conduct in building their good faith defense to willful infringement. Defendant's claim defies logic. Defendants clearly state that part of their good faith was seeking advice of counsel. Merely asking a lawyer a question is not in itself probative evidence of good faith. Whether or not defendants acted in good faith depends on what legal advice they received and whether they followed that legal advice.

*Id.* at 1012; *see also, e.g., In re Broadcom Corp. Sec. Litig.*, Nos. SA CV 01275GLTMLGX & SACV02301GLTANX, 2005 WL 1403516, at *2 (C.D. Cal. Feb. 10, 2005) ("[D]efendants are saying they relied on their excellent attorney to do a good job examining all the documents to tell them if anything was wrong . . . with the unmistakable inference defendants felt assured the lawyers thought everything was legal. Plaintiffs are now entitled to review the attorneys'

communications.").

And to the extent the Sero Defendants believe that any privilege waiver would apply only to the advice of external counsel, and not to the advice of Mr. Blake, they are again incorrect.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████ And second, they are wrong as a legal matter. When a party puts advice of one attorney in issue, advice from other attorneys is discoverable because it goes to the reasonableness of the party's reliance on the legal advice. *See, e.g., United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. 9:11-CV-1593-RMG, 2017 WL 1282012, at *3 (D.S.C. Apr. 5, 2017) ("Even if a defendant claims to have relied on the legal advice of one attorney, any relevant advice he received from other attorneys is also discoverable because it "bears on the issue of their reasonable reliance."); *In re Gaming Lottery Sec. Litig.*, No. 96 CIV. 5567 (RPP), 2000 WL 340897, at *2 (S.D.N.Y. Mar. 30, 2000) ("Since the defendants claim they were relying on Mr. Meltzer's legal advice as their attorney, the legal advice they received from any other lawyers on that subject relates to the reasonableness of defendants' reliance and is not subject to the attorney/client privilege.").

In sum, the Sero Defendants have waived attorney-client privilege by putting directly at issue their reliance on the advice of counsel. The documents they have designated as privileged should accordingly be produced forthwith, so that the Plaintiffs may rely upon them in any summary judgment proceedings.

**B.** ***The Sero Defendants Also Waived Attorney-Client Privilege By Inexcusably Failing to Produce a Privilege Log Until the 11th Hour.***

Federal Rule of Civil Procedure 26(b)(5)(A) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged[,]" the party

must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The Advisory Note adds that "[t]o withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b), and may be viewed as a waiver of the privilege or protection." A failure to timely provide a privilege log does not automatically waive attorney-client privilege, but waiver is appropriate in cases of unjustified delay, inexcusable conduct, and bad faith. *Babbs v. Block*, No. 15-cv-0194-DGK, 2017 WL 1628959, at \*5 (W.D. Mo. May 1, 2017) (quoting *United States v. Phillip Morris Inc.*, 347 F.3d 951, 953 (D.C. Cir. 2003)).

This is the rare case in which a party's discovery misconduct warrants a finding that they have waived the attorney-client privilege. The ten months that passed between the Sero Defendants' initial assertion of the privilege in November 2018 and the close of fact discovery in September 2019 was more than sufficient time for them to have compiled and shared a privilege log. Courts often hold that such significant delays justify a finding of waiver. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("Here, the district court found a waiver where the log not only was not filed during the Rule 32 time limit, but was filed five months later. In the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal."); *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688 (M.D. Fla. 2005) (finding waiver where party produced a privilege log eight months after the written response was due). Furthermore, in those ten months, Plaintiffs asked the Sero Defendants no fewer than three times, if they were in fact withholding purportedly privileged documents, to share their privilege log. (Moore Decl., ¶ 17 & Exs. O-Q.) The Sero Defendants did not respond to these requests

until January 28, 2020. (Moore Decl. ¶ 11.) This delay, particularly in light of Plaintiffs' requests, is inexcusable. *See In re Chevron Corp.*, 749 F. Supp. 2d 170, 182 (S.D.N.Y. 2010) (finding that a party waived privilege by failing to timely provide privilege log, even after it was called to party's attention by opposing counsel).

