IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO INTERVENE

This action arises out of an alleged pass-through billing scheme for laboratory tests billed from a rural Missouri hospital, Putnam County Hospital. Plaintiffs, a collection of health insurers, are suing a variety of Defendants to recover money from the alleged fraud. Pending before the Court is Kirk Hall, Debbie Hall, and Flemco, LLC's ("the Interested Parties") motion to intervene pursuant to Federal Rule of Civil Procedure 24(b) for the purpose of seeking access to unfiled discovery.

The Interested Parties are suing two of the Defendants in this case, Empower H.I.S. LLC ("Empower") and Jorge Perez ("Perez"), in a shareholders derivative action filed in this district, *Kirk and Debbie Hall, et al. v. Health Acquisition Company LLC*, *et al*., No. 18-cv-0601-NKL ("the *Hall* litigation") for actions allegedly taken by Mr. Perez during his management of other hospitals. These actions include running "lab outreach" programs similar to the one Plaintiffs have alleged he ran at Putnam County Hospital.

The Interested Parties seek to intervene to obtain relief from the protective order entered in this case so that they can gain access to some of the discovery Empower and Mr. Perez have produced in this litigation, or at least question Plaintiffs' counsel about what has been produced.

Before filing the motion to intervene, the Interested Parties' attorney asked Plaintiff's counsel about what documents Empower and Mr. Perez produced in this litigation, and Plaintiff's counsel responded that the protective order in this case prohibited him from answering. The Interested Parties believe that Empower and Mr. Perez have not provided relevant documents during discovery in the *Hall* litigation, despite supplying an affidavit stating they have done so.

Because the Interested Parties have failed to demonstrate they have Article III standing to intervene for the purposes of obtaining unfiled discovery, the motion is DENIED.

## Discussion

The Interested Parties state they seek to intervene for three reasons: (1) to allow Plaintiffs' counsel to disclose to them whether Empower and Mr. Perez have produced documents in this case; (2) to allow Plaintiffs' counsel to disclose to them whether any documents produced in this case include documents relevant to the *Hall* litigation; and (3) if any documents have been produced in this case that are relevant to the *Hall* litigation, then for Plaintiffs' counsel "to provide those documents" to counsel for the Interested Parties. The motion is unclear as to whether the Interested Parties are seeking an order *requiring* Plaintiffs' counsel to provide such documents or an order permitting them to provide these documents. The motion is also silent about who would bear the cost of production. Plaintiffs' counsel reads the motion as requiring him to produce these documents and either counsel's law firm or his client to bear the cost of such production.

While sympathetic to the Interested Parties' plight, Plaintiffs oppose the motion to intervene, arguing: (1) the Interested Parties lack standing to intervene because there is no public right of access to unfiled discovery; (2) Empower and Mr. Perez should be responsible for producing their own documents—the burden of producing documents to the Interested Parties for their use in the *Hall* litigation should not fall on Plaintiffs; and (3) the Interested Parties have not

2

demonstrated that the remedies presumably available to them in the *Hall* litigation are insufficient. That is, what the Interested Parties have presented this Court with is a discovery dispute in an unrelated case. If the Interested Parties believe Empower and Mr. Perez have not complied with their discovery obligations in that case, their remedy is to ask the judge in that case to sanction Empower and Mr. Perez. Plaintiffs note the Interested Parties have not disclosed whether they have sought such sanctions in that case.

Defendants Empower and Mr. Perez have not filed any opposition or other response to the motion to intervene.

A Rule 24(b)[1] motion to intervene is an appropriate vehicle for a non-party seeking to challenge a protective order. *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015). When a non-party is seeking to intervene in a case for the limited purpose of modifying a protective order or unsealing judicial records, an independent basis for jurisdiction is not required. *Id.* Here, however, the Interested Parties ask the Court to modify the Protective Order so that they can obtain access to *unfiled* discovery. Unlike judicial records, "the public 'has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery.'" *Tussey v. ABB Inc.*, No. 06-4305-CV-C-NKL, 2012 WL 2368471, at *2 (W.D. Mo. June 21, 2012) (quoting *Bond v. Utreras,* 585 F.3d 1061, 1073, 1075 (7th Cir. 2009). Because there is no public access right to unfiled discovery, a party seeking to intervene in an action for the purpose of obtaining unfiled discovery must meet the standing requirements of Article III in addition to Rule 24(b)'s requirements for permissive intervention. *CRST Expedited, Inc. v. TransAm Trucking Inc.*, No. 16-cv-0052-LTS, 2018 WL 9880439, at *4 (N.D. Iowa Oct. 9, 2018).

---

[1] Fed. R. Civ. P. 24(b), which governs permissive intervention, provides in relevant part: "(1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

A party has Article III standing to intervene in a case for the purposes of obtaining unfiled discovery when it can show "that it would 'directly benefit from modification of the protective order.'" *CRST Expedited, Inc.*, 2018 WL 9880439, at *4 (quoting *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). This burden is met when "there is evidence that one of the parties would share the documents with the third party if not for the protective order or that the protective order is preventing the third party from obtaining the documents through discovery in its own collateral litigation." *CRST Expedited, Inc.*, 2018 WL 9880439, at *4 (denying motion to intervene and obtain unfiled discovery from closed case).

Plaintiffs argue persuasively that neither condition is met here: It cannot be said that Plaintiffs would share the documents with the Intervenors but for the protective order, because Plaintiffs have no interest in allowing the Interested Parties to commandeer their attorneys to make up for any failures of Mr. Perez or Empower to provide discovery in the *Hall* litigation. Nor does the protective order here prevent the Interested Parties from obtaining the requested documents from Mr. Perez or Empower in the *Hall* litigation. The First Amended Protective Order explicitly preserves "the right of the Producing party [i.e. Defendants Empower and Mr. Perez] to disclose to any person or entity its own information." (Doc. 261 at 18.)

Consequently, the Court holds the Interested Parties have failed to demonstrate they have Article III standing, and the motion is DENIED.

**IT IS SO ORDERED.**

Date:   September 24, 2020                                   /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT