IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR RULE 37 SANCTIONS AGAINST EMPOWER DEFENDANTS

This action arises out of an alleged pass-through billing scheme for laboratory tests billed from a rural Missouri hospital. Plaintiffs, a collection of health insurers, are suing a variety of Defendants to recover money from the alleged fraud. Pending before the Court is Plaintiffs' "Motion for Rule 37 Sanctions Against Empower H.I.S. LLC, Hospital Partners, Inc., and Jorge Perez" (Doc. 361).

Plaintiffs allege Defendants Empower H.I.S. LLC ("Empower H.I.S."); Hospital Partners, Inc. ("Hospital Partners"); and Jorge Perez ("Mr. Perez") (collectively "the Empower Defendants"), who are all represented by the same law firm, have continued to disregard their discovery obligations, even after the Court issued two orders specifically directing them to provide discovery. Finding that Empower H.I.S. and Hospital Partners have repeatedly refused to designate corporate representatives to be deposed under Rule 30(b)(6), and that all the Empower Defendants have failed to produce documents from 2016—a time period crucial to the events in this litigation—the motion is GRANTED.

## Background[1]

The facts here are largely undisputed.

Plaintiffs claim the Empower Defendants were essential to the operation of the alleged pass-through-billing scheme at issue in this case, which allegedly operated as follows: Defendants Mr. Perez and David Byrns ("Mr. Byrns") took control of Putnam County Memorial Hospital ("Putnam"), a rural Missouri hospital, through Hospital Partners. Mr. Perez and Mr. Byrns engaged Empower H.I.S. to handle billing for the scheme, and engaged laboratories—including Defendants Serodynamics, LLC ("Serodynamics"), Pinnacle Laboratory Services ("Pinnacle Labs"), and former Defendant LifeBrite Laboratories, LLC ("LifeBrite Labs")—to collect patient specimens from health care providers and test them at their laboratories in Colorado, Florida, and Georgia, respectively. They would then send the patient and test information to Empower H.I.S., which would bill the tests using Putnam's identifiers (*e.g.*, Tax Identification Number and National Provider Identifier) and represent to Plaintiffs that Putnam performed the tests. This allowed Mr. Perez and Mr. Byrns, along with their co-conspirators, to exploit Putnam's in-network contract with Plaintiffs, which provided them with more lucrative reimbursements than the laboratories would have received if they had billed the tests directly to Plaintiffs. When Plaintiffs and other insurers relied on the fraudulent claims and paid Putnam, the Empower Defendants directed Putnam to distribute the payments among the Defendants.

Plaintiffs filed their lawsuit on March 30, 2018. The parties held a Rule 26(f) conference on October 4, 2018. Plaintiffs served Interrogatories, Requests for Production, and Requests for Admission on each Defendant—including Mr. Perez, Hospital Partners, and Empower H.I.S.—on October 8, 2018.

---

[1] Because the facts are largely undisputed, this section draws heavily from Plaintiffs' Suggestions in Support (Doc. 362); no additional attribution will be made.

The Empower Defendants served their Rule 26(a)(1) disclosures on October 18, 2018. They did not identify a single person likely to have discoverable information by name, nor did they provide or describe any documents that may be used to support their claims or defenses.

On November 26, 2018, the Empower Defendants served Responses and Objections to Plaintiffs' Discovery Requests. In their Responses, the Empower Defendants: (i) objected to all fifty-eight of Plaintiffs' Requests for Production, almost entirely on the basis of boilerplate objections, and refused to produce a single document; (ii) denied all thirteen of Plaintiffs' Requests for Admission, often after re-phrasing the Requests for Admission; and (iii) failed to provide substantive answers to the Interrogatories. In a meet-and-confer conference, the Empower Defendants reiterated that they would not produce any documents. For the first time, they also asserted the Fifth Amendment as a basis for their refusal to produce responsive documents.

