# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) HOSPITAL PARTNERS, INC., et al., ) ) Defendants. ) | No. 5:18-cv-06037-DGK |

## ORDER SETTING AMOUNT OF ATTORNEYS' FEES

This lawsuit arises from an alleged pass-through billing scheme for laboratory tests billed from a rural Missouri hospital. Plaintiffs, a collection of health insurers, are suing a variety of Defendants to recover money from the alleged fraud.

Pending before the Court is its prior Order Granting Plaintiffs' Motion for Rule 37 Sanctions Against Empower Defendants (Doc. 430) in which the Court imposed sanctions jointly and severally against the Empower Defendants.[1] As part of this order, the Court awarded Plaintiffs their reasonable attorneys' fees incurred in bringing the motion for sanctions. It also instructed the parties to submit briefing on the precise amount of attorneys' fees that should be awarded. That briefing is now complete and consists of the following: Plaintiffs' accounting of attorneys' fees (Doc. 439), the Empower Defendants' objections to this accounting (Doc. 442), and Plaintiffs' response (Doc. 443).

Plaintiffs request $36,540 in attorneys' fees and have submitted a detailed affidavit (Doc. 439-1) prepared by their attorneys in support. The Empower Defendants do not contest the

---

[1] The Empower Defendants are Defendants Empower H.I.S. LLC; Hospital Partners, Inc.; and Jorge Perez.

assertions in the affidavit, but argue the fees incurred are excessive given the length of the brief filed, which was 36 pages.

After carefully reviewing the record, the Court finds $36,540 is reasonable for the work performed.  This amount is particularly reasonable given that it was calculated: (1) excluding time spent on the motion by local counsel; (2) using billing rates similar to those accepted as reasonable in the Western District of Missouri (most of the time was billed at $250 an hour); (3) excluding time spent by paralegals; (4) excluding Plaintiffs' costs; and (5) excluding time spent repeatedly briefing the Empower Defendants' underlying discovery misconduct or preparing this accounting.

The Empower Defendants shall pay Plaintiffs $36,540 within twenty-one days of the date of this order.  As set out in the prior order, if the Empower Defendants fail to pay this amount within twenty-one days, the Court may enter default judgment against them.

**IT IS SO ORDERED.**

Date:   November 3, 2020	/s/ Greg Kays
	GREG KAYS, JUDGE
	UNITED STATES DISTRICT COURT