UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; LabMed Services, LLC; SeroDynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,<br><br>    Defendants. | Civil Action No.<br>5:18-CV-06037-DGK |

**PLAINTIFFS' MOTION FOR AN ORDER FOR THE DEFENDANTS AND THEIR COUNSEL TO SHOW CAUSE AS TO THE DISCLOSURE OF CONFIDENTIAL INFORMATION IN VIOLATION OF THE PROTECTIVE ORDER AND THE COURT'S SEALING ORDER**

Plaintiffs respectfully move the Court for an Order for the Defendants and their Counsel to Show Cause as to the Disclosure of Confidential Information in Violation of the Protective Order and the Court's Sealing Order. In support of the Motion, Plaintiffs state as follows:

1. Certain of the current and former Defendants in this action are defendants in the criminal matter titled *U.S. v. Perez, et al.*, 3:20-cr-00086-TJC-JBT, currently pending in the United States District Court for the Middle District of Florida (the "Criminal Matter"). Specifically, Jorge Perez, James F. Porter, Jr., Christian Fletcher, and David Byrns are or were defendants in the instant action, and are also defendants in the Criminal Matter.

2. On April 20, 2021, Fletcher and another defendant in the Criminal Matter, Aaron Durall, filed a Motion to Enforce Due Process Protections Act and Order Remedies for *Brady*

Violations (the "Motion") (*see* Criminal Matter Dkt. 290), relying substantially on documents from the instant matter that were protected from public disclosure under the First Amended HIPAA Qualified and General Protective Order (the "Protective Order") and by this Court's sealing Orders.

3. *First*, the Motion quotes extensively from and attaches *the sealed and unredacted version* of the Sero Defendants' Suggestions in Support of Motion for Summary Judgment. (*See* Criminal Matter Dkts. 290, 290-2,[1] 295, 295-2.)[2] When the Sero Defendants' filed their Suggestions in Support of Motion for Summary Judgment, they moved for and were granted leave to file the pleading under seal because, as they represented, "[p]ortions of the Sero Defendants' Suggestions in Support of Motion for Summary Judgment cite or quote documents that are designed 'Confidential,' 'Highly Confidential,' or 'Protected Health Information' pursuant to the HIPPA [sic] Qualified Protective Order." (*See* Dkt. 519.) The Court granted the Sero Defendants' Motion for Leave to File Under Seal on February 16, 2021. (*See* Dkt. 527.) The public disclosure of the sealed and unredacted version of the Sero Defendants' Suggestions in Support of Motion for Summary Judgment is a clear and direct violation of both the Protective Order and the Court's Order sealing the document.

4. *Second*, the Motion quoted extensively from *and attached in unredacted form* a presentation that the Sero Defendants and/or their counsel at Husch Blackwell LLP apparently

---

[1] After counsel for Plaintiffs informed counsel for Fletcher and Durall that their Motion publicly disclosed Protected Health Information belonging to Plaintiffs' member, they re-filed the Motion redacting the Protected Health Information but otherwise refusing to withdraw or seek to file the Motion under seal.

[2] Plaintiffs do not attach copies of these filings hereto because, as the Court ordered, they are sealed and because such a filing would also violate the Protective Order. Similarly, Plaintiffs do not attach a copy of the Husch Blackwell LLP presentation referenced below because doing so would violate the Protective Order.

made to the United States Attorneys' Office ("USAO") for the Western District of Missouri in an effort to convince the USAO not to indict Defendant Beau Gertz for his participation in the Putnam pass-through-billing scheme. (*See* Criminal Matter Dkts. 290, 290-1, 295, 295-1.) That presentation quoted and excerpted extensively from documents produced by Plaintiffs (and other parties) in this litigation that were designated "Confidential," "Highly Confidential," and/or "Protected Health Information" under the Protective Order, and their disclosure to the USAO and to counsel for Fletcher and Durall was in clear and direct violation of the Protective Order.

5. The Sero Defendants' presentation to the USAO included Protected Health Information belonging to at least one of Plaintiffs' Members, and the dissemination of the presentation and filing in the Criminal Action resulted in that Protected Health Information being *publicly disclosed* until counsel for Plaintiffs was able to convince counsel for Fletcher and Durall to withdraw and redact that information.

6. Counsel for Fletcher and Durall have thus far refused to withdraw the Motion or to file it or its supporting exhibits under seal. They remain publicly accessible.

7. On April 20, 2021, upon becoming aware of the violation of the Protective Order and the Court's Order sealing the Sero Defendants' Suggestions in Support of Motion for Summary Judgment, Plaintiffs' counsel emailed counsel for the Sero Defendants, James F. Porter, Jr., David Byrns, and Jorge Perez, and asked that they identify the party or parties responsible for disseminating the Sero Defendants' sealed and unredacted Suggestions in Support of Motion for Summary Judgment.

