# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO WITHDRAW

This lawsuit arises out of an alleged pass-through billing scheme for laboratory tests billed from a rural Missouri hospital. Plaintiffs, a collection of health insurers, are suing a variety of Defendants who allegedly participated in or benefitted from the alleged fraud, including the laboratories who conducted the testing. After three years, the litigation is nearing its end. Summary judgment briefing is complete, and a trial is scheduled for September 20, 2021.

Now before the Court is a motion to withdraw brought by lead counsel, Gregory Minana, and three other attorneys with Husch Blackwell LLP who are representing the Sero Defendants.[1] ECF No. 576. Counsel move to withdraw based on "professional considerations," which appears to be a euphemism for their clients have run out of money. They suggest Defendant Blake, an attorney licensed in Florida and Texas, will enter his appearance and represent all the Sero Defendants, and he is currently finding local sponsoring counsel to allow him to appear pro hac vice. They assert their clients will not be prejudiced by their withdrawal.

---

[1] These attorneys represent Defendants Serodynamics, LLC; LabMed Services, LLC; Beau Gertz; and Mark Blake (collectively "the Sero Defendants").

In a supplemental brief, ECF No. 584, counsel provide more detail concerning the fiscal situation. Counsel acknowledge their law firm has already been paid $2 million in fees for work performed on the case, and assert they have performed an additional $200,000 in work for which they are awaiting payment. They state the clients have indicated they have no more money, and they argue they should not be required to keep working on the case if they will not be paid for additional work. They note this is a complex civil and criminal case, and that thirty-one attorneys and six paralegals have worked on it. They argue that their representation agreement allows them to withdraw in the event of non-payment, and that requiring them to continue representing their clients through trial would result in an unreasonable financial burden on the firm. Finally, they reiterate their prior assertion that "[w]ithdrawal can be accomplished without any adverse effect on the interests of the Sero Defendants." Suppl. Reply Br. ¶ 17.

Defendant Blake and the other Sero Defendants oppose allowing their attorneys to withdraw. They note counsel have already been paid $2 million, trial is rapidly approaching, and Mr. Blake has no trial experience.

Local Rule 83.2 governs withdrawal and provides that "[t]he Court may grant the motion only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel." Counsel has not demonstrated good cause here. No new counsel has entered an appearance (and no new counsel is likely to enter an appearance under the circumstances), nor has counsel demonstrated other good cause.

Counsels' financial hardship argument is particularly unpersuasive. Counsel have already been paid $2 million for their work in this case, some of which was plainly wasted in obstructionist

2

Case 5:18-cv-06037-DGK   Document 588   Filed 05/19/21   Page 2 of 4

discovery tactics,[2] and $2 million should have been enough to litigate this case through trial.  The Court recalls an equally complex, multi-party case involving significant discovery, extensive motion work, and a three-week jury trial against multiple defendants.  The prevailing attorneys in that case charged less than one-half of what counsel have already charged their clients here.  *See Weitz Co., LLC v. MH Washington, LLC*, No. 06-0559-CV-W-DGK, 2009 WL 10672553, at *6 (W.D. Mo. Nov. 2, 2009) (order reviewing proposed attorneys' fees, costs, and expenses for reasonableness).  Even accounting for inflation, a parallel criminal investigation, and multiple clients, $2 million is, or should have been, sufficient.  While this is a complex case, it is not so complex that it requires *thirty-one* attorneys to work on it.  The fact that so many attorneys at the firm have handled the file suggests the firm has not efficiently managed or litigated the case.  In any event, based on its considerable experience reviewing attorneys' fees in this market, the Court finds existing counsel have been amply compensated to represent their clients through trial, so denying the motion will not impose a financial burden on counsel.

On the other hand, granting withdrawal will prejudice at least three, if not all four, of the Sero Defendants by leaving them without competent representation at trial.  Given the rapidly approaching trial date and the fact that the Sero Defendants have understandably run out of money after paying their attorneys $2 million, it is very unlikely substitute counsel will enter an appearance.  Counsel's suggested solution—having Mr. Blake represent himself and the other Sero Defendants, Mot. at 4—is not a viable option.  As a threshold matter, it is doubtful he could ethically represent himself and the other Sero Defendants.  While the Sero Defendants' interests

---

[2] *See, e.g.*, 2d Supp. Disc. Order, ECF No. 301 at 2 (summarily ruling in Plaintiffs' favor on a discovery dispute, noting it was the third time the Court intervened in a discovery dispute concerning the scope of discovery into Plaintiffs' restitution claim, and warning that if the Court had to issue a fourth order on this topic, "it may impose monetary sanctions against the party, and/or their attorneys, resisting such discovery."); Order Regarding Disc. Dispute Concerning 30(b)(6) Deps., ECF No. 302 at 2 (sustaining all of Plaintiffs' objections to fifteen deposition topics proposed by SeroDynamics, noting the "disputed topics have no bearing on the claims or defenses in this case," and "the only purpose" of some of these topics was to "embarrass Plaintiffs.").

are closely aligned, such an arraignment raises an inherent risk of self-dealing on Mr. Blake's part. Granted, he could always represent himself, but that would leave the other three Sero Defendants unrepresented.

There are other, more practical problems with Mr. Blake representing anyone. This is a complex case and Mr. Blake is a transactional attorney with no trial experience; thus he lacks competence to represent himself, much less anyone else. Further, since he is not a member of the Bar of the Western District of Missouri, he can appear pro hac vice only and will need a sponsoring attorney. But it is unlikely that any member of the Bar of the Western District of Missouri will agree to sponsor him because, under the Local Rules, a sponsoring attorney "retains all of the responsibilities of an attorney of record," including appearing every day at trial. L.R. 83.5(h)(5). Under the circumstances, the Court would probably be unwilling to waive this appearance requirement, as it customarily does. Consequently, counsel's assertion that "[w]ithdrawal can be accomplished without any adverse effect on the interests of the Sero Defendants," is flatly wrong.

Counsel's request for leave to withdraw is DENIED WITH PREJUDICE. Counsel and their law firm shall continue to represent the Sero Defendants through trial.

**IT IS SO ORDERED.**

Date:  May 19, 2021                           /s/ Greg Kays
                                                                                             GREG KAYS, JUDGE
                                                                                             UNITED STATES DISTRICT COURT