IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., ) ) | |
| Defendants. ) | |

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a fifteen-bed hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing.

Now before the Court are Plaintiffs and the Sero Defendants[1] cross motions for summary judgment. The Sero Defendants seek summary judgment on all eleven counts and an award of their fees and costs incurred in defending this lawsuit. ECF No. 520. Plaintiffs' motion seeks summary judgment on their claims for tortious interference with contract (Count V), civil conspiracy to commit tortious interference (Counts V & VI), civil conspiracy to commit fraud (Counts I & VI), and money had and received (Count IX). ECF No. 525.

---

[1] Defendants Serodynamics, LLC; LabMed Services, LLC; Beau Gertz; and Mark Blake (collectively "the Sero Defendants").

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must "substantiate [her] allegation with sufficient probative evidence [that] would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

Here, neither party has demonstrated it is entitled to summary judgment as a matter of law. Much of the record concerns disputed questions of material fact which will require credibility determinations to resolve. As such, these claims are not suitable for resolution via summary judgment. Accordingly, the motions are DENIED.

**IT IS SO ORDERED.**

Date: <u>August 16, 2021</u>   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

2

Case 5:18-cv-06037-DGK   Document 616   Filed 08/16/21   Page 2 of 2