# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  No. 5:18-cv-06037-DGK ) |
| HOSPITAL PARTNERS, INC., et al., | ) ) |
| Defendants. | ) |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT DAVID BYRNS

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a small hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing.

Now before the Court is Plaintiffs' Motion for Partial Summary Judgment Against David Byrns ("Byrns"). ECF No. 523. Plaintiffs seek summary judgment against Byrns for fraud (Count I), tortious interference with contract (Count V), and civil conspiracy to commit fraud and tortious interference (Count VI).

Byrns has pled guilty to conspiracy to commit health fraud in a related criminal case[1] for the conduct which is the basis of Plaintiffs' claims against him. He does not refute any of the facts in Plaintiffs' statement of uncontroverted facts, nor he does not oppose the relief sought by

---

[1] *United States v. David Lane Byrns*, No. 3:19-CR-166-J-32JRK (M.D. Fla.).

Plaintiffs.  He does, however, request the Court include some language precluding Plaintiffs from receiving a double recovery.

Defendants Serodynamics, LLC; LabMed Services, LLC; Beau Gertz; and Mark Blake (collectively "the Sero Defendants") oppose the motion for summary judgment with respect to Plaintiffs' claims for fraud and conspiracy to commit fraud, but not as to Plaintiffs' claims for tortious interference with contract or conspiracy to tortiously interfere with contract.

The motion is GRANTED for the following reasons.

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive summary judgment, the nonmoving party must "substantiate [her] allegation with sufficient probative evidence [that] would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

The Court grants the motion with respect to Plaintiffs' claims for tortious interference with contract or conspiracy to tortiously interfere with contract against Byrns because the existing record indicates Plaintiffs are entitled to summary judgment on these claims as a matter of law.

2

The Court also holds Plaintiffs have established they are entitled to summary judgment as a matter of law on Plaintiffs' claims for fraud and conspiracy to commit fraud against Byrns. The Sero Defendants' argument that Plaintiffs have not established the requisite false representation of fact to prevail on these claims is unavailing. The Sero Defendants identify the fact in question as whether the reimbursement claims Byrns caused to be submitted to Plaintiffs identified the testing laboratories as having any "involvement" in the tests. The Sero Defendants argue that every claim at issue in this case identifies the "involvement" of the independent lab performing the testing. This argument is based on creating confusion from the ambiguity of what "involvement" might mean. Although the claims arguably identify the labs as submitters, it does not identify them as providers, which is something materially different and where the fraud enters. More importantly, this argument is irrelevant. The uncontested, materially false representation here is that Byrns and at least some of the other Defendants used Putnam's National Provider Identifier and Tax Identification Number to bill claims on behalf of patients who had no connection to Putnam. That is, in submitting these patients' claims, Bryns (in conjunction with at least some of the other Defendants) represented they had some legitimate connection to Putnam, when they did not. Hence, the record supports granting Plaintiffs partial summary judgment against Byrns on Plaintiffs' claims for fraud and conspiracy to commit fraud.

The motion is GRANTED. The Court enters summary judgment against Bryns for fraud (Count I), tortious interference with contract (Count V), and civil conspiracy to commit fraud and tortious interference with contract (Count VI) in the amount of $88,609,000.

Plaintiffs are not entitled to double recovery for the same loss through both the civil judgment entered in this case and any restitution order entered in Byrns' related criminal case. The Court orders that any amount paid to Plaintiffs as the result of (1) any restoration to Plaintiffs of

property forfeited from Byrns in his related criminal case; or (2) any order of restitution in his related criminal case, result in a *pro tanto* reduction to the judgment against Byrns in this civil case.

**IT IS SO ORDERED.**

Date: <u>August 16, 2021</u>             <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT