IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO STRIKE KAREN B. FORTUNE'S EXPERT OPINIONS AND TESTIMONY**

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a small hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing.

Now before the Court is Defendants Serodynamics, LLC's; LabMed Services, LLC's; Beau Gertz's; and Mark Blake's (collectively "the Sero Defendants") Motion to Partially Strike Expert Opinions and Proffered Testimony of Karen B. Fortune. ECF No. 480.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if the following conditions are met:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "'the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility,'" but "'if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded.'" *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (quoting *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 415 (8th Cir. 2005)).

Plaintiffs have retained Karen B. Fortune, CPA/CFF, CGMA, MAcc[1], to testify as an expert on (1) tracing the payments Plaintiffs allegedly made through Putnam to the Sero Defendants, and (2) Plaintiff's calculation of damages. The Sero Defendants move to strike that portion of her report and testimony dealing with the calculation of damages. They argue her report is just a simple calculation that does not employ any expert methodology. They also argue her

---

[1] "CPA" means Certified Public Accountant; "CFF" means Certified in Financial Forensics; and "CGMA" means Chartered Global Management Accountant. Both of these credentials are issued by the American Institute of Certified Public Accountants. "MAcc" refers to a Masters in accounting.

analysis is fundamentally flawed because it fails to account for the value of the testing provided by the Serodynamics to Plaintiffs' members.

These arguments are without merit. As a threshold matter, it appears Ms. Fortune's damages analysis involves a variety of high-volume calculations derived from multiple data sources, including cross-referencing large data sources based upon overlapping identifiers and analyzing claims data based on the time of the Sero Defendants' contractual relationships with Putnam. As such, they are not calculations that any layperson with a calculator could perform, as the Sero Defendants suggest. Even if these were simple calculations, FRE 702 does not require a "proffered expert to make *complicated* mathematical calculations." *WWP, Inc. v. Wounded Warriors Family Supp., Inc.*, 628 F.3d 1032, 1039-40 (8th Cir. 2011) (emphasis in original); *see also*, *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, No. 5:18-CV-06019-FJG, 2019 WL 8333450, at *3 (W.D. Mo. Nov. 6, 2019) (declining to exclude the testimony of a certified public accountant and fraud examiner on the grounds that his calculations were "overly simplistic").

As for the Sero Defendants argument that her testimony should be excluded because her analysis does not take into account the value of the tests performed by Serodynamics, this argument challenges Ms. Fortune's factual assumptions, not her methods. And as the Eight Circuit observed, "[t]ime and again, we have noted that the factual basis of an expert's opinion generally relates to the weight a jury out to accord that opinion. Thus, unless the factual or methodological basis for the testimony is fundamentally unreliable, its admission is not an abuse of discretion." *Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1120-21 (8th Cir. 2006). Here, there is evidence that Plaintiffs would not have paid for the tests Serodynamics performed absent the Sero Defendants' alleged fraud and misrepresentations. Consequently, the Court cannot say the factual basis for Ms.

Fortune's testimony—that is, the factual assumption in her damages model that the Serodynamics tests had no value—is fundamentally unreliable, so her expert testimony is admissible.

Accordingly, the Sero Defendants Motion to Partially Strike Expert Opinions and Proffered Testimony of Karen B. Fortune is DENIED.

**IT IS SO ORDERED.**

Date: August 16, 2021 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT