# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) HOSPITAL PARTNERS, INC., et al., ) ) Defendants. ) | No. 5:18-cv-06037-DGK |

## ORDER GRANTING IN PART MOTION TO STRIKE DR. PETER KONGSTVEDT'S EXPERT OPINIONS AND TESTIMONY

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a small hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing.

Now before the Court is Defendants Serodynamics, LLC's; LabMed Services, LLC's; Beau Gertz's; and Mark Blake's (collectively "the Sero Defendants") Motion to Strike Expert Opinions and Proffered Testimony of Peter R. Kongstvedt. ECF No. 482. Plaintiffs have retained Dr. Peter R. Kongstvedt, M.D., FACP,[1] a physician, health plan executive, consultant, and academic, to offer testimony about standards and practices in the managed care industry. The Sero Defendants argue that Dr. Kongstvedt's proposed testimony that the Sero Defendants engaged in healthcare fraud is a key issue for the jury in this case, and that this portion of his opinion invades the province of the jury. Plaintiffs concede this point and have withdrawn those portions of Dr.

---

[1] "FACP" stands for Fellow of the American College of Physicians.

Kongstvedt's proposed testimony concluding the Sero Defendants engaged in fraud. Plaintiffs still propose to have him testify about standards and practices in the managed care industry, and that the Sero Defendants' conduct was inconsistent with those standards and practices. In their reply, the Sero Defendants suggest the Court should exclude all of Dr. Kongstvedt's proposed testimony.

For the following reasons, the motion is GRANTED IN PART.

## Discussion

When the admissibility of expert testimony is challenged, the district court must make a preliminary determination about its admissibility. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if the following conditions are met:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

Finally, expert evidence is admissible even if "it embraces an ultimate issue to be decided by the jury," but "[o]pinions that merely tell the jury what result to reach are not admissible." *Lee v. Anderson*, 616 F.3d 803, 808-09 (8th Cir. 2010) (citing FRE 704).

Both parties and the Court agree Dr. Kongstvedt may not testify that the Sero Defendants engaged in fraud. To ensure there is no confusion about what this means, the Court rules as follows with respect to particular issues raised in the Sero Defendants' motion.

Dr. Kongstvedt may not testify about what is fraud under the law, or what participants in the managed care industry consider to be fraud or healthcare fraud. Nor may he testify that any particular practice the Sero Defendants are accused of engaging in, such as "pass-through billing" or "patient brokering," constitutes fraud or healthcare fraud. Dr. Kongstvedt may also not provide any testimony which states a legal opinion or legal conclusion. For example, he may not testify that certain actions by Defendants violated Putnam's contracts with Plaintiffs or offer an opinion as to whether the Sero Defendants intended or attempted to comply with the Putnam/Right Choice contract. These questions are reserved for the jury.

Closely related to this, the Court prohibits Dr. Kongstvedt from using such words as "exploited" or "misrepresented" to describe the Sero Defendants' conduct. For example, he may not testify the Sero Defendants "exploited" the Putnam/Right Choice contract, or that the Sero Defendants "misrepresented" who performed the actual testing. This is pure argument and unrelated to Dr. Kongstvedt's expertise. Dr. Kongstvedit, and all the other expert witnesses, are prohibited from providing such color commentary in his or their testimony.

The balance of the Sero Defendants' motion is denied. Dr. Kongstvedt may testify about what practices like "pass-through billing" and "patient brokering" are, whether such practices are consistent with industry standards, and whether a given arrangement the Sero Defendants practiced

constitutes pass-through billing or patient brokering. The Sero Defendants argue that permitting Dr. Kongstvedt to opine that the Sero Defendants engaged in "pass-through billing" or "patient brokering" is virtually equivalent to allowing him to testify that they engaged in healthcare fraud because these concepts are "inextricably intertwined." This argument is unavailing. Opining that a given billing arrangement constitutes pass-through billing is different than opining that it is fraud or healthcare fraud. The former is admissible even though it embraces an ultimate issue in the case. FRE 704 ("An opinion is not objectionable just because it embraces an ultimate issue.") The latter is an opinion on a legal question that the jury must decide. The Court further holds Dr. Kongstvedt's may testify and give opinions about conduct related to the above, such as that the Sero Defendants' billing arrangement with Putnam was "highly favorable," and that Quest was Putnam's actual reference lab while the Sero Defendants' labs were not.

In short, Dr Kongstvedt is prohibited from offering an opinion on any ultimate issue for the jury to decide, such as whether the Sero Defendants' conduct was fraudulent, illegal, or violated Plaintiffs' contracts with Putnam. Related to this, he may not label a given arrangement as fraud or healthcare fraud or opine that the Sero Defendants' intended to deceive the Plaintiffs.[2] He may testify about anything else in his expert report.

**IT IS SO ORDERED.**

Date: <u>August 16, 2021</u>      <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[2] He may, however, opine that a given billing arrangement appears designed to obscure the identity of the lab that did the actual testing. He just cannot opine that the Sero Defendants intended to deceive the Plaintiffs, or that the arrangement "misrepresents" who performed the billing. While this may seem like a fine distinction, it is an important one, and Plaintiffs are responsible for ensuring Dr. Kongstvedt observes it.