RightCHOICE Managed Care, Inc., *et al.*,

Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; Serodynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,

Defendants.

Civil Action No.
5:18-CV-06037-DGK

**Plaintiffs' First Motion in Limine**

Plaintiffs, by and through their undersigned counsel, move this Court for an Order in limine precluding any Party from introducing evidence regarding or arguing (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) the fault of nonparty Putnam County Memorial Hospital ("Putnam").[1] In support of this Motion in Limine, Plaintiffs respectfully state as follows:

1. Plaintiffs seek to recover $88 million they paid to Putnam because of a pass-through billing scheme perpetrated by Defendants. (*See generally* Dkt. 310 (Fourth Am. Compl.).)

---

[1] As a preliminary matter, fault allocation principles do not apply at all to intentional torts like Plaintiffs' claims for fraud and fraudulent concealment (count I) and tortious interference with contract (count V). *See Jo Ann Howard & Assocs. v. Cassity*, 146 F. Supp. 3d 1089, 1104 (E.D. Mo. 2015) (surveying Missouri law), *aff'd in part, rev'd in part on other grounds*, 868 F.3d 637 (8th Cir. 2017); *Joe Hand Promotions, Inc. v. In Your Ear, LLC*, No. 11-3226-CV-SW-ODS, 2013 WL 12145860, at *3 (W.D. Mo. July 26, 2013) ("Missouri has adopted the Comparative Fault Act to apportion fault; however, the Act does not include intentional torts.").

2. Putnam has never been a party to this case. (*See* Dkts. 1, 21, 57, 310 (previous iterations of Complaint).)

3. Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

4. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

5. Nonparties cannot be allocated fault because fault can be allocated only to those parties who appear at trial. *Jensen v. ARA Servs., Inc.*, 736 S.W.2d 374, 377 (Mo. 1987) (en banc); *Beverly v. Hudak*, 545 S.W.3d 864, 876 (Mo. Ct. App. 2018) ("In Missouri, fault is only to be apportioned among those at trial."); *Bella v. Turner*, 30 S.W.3d 892, 897 (Mo. Ct. App. 2000) (collecting Missouri authorities); *see also Norman v. Textron Inc.*, No. 15-4108-CV-C-WJE, 2018 WL 3199487, at *1-3 (W.D. Mo. May 17, 2018) (granting motion *in limine* to exclude evidence of plaintiff's employer's comparative fault when employer was not joined).

6. Fault should not be allocated to Putnam because it was and remains a nonparty.

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding, or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial), the fault or responsibility of Putnam in this case, and such other and further relief as this Court deems just and proper.

Dated: August 17, 2021            By:      _____*/s/ Michael L. Jente*_____

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*