RightCHOICE Managed Care, Inc., *et al.*,

     Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; Serodynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,

    Defendants.

Civil Action No.
5:18-CV-06037-DGK

**Plaintiffs' Second Motion *in Limine***

Plaintiffs, by and through their undersigned counsel, move this Court for an Order *in limine* precluding any Party from introducing evidence regarding, or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial), the purported 837I data produced by Defendant Empower H.I.S. LLC (the "Empower 837 Data") in this case. In support of this Motion *in Limine*, Plaintiffs respectfully state as follows:

1. The background regarding the Empower 837 Data is detailed in Plaintiffs' Suggestions in Opposition to the Sero Defendants' Motion for Relief Pursuant to Rule 37(c). (Dkt. 613.)

2. Under Fed. R. Evid. 901(a), "an item of evidence" is not admissible unless the proponent can first "produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See also Premium Financing Specialists, Inc. v. Mid-Continent Cas. Co.*, No. 09-0984-CV-W-REL, 2011 WL 5117648, at *2 (W.D. Mo. Oct. 25, 2011) ("Before evidence is admissible it must be authenticated. . . . The rationale for the authentication requirement is that

the evidence is viewed as irrelevant unless the proponent of the evidence can show that the evidence is what its proponent claims.").

3. During the course of this case, no discovery was conducted regarding the Empower 837 Data. Although Empower produced the Empower 837 Data, the Parties are unaware of whether this data as produced is accurate and, indeed, whether it was even transmitted by Empower. The only thing known for certain, based on Plaintiffs' production of the 837 data that Plaintiffs actually received, is that Plaintiffs did not receive the Empower 837 Data in the same form as it was produced by Empower in this case.

4. Empower and Defendant Hospital Partners, Inc. ("Hospital Partners") both refused to make corporate representatives available to be deposed on these topics because every person knowledgeable about the topics noticed by Plaintiffs would invoke their Fifth Amendment privilege and refuse to testify. (*See* Dkt. 430 at 6-7.) They would also refuse to prepare any other person to appear as the corporate representatives. (*Id*. at 7.)

5. Each of the Empower employees, officers, and owners that Plaintiffs sought to depose also invoked the Fifth Amendment in response to each of Plaintiffs' questions at deposition. (Dkt. 430 at 6-7.)

6. Empower, its employees, and its officers should not be permitted to use the Fifth Amendment as a shield in deposition, but authenticate and introduce at trial documents that they refused to be questioned about at their deposition.

7. On September 24, 2020, the Court issued an Order sanctioning Empower, Hospital Partners, and Perez under Rule 37, and prohibited them from "opposing Plaintiffs' claims or introducing any evidence in defense of Plaintiffs' claims." (*See* Dkt. 430 at 13 & 14-15.) Accordingly, the Court has already Ordered that Empower may not introduce the Empower

837 Data in defense of Plaintiffs' claims.

8.     On December 23, 2020, the Court issued an Order entering default judgment against, among others, Empower H.I.S. LLC ("Empower"), for, among other things, failing to participate in discovery.  (*See* Dkt. 452.)

9.     Empower has not authenticated, and cannot authenticate at trial, the Empower 837 Data.

10.     Moreover, the Sero Defendants apparently intend to offer the Empower 837 Data to argue that the Defendants identified Cadira Labs as the "submitter" of the claims, but this argument will only confuse the jury. As the Court has already appropriately determined, the fraud at issue here stems from the Defendants identification of Putnam as the provider of the tests rather than the laboratories that actually performed the tests (*see* Dkt. 617 at 2-3), and their arguments about the "submitter" field are "irrelevant" (*see id*. at 3).

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) the purported 837I data produced by Defendant Empower H.I.S. LLC, and such other and further relief as this Court deems just and proper.

Dated: August 17, 2021                    By:         */s/ Michael L. Jente*

 

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*