# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

RightCHOICE Managed Care, Inc., *et al.*,

        Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory
Partners, LLC; Empower H.I.S. LLC; RAJ
Enterprises of Central Florida, LLC d/b/a Pinnacle
Laboratory Services; Labmed Services, LLC;
Serodynamics, LLC; David Byrns; Jorge Perez;
James F. Porter, Jr.; Beau Gertz; and Mark Blake,

        Defendants.

Civil Action No.
5:18-CV-06037-DGK

**Plaintiffs' Third Motion *in Limine***

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of

Evidence 103 and the Court's Scheduling and Trial Order (Dkt. 151), move this Court for an

Order *in limine* precluding any Party from introducing evidence regarding, or otherwise

mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any

other portion of trial), any decision by federal or state law enforcement whether or not to charge

any Defendant(s) criminally in connection with the events underlying this case, as well as any

evidence or argument regarding events in the parallel criminal trial, with the exception of David

Byrns' plea agreement and the facts admitted therein.[1] In support of this Motion *in Limine*,

Plaintiffs respectfully state as follows:

---

[1] The subject matter of this Motion in Limine stands in stark contrast to the guilty plea of
David Byrns in *United States v. Byrns*, No. 3:19-cr-00166-TJC-JRK (M.D. Fla. Oct. 29, 2019)
(ECF No. 12) (attached as Ex. 1). *See infra* ¶¶ 12, 17.

1. Plaintiffs seek to recover $88 million they paid to Putnam because of a pass-through billing scheme perpetrated by Defendants.

2. Plaintiffs seek to recover $88 million they paid to Putnam County Memorial Hospital ("Putnam") because of a pass-through billing scheme perpetrated by Defendants. (Dkt. 310.)

3. The United States Government has filed criminal charges of healthcare fraud and conspiracy against Jorge Perez, David Byrns, James F. Porter Jr., Christian Fletcher and others for their involvement in the Putnam pass-through billing scheme and for similar schemes at other hospitals. (*See U.S.A. v. Perez*, No. 3:20-cr-09999 (M.D. Fla. June 17, 2020); *Byrns*, No. 3:19-cr-00166-TJC-JRK (M.D. Fla.).)

4. The Sero Defendants have claimed that the United States Attorney's Office for the Western District of Missouri has stated that it has "no present intention to criminally charge" Mark Blake and Beau Gertz for the their involvement in the events at Putnam.(Dkt. 579, Ex. 9.)

5. The Sero Defendants have also argued that events and proceedings in *U.S.A. v. Perez* are relevant to their defenses in this matter. (*See*, *e.g.*, Dkt. 579 at 2-3.)

6. Only relevant evidence is admissible. Fed. R. Evid. 402.

7. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

8. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

9. Courts routinely hold that a prosecutor's decision whether or not to charge a person is usually not relevant, and if it is, it is unfairly prejudicial and subject to exclusion under Fed. R. Evid. 403. *See U.S. v. Morel*, 751 F. Supp. 2d 423, 430-36 (E.D.N.Y. 2010) ("[A]llowing

2

[defendant] to present evidence that the government initially declined his prosecution presents a substantial risk of confusing and misleading the jury."); *U.S. v. Delgado*, 903 F. 2d 1495, 1499 (11th Cir. 1990) ("There are many factors that influence the government's decision not to prosecute a defendant on certain charges . . . .")

10. In stark contrast parties' guilty pleas and admissions of facts therein are often admitted in related civil proceedings. *See, e.g.*, *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 891 (D.C. Cir. 2010) (affirming district court's admission of one defendant's guilty plea during trial, including its reading to a jury during summation, "as relevant . . . evidence that [was] admissible against all defendants" despite codefendants' challenges based on hearsay and unfair prejudice); *Buscaglia Guillermety v. Cancel Gonzalez*, 491 F. Supp. 2d 199, 201 (D.P.R. 2006) (admitting one defendant's guilty plea to establish all defendants' liability albeit not conclusively, as plea's ultimate weight was for factfinder to determine); *Garamendi v. Altus Fin. S.A.*, No. CV99-2829AHM(CWX), 2005 WL 5995776, at *2–3 (C.D. Cal. Jan. 31, 2005) (allowing use of excerpts from criminal charging instrument during opening statements, closing arguments, and questioning; as well as permitting jury to be informed of criminal defendants pleas of guilty and the specific admissions they made as part of their pleas); *see also RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 403 (8th Cir. 1995) (affirming district court's reliance on guilty plea entered by nonparty, a party's employee, in ruling on motion for summary judgment); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 491 F. Supp. 2d 690, 704 (S.D. Tex. 2007) (declining to give preclusive effect to third parties' guilty pleas at summary-judgment stage but finding such pleas admissible at trial and probative of other civil defendants' liability).

11. Out-of-court statements used to prove the truth of the matter asserted are inadmissible under the rule against hearsay. Fed. R. Evid. 801-02.

12. Any purported decision by law enforcement to criminally charge (or not criminally charge) Beau Gertz or Mark Blake for their role at Putnam is irrelevant to the parties' claims and defenses, risks confusion to the jury, and risks jurors' willingness to supplant law enforcement charging decisions for their own obligations as the finders of fact.

13. Moreover, events in parallel criminal proceeding—*U.S. v. Perez*—are not relevant to the Parties' claims or defenses and would create a substantial risk of confusion for the jury as to the evidence in this case, particularly given the different standards of proof in criminal trials.

14. Finally, any statements made by law enforcement about whether or not they would criminally charge the Defendants are out-of-court statements used to prove the truth of the matter asserted and are therefore inadmissible hearsay under Fed. R. Evid. 802.

15. Plaintiffs' Motion does not apply, however, to Defendant David Byrns' plea agreement in *United States v. Byrns*, No. 3:19-cr-00166-TJC-JRK (M.D. Fla.), ECF No. 12. That plea agreement is admissible because it details facts highly relevant to several issues in dispute, including Byrns' participation in a common and unlawful plan to defraud Plaintiffs; Byrns' willful and knowing participation in that plan; and Byrns' retention of proceeds from the conspiracy to commit health care fraud described in the Plea Agreement.

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) any decision by federal or state law enforcement whether or not to charge any Defendant(s) criminally in connection with the events underlying this case, as well as any evidence or argument regarding events in the

4

parallel criminal trial, with the exception of David Byrns' plea agreement and the facts admitted therein, and such other and further relief as this Court deems just and proper.

Dated: August 17, 2021          By:          */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

***Attorneys for Plaintiffs***

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*