RightCHOICE Managed Care, Inc., *et al.*,

      Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory
Partners, LLC; Empower H.I.S. LLC; RAJ
Enterprises of Central Florida, LLC d/b/a Pinnacle
Laboratory Services; Labmed Services, LLC;
Serodynamics, LLC; David Byrns; Jorge Perez;
James F. Porter, Jr.; Beau Gertz; and Mark Blake,

      Defendants.

Civil Action No.
5:18-CV-06037-DGK

**Plaintiffs' Fourth Motion *in Limine***

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of

Evidence 103 and the Court's Scheduling and Trial Order (Dkt. 151), move this Court for an

Order *in limine* precluding any Party from introducing evidence regarding, or otherwise

mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any

other portion of trial), other litigations or arbitrations involving allegations of pass-through-

billing by hospitals other than Putnam County Memorial Hospital ("Putnam").[1] In support of this

Motion *in Limine*, Plaintiffs respectfully state as follows:

---

[1] Plaintiffs' Motion does not apply to evidence, allegations, or argument involving Campbellton-Graceville Hospital in Graceville, FL or Southwest Laboratories in Dallas, TX. Such evidence or argument is relevant and admissible in this case because Plaintiffs' contend that the Defendants in this case transferred tests originally meant to be billed through those providers and billed them through Putnam to Plaintiffs. (Dkt. 530 at ¶¶ 43–51 (Pls. Mot. for Summ. J.).)

1. Plaintiffs seek to recover $88 million they paid to Putnam County Memorial Hospital ("Putnam") because of a pass-through billing scheme perpetrated by Defendants. (Dkt. 310.)

2. On several occasions, the Sero Defendants have argued that events in litigations or arbitrations unrelated to the instant matter and involving non-parties are relevant to this matter. (*See* Dkts. 466, 528 at 31-34.) In particular, the Sero Defendants have pointed to arguments made by the parties in an arbitration between Blue Cross and Blue Shield of Texas, Inc. ("BCBSTX") and Little River Healthcare.

3. Over the past six years, groups of individuals implemented differing formulations of the Defendants' pass-through-billing scheme at hospitals around the country, giving rise to a multitude of litigations and arbitrations.

4. The evidence adduced in the unrelated litigations and arbitrations, and the parties' positions and arguments therein, are specific to the facts of each such case. The introduction of evidence or legal arguments made by these non-parties in unrelated litigations and arbitrations creates substantial risk of jury confusion (*e.g.*, where a party in a separate proceeding took a position in a case where the hospital actually performed some of the at-issue testing, which is not the case here). The introduction of evidence, arguments, or positions taken by these non-parties in unrelated proceedings would necessitate trials-within-trials as the Parties litigate the extent to which the factual circumstances of the unrelated cases correlate to the facts of the instant case.

5. Moreover, the Court denied the Sero Defendants' Motion to Reopen Discovery on this issue, concluding that it was "very unlikely" that the discovery the Sero Defendants sought on the unrelated litigations and arbitrations would lead to "any admissible evidence." (Dkt. 513.)

6. Only relevant evidence is admissible. Fed. R. Evid. 402.

2

7. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

8. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

9. Courts routinely exclude evidence from unrelated cases. *See, e.g.*, *Peters v. Risdal*, No. C 12–4070–MWB, 2013 WL 9839011, at *18 (N.D. Iowa Dec. 5, 3013) (excluding facts from unrelated cases); *Montoya v. Shelden*, 898 F. Supp. 2d 1279, 1295-96 (D.N.M. 2012) (same); *Empire Health Found. v. CHS/Cmty. Health Sys. Inc.*, No. 2:17-cv-00209-SMJ, 2019 WL 7816836, at *1 (E.D. Wash. July 12, 2019) (same).

10. Evidence, argument, and legal positions taken by parties in unrelated litigations and arbitrations—including without limitation the arbitrations between BCBSTX and Little River Healthcare and between BCBSTX and Faith Community Hospital—are irrelevant to the Parties' claims and defenses, cannot be authenticated by the Defendants, and is inadmissible hearsay.

11. Moreover, this Court previously determined that it was "very unlikely" that the discovery the Sero Defendants sought on these topics would lead to the discovery of *any* admissible evidence. (*See* Dkt. 513.) There is no basis to divert from the Court's past ruling.

12. Similarly, the introduction of evidence or allegations from unrelated litigations and arbitrations risks the jury confusing allegations in this case with those made in other cases, while offering no probative value. Thus, Rule 403 precludes this evidence.

13. The risk of juror confusion is particularly acute given similar names used by licensees of the Blue Cross and Blue Shield Association, despite the fact that they are separate legal entities. Indeed, the Sero Defendants have sought to attribute positions taken by non-Plaintiff

3

licensees of the Blue Cross and Blue Shield Association as necessarily shared by Plaintiffs, despite their distinct legal existence.

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) the facts, arguments, or positions taken in other litigations and arbitrations relating to pass-through billing, and such other and further relief as this Court deems just and proper.

4

Dated: August 17, 2021    By:    _____*/s/ Michael L. Jente*_____

        **LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

        -and-

        **ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*