RightCHOICE Managed Care, Inc., *et al.*,

        Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; Serodynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,

        Defendants.

Civil Action No.
5:18-CV-06037-DGK

**Plaintiffs' Fifth Motion *in Limine***

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of Evidence 103 and the Court's Scheduling and Trial Order (Dkt. 151), move this Court for an Order *in limine* precluding any Party from introducing evidence regarding, or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial), the policies of non-party insurers. In support of this Motion *in Limine*, Plaintiffs respectfully state as follows:

1. Plaintiffs seek to recover $88 million they paid to Putnam County Memorial Hospital ("Putnam") because of a pass-through billing scheme perpetrated by Defendants. (*See generally* Dkt. 310 (4th Am. Compl.).)

2. The Sero Defendants and their expert have used the policies of other insurers not among Plaintiffs to justify their conduct at Putnam. (*See* Dkt. 581 at 37; Dkt. 478, Ex. C at 27-30.)

3. Only relevant evidence is admissible. Fed. R. Evid. 402.

1

4. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

5. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

6. Courts routinely exclude evidence of unrelated policies, standards, or regulations. *See Katzenmeier v. Blackpowder Prods., Inc.*, No. 4:06–cv–00169–RAW, 2008 WL 8586676, at *1-3 (S.D. Iowa Nov. 25, 2008); *Bustamante v. Thedford*, No. 89 C 3471, 1995 WL 76900, at *5 (N.D. Ill. Feb. 23, 1995).

7. Under Fed. R. Evid. 901(a), "an item of evidence" is not admissible unless the proponent can first "produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See also Premium Financ. Specialists, Inc. v. Mid-Continent Cas. Co.*, No. 09-0984-CV-W-REL, 2011 WL 5117648, at *2 (W.D. Mo. Oct. 25, 2011) ("Before evidence is admissible it must be authenticated. . . . The rationale for the authentication requirement is that the evidence is viewed as irrelevant unless the proponent of the evidence can show that the evidence is what its proponent claims.").

8. Under Fed. R. Evid. 801 and 802, out-of-court statements offered to prove the truth of the matter asserted are inadmissible as hearsay. *See also Premium Financing Specialists, Inc.*, 2011 WL 5117648 at *1-2 (excluding out-of-court statement offered for truth of the matter asserted).

9. The Sero Defendants citations to policies promulgated by carriers other than Plaintiffs are not relevant here, as those policies have no bearing on the claims submitted to Plaintiffs.

2

10. Additionally, even if policies maintained by other carriers have some probative value, it is substantially outweighed by the danger of confusion and misleading the jury.

11. For example, Blake submitted a PowerPoint purportedly shown to the United States Attorney's Office for the Western District of Missouri in which the Sero Defendants argue that "BCBS [m]annual [p]ermits [p]ass-[t]hrough [b]illing" and cites to provisions of the Professional Provider Manual maintained by *BlueCross BlueShield of Kansas*, which is not a party to this action.

12. Similarly, the Sero Defendants' expert, Dr. Karen Meador, cited to an Aetna policy from 2017. (Dkt. 478, Ex. C at 27-30.) Aetna's policies have no bearing on those of Plaintiffs, and invocation of irrelevant policies threatens substantial risk of confusion to the jury.

13. The Sero Defendants' citations to these policies create a substantial risk of confusion. First, the Sero Defendants suggest they are Plaintiffs' policies, when they are not, and the Sero Defendants' (intentionally or inadvertently) ignore the fact that the various licensees of the Blue Cross and Blue Shield Association are separate legal entities. Second, the policies to which the Sero Defendants cite are often dated after the conduct at issue.

14. Moreover, policies implemented by non-party insurers cannot be authenticated by the Defendants, and they are inadmissible hearsay.

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) policies maintained by non-party insurers, and such other and further relief as this Court deems just and proper.

3

Dated: August 17, 2021          By:          */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Munir R. Meghjee (admitted PHV)
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
jpfeiffer@robinskaplan.com
mmeghjee@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

***Attorneys for Plaintiffs***

4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*