| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; Serodynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,<br><br>    Defendants. | Civil Action No.<br>5:18-CV-06037-DGK<br><br>**Plaintiffs' Sixth Motion *in Limine*** |

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of Evidence 103 and the Court's Scheduling and Trial Order (Dkt. 151), move this Court for an Order *in limine* precluding any Party from introducing evidence regarding, or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial), satisfaction or negotiation of debts owed by Putnam County Memorial Hospital ("Putnam") between August 1, 2016, to the present from the proceeds of the Defendants' at-issue conduct. In support of this Motion *in Limine*, Plaintiffs respectfully state as follows:

1. Plaintiffs seek to recover $88 million they paid to Putnam because of a pass-through billing scheme perpetrated by Defendants. (*See generally* Dkt. 310 (Fourth Am. Compl.).)

2. During the time Defendants controlled Putnam, certain of its debts were purportedly paid or negotiated downwards. (*See* Dkt. 528 ¶ 169 (Statement of Uncontroverted Material Fact in Support of Sero Defs' Mot. Summ. J.)).

3. Only relevant evidence is admissible. Fed. R. Evid. 402.

4. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

5. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

6. Courts routinely exclude evidence of litigants' benevolent acts. *See, e.g.*, *Ty Inc. v. Softbelly's Inc.*, No. 00 C 5230, 2006 WL 5111124, at *13-14 (N.D. Ill. Apr. 2006) (excluding evidence of charitable contributions because it had "nominal probative value that [was] outweighed by the potential for the jury [to] decide the case based on an improper reason"); *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV-DIMITROULEAS, 2011 WL 13216995, at *10 (S.D. Fla. Dec. 5, 2011) (excluding evidence of charitable or good acts based on Federal Rules of Evidence 401 through 403).

7. The satisfaction or negotiation of Putnam's debts do not bear on the parties' claims or defenses. And the danger of misleading the jury to decide issues based on Defendants' purportedly benevolent actions substantially outweighs the limited probative value of this evidence. The Court should exclude any such evidence as a result.

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) the satisfaction or negotiation of debts owed by Putnam during the period relevant to this case by the Defendants from the proceeds of their at-issue conduct, and such other and further relief as this Court deems just and proper.

2

Dated: August 17, 2021 By: _____*/s/ Michael L. Jente*_____

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

3

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*