RightCHOICE Managed Care, Inc., *et al.*,

Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory
Partners, LLC; Empower H.I.S. LLC; RAJ
Enterprises of Central Florida, LLC d/b/a Pinnacle
Laboratory Services; Labmed Services, LLC;
Serodynamics, LLC; David Byrns; Jorge Perez;
James F. Porter, Jr.; Beau Gertz; and Mark Blake,

Defendants.

Civil Action No.
5:18-CV-06037-DGK

**Plaintiffs' Seventh Motion in Limine**

Plaintiffs, by and through their undersigned counsel, move this Court for an Order in limine precluding any Party from introducing lay opinion testimony regarding the medical necessity of the clinical laboratory tests at issue in this case (the "subject tests") or otherwise referring to such lay opinion testimony during *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial. In support of this Motion in Limine, Plaintiffs respectfully state as follows:

1. Plaintiffs seek to recover $88 million they paid to Putnam County Memorial Hospital ("Putnam") because of a pass-through billing scheme perpetrated by Defendants. (*See generally* Dkt. 310 (Fourth Am. Compl.).)

2. According to the contract between Putnam and Plaintiff RightCHOICE Managed Care, Inc., Plaintiffs would pay Putnam only for health care services, including lab tests, that were "medically necessary," *i.e.*, those that were: (i) appropriate and necessary for the symptoms, diagnosis, or treatment of the medical condition; (ii) provided for the diagnosis, care and

1

treatment of the medical condition; (iii) within standards of good medical practice within the medical community; (iv) not primarily for the convenience of Plaintiffs' member receiving treatment, the attending physician, or another health care provider; and (v) the type, supply or level of service or care which can safely be provided and that is not more than what is necessary or appropriate, among other criteria. (*See* Dkt. 529 Ex. 12 § 1.13 (Pls.' Suggestions Supp. Mot. Summ. J. as to Defendant David Byrns (sealed)) (Putnam-RightCHOICE contract).)

3. Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

4. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

5. Opinions regarding medical necessity depend on scientific, technical, or specialized knowledge that only qualified expert witnesses may provide, not lay witnesses. *Cf.* Fed. R. Evid. 701(c), 702; *see also, e.g.*, *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (affirming summary judgment for defendants based on plaintiff's failure to adduce expert evidence regarding his purported medical condition); *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. 9:14-cv-00230-RMG, 2017 WL 5957738, at *1 (D.S.C. Dec. 1, 2017) (excluding defendant-sponsored physicians' testimony on medical necessity of lab tests rendered for patients they did not treat personally because it was based on specialized knowledge and defendant failed to serve expert disclosures required by Federal Rule of Civil Procedure 26(a)(2)).

6. The Court recently granted Plaintiffs' Motion to Strike Dr. Karen Meador's expert testimony as to the purported medical necessity of the subject tests, finding that it was not an appropriate rebuttal topic and that her methods were "patently insufficient." (*See* Dkt. 619 at 5.)

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in voir dire, opening statement, examination of witnesses, closing argument, or any other portion of trial*)* lay opinion testimony regarding the medical necessity of the subject tests or otherwise referring to such lay opinion testimony during *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial.

Dated: August 17, 2021                    By:  _____*/s/ Michael L. Jente*_____

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*