# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

| | |
|---|---|
| RightCHOICE Managed Care, Inc., *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>Hospital Partners, Inc.; Hospital Laboratory Partners, LLC; Empower H.I.S. LLC; RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services; Labmed Services, LLC; Serodynamics, LLC; David Byrns; Jorge Perez; James F. Porter, Jr.; Beau Gertz; and Mark Blake,<br><br>   Defendants. | Civil Action No.<br>5:18-CV-06037-DGK<br><br>**Plaintiffs' Eighth Motion *in Limine*** |

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of Evidence 103 and the Court's Scheduling and Trial Order (Dkt. 151), move this Court for an Order *in limine* precluding any Party from introducing evidence regarding, or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial), the antitrust allegations asserted against certain of Plaintiffs in *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000 (N.D. Ala. Jan. 8, 2013) and similar allegations in other matters, as well as any allegation, argument, or settlement made therein. In support of this Motion *in Limine*, Plaintiffs respectfully state as follows:

1. Plaintiffs seek to recover $88 million they paid to Putnam County Memorial Hospital ("Putnam") because of a pass-through billing scheme perpetrated by Defendants. (*See generally* Dkt. 310 (4th Am. Compl.).)

1

2. Certain Plaintiffs, as well as other licensees of the Blue Cross Blue Shield Association, are Defendants in one or more actions alleging violations of certain antitrust laws. *See In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000 (N.D. Ala. Jan. 8, 2013).

3. Certain Defendants—including Blake—have asserted that Plaintiffs have engaged in anticompetitive practices, apparently in reference to the *In re Blue Cross Blue Shield Antitrust Litigation* matter. (*See* Ex. 1 (Blake 1/27 Dep. 46:11-47:17).)

4. The allegations at issue in the unrelated antitrust matters have no bearing on or relevance to this matter.

5. Only relevant evidence is admissible. Fed. R. Evid. 402.

6. Evidence is relevant if it tends to make a fact consequential to determining the action more or less probable. Fed. R. Evid. 401.

7. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

8. Courts routinely exclude evidence from unrelated cases. *See, e.g.*, *Peters v. Risdal*, No. C 12–4070–MWB, 2013 WL 9839011, at \*18 (N.D. Iowa Dec. 5, 3013) (excluding facts from unrelated cases); *Montoya v. Shelden*, 898 F. Supp. 2d 1279, 1295-96 (D.N.M. 2012) (same); *Empire Health Found. v. CHS/Cmty. Health Sys. Inc.*, No. 2:17-cv-00209-SMJ, 2019 WL 7816836, at \*1 (E.D. Wash. July 12, 2019) (same).

9. Evidence of unrelated settlement agreements are frequently excluded not only on the basis of relevance under Rule 402, but also on the basis of being unfairly prejudicial under Rule 403. *See, e.g.*, *U.S. Secs. & Exch. Comm'n v. Jensen*, 835 F. 3d 1100, 1116 (9th Cir. 2016) (affirming district court decision to exclude unrelated settlement agreement); *Kingston v. Int'l*

2

*Bus. Machs. Corp.*, No. C19-1488 MJP, 2021 WL 1158191, at *2 (W.D. Wash. Mar. 26, 2021) (excluding settlement agreement defendant made with another plaintiff in a different case).

10. The allegations made in *In re Blue Cross Blue Shield Antitrust Litigation* (or in similar matters) do not tend to prove any party's claims or defenses in this case, which involves antitrust in no way.

11. Additionally, introducing the allegations or settlement in *In re Blue Cross Blue Shield Antitrust Litigation* or similar matters risks unfair prejudice to Plaintiffs and confusion to the jury by invoking irrelevant accusations that have no relevance here and are intended only to demonize Plaintiffs.

WHEREFORE, Plaintiffs request an Order *in limine* precluding any Party from introducing evidence regarding or otherwise mentioning (in *voir dire*, opening statement, examination of witnesses, closing argument, or any other portion of trial) *In re Blue Cross Blue Shield Antitrust Litigation* or similar allegations in other matters, as well as any allegation, argument, or settlement made therein, and such other and further relief as this Court deems just and proper.

3

Dated: August 17, 2021      By:      */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com

***Attorneys for Plaintiffs***

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 17th day of August, 2021, with notice of case activity sent to counsel of record.

_/s/ Michael L. Jente_