IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a fifteen-bed hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing. This civil case is related to an ongoing criminal case in the Middle District of Florida, *United States v. David Lane Byrns*, No. 3:19-CR-166-J-32JRK (M.D. Fla.).

Now before the Court is James F. Porter, Jr.'s ("Porter") motion to modify the protective order in this case ("the Civil Protective Order"). ECF No. 567. Movant Porter is a defendant in the criminal case[1] who argues he needs a significant amount of the information Plaintiffs produced to him in discovery in this case to defend himself in the criminal case. His motion does not state what modification he wants to make to the Civil Protective Order, but he argues the information

---

[1] Porter was initially a defendant in this case as well, but he settled with Plaintiffs, and the Court dismissed him from this case on April 22, 2021. ECF No. 569.

Plaintiffs produced in this case would still be protected by a protective order entered in the criminal case.

When parties have agreed to a stipulated protective order, a party subsequently seeking modification thereof must adduce "particular" good cause to gain relief. *Blount v. Major*, No. 4:15 CV 322 DDN, 2016 WL 2937333, at *1 (E.D. Mo. May 20, 2016). That showing must demonstrate that intervening circumstances have limited any potential prejudice to the protected party. *CFTC v. U.S. Bank, N.A.*, No C13-2041, 2015 WL 429962, at *2 (E.D. Iowa Feb. 2, 2015) (citing *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 (8th Cir. 1979)).

Plaintiffs object to modifying the Civil Protective Order. They note Porter has not identified—even by category—the documents that he purports are absolutely necessary for his criminal defense. They observe the protective order in the criminal case applies only to material the United States produces to Porter, not material produced by Plaintiffs, so if the Court granted Porter's motion, it would effectively obviate all protection for this material. They argue that he appears to be seeking carte blanche to use any documents produced by them in this case.

Plaintiffs note Porter can request the materials he wants directly from them pursuant to a subpoena issued via Federal Rule of Criminal Procedure 17(c). They also report that in June they confirmed in writing to Porter's attorney that they would produce the requested documents in response to a Rule 17 subpoena once a modification of the protective order in the criminal case was entered, and that they have already produced two of the three categories of requested information to him.

Finally, Plaintiffs observe that when Porter agreed to the protective order in this case, he had already invoked the Fifth Amendment as a basis to refuse to answer Plaintiffs' questions at his

deposition. Hence, he should not be permitted to characterize the criminal case as a subsequent, intervening factor necessitating modification of the Civil Protective Order.

The Court holds Porter has not carried his burden of showing good cause to modify the Civil Protective Order. Under the circumstances, Porter should seek the materials he wants to use in the criminal case under Federal Rule of Criminal Procedure 17(c). This will allow Porter access to the material without effectively eliminating all protection for it.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: August 31, 2021  /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

3

Case 5:18-cv-06037-DGK   Document 659   Filed 08/31/21   Page 3 of 3