IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 5:18-cv-06037-DGK |
| ) | |
| HOSPITAL PARTNERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTIONS TO BIFURCATE TRIAL

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a fifteen-bed hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing. This civil case is related to an ongoing criminal case in the Middle District of Florida, *United States v. David Lane Byrns*, No. 3:19-CR-166-J-32JRK (M.D. Fla.).

Now before the Court is Defendants SeroDynamics, LLC, LabMed Services, LLC, Beau Gertz, and Mark Blake's (the "Sero Defendants") motion to bifurcate the punitive damages phase from the rest of trial (ECF No. 639), as well as Plaintiffs' motion to bifurcate the ERISA claims from the jury trial on the remaining claims (ECF No. 670). For the reasons stated below, both motions are GRANTED.

**Standard**

The district court has substantial discretion to bifurcate the trial of different claims or issues "for convenience, to avoid prejudice, or to expedite and economize" proceedings. Fed. R. Civ. P.

42(b). This Court has routinely exercised this discretion by bifurcating the issue of punitive damages from the liability and compensatory damages phase of trial. *See Achterberg v. Albaugh*, No. 5:16-cv-06097-DGK, ECF No. 107 (W.D. Mo. Nov. 28, 2017); *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-5032-DGK, ECF No. 453 (W.D. Mo. Feb. 24, 2016). And other courts have used Rule 42(b) to bifurcate the trial of equitable issues from legal ones, including separating ERISA claims from other claims. *See Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06-cv-01191-ERW, 2008 WL 382385, at *2 (E.D. Mo. Feb. 12, 2008) (bifurcating legal from equitable claims); *Torre v. Federated Mut. Ins. Co.*, No. 91-CV-4235-DES, 1994 WL 541773, at *2 (D. Kan. Sept. 16, 1994) (ordering that contract claims should be tried to a jury while the ERISA claims should be tried to the court).

### Discussion

**I. Defendants' motion to bifurcate the punitive damages determination from the liability and compensatory damages determinations is granted.**

Pursuant to Federal Rule of Civil Procedure 42(b), the Sero Defendants have moved to bifurcate the punitive damages phase of trial from the liability and compensatory damages portion of the trial. ECF No. 639. Plaintiffs do not oppose the bifurcation motion. ECF No. 646.

After carefully considering the matter in light of the parties' filings, the Court finds that the best method of ensuring that Plaintiffs can present all their evidence relevant to punitive damages without substantially risking unfair prejudice to the Sero Defendants or wasting time during trial is to bifurcate the rial pursuant to Federal Rule of Civil Procedure 42(b).

The Court, thus, ORDERS the trial be bifurcated into a liability/compensatory damages phase and a punitive damages phase. Evidence shall not be admissible during the first phase that: (1) is relevant solely to Plaintiffs' punitive damages claim; or (2) is relevant to punitive damages and, to a lesser extent, some fact or issue going to liability/compensatory damages, but whose

2

probative value on the fact or issue going to liability/compensatory damages is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or other reasons given in Federal Rule of Evidence 403. This ruling applies to all Plaintiffs and Defendants, not just evidence regarding the Sero Defendants.

> **II. Plaintiffs' ERISA Claims (Counts III and IV) will be tried to the Court immediately after the jury trial.**

Plaintiffs move to bifurcate the trial of their ERISA claims (Counts III and IV) from their remaining claims. ECF No. 670. Plaintiffs wish to have the ERISA claims heard by the Court, but have the other claims heard and decided by the jury. *Id.* The Sero Defendants do not oppose this motion, but they ask that the ERISA claims be tried to the Court directly after the conclusion of the claims tried to the jury. *Id.*

After reviewing Plaintiffs' motion, the Court finds that to expedite and economize the proceedings, the ERISA claims should be bifurcated from the jury trial on the remaining claims. The ERISA claims involve intricate expert testimony about the tracing of funds from the ERISA accounts as well as other witness testimony about the identification of the ERISA-governed benefit plans. This evidence is not relevant to the remaining claims to be decided by the jury, so the introduction of it during the jury trial would simply lead to a waste of the jury's time.

The Court ORDERS that the trial of Plaintiffs' ERISA claims will be tried separately to the Court. The bench trial, if necessary, will occur immediately after the jury trial.

### Conclusion

For the reasons stated above, the Court GRANTS the Sero Defendants' motion to bifurcate the punitive damages phase (ECF No. 639) and Plaintiffs' motion to bifurcate the ERISA claims (ECF No. 670).

3

**IT IS SO ORDERED.**

Date: September 16, 2021                         /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT