# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER REGARDING MOTIONS IN LIMINE

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a fifteen-bed hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing. This civil case is related to an ongoing criminal case in the Middle District of Florida, *United States v. David Lane Byrns*, No. 3:19-CR-166-J-32JRK (M.D. Fla.).

Now before the Court are Defendants SeroDynamics, LLC, LabMed Services, LLC, Beau Gertz, and Mark Blake's (the "Sero Defendants") motions in limine (ECF No. 638) as well as Plaintiffs' motions in limine (ECF Nos. 627-36). For the reasons stated below, the parties' motions in limine are GRANTED IN PART and DENIED IN PART. The Court also ORDERS the Sero Defendants and Plaintiffs to provide additional briefing on the issue of witnesses' invocations of their Fifth Amendment rights by noon on September 19, 2021.

## I.    The Sero Defendants' motions in limine are granted in part and denied in part.

The Sero Defendants have moved to exclude thirteen different categories of evidence, argument, and/or testimony.  Each category is addressed in turn below.

### 1.   The parties are prohibited from making "Golden Rule" arguments.

The Sero Defendants first move to preclude Plaintiffs from making so-called "Golden Rule" arguments to jurors or venire persons that implore them to place themselves in Plaintiffs' shoes.  ECF No. 641 at 2.  Plaintiffs do not oppose this request; rather, they simply argue that the Sero Defendants should also be prohibited from advancing the same arguments.  ECF No. 642.

The Court agrees with the parties.  Golden Rule arguments are "universally condemned because [they] encourage[] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on evidence."  *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (internal quotation marks omitted).

Accordingly, the Sero Defendants' motion is GRANTED.  No party in this case shall make a Golden Rule argument.

### 2.   The parties are prohibited from introducing evidence or referencing the discovery disputes in front of the jury.

The Sero Defendants next move to exclude evidence and arguments about pre-trial discovery disputes and orders involving the parties.  ECF No. 641 at 3.  Plaintiffs "partially oppose" the motion, arguing that they have no problem with the Court excluding evidence and arguments regarding the parties' discovery disputes and the Court's orders.  ECF No. 657 at 1. But Plaintiffs contend that the Court should not preclude them from using pre-trial discovery from the case or otherwise arguing that the Court's prior orders are "law of the case."  *Id.* at 1–2.

Evidence and testimony regarding pre-trial discovery disputes and the orders resolving the same are inadmissible at trial.  *See Sanford v. Ektelon/Prince Sports Grp., Inc.*, No. 8:97-cv-368,

1999 WL 33544436, *4 (D. Neb. 5, 1999). This is because such evidence is not only irrelevant, *id.*, but it also creates the serious risk of unfair prejudice to the parties that may have been ruled against (or sanctioned) by the Court, *see* Fed. R. Civ. P. 403. Discovery in this case was marred by repeated discovery disputes among the parties that resulted in the Court issuing twelve discovery orders, including some that resulted in varying degrees of sanctions. *See* ECF Nos. 171, 208, 255, 277, 301, 302, 430, 431, 444, 448, 452, 461. Reference by the parties to these orders in front of the jury are not relevant to the trial issues and could mislead and unfairly prejudice the jury against one of the offending parties. And contrary to Plaintiffs' intimations, the Court does not read the Sero Defendant's motion as requesting the exclusion of all pretrial discovery or precluding the Court's prior discovery orders from having law-of-the-case effect. Indeed, the Sero Defendants simply request that there be no evidence or arguments presented to the jury that refers to the discovery disputes or the Court's orders.

The Court, thus, GRANTS the Sero Defendants' motion. The parties shall not make arguments or introduce evidence in front of the jury about the discovery disputes or the Court's orders on the same. To the extent an issue arises during trial that implicates the Court's prior discovery orders, the parties should approach the bench to discuss the issue away from the jury.

### 3. The motion to exclude "other litigations and lawsuits" is denied without prejudice.

The Sero Defendants argue that the Court should broadly prohibit Plaintiffs from "referencing any other litigation or lawsuits against any of the Defendants." ECF No. 641 at 4. Plaintiffs partially oppose the motion, claiming that some litigations involving some defendants may be relevant. ECF No. 657 at 2.

"Motions in limine should be directed at specific evidence, not broad, vague categories of evidence or testimony." *See Linstrom v. Quiktrip Corp.*, No. 4:19-cv-00454-DGK, 2020 WL

3

6140553, at *1 (W.D. Mo. Oct. 19, 2020) (citing *Sappington v. Skyjack, Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL 895222, at *7 (W.D. Mo. Mar. 27, 2008)).  The Sero Defendants' motion suffers from this defect:  It never addresses specifically which litigation (if any) against which Defendants (if any) should be excluded from evidence.

The Court, thus, cannot decide this issue due to the lack of specificity.  *See Kirk v. Schaeffler Grp. USA, Inc.* No. 3:13-cv-5032-DGK, 2016 WL 740300, at * 4 (W.D. Mo. Feb. 24, 2016).  The motion is DENIED WITHOUT PREJUDICE.

