IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 5:18-cv-06037-DGK ) |
| HOSPITAL PARTNERS, INC., et al., | ) ) |
| Defendants. | ) ) |

**ORDER DENYING PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a fifteen-bed hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing. This civil case is related to an ongoing criminal case in the Middle District of Florida, *United States v. David Lane Byrns*, No. 3:19-CR-166-J-32JRK (M.D. Fla.).

Now before the Court is Plaintiffs' motion for the Court to take judicial notice of the fact that David Byrns pled guilty in the related, yet distinct criminal case. ECF No. 678. The Sero Defendants oppose the motion. ECF No. 696. For the reasons stated below, Plaintiffs' motion is DENIED.

**Standard**

The Court "may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As relevant here, the Court "must take judicial notice if a

party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). But the requirement to take judicial notice is not unyielding: "Courts are not required to take judicial notice of irrelevant materials." *Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012). Indeed, the Eighth Circuit has warned district courts that "[c]aution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules." *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009). A district court that judicially notices facts that otherwise contravene the bedrock admissibility rules for evidence risks reversal even under the abuse of discretion standard. *See id.*

**Discussion**

Plaintiffs request that the Court take judicial notice and inform the jury of the *fact* that: "David Byrns has pled guilty to conspiracy to commit health care fraud in a related criminal case for the conduct which is the basis of Plaintiffs' claims against him." ECF No. 678 at 2. In support, Plaintiffs cite some out-of-circuit appellate opinions and a few district court opinions where the courts took judicial notice of the fact of a guilty plea. ECF No. 678 at 1; ECF No. 700 at 3. The Sero Defendants argue that Byrns' guilty plea is irrelevant to the remaining issues to be decided, unfairly prejudicial, and inadmissible hearsay. ECF No. 696. They further contend that the cases cited by Plaintiffs involve the distinguishable situation where the judicially noticed fact of the guilty plea was directly relevant in the case. ECF No. 696.

The Court declines to judicially notice the fact of Byrns' guilty plea. This ruling cannot be considered in a vacuum: The Court previously excluded Byrns' plea agreement because it was irrelevant to the remaining issues in the case, unfairly prejudicial, potentially misleading and confusing to the jury, and constituted inadmissible hearsay. ECF No. 708 at 6–9. The logic applies with similar force to Plaintiffs' current request. Even the *fact* of Byrns' guilty plea to conspiracy

2

to commit healthcare fraud is irrelevant to the remaining issues in this case. The conspiracy that Byrns pled guilty to does not necessarily include the Sero Defendants; to the contrary, it focuses on Byrns' illicit actions with two unnamed co-conspirators. Further, Byrns pled guilty to conspiracy to commit healthcare fraud, which does not precisely overlap with the elements of the conspiracy claim alleged in this case. Hence, even the *fact* of his legally and factually distinct guilty plea is irrelevant to this civil case. And the Eighth Circuit has repeatedly made clear that the Court should not take judicial notice of irrelevant materials or facts. *See 1-800-411 Pain Referral Servs., LLC v. Otto*, 744 F.3d 1045, 1063 n.13 (8th Cir. 2014); *Hargis*, 674 F.3d at 793; *Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010); *Am. Prairie Constr. Co.*, 560 F.3d at 797; *United States v. Peck*, 161 F.3d 1171, 1174 (8th Cir. 1998).

Even if the fact of guilty plea were marginally relevant, the Court would still exclude it under Rule 403. Much like the plea agreement itself, admitting Byrns' guilty plea could unfairly prejudice the Sero Defendants and confuse and mislead the jury. The jury might speculate that the Sero Defendants are also under criminal prosecution, and that they may be the ones that conspired with Byrns to commit healthcare fraud. These dangers far outweigh the probative value of the fact of Byrns' guilty plea might have. This is especially true considering that no liability claims remain against him and that Plaintiffs purport to have significant other evidence tying Byrns and the Sero Defendants to the conspiracy alleged in the Complaint, evidence which would render the fact of the guilty plea cumulative. Admitting the fact of Byrns' guilty plea via a judicially noticed fact would also create an end around the other evidentiary rules designed to exclude such evidence. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. That result is something the Eighth Circuit has warned district courts to guard against. *See Am. Prairie Constr. Co.*, 560 F.3d at 797.

The cases cited by Plaintiffs in support are distinguishable. In all these cases, the judicially noticed guilty plea was either facially relevant to the issues in the case or did not have its relevance challenged. That is not the case here: The plea is not relevant, and the Sero Defendants oppose its introduction. Not only that, but the *binding* authority on the issue clearly states that the Court need not take judicial notice in these circumstances. *See Am. Prairie Constr. Co.*, 560 F.3d at 797. The Court follows that guidance here by refusing to take judicial notice of the guilty plea. The motion is denied.

One final point bears mentioning: Both parties' briefing failed to cite any of the Eighth Circuit caselaw cited in this opinion. This failure concerns the Court. Perhaps it can be attributed to the fact that the Court placed the parties on a tight briefing schedule to ensure that this issue was decided before the start of trial. The Sero Defendants had four days to research and write their response, while Plaintiffs had less than twenty-four hours to research and write their reply. But it could be that Plaintiffs' counsel did not cite these cases because the cases undermined their clients' position, and Defense counsel did not thoroughly research the issue because of financial constraints. Whatever the reason, the Court reminds counsel that they owe a duty of candor to the tribunal in citing and distinguishing binding caselaw. Moving forward, counsel for both parties should make sure that when they provide briefing to the Court they have found, cited, and properly characterized any binding authority on the issue. Failure to do so may result in sanctions. *See* ECF No. 683 at 4–5.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for the court to take judicial notice of the fact that David Byrns pled guilty is DENIED.

**IT IS SO ORDERED.**

4

Date: September 17, 2021          /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT