IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER PRECLUDING THE EMPOWER DEFENDANTS FROM PARTICIPATING AS PARTIES AT THE UPCOMING TRIAL

This lawsuit arises out of an alleged fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital ("Putnam"), a fifteen-bed hospital in rural Missouri. Plaintiffs, a group of licensees or subsidiaries of independent licensees of Blue Cross and Blue Shield Association, are suing a variety of Defendants who allegedly participated in, or benefitted from, the alleged scheme, including the laboratories who conducted the testing.

Defendants Jorge Perez, Hospital Partners, Inc., and Empower H.I.S., Inc. (the "Empower Defendants") previously defaulted on the issue of liability due to their repeated and severe discovery abuses and disregard for the Court's orders. ECF No. 452. So all that remains to be decided against them is the amount of damages. At the pretrial conference, the Empower Defendants' counsel asked whether, and to what extent, he and his clients would be able to participate at trial on the issue of damages. The Court ordered the Empower Defendants and Plaintiffs to brief this issue. ECF No. 683 at 2–3.

The Empower Defendants argue that they should be allowed to cross-examine witnesses, because they are entitled to a hearing or proceeding on damages. ECF No. 698. Plaintiffs, on the

other hand, contend that they should not be entitled to participate, because they have no right to a jury trial on the remaining issues, and their presence at trial will only confuse the jury since the Court will be determining the amount of damages. ECF No. 699. Plaintiffs have offered that if the Court deems it necessary to have a hearing on damages for the Empower Defendants after the trial concludes, then they will make their witnesses available at a separate hearing. *Id.* at 4–5.

The Federal Rules of Civil of Procedure are clear that the Court retains the discretion to determine whether any hearing on damages is necessary and how that hearing may proceed. Fed. R. Civ. P. 55(b)(2)(B). Although that rule broadly requires the Court to preserve "any federal right to a jury trial," Fed. R. Civ. P. 55(b)(2), the Eighth Circuit recently held that "no right to a jury trial on the issue of damages following a default judgment exists." *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 602 (8th Cir. 2021). The Empower Defendants cite no authority demonstrating they are entitled to a jury trial on the assessment of damages.

Applying those principles here, the Court holds the Empower Defendants should be completely precluded from participating as parties in the upcoming trial because they are not entitled to a jury trial on the assessment of damages, and their participation could create juror confusion since evidence would be presented at trial as to them, but the Court—not the jury— would decide the amount of damages. Their participation could also create significant trial management issues for the Court and the remaining parties in determining whether their questions were properly about the amount of damages or crossed over to the forbidden subject of liability. Finally, the Court holds the Empower Defendants will not be prejudiced by not being able to participate at trial because the Court can hold a hearing at a later date where Plaintiffs will present—and the Empower Defendants will be permitted to test—Plaintiffs' evidence on damages.

2

Case 5:18-cv-06037-DGK   Document 710   Filed 09/17/21   Page 2 of 3

The Court ORDERS that the Empower Defendants are precluded from participating in the jury trial as parties.  They are, of course, free to attend and watch the trial as any member of the general public is.  The Court will set a hearing on damages at a later date, if necessary.

**IT IS SO ORDERED.**

Date:  <u>September 17, 2021</u>              <u>/s/ Greg Kays                         </u>
　　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

3

Case 5:18-cv-06037-DGK   Document 710   Filed 09/17/21   Page 3 of 3