# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 18-cv-06037-DGK |
| | ) | |
| HOSPITAL PARTNERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SERO DEFENDANTS' SUGGESTIONS IN SUPPORT OF
## MOTION FOR DIRECTED VERDICT AT THE CLOSE OF ALL THE EVIDENCE

Pursuant to Fed. R. Civ. P. 50(a), Defendants SeroDynamics, LLC, LabMed Services, LLC, Beau Gertz, and Mark Blake (collectively, the "Sero Defendants") respectfully move this Court for an Order granting a Directed Verdict in favor of the Sero Defendants and against Plaintiffs at the close of all the evidence.

Rule 50(a) permits a court to direct a verdict for a party "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a). Motions for directed verdict "should be granted only when the evidence produced by the party opposing the motion, when given the benefit of all reasonable inferences, would not suffice as the basis for a rational conclusion in that party's favor." *Warren v. State Farm Fire & Cas. Co.*, 531 F.3d 693, 698 (8th Cir. 2008) (internal quotation marks omitted).

Count I (fraud): Plaintiffs have failed to present sufficient evidence to meet their burden in establishing "garden-variety" fraud under "generally applicable Missouri laws" against the Sero Defendants. *See RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-CV-06037-DGK, 2019 WL 302515, at *5 (W.D. Mo. Jan. 23, 2019) (Doc. 165). In particular, Plaintiffs have failed to establish with substantial evidence: (1) a representation made by the Sero Defendants to Plaintiffs; (2) its falsity; (3) its materiality; (4) the Sero Defendants' knowledge of its falsity or ignorance of its truth; (5) the Sero Defendants' intent that it should be acted on by Plaintiffs in the manner reasonably contemplated; (6) Plaintiffs' ignorance of the falsity of the representation; (7) Plaintiffs' reliance on the representation being true; (8) Plaintiffs' right to rely thereon; and (9) Plaintiffs' consequent and proximately caused injury. *See Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 287 (Mo. Ct. App. 2008).

1

Count II (negligent misrepresentation): Plaintiffs have failed to present sufficient evidence to meet their burden in establishing a negligent misrepresentation claim against the Sero Defendants. In particular, in addition to Plaintiffs' failure to establish the fraud elements required under Count I, Plaintiffs also have failed to establish with substantial evidence that any false statement made by any of the Sero Defendants "was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction." *Ryann Spencer Grp.*, 275 S.W.3d at 288 (negligent misrepresentation under Missouri law requires largely the same elements as fraud, except that the cause of action (1) substitutes the "failure to exercise reasonable care" for intent as the speaker's relevant standard of fault; and (2) limits the category of actionable information to information that "was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction.").

Count III (ERISA restitution): Plaintiffs have failed to present sufficient evidence to meet their burden in establishing an ERISA restitution claim against the Sero Defendants. In particular, Plaintiffs have failed to stablish with substantial evidence that: (1) Plaintiffs are acting as a fiduciary on behalf of the ERISA plans in which they seek recovery; (2) Plaintiffs seek money that "belong[s] in good conscience" to the Plaintiffs; and (3) Plaintiffs can trace the money from the ERISA fund "to particular funds … in the [Sero Defendants'] possession." *See* 29 U.S.C. § 1132(a)(3); *RightCHOICE*, 2019 WL 302515, at *6.

Count IV (declaratory and injunctive relief): Count IV is no different than Count III; it merely seeks different remedies and fails for the same reason.

Count V (tortious interference): Plaintiffs have failed to present sufficient evidence to meet their burden in establishing a tortious interference claim against the Sero Defendants. In particular, Plaintiffs have failed to stablish with substantial evidence: (1) the existence of a

2

contract; (2) the Sero Defendants' knowledge of the contract; (3) the Sero Defendants' intentional interference inducing or causing a breach of the contract; (4) absence of justification; and (5) damages. *See RightCHOICE*, 2019 WL 302515, at *8 (citing *Chandler v. Allen*, 108 S.W.3d 756, 760 (Mo. Ct. App. 2003)); *RightChoice Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-CV-06037-DGK, 2021 WL 3627938, at *3 (W.D. Mo. Aug. 16, 2021) ("contract language cited by Plaintiffs does not establish as a matter of law that pass-through billing was prohibited").

Count VI (civil conspiracy): Plaintiffs have failed to present sufficient evidence to meet their burden in establishing a civil conspiracy claim against the Sero Defendants. In particular, Plaintiffs have failed to stablish with substantial evidence: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged. *RightCHOICE*, 2019 WL 302515, at *9 (quoting *Global Control Sys., Inc. v. Luebbert*, No. 4:14-cv-657-DGK, 2016 WL 910190, at *2 (W.D. Mo. Mar. 9, 2016)).

Count VII (aiding and abetting a tort): Plaintiffs have abandoned their claim for aiding and abetting a tort. (Doc. 664, at 7).

Counts VIII (unjust enrichment) and IX (money had and received): Plaintiffs have failed to present sufficient evidence to meet their burden in establishing an unjust enrichment claim against the Sero Defendants. *RightCHOICE*, 2019 WL 302515, at *9 (citing *Cromeans v. Morgan Keegan & Co.*, 303 F.R.D. 543, 558 (W.D. Mo. 2014) (citations omitted)). In particular, Plaintiffs have failed to establish with substantial evidence: (1) the Sero Defendants obtained a benefit; (2) Plaintiffs suffered an economic detriment as a result; and (3) it would be inequitable for the Sero Defendants to keep the benefit under the circumstances." *RightCHOICE*, 2019 WL

302515, at *9; *Cromeans*, 303 F.R.D. at 558 ("Unjust enrichment and monies had and received constitute the same suit under Missouri law.").

**Conclusion**

At the close of all the evidence, Plaintiffs have failed to adduce evidence to support their claims (Counts I to IX) and, thus, cannot submit their claims against the Sero Defendants to the jury. The Sero Defendants respectfully request that this Court issue an Order directing a verdict in Sero Defendants' favor at the close of all the evidence, and for such other and further relief as this Court deems appropriate.

Dated this Friday, September 24, 2021.          Respectfully submitted,

| | |
|---|---|
| */S/ Gregory J. Minana* | |
| GREGORY J. MINANA | MO #38004 |
| JAMES R. MONTGOMERY | MO #68281 |
| AARON CHICKOS | MO #62072 |

HUSCH BLACKWELL LLP

4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
greg.minana@huschblackwell.com
jr.montgomery@huschblackwell.com
aaron.chickos@huschblackwell.com

190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone (314) 480-1500
Facsimile (314) 480-1505

***Attorneys for Defendants Mark Blake, Beau Gertz, SeroDynamics LLC, and LabMed Services, LLC***

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Friday, September 24, 2021, I filed the foregoing with the Court's

CM/ECF system, which will serve an electronic copy to all ECF-registered counsel of record.

*/S/ Gregory J. Minana*
Attorney

5