# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

RightCHOICE Managed Care, Inc., *et al.*,

Plaintiffs,

v.

Hospital Partners, Inc.; Hospital Laboratory
Partners, LLC; Empower H.I.S. LLC; RAJ
Enterprises of Central Florida, LLC d/b/a Pinnacle
Laboratory Services; Labmed Services, LLC;
SeroDynamics, LLC; David Byrns; Jorge Perez;
James F. Porter, Jr.; Beau Gertz; and Mark Blake,

Defendants.

Civil Action No.

5:18-CV-06037-DGK

**Plaintiffs' Proposed Amended Jury Instructions and Verdict Forms**

Plaintiffs, by and through their counsel, respectfully submit proposed amended jury
instructions with respect to the burden of proof and the verdict directors. In light of these proposed
amended instructions, Plaintiffs also propose inclusion of Eighth Circuit Model Civil Jury
Instruction 5.23 (Definition: Agency). Plaintiffs additionally propose inclusion of two additional
verdict forms, relating to Plaintiffs' alternate theories of fraud, to avoid any ambiguities regarding
the basis for the jury's verdict with respect to fraud. Plaintiffs propose these amended instructions,
this additional instruction, and the additional verdict forms to resolve objections made by the Sero
Defendants during the instruction conference and to avoid any risk of error. Specifically:

1.      With respect to the burden of proof instruction, the Sero Defendants objected that
the clear and convincing burden of proof was not set forth in this instruction and was instead
included in the verdict director for the only claim to which it applies, civil conspiracy. (Tr.

1106:12-14.)[1]  To resolve the Sero Defendants' objection, Plaintiffs propose the amended burden of proof instruction below, which incorporates the clear and convincing burden of proof within the burden of proof instruction instead of following the verdict director for Plaintiffs' civil conspiracy claim.  As the Court recognized (see Tr. 1106:16),[2] including the clear and convincing standard within the burden of proof complies with applicable law and, as such, and to resolve the Sero Defendant's objection and remove any risk of error, Plaintiffs agree with its inclusion in the burden of proof instruction instead of following the civil conspiracy verdict director.

2.      For each of the verdict directors, the Sero Defendants object to the use of the word "Defendants."  In this regard, the Sero Defendants contend that there could be juror confusion regarding which of the four Sero Defendants is being referenced in each of the elements and also because there are other Defendants in this case whose claims are not before the jury.  (Tr. 1107:9-21.[3])  The Sero Defendants specifically proposed that there should be a verdict director for each of the Sero Defendants on each of Plaintiffs' claims.  Having further considered the issue, to resolve these objections raised by the Sero Defendants and remove any risk of error, Plaintiffs agree that the submission of a verdict director for each of the Sero Defendants on each of Plaintiffs' claims is appropriate.  For purposes of avoiding the potential for juror confusion, Plaintiffs have

---

[1] ("Yes, your Honor, then we would object to [the burden of proof instruction] being submitted without the additional paragraph defining the burden of proof on clear and convincing.")

[2] (recognizing that "[t]his is really a discretionary call . . . for the Court.")

[3] ("We're objecting to the use of this one instruction for all of the defendants.  We think there should be individual instructions for individual defendants because there's different evidence to support submissions on each of the defendants.  For example, you know, the facts that would support a submission against Labmed are very different than the facts that would support a submission against Mr. Gertz.  And that's especially true and further objection that we have the confusion with the defendants Perez and Byrns who, even though their claims are not – there's an instruction that their claims are not before you, by putting here in the instruction 'defendants' just globally it, I think, is ripe for juror confusion.")

added, following the bolded "Claim One" (and so on), each particular Sero Defendant's name for each corresponding verdict director.

3. In addition, to resolve the Sero Defendants' objection (Tr. 1107:6-8)[4] and remove any risk of error, Plaintiffs have removed the bolding from each of the causes of action in the verdict directors and in the verdict form.

4. For the verdict director regarding Claim One, fraudulent misrepresentation, the Sero Defendants objected to the inclusion of the phrase, "including because the patients had no legitimate connection to Putnam County Memorial Hospital," in the third element, arguing that the inclusion of this phrase "allows for a roving commission." (Tr. 1108:1-2.) To remove any objection and risk of error, Plaintiffs agree to striking this phrase from the third element. In addition, Plaintiffs have deleted the word "the" preceding "Plaintiffs" in the first sentence before the first element.