Plaintiffs have been prejudiced by the Sero Defendants' unjustified and inexcusable delay. By failing to make even the minimal effort to respond to Plaintiffs' emails to notify them that a privilege log would be forthcoming, the Sero Defendants led Plaintiffs to believe that the Sero Defendants were not withholding documents on the basis of privilege. Plaintiffs have thus gone through fact discovery and expert discovery with an incomplete understanding of key facts and documents. Without a privilege log, Plaintiffs could not "assess" the Sero Defendants' claim of privilege, as required by Rule 26(b)(5)(A). The Sero Defendants' delay prevented Plaintiffs from litigating the validity of the privilege assertions, and possibly obtaining favorable rulings from this Court. The delay may accordingly have prevented Plaintiffs from asking fact and expert witnesses about key documents sent to and from Defendants Gertz and Blake in the critical period in which they were building their fraudulent scheme. *See In re Chevron Corp.*, 749 F. Supp. 2d at 182 (finding waiver where "[i]t would be difficult and perhaps impossible, starting today, for [petitioners] to litigate the privilege objections on their merits in this Court, litigate to conclusion any appeals that might be taken from the Court's rulings, and take a deposition of [the delaying party] informed by the contents of any documents as to which privilege claims ultimately were overruled" prior to a scheduled hearing). Instead, the timing of the Sero Defendants' service of their privilege log means that when Plaintiffs should be focusing motions for summary judgment, they are instead forced to litigate a discovery dispute that should have been aired no later than four months ago.

Nor is the privilege log the Sero Defendants have finally produced adequate to allow Plaintiffs and the Court to evaluate whether each document has been properly withheld.

This information is too vague to "enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *accord Taber*, 2017 WL 4391779, at *4 ("[I]t is important that the privilege log contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed and for whom the document was prepared, the purpose in preparing the document, what privileges are asserted for each document and how each element of the privilege is met for that document.").

In particular, Plaintiffs have no way of knowing how the Sero Defendants decided which of Mark Blake's communications to assert privilege. *Cf. Sedco Intern., S.A.*, 683 F.2d at 1205-06 (explaining that advice given by an attorney who also acts in business capacity is privileged only if it is "primarily legal advice"); *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litig.*, No. 08-1967-MW-W-ODS, 2011 WL 1136440, at *3 (W.D. Mo. Mar. 25, 2011) ("[N]ot everything said by or to a lawyer is privileged; the inquiry requires a consideration of the role played by the attorney during the course of those communications.").

There are several additional issues with the privilege log that weigh in favor of a finding of waiver. First, some of the entries were for communications shared with third parties. (Moore

Decl. Ex. I at 35 (IRE0022275 & IRE0022280), 36 (IRE0022290; IRE0022293; IRE0022295), 42 (IRE0027165 & IRE0027166), 43 (IRE0027169 & IRE0027233), 49 (IRE0028431), 55 (IRE0030225), 79 (IRE0042198), 93 (IRE0056540), 104 (IRE0061405), 114 (IRE0065184), 122 (IRE0079382), 139 (IRE0089974 & IRE0089975), 156 (IRE0093707).) These are not privileged. *Lipton Realty, Inc. v. St. Louis Hous. Auth.*, 705 S.W.2d 565, 570 (Mo. Ct. App. 1986) ("A client waives the attorney-client privilege when he voluntarily shares the communication with a third party.") And second, some of the entries on the privilege log appear to be for documents duplicative of, or closely related to, non-privileged documents the Sero Defendants served long ago—they were sent on the same date, involve the same people, and have the same subject line—and have been used without objection in depositions. (*See, e.g.*, Moore Decl., Ex. M.)