On January 11, 2019, the Empower Defendants served Plaintiffs with Amended Responses to Plaintiffs' Discovery Requests, in which they asserted, "at least on a temporary basis," their rights under the Fifth Amendment as a justification for refusing to produce documents and otherwise respond to Plaintiffs' Discovery Requests.

On January 21, 2019, Plaintiffs moved for an Order requiring the Empower Defendants to supplement their Responses and comply with their discovery obligations.

On February 1, 2019, the Court issued its Order Regarding Discovery Dispute (Doc. 171) in which it: (i) ordered the Empower Defendants to supplement their Initial Disclosures within fourteen days; (ii) ordered Empower H.I.S. and Hospital Partners to respond to Plaintiffs' Discovery Requests within fourteen days, because legal entities are not entitled to protection under the Fifth Amendment; (iii) ordered Mr. Perez and Mr. Byrns to "produce relevant business records" in their possession within fourteen days; (iv) ordered the Empower Defendants to respond

3

to Plaintiffs' Discovery Requests in good faith or specifically tailor their objections to each request within fourteen days; and (v) ordered each of the Empower Defendants to prepare a statement identifying the steps they had taken to preserve discoverable information. Order at 10. The Court also warned the Empower Defendants that they had "delay[ed] litigation and create[d] additional costs for all involved," and that, if their conduct continued, the Court "would consider imposing sanctions." *Id.*

On February 15, 2019, the Empower Defendants made a limited production of documents and served Amended Discovery Responses. The production did not include various categories of relevant documents that the Court had ordered to be produced, including: (i) emails from key custodians, such as Jorge Perez, Ricardo Perez (Jorge Perez's brother and business partner who is also a co-defendant in the pending federal criminal case), Yesenia Hidalgo (Empower H.I.S.'s Operations Manager), and Ernesto Fesser (Empower H.I.S.'s Controller); (ii) operations-type documents describing Empower H.I.S.'s business practices (*e.g.*, documents detailing Empower H.I.S.'s submission of the claims at issue, or guiding employees on how to bill claims); and (iii) the Empower Defendants' financial records. The Amended Discovery Responses each included an attestation that all relevant documents were, and would continue to be, preserved.

In April 2019, Plaintiffs sought to work through the deficiencies with the Empower Defendants' productions. The Empower Defendants' counsel stated that Empower H.I.S. had produced responsive documents within its control and that he would further communicate with his clients regarding the status of their productions. The Empower Defendants produced no additional documents during the spring of 2019.

On May 1, 2019, Plaintiffs again moved to compel. Plaintiffs also requested the Court's involvement in setting deadlines for the depositions of the Empower Defendants, who had refused

4

to provide dates. On May 10, 2019, the Court: (i) ordered Perez and Empower H.I.S. to sit for depositions within twenty and forty-five days, respectively;[2] (ii) ordered the Empower Defendants to "produce all relevant documents within seven days," including financial records; (iii) denied defense counsel Frank Smith's motion to withdraw, considering "the state of discovery at this juncture and the [Empower Defendants'] lack of responsiveness;" and (iv) required Plaintiffs and the Empower Defendants to appear for an in-person conference on July 26, 2019. Order Regarding Disc. Dispute (Doc. 208) at 2, 4. The Court noted that the Empower Defendants "ha[d] fallen short" of the expectation to adhere to the letter and spirit of the discovery rules and that "their continued and possibly intentional foot-dragging frustrates the Court and wastes the time and resources of all involved." *Id*. at 4.

On May 17, 2019, the Empower Defendants made another limited production. When informing Plaintiffs of the production, Mr. Smith asserted that the Empower Defendants had added "everything else they found pursuant to the Judge's order."

New counsel, Mr. Marney, subsequently appeared on behalf of the Empower Defendants. On June 18, 2019, Mr. Marney informed the Court that he had engaged an "electronic discovery vendor" to "fulfill the document production obligations" of the Empower Defendants. Days later, Mr. Marney informed Plaintiffs that the vendor had begun collecting documents, and that Plaintiffs could expect a production before the July 26, 2019, hearing.