8. As of the filing of this Motion, none of the Defendants or their counsel has admitted to disseminating the Sero Defendants' sealed and unredacted Suggestions in Support of Motion for Summary Judgment.

9. Paragraph 8 of the Protective Order limit the disclosure of documents designated as "Confidential" to:

    a. "[C]urrent personnel of Plaintiffs or Defendant[s] who have been advised of their obligations [under the Protective Order] and who agree to use such information exclusively in connection with this litigation;"

    b. "[I]n-house and outside counsel for the parties to this action and their associates attorneys, paralegals, and other professional personnel (including support staff) who are under the supervision of such counsel and who have been advised by such counsel of their obligations hereunder;"

    c. Expert witnesses or consultants;

    d. The Court and Court personnel;

    e. An officer before whom a deposition is taken; or

    f. Trial and deposition witnesses.

(Dkt. 261.)

10. Paragraph 9 of the Protective Order further limits the disclosure of documents designated as "Highly Confidential." (*Id.*)

11. Paragraph 10 of the Protective Order states that "Confidential Information, Highly Confidential Information, and Protected Health Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes." (*Id.*)

12. Paragraph 19 of the Protective Order states that "[a]ny person receiving Confidential Information, Highly Confidential Information, or Protected Health Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof." (*Id.*)

13. Paragraph 26 details the Parties' agreement to ensure that any person who receives and stores Protected Health Information will maintain appropriate safeguards to preserve the privacy and confidentiality of the Protected Health Information. (*Id*.)

14. The Protective Order includes a specified process for challenging the designation of any documents as "Confidential," "Highly Confidential," or "Protected Health Information." (*See id*. ¶¶ 32-33.)

15. Paragraph 41 of the Protective Order requires that, "[i]f a Receiving party learns that it has disclosed Confidential Information, Highly Confidential Information, or Protected Health Information to any person or in any circumstance not authorized by this Protective Order, the Receiving Party must immediately:

    a. notify in writing the Producing party of the unauthorized disclosures;

    b. use its best efforts to retrieve all unauthorized copies of the Confidential Information, Highly Confidential Information, or Protected Health Information;

    c. inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order;

    d. request such persons to destroy all copies of the Confidential Information, Highly Confidential Information, or Protected Health Information; and

    e. request such person or persons to execute the "Agreement to be Bound by the Stipulated HIPAA Qualified Protective Order' the form of which is attached hereto as Exhibit A." (*Id*.)

16. To date, the Party or Parties responsible for disseminating Plaintiffs' Confidential, Highly Confidential, and/or Protected Health Information materials in violation of the Protective

Order and the Court's sealing Order have not complied with Paragraph 41 of the Protective Order.

17. In their Motion, counsel for Fletcher and Durall effectively admitted their awareness that they were publicly filing documents that this Court Ordered to be sealed, writing: "This is the unredacted version which defense counsel has recently managed to obtain independent of the government. This version contains highlighting which appears to represent the redacted portions of the publicly filed pleading. The highlighting was present on the unredacted version received by defense counsel." (*See* Criminal Matter Dkt. 290 at 8 fn.12.)

18. Because none of the Defendants or their counsel have admitted to disseminating these materials, though such dissemination could only have occurred by Defendants or their counsel, and because such dissemination was a clear violation of the Protective Order and the Court's sealing Order, Plaintiffs respectfully request that the Court issue an Order to Show Cause requiring each of the Defendants and each of their counsel with access to the disseminated information to declare under oath, within 24 hours of the issuance of the Order to Show Cause:

    a. Whether they disclosed any information designated as "Confidential," "Highly Confidential," or "Protected Health Information" to anyone other than those persons permitted to receive that information under Paragraphs 8 and 9 of the Protective Order, and to identify the date and recipient of each such disclosure;

    b. Whether they disclosed the sealed and unredacted version of the Sero Defendants' Suggestions in Support of Motion for Summary Judgment to anyone other than those persons permitted under Paragraphs 8 and 9 of the Protective Order, and to identify the date and recipient of each such disclosure;

c. Whether they disclosed the sealed and unredacted version of the Sero Defendants' Suggestions in Support of Motion for Summary Judgment to Fletcher, Durall, or their counsel, and to identify the date and recipient of each such disclosure;

d. Whether they disclosed the Husch Blackwell LLP presentation to the USAO to any person, and to identify the date and recipient of each such disclosure.

19. Plaintiffs respectfully submit that they intend to seek additional relief from this Court once the identity of the persons responsible for violating the Protective Order and the Court's sealing Order is known.

Respectfully submitted this 23rd day of April 2021.

*Counsel for Plaintiffs*

By: /s/ Michael L. Jente

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Jason W. Pfeiffer, MO Bar #50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 23rd day of April 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*