### 4.  The parties are precluded from submitting evidence of or referencing the settlements with the other Defendants.

The Sero Defendants seek to exclude evidence and arguments regarding the settlements and the associated negotiations between Plaintiffs and former Defendants and alleged co-conspirators Lucenta Labs, LLC, LifeBrite Laboratories, LLC, Christian Fletcher, and James F. Porter.  ECF No. 641 at 5.  Plaintiffs argue that they do not intend to introduce the settlement agreements at trial, but the jury should be "informed of the existence" of the settlements to explain why those defendants are not at trial.  ECF No. 657 at 3.

Settlement offers, agreements, and negotiations are generally inadmissible to "prove or disprove the validity or amount of a disputed claim." Fed. Rule Evid 408(a).  This prohibition extends to settlements between a defendant and non-party in a litigation where it revolves around the same facts being litigated at trial against the defendant.  *See Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 699 (8th Cir. 2008).  The rationale behind the exclusion is that admitting this evidence may result in the jury believing that if the defendant settled with the non-party in the same circumstances, they must be at fault for the claims against them at trial.  *See id.*  This logic applies with equal force here:  The former co-defendants' and co-conspirators' settlements with Plaintiffs may impute liability to the Sero Defendants since it all revolves around the same general

4

factual circumstances. This weighs in favor of excluding the evidence of the co-conspirator settlements under Rule 408.

Of course, Rule 408 contains an exception: Evidence of settlements is admissible for *other purposes* than establishing the validity or amount of a disputed claim. Fed. R. Evid. 408(b). Plaintiffs argue that some courts have allowed juries to be informed of settlements to explain a settled party's absence from trial. This is true, but the primary cases that Plaintiffs rely on for this proposition are distinguishable. In those cases, the co-defendants settled after the jury actually saw them during *voir dire* or trial. *See Arhart v. Micro Switch Mfg. Co.*, 798 F.2d 291, 295 (8th Cir. 1986); *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986). In those circumstances, it makes sense for a judge to give some instruction addressing the fact that a co-defendant who was previously in front of them in court has suddenly disappeared. It is an unavoidable, elephant-in-the-room fact. But that's not the case here: The settling Defendants that Plaintiffs seek to inform the jury about settled long before trial; the jury has never seen them so there is no sudden absence at trial that begs for an explanation.

The Court also sees some Rule 403 risk in admitting or informing the jury about the settlements. This case involves allegations of a conspiracy between the Sero Defendants and the Defendants who have settled. Informing the jury of the other Defendants' settlements risks the jury mistakenly inferring that settlements are a concession of liability. *See* Fed. R. Civ. P. 403; *cf Dahlgren*, 533 F.3d at 699. This risk far outweighs the marginal value of informing the jury of their absence to avoid potential confusion here.

The Court GRANTS the Sero Defendants' motion. Plaintiffs shall not reference or introduce evidence as to the settlements with the other Defendants. Should the need arise, the Court may reconsider this ruling and instruct the jury accordingly.

5

The Court is also open to instructing the jury that they should not consider the presence or absence of a particular Defendant in determining the liability of any of the Sero Defendants.

### 5. Plaintiffs are prohibited from introducing David Byrns' plea agreement into evidence.

The Sero Defendants move to exclude the plea agreement from Defendant David Byrns in the related criminal proceeding, *United States v. David Byrns*, No. 3:19-cr-00166-TJC-JRK, ECF No. 12 (M.D. Fla. Oct. 29, 2019). ECF No. 641 at 6–9. They argue that the plea agreement is irrelevant, unfairly prejudicial and misleading, and inadmissible hearsay. *Id.* Plaintiffs argue that the plea agreement is unquestionably relevant to prove the remaining claims against Byrns, not substantially outweighed by the prejudice to the Sero Defendants (which can be blunted by a limiting instruction), and not hearsay or is hearsay that qualifies under various exceptions. ECF No. 657 at 4–10. Alternatively, Plaintiffs argue that even were Byrns not a party to the action, the plea agreement should be admitted to prove the *fact* of his guilty plea or under the residual exception to the hearsay rule. *Id.* at 10.

Plaintiffs spend most of their response arguing that the plea agreement is relevant to proving the claims that remain against Byrns. But no claims will remain against Byrns at trial. The Court previously granted summary judgment against Byrns on three claims in the amount of $88,609,000. ECF No. 617 at 3. At the pretrial conference, Byrns' counsel informed the Court that Byrns will be taking a default judgment on the remaining claims and not attending trial, because the potential recovery for the remaining claims is already subsumed within the Court's summary judgment order. ECF No. 683 at 2. This means that the plea agreement *is not* relevant to proving any claims against Byrns at trial, and the plea agreement does not fit within the typical hearsay exceptions that would apply if he were still a party at trial. This renders the guilty plea irrelevant.

6

Plaintiffs alternately argue that the plea agreement is admissible as non-hearsay or as hearsay falling within an exception to the hearsay rule. ECF No. 642 at 10. But they do not explain how the plea agreement is relevant if Byrns is not a party. The Court finds that it is not: The plea agreement addresses Byrns and two unidentified individuals' roles in committing health care fraud in relation to what happened at Putnam. *Byrns*, No. 3:19-cr-00166-TJC-JRK, ECF No. 12 at 26–36. The plea agreement does not mention the Sero Defendants, and it does not appear to be *focused* on the actions they allegedly took in this scheme. That omission makes sense: The Sero Defendants were—unlike other Defendants in this action—not indicted in the criminal case. So the Court struggles to see how the plea agreement is relevant to the remaining claims against the Sero Defendants.