5. For the verdict director regarding Claim Two, tortious interference with contract, Plaintiffs have replaced the semicolon following the third element with a comma.

6. For the verdict director regarding Claim Three, civil conspiracy, Plaintiffs have clarified in the second and third elements that the conspiracy is between each particular Sero Defendant and at least one of David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC.

7. For the verdict director regarding Claim Four, money had and received, Plaintiffs have replaced the word "find" with "believe" to comport with the other verdict directors, and have also corrected "the Plaintiff's money" to "Plaintiffs' money" in the first element.

---

[4] ("We do have an objection to . . . bolding the word fraud in the text. We believe it . . . adds undue emphasis[.]").

8.      Plaintiffs propose including Eighth Circuit Model Civil Jury Instruction 5.23 regarding agency.  Plaintiffs' submit that inclusion of this instruction is particularly appropriate given that the jury will receive separate verdict directors for each of the four Sero Defendants. This model instruction, as proposed herein, has been modified only to include the alternative "LLC" after "corporation," given the two entity defendants, SeroDynamics, LLC and LabMed Services, LLC.

9.      Plaintiffs propose including two additional verdict forms on Plaintiffs' alternate theories of fraud.  With only one verdict form for Plaintiffs' three theories of fraud, the jury's verdict will be unclear as to which of the theories of fraud the jury finds.  Inclusion of these additional verdict forms will eliminate any ambiguity with respect to the jury's verdict and thus any potential risk of error.

10.      In addition, Plaintiffs propose slightly modifying each of the verdict forms to correspond with the verdict directors through including the phrase, "Claim One," "Claim One, Alternative One," "Claim One, Alternative Two," Claim Three," and "Claim Four."

11.      Each of the amended instructions and verdict forms is set forth below.  In addition, Plaintiffs will submit a redline comparing the amended burden of proof instruction below to the version circulated by the Court at the end of the day on Friday, as well as comparisons of each of the verdict directors for Defendant Beau Gertz (which are identical to the verdict directors for Defendants Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC, other than the appropriate names being inserted) as compared to the verdict directors circulated by the Court at the end of the day on Friday.

**Instruction No. \_\_\_**

A corporation or LLC acts only through its agents or employees and any agent or employee of a corporation or LLC may bind the corporation or LLC by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation or LLC, or within the scope of his duties as an employee of the corporation or LLC.

**Instruction No. \_\_\_**

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Finally, there is a higher burden of proof that applies to claims for civil conspiracy. A party seeking to recover on a claim for civil conspiracy has the burden to establish by clear and convincing evidence the facts necessary to recover on a claim for civil conspiracy. Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain. Clear and convincing evidence requires a higher degree of persuasion than the greater weight of the evidence.

**Instruction No. \_\_\_**

**Claim One: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant Beau Gertz with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant Beau Gertz knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

7

**Instruction No. \_\_\_**

**Claim One: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant Mark Blake with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant Mark Blake knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

**Instruction No. ___**

**Claim One: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant SeroDynamics, LLC with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant SeroDynamics, LLC knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

9

**Instruction No. \_\_\_**

**Claim One: Defendant LabMed Services, LLC**

Your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant LabMed Services, LLC with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant LabMed Services, LLC knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

**Instruction No. ___**

**Claim One, Alternative One: Defendant Beau Gertz**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant Beau Gertz's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant Beau Gertz knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant Beau Gertz's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant Beau Gertz's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant Beau Gertz's nondisclosure, Plaintiffs sustained damages.

**Instruction No. \_\_\_**

**Claim One, Alternative One: Defendant Mark Blake**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant Mark Blake's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant Mark Blake knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant Mark Blake's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant Mark Blake's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant Mark Blake's nondisclosure, Plaintiffs sustained damages.

**Instruction No. \_\_\_**

**Claim One, Alternative One: Defendant SeroDynamics, LLC**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant SeroDynamics, LLC's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant SeroDynamics, LLC knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant SeroDynamics, LLC's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant SeroDynamics, LLC's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant SeroDynamics, LLC's nondisclosure, Plaintiffs sustained damages.

**Claim One, Alternative One: Defendant LabMed Services, LLC**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant LabMed Services, LLC's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant LabMed Services, LLC knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant LabMed Services, LLC's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant LabMed Services, LLC's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant LabMed Services, LLC's nondisclosure, Plaintiffs sustained damages.