These deficiencies could have been addressed if the Sero Defendants had produced their privilege log in a timely manner. Instead, summary judgment motions are due in approximately one week. These deficiencies in a privilege log produced so late thus counsels in favor of a finding of waiver. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149 (listing "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged" as one factor for a court to consider in evaluating waiver); *Universal City Development Partners, Ltd.,* 230 F.R.D. at 688 (finding waiver where an untimely privilege log did not provide sufficient information to assess the claims of privilege); *InCompass IT, Inc. v. XO Comm'ns Servs., Inc.*, Civ. No. 10-3864 (SRN/JJG), 2011 WL 13233488, at *4-5 (D. Minn. Nov. 13, 2011) (finding waiver where lack of privilege log "made it impossible for [defendant] to evaluate the claim of privilege and thereby refute [plaintiff's] reasons for withholding documents" and the withheld documents were "of paramount magnitude and may be an integral part of either party's case-in-chief").

In sum, the Sero Defendants have waived attorney-client privilege by failing to serve a privilege log until months after the close of fact discovery and on the eve of the deadline for summary judgment motions. The documents should be produced forthwith.

## II. Alternatively, All Evidence of the Sero Defendants' Reliance on Advice of Counsel Should be Stricken and the Sero Defendants' Privileged Documents Should be Subject to an Expedited In Camera Review.

As discussed, the Sero Defendants are impermissibly attempting to use the attorney-client privilege as both a sword and a shield by both putting advice of counsel at issue and maintaining the privilege. *See* § I.A *supra*. Accordingly, if this Court determines that the Sero Defendants have not waived the privilege, they should not be allowed to rely on advice of counsel. Any evidence of advice of counsel should be stricken and the Sero Defendants should be precluded from relying on any such evidence in any proceedings. *See, e.g., Software AG v. Bea Systems, Inc.*, No. Civ.A03-739 GMS, 2005 WL 8599266, at *2 (D. Del. April 8, 2005) (granting motion in limine to exclude evidence of party's consultation with counsel where "BEA would like to introduce evidence that its pre-litigation correspondence with SAG was handled in part by a patent attorney, while simultaneously asserting privilege as to his private communications with BEA, in an effort to show a lack of intent. . . . This is an untenable position. . . . [T]he true value to BEA of this evidence is that it will permit BEA to give the jury a subtle 'wink wink,' in the hope that the jury will draw the improper inference that the patent attorney's involved demonstrates BEA's lack of intent.").

Also as discussed, the Sero Defendants' privilege log is deficient and at least some of the entries appear improper. *See* § I.B *supra*. Accordingly, if this Court determines that the Sero Defendants have not waived the privilege, an in camera review of the documents listed in the privilege log is appropriate to determine whether the Sero Defendants have properly asserted the privilege. *See, e.g., Taber v. Ford Motor Co.*, No. 16-00162-CV-W-SWH, 2017 WL 4391779, at

*6 (W.D. Mo. Sept. 29, 2017) ("Because the Court did not believe it could fairly rule on the motion to compel by simply reviewing the March 29, 2017 privilege log, it has now reviewed the documents in camera."); *Kmak v. Am. Century Companies, Inc.*, No. 12-1111-CV-W-BP, 2015 WL 13636656, at *2 (W.D. Mo. Apr. 23, 2015) ("The Court recognizes the difficulty in differentiating between legal advice and business advice and therefore believes the most expeditious way of addressing the controversy is to review the disputed documents in camera." (quoting *Jo Ann Howard & Assocs., P.C. v. Cassity*, 2014 U.S. Dist. Lexis 163787, at *10 (E.D. Mo. Nov. 14, 2014)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court find that the Sero Defendants have waived attorney-client privilege and order that they produce all documents withheld on the basis of that privilege forthwith. In the alternative, Plaintiffs request that the Court find that all evidence of the Sero Defendants' consultation with counsel be stricken and excluded in future proceedings, and that an expedited in camera review of the documents for which the Sero Plaintiffs claim privilege be conducted.

Dated: February 21, 2020      By:      */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Amira A. ElShareif (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
aelshareif@robinskaplan.com
jwing@robinskaplan.com

***Attorneys for Plaintiffs***

23

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 21st day of February 2020, with notice of case activity sent to counsel of record.

<u>/s/ Michael L. Jente</u>

24