On July 3, 2019, Plaintiffs moved the Court for an Order extending fact and expert discovery, in substantial part due to the discovery conduct of the Empower Defendants, including their non-production of responsive documents and the repeated rescheduling of the Empower

---

[2] The parties subsequently agreed to conduct these depositions in September 2019.

Defendants' depositions due to Mr. Perez's health and other issues. The Court granted the motion and extended the close of fact discovery to September 30, 2019.

On August 20, 2019, the Empower Defendants' counsel reported that their electronic discovery vendor had recently identified an additional 600,000 documents that were potentially responsive to Plaintiffs' Discovery Requests. Counsel also stated that their clients would reproduce certain documents already made available to Plaintiffs, albeit in a more useable format.[3]

On August 21, 2019, the parties' counsel spoke by phone regarding the status of the Empower Defendants' production, including the 600,000 new documents. Counsel agreed to work on search terms to narrow the universe of documents to be reviewed from the new batch of 600,000 documents. On August 28, 2019, the parties agreed to search terms that narrowed the universe of new documents to be reviewed to approximately 112,000. However, the review of the 112,000 documents would take weeks, fact discovery was scheduled to close on September 30, 2019, and Plaintiffs would be forced to depose each of the Empower Defendants—as well as any of their employees—without the benefit of the vast majority of the Empower Defendants' documents.

In September 2019, Plaintiffs deposed Mr. Perez and two other Empower H.I.S. employees, each of whom refused to answer any of Plaintiffs' questions, citing their Fifth Amendment rights against self-incrimination. Plaintiffs did not have the benefit of the majority of the Empower Defendants' relevant documents when conducting, or attempting to conduct, these depositions.

On September 10, 2019, and September 18, 2019, Plaintiffs were scheduled to depose Empower H.I.S. and Hospital Partners, respectively, but no corporate representative appeared for either deposition. The basis for the refusal to appear and answer questions was that every person

---

[3] On August 23, 2019, the Empower Defendants re-produced in usable form the documents their previous counsel had produced months before.

6

Case 5:18-cv-06037-DGK    Document 430    Filed 09/24/20    Page 6 of 15

knowledgeable about the topics noticed by Plaintiffs would invoke their Fifth Amendment privilege and refuse to testify. These individuals would also refuse to prepare any other person to appear as the corporate representative.

On September 24, 2019, less than one week before the close of fact discovery, but after the depositions of the Empower Defendants and their employees, the Empower Defendants produced 92,140 documents, totaling 349,657 pages.

On October 17, 2019, more than two weeks after the close of fact discovery, the Empower Defendants produced additional financial records.

On October 29, 2019, Mr. Byrns pled guilty by agreement to one count of Conspiracy to Commit Health Care Fraud stemming from the allegations herein. As part of the agreement, Mr. Byrns agreed to be jointly and severally liable to Plaintiff RightCHOICE Managed Care, Inc. for $89,531,893 in restitution. Plea Agreement (Doc. 12), No. 3:19-cr-00166-TJC-JRK (M.D. Fl. Oct. 29, 2019).

On December 27, 2019, almost three months after the close of fact discovery, the Empower Defendants produced more financial records.

On June 17, 2020, a federal grand jury indicted Mr. Perez and nine other individuals—including the individuals who allegedly owned and controlled Codefendants Pinnacle Labs and LifeBrite Labs—in a twenty-three count indictment in connection with the events alleged in this case.