Even if the plea agreement were marginally relevant, any relevance would be substantially outweighed by the danger of unfair prejudice to the Sero Defendants and risk of confusing and misleading the jury. *See* Fed. R. Civ. P. 403. The plea agreement does not mention the Sero Defendants by name; rather, it refers mostly to "Individual 1" and "Individual 2" as the primary co-conspirators with Byrns. Comparing the facts listed in the plea with the allegations in the case, it appears that "Individual 1" and "Individual 2" are not the Sero Defendants. And although the plea makes passing reference to "others" and "co-conspirators," they do not form the primary basis for the conduct at issue in the plea. This distinguishes the plea agreement here from the ones in the primary cases cited by Plaintiffs. *Cf. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401, 403 (8th Cir. 1995) (holding that district court did not err by considering a guilty plea from the plaintiff's former employee who said he started the fire that was central to the plaintiff's breach of contract claims against the defendant insurance company that denied coverage); *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 891–93 (D.C. Cir. 2010)

(holding that district court did not err by admitting a plea agreement in an False Claims Act case from a co-defendant in related bid-rigging criminal case where conduct in the criminal case was the same at issue in the civil case and it was clear the other defendants were the ones identified in the plea agreement). Introducing this plea agreement could result in the jury speculating about whether Defendants Gertz or Blake are Individual 1 or Individual 2, and/or inferring that the Sero Defendants are guilty by association with Byrns.

Even if Rules 402 and 403 did not render the plea agreement inadmissible, Rule 802 ("The Rule Against Hearsay") would preclude its admission. First, the plea agreement would be hearsay if introduced to prove the truth of the matter asserted. Fed. R. Evid. 801 (defining hearsay). Plaintiffs' argument that the plea agreement could be introduced to prove the *fact* that Byrns pled guilty is unavailing: The *factual admissions* in the guilty plea need not be introduced to establish the *fact* that he pled guilty. (Indeed, Plaintiffs have moved for judicial notice of the fact of his guilty plea – an issue the Court will address separately from this order.[1]) Plaintiffs' second argument—that the plea agreement should qualify under the residual exception to the hearsay rule, Rule 807—is also unpersuasive. The residual exception is only applicable "in exceptional circumstances where the evidence [is] necessary, highly probative, and carrie[s] a guarantee of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions." *United States v. Stoney End of Horn*, 829 F.3d 681, 686 (8th Cir. 2016); *see also United States v. Bruguier*, 961 F.3d 1031, 1033 (8th Cir. 2020) ("Congress intended this Rule to be used very rarely." (internal quotation marks omitted)). The plea agreement is neither necessary nor highly probative. As outlined in their summary judgment motion, Plaintiffs have assembled significant

---

[1] In its opposition brief, Plaintiffs asked the Court to take judicial notice of the fact of Byrns' guilty plea. But such a request should be made via a separate motion, which Plaintiffs did after they filed their opposition. The Court does not address here whether it will take judicial notice of the fact of Byrns' guilty plea.

8

evidence connecting Byrns and the Sero Defendants in the alleged fraudulent billing scheme at Putnam. The guilty plea for healthcare fraud is not necessary here. And it is not highly probative, because it does not provide important facts relevant to the remaining claims against the Sero Defendants. Thus, the residual exception is inapplicable. *Evanston Ins. Co v. Desert St. Life Mgmt.*, 484 F. Supp. 3d 987, 1009 n.6 (D.N.M. 2020) (declining to admit co-defendant's plea agreement under the residual exception).

The Court GRANTS the Sero Defendants motion in limine to exclude Byrns' plea agreement. Plaintiffs are prohibited from introducing or referencing the plea agreement (or its contents) at trial. The Court will address Plaintiffs' judicial notice request in a separate order.

### 6. The parties are prohibited from referencing medical necessity and from using the words "illegal kickback" or "kickback."

The Sero Defendants move to exclude Plaintiffs from referencing medical necessity of the tests performed and "illegal kickbacks" because they argue that no such evidence exists. ECF No. 641 at 9–10. Plaintiffs do not oppose the motion regarding medical necessity or the use of the *terms* "illegal kickback." ECF No. 657 at 10–13. But they argue they should not be precluded from presenting evidence that the Sero Defendants were aware that their marketers were paying doctors to order the tests. *Id.*

The Sero Defendants premise their exclusion arguments on the lack of evidence of payments to doctors. But as the Plaintiffs show in their brief, there exists evidence of payments to doctors by the marketers, and that the Sero Defendants may have been aware of those payments. This evidence is relevant to Plaintiffs' fraud and conspiracy claims.

The Sero Defendants motion to exclude references to "illegal kickbacks" and medical necessity is GRANTED IN PART. Plaintiffs are prohibited from using the *words* "illegal kickback" or "kickbacks." They are also precluded from referencing medical necessity or the lack

9

thereof. Plaintiffs are not precluded from introducing evidence regarding the alleged payment to doctors and others for the ordering of tests, assuming such evidence is otherwise admissible.