**Instruction No. ___**

**Claim One, Alternative Two: Defendant Beau Gertz**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz accepted the proceeds of fraud, and

*Second*, Defendant Beau Gertz had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant Beau Gertz did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. ___**

**Claim One, Alternative Two: Defendant Mark Blake**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake accepted the proceeds of fraud, and

*Second*, Defendant Mark Blake had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant Mark Blake did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. ___**

**Claim One, Alternative Two: Defendant SeroDynamics, LLC**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC accepted the proceeds of fraud, and

*Second*, Defendant SeroDynamics, LLC had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant SeroDynamics, LLC did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

17

**Instruction No. \_\_\_**

**Claim One, Alternative Two: Defendant LabMed Services, LLC**

In the alternative, your verdict on Plaintiffs' claim for Fraud must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC accepted the proceeds of fraud, and

*Second*, Defendant LabMed Services, LLC had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant LabMed Services, LLC did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. \_\_\_**

**Claim Two: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for Tortious Interference With Contract must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant Beau Gertz knew of such contract, and

*Third*, Defendant Beau Gertz caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant Beau Gertz did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. ___**

**Claim Two: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for Tortious Interference With Contract must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant Mark Blake knew of such contract, and

*Third*, Defendant Mark Blake caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant Mark Blake did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. \_\_\_**

**Claim Two: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for Tortious Interference With Contract must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant SeroDynamics, LLC knew of such contract, and

*Third*, Defendant SeroDynamics, LLC caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant SeroDynamics, LLC did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. \_\_\_**

**Claim Two: Defendant LabMed Services, LLC**

Your verdict on Plaintiffs' claim for Tortious Interference With Contract must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant LabMed Services, LLC knew of such contract, and

*Third*, Defendant LabMed Services, LLC caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant LabMed Services, LLC did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. ___**

**Claim Three: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for Civil Conspiracy must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz agreed with David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC to bill Plaintiffs for laboratory tests performed by SeroDynamics, LLC, and

*Second*, Defendant Beau Gertz and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC made said agreement with the expectation that they would:

- use Plaintiffs' contract with Putnam County Memorial Hospital to bill Plaintiffs for tests that were neither performed by, nor directed and personally supervised by, Putnam County Memorial Hospital, or

- bill Plaintiffs using Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier for tests for patients who had no connection to Putnam County Memorial Hospital.

*Third*, Defendant Beau Gertz and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC carried out said agreement, and

*Fourth*, Defendant Beau Gertz's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Instruction No. ___**

**Claim Three: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for Civil Conspiracy must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake agreed with David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC to bill Plaintiffs for laboratory tests performed by SeroDynamics, LLC, and

*Second*, Defendant Mark Blake and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC made said agreement with the expectation that they would:

- use Plaintiffs' contract with Putnam County Memorial Hospital to bill Plaintiffs for tests that were neither performed by, nor directed and personally supervised by, Putnam County Memorial Hospital, or

- bill Plaintiffs using Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier for tests for patients who had no connection to Putnam County Memorial Hospital.

*Third*, Defendant Mark Blake and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC carried out said agreement, and

*Fourth*, Defendant Mark Blake's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Claim Three: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for Civil Conspiracy must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC agreed with David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC to bill Plaintiffs for laboratory tests performed by SeroDynamics, LLC, and

*Second*, Defendant SeroDynamics, LLC and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC made said agreement with the expectation that they would:

- use Plaintiffs' contract with Putnam County Memorial Hospital to bill Plaintiffs for tests that were neither performed by, nor directed and personally supervised by, Putnam County Memorial Hospital, or

- bill Plaintiffs using Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier for tests for patients who had no connection to Putnam County Memorial Hospital.

*Third*, Defendant SeroDynamics, LLC and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC carried out said agreement, and

*Fourth*, Defendant SeroDynamics, LLC's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

# Instruction No. \_\_\_

**Claim Three: Defendant LabMed Services, LLC**

Your verdict on Plaintiffs' claim for Civil Conspiracy must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC agreed with David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC to bill Plaintiffs for laboratory tests performed by SeroDynamics, LLC, and

*Second*, Defendant LabMed Services, LLC and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC made said agreement with the expectation that they would:

- use Plaintiffs' contract with Putnam County Memorial Hospital to bill Plaintiffs for tests that were neither performed by, nor directed and personally supervised by, Putnam County Memorial Hospital, or
- bill Plaintiffs using Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier for tests for patients who had no connection to Putnam County Memorial Hospital.