To date, the Empower Defendants have produced, in total, fewer than ten emails from 2016, even though they took control of Putnam in 2016. Documents produced by other Defendants show the Empower Defendants' production is incomplete. For example, Mr. Byrns produced an email chain from September 2016, whereby he obtains the contract between Plaintiffs and Putnam

7

and forwards it with commentary to Mr. Perez. This document was not produced during discovery by the Empower Defendants, even though it should have been in their files, since it was sent to Mr. Perez at an email domain that Empower H.I.S. attested was being preserved. Another example is an email chain from November 2016, wherein Defendant Beau Gertz thanks Mr. Perez and Mr. Byrns for signing the contracts between Putnam and Defendant Serodynamics and Labmed Services, LLC ("Labmed"). It, too, is missing from the Empower Defendants' production. The Empower Defendants have failed to offer any explanation as to why they did not produce these emails.

Of the 193,301 documents the Empower Defendants produced, only 0.54% were sent, received, last modified, or created in 2016. And only 14.07% were sent, received, last modified, or created in 2017. The majority of the Empower Defendants' documents were created in 2019, two years after the key events in this litigation. And, despite the fact that Empower H.I.S. is a medical billing and software company, few, if any, operations-type documents (*e.g.*, billing manuals and policies) have been produced.

Plaintiffs now move for sanctions under Federal Rule of Civil Procedure 37(b) and (d).

**Standard**

Rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery," the court may issue further "just orders. These orders may include":

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

8

> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party;
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally, if there is a violation, "the court *must* order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Rule 30(b)(6) requires that in response to a notice or subpoena directed to a party organization, the organization "*must* then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" (Emphasis added). Rule 37(d)(1)(A)(i) specifically provides that if a party or a person designated under Rule 30(b)(6) fails to appear for a deposition, the court may order sanctions. These sanctions include the first six options (listed above) in Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(3). Finally, like Rule 37(b)((2)(C), Rule 37(d)(3) provides that if there is a violation, "[i]nstead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added).

**Discussion**

I.  **Empower H.I.S. and Hospital Partners are sanctioned under Rule 37 for failing to designate and prepare corporate representatives to be deposed.**

It is "settled that a corporation has no Fifth Amendment privilege." *Braswell v. United States*, 487 U.S. 99, 105 (1988). After being served notice of a Rule 30(b)(6) deposition, a corporate entity *must* designate one or more representatives who will not invoke the Fifth Amendment. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 92 n.5, 102 (2d Cir. 2012) (noting "a corporation may not refuse to submit to a Rule 30(b0(6) deposition . . . on the grounds that such acts may tend to incriminate it," it may designate other individuals to act as 30(b)(6) witnesses). A corporate entity may not simply refuse to designate a corporate representative who will not invoke the Fifth Amendment. *Id*. To hold otherwise "would effectively permit the corporation to assert on its own behalf the personal privilege of its individual agents." *United States v. Kordel*, 397 U.S. 1, 8 (1970) (internal quotation marks and citations omitted).

Legal entities that refuse to designate non-invoking corporate representatives may be sanctioned under Rule 37. *Nutramax Labs., Inc. v. Twin Labs., Inc.*, 32 F. Supp. 2d 331, 338 (D. Md. 1999) (striking affidavits and testimony from Rule 30(b)(6) designee who invoked the Fifth Amendment, and ordering further deposition); *In re Anthracite Coal Antitrust Litig.*, 82 F.R.D. 364, 370 (M.D. Pa. 1979) (sanctioning defendants by barring introduction of evidence).

In the present case, there is no dispute that corporate Defendants Empower H.I.S. and Hospital Partners have refused to designate corporate representatives. The question is whether they should be sanctioned.

Empower H.I.S. and Hospital Partners attempted defense of this refusal—that they cannot be sanctioned, because there were not any existing corporate representatives who would not invoke

10

their Fifth Amendment right—is meritless. Indeed, it arguably presents a Rule 11(b)(2) problem for the attorneys advancing it.[4]