### 7. The Putnam-RightCHOICE Contract will not be excluded at this time.

The Sero Defendants move to exclude the Putnam-RightCHOICE contract because they claim they never saw a copy of it. ECF No. 641 at 10. Plaintiffs argue that the Putnam-RightCHOICE contract is the instrument under which all the alleged fraudulent billing occurred and is central to most of their claims. ECF No. 657 at 13.

The relevance of this contract cannot be questioned: The heart of Plaintiffs' case revolves around the Defendants' alleged exploitation of the favorable billing rates under the Putnam-RightCHOICE contract. And it does not matter to Plaintiffs' tortious interference claim whether the Sero Defendants had a copy of the contract so long as Plaintiffs can prove that the Sero Defendants had "knowledge of such facts that would lead a reasonable person to believe in *the existence* of the contract and plaintiff's interest in it." *Howard v. Youngman*, 81 S.W.3d 101, 113 (Mo. Ct. App. 2002) (emphasis added). The Sero Defendants' lack of possession of the contract is an issue to be weighed in deciding the merits of Plaintiffs' claims, but it does not require exclusion of the contract that is central to Plaintiffs' theory of the case. *See In re Levaquin Prods. Liab. Litig.*, No. 08-cv-5743-JRT, 2010 WL 4676973, at *3 (D. Minn. Nov. 9, 2010) (noting that "motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.").

The motion to exclude the Putnam-RightChoice contract is DENIED.

### 8. The requisition forms for testing will not be excluded at this time.

The Sero Defendants' next move to exclude from evidence the requisition forms that were used to order the blood and urine tests because they claim that Plaintiffs never relied on them in

paying their bills. ECF No. 641 at 12–14. Plaintiffs counter that evidence exists showing that the Sero Defendants altered these forms to put Putnam's logo on them over the logo of the hospitals that ordered the tests. ECF No. 657 at 15–16.

The Court holds this evidence is admissible because the alleged alteration of the forms goes to the issue of intent. *See Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. 2007) (listing intent as element in fraud claim); *see also In re MicroStrategy, Inc. Secs. Litig.*, 115 F. Supp. 2d 620, 641 (E.D. Va. 2000) ("[A]ttempts at covering-up the truth are probative of a culpable state of mind."). While the Sero Defendants are free to present evidence that shows that Plaintiffs did not rely on the requisition forms, the alleged lack of reliance does not require exclusion of this otherwise probative evidence.

The motion to exclude the requisition forms is DENIED.

### 9. Ms. Laine Bechtel's termination will not be excluded at this time.

The Sero Defendants next argue that the Court should exclude evidence about its former employee Laine Bechtel's termination, because it had to do with her not signing an employment contract, not anything related to the allegations in this case. ECF No. 641 at 14–15. Plaintiffs counter that there is evidence suggesting that Ms. Bechtel was terminated because she asked too many questions about the Sero Defendants' billing through Putnam. ECF No. 642 at 16–17.

Much like the two motions directly above, the Sero Defendants' arguments concerning Ms. Bechtel's termination go to the weight certain evidence should be given rather than its admissibility. Evidence that the Sero Defendants fired an employee who asked questions about the billing practices central to this case is probative of their intent, knowledge, and state of mind. *See Hess*, 220 S.W.3d at 765. The Sero Defendants are entitled to present contrary evidence, but the existence of contrary evidence does not render Plaintiffs' evidence inadmissible.

11

The motion to exclude evidence regarding Ms. Laine Bechtel's termination is DENIED.

**10. The Court will not exclude industry rules and regulations that post-date the Sero Defendants' work at Putnam at this time.**

The Sero Defendants ask the Court to exclude evidence of industry guidelines regarding medical test billing that post-date their work with Putnam on the grounds that they are not relevant. ECF No. 641 at 15. Plaintiffs counter that the only document the Sero Defendants cite is an article relied on by Plaintiffs' expert Dr. Kongstvedt in forming his expert opinion on industry standards. ECF No. 657 at 17–18.

The Court will not exclude this evidence. Although stated broadly as requesting exclusion of all industry regulations and rules that post-date the Sero Defendants' work with Putnam, the Sero Defendants only specifically identify one report. So the Court only rules on that issue. *See Linstrom,* 2020 WL 6140553, at *1 (motion in limine must be directed at specific evidence, not general categories).

The article on fraudulent billing schemes that the Sero Defendants identify is relevant to Dr. Kongstvedt's opinions in this case, among other issues. The fact that the article post-dates the Sero Defendants' billing practices with Putnam could be used to cross-examine Dr. Kongstvedt, but its timing does not require exclusion.

The motion to exclude rules and regulations that post-date their work with Putnam is DENIED.

**11. The Court will not exclude the contracts between Putnam and the Sero Defendants at this time.**

The Sero Defendants next argue that the contracts entered between them and Putnam should be excluded, because Plaintiffs have "no standing to challenge [their] validity." ECF No.

12

641 at 15.  Plaintiffs counter by showing several issues to which the contracts are relevant.  ECF No. 657 at 18–19.