*Third*, Defendant LabMed Services, LLC and David Byrns, Jorge Perez, Hospital Partners, Inc., and/or Empower H.I.S., LLC carried out said agreement, and

*Fourth*, Defendant LabMed Services, LLC's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Instruction No. __**

**Claim Four: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for Money Had And Received must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant Beau Gertz appreciated a benefit, and

*Third*, that Defendant Beau Gertz's acceptance and retention of the money was unjust.

**Instruction No. __**

**Claim Four: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for Money Had And Received must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant Mark Blake appreciated a benefit, and

*Third*, that Defendant Mark Blake's acceptance and retention of the money was unjust.

**Instruction No. \_\_**

**Claim Four: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for Money Had And Received must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant SeroDynamics, LLC appreciated a benefit, and

*Third*, that Defendant SeroDynamics, LLC's acceptance and retention of the money was unjust.

**Instruction No. __**

**Claim Four: LabMed Services, LLC**

Your verdict on Plaintiffs' claim for Money Had And Received must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant LabMed Services, LLC appreciated a benefit, and

*Third*, that Defendant LabMed Services, LLC's acceptance and retention of the money was unjust.

**VERDICT FORM ___**
<u>**Part I**</u>

<u>**Question No. 1**</u>:

**Note**:        Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim One against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for Fraud (as submitted in Instruction Nos. _____), we, the undersigned jurors, find in favor of

_____
Plaintiffs                              or                    Defendant Beau Gertz


_____
Plaintiffs                              or                    Defendant Mark Blake


_____
Plaintiffs                              or                    Defendant SeroDynamics, LLC


_____
Plaintiffs                              or                    Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 2**:

**Note**:          Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim One, Alternative One against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for Fraud (as submitted in Instruction Nos. _____), we, the undersigned jurors, find in favor of

_____
Plaintiffs                             or                    Defendant Beau Gertz


_____
Plaintiffs                             or                    Defendant Mark Blake


_____
Plaintiffs                             or                    Defendant SeroDynamics, LLC


_____
Plaintiffs                             or                    Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 3**:

**Note**:       Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim One, Alternative Two against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for Fraud (as submitted in Instruction Nos. _____), we, the undersigned jurors, find in favor of

_____

Plaintiffs                       or                Defendant Beau Gertz

_____

Plaintiffs                       or                Defendant Mark Blake

_____

Plaintiffs                       or                Defendant SeroDynamics, LLC

_____

Plaintiffs                       or                Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 4**:

**Note**:         Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim Two against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for Tortious Interference With Contract (as submitted in Instruction Nos. _____), we, the undersigned jurors, find in favor of

_____
Plaintiffs                          or                    Defendant Beau Gertz

_____
Plaintiffs                          or                    Defendant Mark Blake

_____
Plaintiffs                          or                    Defendant SeroDynamics, LLC

_____
Plaintiffs                          or                    Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 5**:

**Note**: Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim Three against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for Civil Conspiracy (as submitted in Instruction No. _____), we, the undersigned jurors, find in favor of

_____
Plaintiffs              or             Defendant Beau Gertz

_____
Plaintiffs              or             Defendant Mark Blake

_____
Plaintiffs              or             Defendant SeroDynamics, LLC

_____
Plaintiffs              or             Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 6**:

**Note**:  Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim Four against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for Money Had And Received (as submitted in Instruction No. _____), we, the undersigned jurors, find in favor of

_____

Plaintiffs                        or              Defendant Beau Gertz

_____

Plaintiffs                        or              Defendant Mark Blake

_____

Plaintiffs                        or              Defendant SeroDynamics, LLC

_____

Plaintiffs                        or              Defendant LabMed Services, LLC

*Proceed to Question No. 7.*

## **Part II**

**Question No. 7**:

**Note**:  Complete the following paragraph only if at least one of the findings in Part I above is in favor of Plaintiffs.

We, the undersigned jurors, assess the damages of Plaintiffs as:

For compensatory damages $ _____ (*stating the amount*)

Dated: September 26, 2021                By:        */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
J. Haynes Hansen (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com
hhansen@robinskaplan.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri, through the Court's CM/ECF system, on the 26th day of September 2021, with notice of case activity sent to counsel of record.

*/s/ Michael L. Jente*