This Court previously ruled that "the Fifth Amendment does not protect Hospital Partners and Empower H.I.S. because they are artificial legal entities." Order dated February 1, 2019 at 6 (Doc. 171). If Empower H.I.S. and Hospital Partners could not find someone currently affiliated with them to designate as a corporate representative, then they were required to prepare someone else—even someone not previously associated with the corporation—to be the corporate representative. *See*, e.*g.*, *Martinez v. Majestic Farms, Inc.*, No. 05-60833-CIV, 2008 WL 239164, at *2–3 (S.D. Fla. Jan. 28, 2008) (noting "[t]his is not an uncommon situation") (citing *City of Chicago v. Wolf*, No. 91 C 8161, 1993 WL 177020 (N.D. Ill. May 21, 1993)) (requiring corporation to designate a representative who would not invoke Fifth Amendment even if it meant retaining someone so that person could answer questions, and sanctioning corporation for earlier producing representative who repeatedly invoked privilege against self-incrimination).

The Court notes that nothing in the record suggests this case is analogous to *In re New England Compounding Pharmacy, Inc. Products Liability Litigation* or some other case where the court found compelling reasons not to require the corporation to prepare a deponent for a 30(b)(6) deposition. In that case, the district court granted a bankruptcy trustee's motion for a protective order precluding it from producing a corporate representative. MDL No. 13-2419-RWZ, 2015 WL 13715289, at *9 (D. Mass. July 31, 2015). The court noted the unique facts of the case: the former principals of the corporation had been indicted, indicated they would invoke their Fifth Amendment rights, and refused to help prepare a substitute corporate representative. *Id*. The

---

[4] Rule 11(b)(2) provides that by submitting to the court a brief, the attorney submitting it certifies that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.

11

corporation itself was in bankruptcy, so every dollar spent preparing a representative not previously associated with the corporation would be one less dollar available to pay victims. *Id*. Thus, it did not make sense to prepare a corporate representative for a 30(b)(6) deposition and granted the bankruptcy trustee's motion for a protective order. *Id*.

In the present case, there is no evidence that Empower H.I.S. and Hospital Partners made any effort to find a non-invoking corporate representative, much less tried to prepare someone not previously associated with them to act as a corporate representative. Consequently, the Court finds Empower H.I.S. and Hospital Partners' failure to designate corporate representatives to be deposed was intentional and the culmination of their efforts throughout this litigation to thwart Plaintiffs' legitimate attempts to conduct discovery. It was not substantially justified, nor are there any circumstances here which would make an award of expenses unjust. Further, it has substantially prejudiced Plaintiffs.[5] Thus, Empower H.I.S. and Hospital Partners should be sanctioned.

Plaintiffs request as a sanction that the Court: (1) order that it be taken as established for purposes of this action that Empower H.I.S. knew of the falsity of its representations to Plaintiffs and intended for Plaintiffs to act on those misrepresentations by paying the claims; (2) prohibit Empower H.I.S. or Hospital Partners from opposing Plaintiff's claims or introducing any evidence in defense of Plaintiffs' claims; and (3) award Plaintiffs their costs and reasonable attorneys' fees incurred in connection with the February 2019 Order, the May 2019 Order, and this motion.

The Court holds the entire requested sanction is not appropriate. Ordering that it be taken as established that Empower H.I.S. knew of the falsity of its representations and intended for Plaintiffs to act on those misrepresentations by paying the claims would make it difficult for the

---

[5] Granted, the Court cannot determine the precise extent of the prejudice, but that is because Empower H.I.S. and Hospital Partners have completely prevented Plaintiffs from deposing them. The Court infers from the record (including the fact that Defendant David Byrns, a principle along with Mr. Perez at Hospital Partners, has pled guilty in a related criminal case) that the prejudice has been substantial.

Serodynamics Defendants to defend a key fact in Plaintiffs' civil conspiracy claim, potentially prejudicing parties who are not being sanctioned. Further, the Court is not persuaded that it should award Plaintiffs their costs incurred in bringing their earlier discovery motions, because these were not motions for sanctions brought under Rule 37.

Instead, the Court finds the appropriate sanction is that (1) Empower H.I.S. and Hospital Partners be prohibited from opposing Plaintiff's claims or introducing any evidence in defense of Plaintiffs' claims; and (2) Plaintiffs be awarded their reasonable costs and attorneys' fees incurred in bringing this motion (Doc. 361).