The motion is DENIED.  It does not matter whether Plaintiffs have standing to challenge the validity of the agreements; the issue on the motion in limine is whether the contracts are probative to an issue in this case and not otherwise excludable.  The contracts are relevant to the Sero Defendants' knowledge and intent in billing through Putnam as well as the alleged conspiracy between the Sero Defendants' and David Byrns who signed the contracts on Putnam's behalf.  And the Sero Defendants provide no other basis for excluding these agreements other than lack of standing.

### 12. The Court takes the admissibility of the Missouri Auditor's report under advisement.

The Sero Defendants move to exclude a Missouri Auditor's report about its investigation into the billing issues at Putnam, because they claim it is inadmissible hearsay and an improper expert opinion.  ECF No. 641 at 17–18.  Plaintiffs counter that the report can alternatively be admitted under a hearsay exception or for non-hearsay purposes, and that it does not constitute an improper expert opinion on the ultimate issue.  ECF No. 657 at 19–20.

The Court cannot rule on this motion at the present time.  That said, the Court notes that several issues may impede the report's admissibility.  First, the Court is not inclined to exclude the report on the grounds that it is expert opinion on the ultimate issue, but the Court is not going to allow the portions of the report to be introduced that make or insinuate the legal conclusion that fraud was committed.  *See Richardson Int'l (US) Ltd.*, 2017 WL 1277814, at *2 (noting that investigative reports pose problems because of the legal opinions in them); *Akins v. City of Columbia*, No. 15-cv-04096-NKL, 2016 WL 4126549, at * 14 (W.D. Mo. Aug 2, 2016) ("But a conclusion concerning whether a police officer's conduct conformed to the limits of the Fourth

Amendment as interpreted by the judiciary is not a factual finding. It is a legal conclusion and inadmissible hearsay, not covered by FRE 803.").

Second, it is possible the report may be admissible not for the truth of matter asserted in it, but for the purpose of the effect on those witnesses that read it, including potentially the Sero Defendants, Jorge Perez, David Byrns, and/or Putnam employees. But it is too early for the Court to make these determinations, because it is unclear what portions of the report Plaintiffs seek to admit, and for what specific purpose. *See Richardson Int'l (US) Ltd.*, 2017 WL 1277814, at *2 (noting that the admission of an investigative report "depends on whether it is offered for the truth of the matter asserted or for some other purpose.").

The Court takes this issue under advisement. Before Plaintiffs introduce or refer to this report, they shall take the issue up with the Court out of the jury's hearing.

### 13. The Court takes the admissibility of certain witnesses' and parties' Fifth Amendment invocations under advisement and directs further briefing.

The Sero Defendants move to exclude all evidence of, or references to, the Fifth Amendment invocations at depositions (or potentially at trial) by Jorge Perez, David Byrns, James Porter, Yesenia Hidalgo, and Ricardo Perez. ECF No. 641 at 18–19. The Sero Defendants argue the invocations are not relevant and unfairly prejudicial, because these individuals are either non-parties or have already had their claims resolved. *Id.* Plaintiffs argue that the Fifth Amendment invocations of co-defendants and non-parties are frequently admitted in civil cases and that the wholesale, pretrial exclusion of this evidence is premature. ECF No. 657 at 21–23.

The Court holds it lacks sufficient information to make an informed determination at the present time, and it directs the parties to provide additional briefing responsive to the Court's concern below.

14

The Supreme Court has held that "the Fifth Amendment does not forbid adverse inferences against parties in civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1987).  Consistent with this, the Eighth Circuit has allowed the introduction of Fifth Amendment invocations by non-parties in civil cases against parties on a case-by-case basis. *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471, 1481 (8th Cir. 1987) (affirming admission of plaintiff charity's former member's Fifth Amendment invocation against it in civil case).  In making this determination, most courts follow the Second Circuit's multifactor test that balances: (1) the nature of the relevant relationships between the non-party and party; (2) the degree of control of the party over the non-party witness; (3) the compatibility of the interests of the party and non-party witness in the outcome of the litigation; and (4) the role of the non-party witness in the litigation. *LiButti v. United States*, 107 F.3d 110, 123–24 (2d Cir. 1997) (relying on *Cerro Gordo Charity* in making this formulation).  At bottom, the inquiry trains on "whether the adverse inference is trustworthy under all of the circumstances and will advance the search for truth." *Id.* at 124.

This test also applies to determining whether a co-conspirator's invocations should be admitted against other co-conspirators. *See, e.g., In re Polyurethane Foam Antitrust Litig. Direct Purchaser Class*, No. 10-MD-2196, 2015 WL 12747961, at *6–*7 (N.D. Ohio Mar. 6, 2015); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 681 F. Supp. 2d 141, 153–54 (D. Conn. 2009).  But "when the party and the non-party witness are claimed co-conspirators, generally courts have required there to be sufficient, independent proof of a conspiracy between them before permitting the jury to draw an adverse inference against the party." *In re Polyurethane Foam Antitrust Litig. Direct Purchaser Class*, 2015 WL 12747961, at *6 (internal quotation marks omitted).