Plaintiffs shall file a detailed accounting of these costs and attorneys' fees within fourteen days from the date of this order. Empower H.I.S. and Hospital Partners shall then have fourteen days to file any objections as to the amount. If any objections are filed, Plaintiffs shall have fourteen days to file a response. The Court will then rule on the existing record. If the costs and attorneys' fees are not paid within twenty-one days, the Court may enter a default judgment against Empower H.I.S. and Hospital Partners.

## II. The Empower Defendants are sanctioned under Rule 37 for failing to produce documents in violation of the Court's prior discovery orders.

Under Rule 37(b)(2), a court may sanction a party that fails to obey a court order to provide discovery. In order for a court to impose sanctions under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).

Here, the Court's February 1, 2019, Order required the Empower Defendants to "produce relevant business records in their possession" by February 15, 2019. The Court's May 2019 Order also required the Empower Defendants to produce "all relevant documents" by May 17, 2019. The Empower Defendants failed to comply with both orders. Instead, on September 24, 2019—months

after they were required to have produced all relevant documents, and after Plaintiffs had deposed the Empower Defendants and their employees—they produced 92,140 documents. What is even more concerning to the Court than the tardiness of the production is that it was still incomplete. It did not include at least two plainly relevant emails. The Empower Defendants have produced only ten emails for the entirety of 2016. Given that 2016 was the year in which the Empower Defendants took control of Putnam, this failure to produce does not appear to be an accident or an oversight. Given all the facts and circumstances, including the attestation that all emails were being preserved, as well as the failure to produce any operations-type documents which would detail Empower H.I.S.'s billing processes, the Court concludes the Empower Defendants made a calculated decision not to provide Court-ordered discovery. Thus, there has been an order compelling discovery and a willful violation of that order.

The Court also finds Plaintiffs have been severely prejudiced. Indeed, the Empower Defendants failure to comply with discovery appears to have been so complete it may be impossible to determine the extent of the prejudice. At the very least, Plaintiffs have been forced to incur the expense of motion practice on three different motions, expend resources attempting to determine what they have not received, and suffer a delay of approximately eighteen months in this litigation as they wait for the Empower Defendants to comply with their court-ordered obligations. All of this appears to have been for naught: They have still not been given complete access to relevant evidence in this case.

Consequently, the Court finds the Empower Defendants should be sanctioned for failure to produce documents in violation of the Court's prior orders. This sanction is independent from that ordered above. The Court finds the appropriate sanction is that (1) each of the Empower Defendants be prohibited from opposing Plaintiffs' claims or introducing any evidence in defense

14

of Plaintiffs' claims; and (2) Plaintiffs be awarded their reasonable costs and attorneys' fees incurred in bringing this motion. *See H&R Block Eastern Enterprises, Inc. v Sanks*, No. 4:16-cv-00206-GAF, 2017 WL 2587739, at *2-4 (W.D. Mo. March 9, 2017) (prohibiting defendant from opposing numerous claims for violating discover orders and failing to provide documents). The Empower Defendants are jointly and severally liable for these sanctions.

Plaintiffs shall file a detailed accounting of these costs and attorneys' fees within fourteen days from the date of this order. The Empower Defendants shall then have fourteen days to file any objections as to the amount. If any objections are filed, Plaintiffs shall have fourteen days to file a response. The Court will then rule on the existing record. If the costs and attorneys' fees are not paid within twenty-one days, the Court may enter a default judgment against the Empower Defendants.

## Conclusion

For the reasons discussed above, Plaintiffs' motion for Rule 37 sanctions (Doc. 361) is GRANTED.

**IT IS SO ORDERED.**

Date:  September 24, 2020   /s/ Greg Kays
                                                                       GREG KAYS, JUDGE
                                                                       UNITED STATES DISTRICT COURT