15

Even if the invocations at issue in this case meet these admissibility standards, they are still subject to exclusion under Rules 402 and 403. *Cerro Gordo Charity*, 819 F.2d at 1482. For example, invocations are inadmissible if they relate to irrelevant issues, *see Woods v. START Treatment & Recover Centers, Inc.*, 864 F.3d 158, 170–71 (2d Cir. 2017), or introduced in a cumulative, irrelevant manner to simply inflame and prejudice the jury against a party, *see In re 650 Fifth Ave and Related Props.*, 934 F.3d 147, 171–72 (2d Cir. 2019). *See also Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, No. 12-CV-369, 2016 WL 7971983, at *6 (W.D. Mich. April 11, 2016) (noting that invocations to questions unrelated to the claims in the case would be excluded).

The Court, however, cannot make a final decision on admissibility at the present time. The Court has not been supplied with sufficient information about the specific invocations that Plaintiffs seek to introduce, the nature of the invoker's relationship to the Sero Defendants, or the invoker's role in the case. Information on precisely what invocations Plaintiffs intend to introduce may not be available until trial. Even so, the Court directs the parties to provide more guidance on the application of the *Libutti* factors and related cases to the facts of this case.

The Court ORDERS the Sero Defendants and Plaintiffs to each submit a brief not to exceed ten (10) pages by noon on September 19, 2021, that applies the *Libutti* factors and related cases to the invocations by Jorge Perez, David Byrns, James Porter, Yesenia Hidalgo, and Ricardo Perez. The parties should not only rely on the cases cited in this Order, but also other related cases they may find. The Court will then take this issue under advisement and decide it during or before trial.

## II. Plaintiffs' motions in limine are granted in part and denied in part.

Plaintiffs have filed ten motions in limine to exclude various types of evidence and argument. Each is addressed in turn below.

16

### 1. The Sero Defendants are precluded from attributing comparative fault to Putnam at trial.

Plaintiffs move to exclude evidence of Putnam's "fault" or "responsibility" in the case. ECF No. 627 at 1–2. The Sero Defendants agree they should not present evidence or seek to apportion "fault" to Putnam, but they resist a blanket restriction against arguing about Putnam's responsibility insofar as it concerns the contractually-governed billing practices. ECF No. 655 at 1–2.

As best the Court can tell from the authorities cited by Plaintiffs, they seek to preclude the Sero Defendants from presenting arguments or evidence about the apportionment of comparative fault to Putnam as it pertains to Plaintiffs' negligence-based claim. *See Jensen v. ARA Servs., Inc.*, 736 S.W.2d 374, 377 (Mo. 1987) (noting in a negligence case that Missouri prohibits the apportionment of comparative fault to non-parties). The Sero Defendants do not contest this. The Court will thus preclude the Sero Defendants from attributing comparative fault to Putnam at trial.

But in its prayer for relief in its motion, Plaintiffs also request the Court preclude the Sero Defendants from placing any "responsibility" on Putnam for what happened here. ECF No. 627 at 2. Plaintiffs do not cite any authority for the proposition that the Sero Defendants should be completely prohibited from presenting argument or evidence concerning Putnam's "responsibility" in this case. As the Sero Defendants note, there is some evidence suggesting their contracts with Putnam placed responsibility for billing decisions on Putnam, not the Sero Defendants. And such evidence is arguably relevant to the fraud and other intentional tort claims.

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to preclude the Sero Defendants from presenting evidence or arguments as to Putnam's "fault" or "responsibility." The Sero Defendants are precluded from presenting arguments or evidence attributing comparative

fault to Putnam. But they may present evidence regarding Putnam's responsibility for billing claims.

### 2. The Court takes the issue of the 837 data under advisement.

Plaintiffs move to exclude from evidence the 837 data that was used by Empower to bill tests to Plaintiffs, arguing that it cannot be authenticated, would undercut the Court's prior orders, and would confuse the jury. ECF No. 628. The Sero Defendants disagree.

The Court cannot rule on this issue at the present time, but it notes two of Plaintiffs' arguments are unpersuasive. The Court does not believe that the introduction of the 837 data would undercut any of its prior orders. To be sure, the Court entered a Rule 37 sanction precluding the *Empower Defendants* from introducing evidence to contest Plaintiffs' claims. ECF No. 430. But the Court never ruled that the Sero Defendants could not present evidence, even if that evidence originated from the Empower Defendants. And the 837 data could be relevant to the issue of intent to defraud because it may show that laboratory names—including those from the Sero Defendants—were disclosed in the data.

The authentication issue is a closer call, and one that the Court cannot make at this time. The Sero Defendants raise several ways in which they *may* be able to authenticate the data, including through a self-authenticating certificate or testimony from a witness. Whether they actually do this at trial remains to be seen. The Court, thus, takes this issue under advisement.

### 3. The Sero Defendants are prohibited from introducing evidence or referencing their lack of prosecution for their conduct related to Putnam.

Plaintiffs move to exclude the Sero Defendants from introducing evidence or referencing the fact that they were not criminally prosecuted for their conduct related to Putnam. ECF No. 629 at 1–5. The Sero Defendants argue that they do not intend to introduce any evidence unless

the Court opens the door to it by allowing Plaintiffs to introduce Byrns' plea agreement. ECF No. 655 at 9–11.

The Eighth Circuit has been clear that "evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. St. Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985). This rule makes sense because the burden between the criminal and civil contexts differs significantly, *see Rush v. Fujita*, No. 15-CV-1304-DSF, 2016 WL 9115951, at *1 (C.D. Cal. Feb. 10, 2016), and because the decision as to whether to prosecute often involves a multitude of factors that may be unconnected to merits of the evidence against the putative criminal defendant (e.g., cooperation), *United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990). The fact that the Sero Defendants were not criminally prosecuted has no bearing on their civil liability here.

The Court GRANTS Plaintiffs' motion in limine to exclude evidence and reference to the Sero Defendants' lack of prosecution. The Sero Defendants are prohibited from referencing or introducing evidence that they were not criminally prosecuted for their involvement with Putnam.

### 4. The Sero Defendants are prohibited from introducing arguments or evidence about the *Little River Healthcare* case.

Plaintiffs move to exclude either party from referencing or introducing evidence about other litigation or arbitrations involving pass-through billing other than Putnam and the other two facilities—Graceville Hospital and Southwest Laboratories—that Defendants allegedly targeted in similar schemes. ECF No. 630 at 1–4. Although the motion is worded broadly, Plaintiffs specifically reference only one proceeding, an arbitration between Blue Cross and Blue Shield of Texas Inc. and Little River Healthcare. The Sero Defendants argue they should be able to impeach Plaintiffs on this case since they allegedly took a different position on billing codes there than they are taking here. ECF No. 655 at 11–12.

19

The Court holds the positions taken in the *Little River Healthcare* arbitration are not relevant to this dispute. As Plaintiffs made clear in prior briefing in opposition to the Sero Defendants' motion to reopen discovery, that case involved a different plaintiff, a different contract (e.g., pass-through billing was not prohibited), and a different testing arrangement (e.g., some tests were conducted on site). ECF No. 485 at 1–3, 7–8, 10-11. Even were that arbitration to have minimal relevance under Rule 401, the Court would still exclude it under Rule 403. There is a real risk of confusing and misleading the jury by introducing this evidence since the contract is not the same, the facts regarding the billing and testing are different, and the parties are different. Further, the introduction of this evidence could also devolve into a mini trial on this irrelevant issue. Plaintiffs would respond to Defendants' "impeachment" of Plaintiffs on this unrelated litigation by introducing evidence demonstrating the factual differences between this case and the arbitration and by seeking to introduce evidence of other pass-through billing cases that are more analogous to this one. *See* ECF No. 485 2–3 (Plaintiffs arguing about factual differences and referencing the introduction of evidence concerning other cases). This would waste the jury's and the Court's time.

The Court GRANTS IN PART Plaintiffs' motion. The Sero Defendants are prohibited from referencing or introducing evidence about the *Little River Healthcare* arbitration.

### 5. The Court will not exclude non-party insurers' policies at this time.

Plaintiffs seek to preclude the Sero Defendants from submitting evidence or argument on the policies of non-party insurers, arguing variously that they are not relevant, constitute inadmissible hearsay, cannot be authenticated, or could confuse and mislead the jury. ECF No. 631 at 1–2. The Sero Defendants contend the evidence is relevant to the industry billing standards and can be used for matters unrelated to the truth of the matter asserted. ECF No. 655 at 12–14.

The Court has previously found that both Dr. Meador and Dr. Kongstvedt can testify as to the industry standards with regard to billing practices. ECF No. 619, 621. The Sero Defendants recently informed the Court that Dr. Meador will not be called as a witness at trial, but they may use policies from other insurers to cross-examine Dr. Kongstvedt. As the Sero Defendants note, they may also use policies from other insurers for the non-hearsay purpose of demonstrating the effect they had on the Sero Defendants regarding what they believed to be pass-through billing and whether it was in conformance with the industry standards. And contrary to Plaintiffs' contentions, the risk of any confusion to the jury that arises from introducing or mentioning the policies does not substantially outweigh their probative value concerning industry standards.

The Court, thus, DENIES Plaintiffs' motion to exclude evidence regarding other insurers policies. The Court may revisit this ruling depending on how the Sero Defendants attempt to use the policies at trial.

### 6. The Court will not exclude evidence about the retirement of Putnam's debts at this time.

Plaintiffs move to exclude evidence about the retirement of some of Putnam's debts during the time Defendants controlled the hospital. ECF No. 632 at 1–2. According to Plaintiffs, this evidence constitutes "benevolent acts" that are unrelated to the claims and defenses in the case and risk misleading the jury. *Id.* The Sero Defendants disagree, arguing it supports their theory that their true intent in entering the contracts was to help and support rural hospitals, as evidenced by the fact that the work they did with Putnam allowed it to retire debts and avoid bankruptcy. ECF No. 655 at 14–17.

The Court will not exclude this evidence at the present time. The cases Plaintiffs cite in support of exclusion of "benevolent acts" are distinguishable. Those cases involved a party making a charitable contribution that was not central to the claims or case theories at issue. *See*

21

*Ty Inc. v. Softbelly's Inc.*, No. 00-c-5230, 2006 WL 5111124, at *13–14 (N.D. Ill. Apr. 2006); *see also Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 13216995, at *10 (S.D. Fla. Dec. 5, 2011). Here, on the other hand, the Sero Defendants argue that the retirement of debts undercuts Plaintiffs' claims that they intended to defraud Plaintiffs; rather, they claim it shows that their intent was truly to make money while also helping struggling rural hospitals. While the jury might not ultimately find this theory credible, the evidence about Putnam's retirement of debt does not merit exclusion. Furthermore, the evidence may be relevant to rebut Plaintiffs' theory of the case that Putnam's financial distress made it an easy victim for the Defendants' fraud. ECF No. 695 (Plaintiffs' trial brief laying out their theory of the case).

The Court DENIES Plaintiffs' motion to exclude evidence about the retirement of Putnam's debts.

### 7. The Sero Defendants are prohibited from introducing evidence or testimony about the medical necessity of tests.

Plaintiffs move to exclude the Sero Defendants from introducing lay opinion testimony regarding the medical necessity of the test performed. ECF No. 633 at 1–3. The Sero Defendants argue that they "do not intend to introduce any such evidence." ECF No. 655 at 17–18. But they appear to argue that since the Plaintiffs *allege* that Sero Defendants misrepresented medical necessity, they should be able to present evidence showing the medical necessity of the tests. *Id.*

The Court has already granted the Sero Defendants' motion in limine precluding Plaintiffs from referencing medical necessity. Since Plaintiffs will not be allowed to present any such evidence or arguments, the Court will not allow the Sero Defendants to produce such evidence either.

The motion is GRANTED. The Sero Defendants shall not present evidence or testimony or refer to the medical necessity of the tests performed.

8. **The Sero Defendants are prohibited from introducing evidence of or mentioning the antitrust allegations or settlements in *In Re Blue Cross Blue Shield Antitrust Litigation*, No. 2:13-cv-20000 (N.D. Ala. Jan. 8, 2013).**

Plaintiffs move to exclude evidence or mention of the antitrust allegations against—or settlements with—Plaintiffs in *In Re Blue Cross Blue Shield Antitrust Litigation*, No. 2:13-cv-20000 (N.D. Ala. Jan. 8, 2013). ECF No. 634 at 1–2. The Sero Defendants state that they do not intend to introduce any such evidence. ECF No. 655 at 18.

The allegations of anticompetitive behavior and any settlements in other, unrelated litigation is not relevant to any issues in this case and would be unfairly prejudicial to Plaintiffs. *See Peters v. Risdal*, No. C-12-4070-MWB, 2013 WL 9839011, at *18 (N.D. Iowa Dec. 5, 2013) (excluding facts from unrelated cases); *see also U.S. Secs. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016) (affirming exclusion of unrelated settlement agreement).

The motion is GRANTED. The Sero Defendants shall not introduce evidence, testimony, or make references to the allegations or settlements in *In Re Blue Cross Blue Shield Antitrust Litigation*.

9. **The Court will not exclude references or evidence to the Sero Defendants work with—or on behalf of—veterans at this time.**

Plaintiffs move to exclude the Sero Defendants from referencing their work with, or on behalf of, veterans. ECF No. 635 at 1–4. The Sero Defendants argue this evidence is relevant to their intent because it shows that their rural laboratory outreach programs—such as those through Putnam—were aimed at furthering veteran initiatives. ECF No. 655 at 18–20.

Plaintiffs have put the Sero Defendants' intent at issue in this case by alleging that they conspired to take control of Putnam via a fraudulent scheme to profit from its higher billing rates. With the Sero Defendants' intent directly at issue, they should be allowed to put on their theory of the case. This includes their work with rural hospitals and veterans as well as their outreach to

23

veteran's organizations to discuss their approach at Putnam. And the centrality of the Sero Defendants' intent in this case distinguishes it from the cases that Plaintiffs cite where the references to veterans were plainly gratuitous. *See Simonsen v. McClinton Energy Grp., LLC*, No. 13-cv-635-JED-FHM, 2014 WL 5795498, at *2 (N.D. Okla. Nov. 6, 2014); *Capuano v. Consol. Graphics, Inc.*, No. 06-C-5924, 2007 WL 2688421, at *6 (N.D. Ill. Sept. 7, 2007); *see also Achterberg v. Albaugh, LLC*, No. 16-CV-06097-DGK, 2017 WL 5924262, at *1 (W.D. Mo. Nov. 30, 2017). Again, the jury might not ultimately credit the Sero Defendants' theory about their intent and motivations, but they are entitled to present it.

The Court, thus, DENIES Plaintiffs' motion to exclude evidence regarding other insurers policies.

### 10. The Sero Defendants are prohibited from mentioning or introducing evidence about the Plaintiffs' assets, profits, revenue, or financial condition.

Plaintiffs move to exclude evidence or mention of their assets, profits, revenue, or financial condition. ECF No. 636 at 2–3. The Sero Defendants state they do not intend to reference or attempt to introduce any such evidence. ECF No. 655 at 20.

The Court GRANTS Plaintiffs' motion. The Sero Defendants are prohibited from mentioning or introducing any evidence or testimony on Plaintiffs' assets, profits, revenue, or financial condition.

**IT IS SO ORDERED.**

Date: <u>September 17, 2021</u>          <u>/s/ Greg Kays</u>
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT