**Instruction No. 1**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

**Instruction No. 2**

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later –are equally important and you must follow them all.

This is a civil case brought by the Plaintiffs against the Defendants. Plaintiffs allege that the Defendants participated in a fraudulent billing scheme whereby they performed laboratory tests at out-of-network laboratories, but billed the tests to Plaintiffs through Plaintiffs' in-network contract with Putnam County Memorial Hospital. This allowed the Defendants to be paid more for the tests than if they billed the tests directly by the laboratories that performed them. The Defendants deny the allegations. It will be your duty to decide from the evidence whether the Plaintiffs are entitled to a verdict against the Defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

## Instruction No. 3

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.  Lawyers' statements, arguments, questions, and comments are not evidence.

2.  Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.  Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.  Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**Instruction No. 4**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

## Instruction No. 5

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Courtroom Deputy Clerk, Ms. Diefenbach, will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your chairs.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

## Instruction No. 6

To make sure this trial is fair to all parties, you must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone tries to talk to you about the case during the trial, please report it to the courtroom deputy, Ms. Diefenbach, and she will report it to me.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude.  They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this

case, or talk about this case in front of you. But you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone other than the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case before you could do anything about it. If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed all the evidence.

**Instruction No. 7**

The trial will proceed in the following manner:

First, the Plaintiffs' lawyer may make an opening statement. Next, the Defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiffs will then present evidence. The Defendants' lawyer will have a chance to cross-examine the Plaintiffs' witnesses. After the Plaintiffs have finished presenting their case, the Defendants may present evidence, and the Plaintiffs' lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence.

Before the lawyers' closing arguments, I will instruct you further on the law. After the lawyers' closing arguments, you will go to the jury room to deliberate and decide on your verdict.

# Instruction No. 8

Earlier I told you that I might give you an instruction concerning evidence that you may consider for a limited purpose, and not for any other purpose. I am going to give you such an instruction now.

You are about to hear evidence of an audit conducted by the Missouri State Auditor of Putnam County Memorial Hospital ("Putnam"), including some excerpts from the auditor's report. You may not consider this evidence for the truth of the matter asserted in the report. For example, you may not consider anything in the report as evidence that Putnam was engaged in questionable laboratory billing practices with anyone.

You may consider this evidence for the following purposes only:

1. In explaining the audit's effects or impact on a listener, such as explaining why a witness undertook a certain action after learning of the audit.

2. To show the mental state of a party or witness, for example, to show that person's intent.

3. To show proof of notice to one who learned of the audit.

4. To show the knowledge of one who learned of the audit.

5. To judge a witness' credibility about whether he or she believed something to be true because of the audit.

**Instruction No. 9**

Members of the jury, you may recall that yesterday counsel for the Defendants, Mr. Minana, attempted to introduce evidence during his examination of Ms. Carey Bobbitt about which she testified she had no knowledge.

I instruct you to disregard the questioning of the Defendants' counsel, Mr. Minana, and her answers. You should not consider them in your deliberations.

**Instruction No. 10**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room. Remember, all instructions, whenever given and whether in writing or not, must be followed.

**Instruction No.  11**

As I indicated to you earlier in the trial, the Defendants whose claims are not before you to decide are Jorge Perez; Hospital Partners, Incorporated; Empower HIS, LLC; David Byrns; RAJ Enterprises of Central Florida, LLC, doing business as Pinnacle Laboratory Services; and Hospital Laboratory Partners, LLC.

**Instruction No. 12**

Testimony was presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was electronically video recorded and that recording was played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testified here in person.

# Instruction No. 13

You have heard testimony in which a witness invoked the Fifth Amendment to refuse to answer one or more questions. A witness has a right under the Fifth Amendment to decline to answer questions on the ground that doing so may tend to incriminate him.

You may, but are not required to, infer from such a refusal that the answer would have been adverse to the witness's interest. You should consider any inference you may or may not choose to draw from a refusal to testify on Fifth Amendment grounds together with all the other evidence in the case. The law requires the witness, if he's going to invoke his rights under the Fifth Amendment, to do so with regard to specific questions. And, therefore, it may be necessary for counsel to ask a series of questions, and it may be necessary for the witness, if he chooses to do so, to invoke his rights with regard to each question.

If you find that a witness was a member of a conspiracy, you may, but are not required to, infer from their refusal to testify that the witness's answer would have been unfavorable to the interests of any co-conspirator, but only if you find that the witness was sufficiently associated with that defendant during the relevant time frame to justify such an inference. You should consider any inference you may or may not choose to draw from a refusal to testify on Fifth Amendment grounds together with all the other evidence in the case.

## Instruction No. 14

The Plaintiffs and the Defendants have stipulated—that is, they have agreed—that the following are true:

1.     The Participating Hospital Agreement between RightCHOICE and Putnam was a "network" contract, and rendered Putnam in-network for members of the Blue Cross Blue Shield Plans.

2.     From July 1, 2016 to June 14, 2017, the Participating Hospital Agreement between Putnam and RightCHOICE paid for laboratory tests at 71% of Putnam's billed charges.

3.     RightCHOICE amended the Participating Hospital Agreement with Putnam, effective June 15, 2017, to pay for clinical laboratory services at the 2016 Outstate Medicare Fee Schedule, rather than as a percentage of billed charges.

4.     SeroDynamics was, at all times, an out-of-network laboratory with the Blue Cross Blue Shield Plans.

5.     LabMed was created to provide consulting and marketing services in connection with the blood testing services provided by SeroDynamics.

6.     Hospital Partners, Inc. was a Florida corporation and was created in December 2015 by Jorge Perez and David Byrns.

7.     In September 2016, Hospital Partners, Inc. took over the management of Putnam County Memorial Hospital.

8.     Thereafter, David Byrns became Putnam's Chief Executive Officer.

9.      Empower H.I.S., LLC ("Empower") was a Florida limited liability company owned by Jorge Perez.

10.      Empower was a medical claims billing company.

11.      Healthcare providers who ordered the laboratory tests at issue in this case arranged for their patients' blood specimens to be sent to SeroDynamics' laboratory in Denver, Colorado.

12.      SeroDynamics performed the at-issue blood tests at SeroDynamics' laboratory in Denver, Colorado.

13.      The blood tests performed by SeroDynamics were ordered by real physicians for real patients and were actually performed.

14.      The tests performed by SeroDynamics were not emergencies.

You must, therefore, treat these facts as having been proved.

**Instruction No. 15**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

Also, during this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

**Instruction No. 16**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**Instruction No. 17**

The parties have offered into evidence documents that have been partially redacted, which means that parts of the document have been blacked out or stamped "redacted." These redactions were made at my direction to safeguard the protected health information of individuals who are not parties to this lawsuit.

The redacted information is not relevant to this case, and the fact that certain information was redacted should not influence your verdict in any way.

**Instruction No. 18**

Certain charts and summaries were shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. These charts or summaries were used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence.

**Instruction No. 19**

You have heard testimony from Dr. Peter R. Kongstvedt and Mrs. Karen Fortune who testified as to their opinions and the reasons for their opinions. Their opinion testimony is allowed because of their education or experience.

You should judge each of these witnesses' opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

**Instruction No. 20**

In this case, Plaintiffs and certain of the Defendants are corporations. The mere fact that a party is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**Instruction No. 21**

A corporation or LLC acts only through its agents or employees and any agent or employee of a corporation or LLC may bind the corporation or LLC by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation or LLC, or within the scope of his duties as an employee of the corporation or LLC.

**Instruction No. 22**

As to the claims for Fraud, Tortious Interference With Contract, and Money Had And Received, you will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

There is a higher burden of proof that applies only to the claims for Civil Conspiracy. A party seeking to recover on a claim for civil conspiracy has the burden to establish by clear and convincing evidence the facts necessary to recover on a claim for civil conspiracy. Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain. Clear and convincing evidence requires a higher degree of persuasion than the greater weight of the evidence.

Finally, you have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

**Instruction No. 23**

**Claim One: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant Beau Gertz with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant Beau Gertz knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

**Instruction No. 24**

**Claim One: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant Mark Blake with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant Mark Blake knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

**Instruction No. 25**

**Claim One: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant SeroDynamics, LLC with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant SeroDynamics, LLC knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

**Instruction No. 26**

**Claim One: Defendant LabMed Services, LLC**

Your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC used Putnam County Memorial Hospital's Tax Identification Number and/or National Provider Identifier to bill for tests for patients who had no connection to Putnam, and

*Second*, such representations were made by Defendant LabMed Services, LLC with the intent that Plaintiffs rely on such representations in paying the claims, and

*Third*, the representations were false, and

*Fourth*, Defendant LabMed Services, LLC knew that the representations were false, and

*Fifth*, the representations were material to Plaintiffs' payment of the claims, and

*Sixth*, Plaintiffs relied on the representations in paying the claims, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of such representations, Plaintiffs sustained damage.

**Instruction No. 27**

**Claim One, Alternative One: Defendant Beau Gertz**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant Beau Gertz's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant Beau Gertz knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant Beau Gertz's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant Beau Gertz's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant Beau Gertz's nondisclosure, Plaintiffs sustained damages.

## Instruction No. 28

### Claim One, Alternative One: Defendant Mark Blake

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant Mark Blake's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant Mark Blake knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant Mark Blake's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant Mark Blake's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant Mark Blake's nondisclosure, Plaintiffs sustained damages.

**Instruction No. 29**

**Claim One, Alternative One: Defendant SeroDynamics, LLC**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant SeroDynamics, LLC's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant SeroDynamics, LLC knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant SeroDynamics, LLC's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant SeroDynamics, LLC's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant SeroDynamics, LLC's nondisclosure, Plaintiffs sustained damages.

## Instruction No. 30

**Claim One, Alternative One: Defendant LabMed Services, LLC**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC had a duty to disclose to Plaintiffs that the tests were not performed by Putnam County Memorial Hospital, and

*Second*, Defendant LabMed Services, LLC's failure to disclose that the tests were not performed by Putnam County Memorial Hospital occurred with the intent that Plaintiffs rely on that non-disclosure when Plaintiffs paid for the tests, and

*Third*, Putnam County Memorial Hospital did not perform the tests, and

*Fourth*, Defendant LabMed Services, LLC knew that Putnam County Memorial Hospital did not perform the tests, and

*Fifth*, Defendant LabMed Services, LLC's failure to disclose was material to Plaintiffs' decision to pay the tests billed through Putnam County Memorial Hospital, and

*Sixth*, Plaintiffs relied on Defendant LabMed Services, LLC's failure to disclose, and such reliance was reasonable under the circumstances, and

*Seventh*, as a direct result of Defendant LabMed Services, LLC's nondisclosure, Plaintiffs sustained damages.

**Instruction No. 31**

**Claim One, Alternative Two: Defendant Beau Gertz**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz accepted the proceeds of fraud, and

*Second*, Defendant Beau Gertz had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant Beau Gertz did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. 32**

**Claim One, Alternative Two: Defendant Mark Blake**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake accepted the proceeds of fraud, and

*Second*, Defendant Mark Blake had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant Mark Blake did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. 33**

**Claim One, Alternative Two: Defendant SeroDynamics, LLC**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC accepted the proceeds of fraud, and

*Second*, Defendant SeroDynamics, LLC had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant SeroDynamics, LLC did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. 34**

**Claim One, Alternative Two: Defendant LabMed Services, LLC**

In the alternative, your verdict on Plaintiffs' claim for **Fraud** must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC accepted the proceeds of fraud, and

*Second*, Defendant LabMed Services, LLC had knowledge of the misrepresentations or concealment by which the proceeds of the fraud were obtained, and

*Third*, Defendant LabMed Services, LLC did not disclose to Plaintiffs the misrepresentations or concealment by which the proceeds of the fraud were obtained.

**Instruction No. 35**

**Claim Two: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for **Tortious Interference With Contract** must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant Beau Gertz knew of such contract, and

*Third*, Defendant Beau Gertz caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant Beau Gertz did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. 36**

**Claim Two: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for **Tortious Interference With Contract** must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant Mark Blake knew of such contract, and

*Third*, Defendant Mark Blake caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant Mark Blake did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. 37**

**Claim Two: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for **Tortious Interference With Contract** must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant SeroDynamics, LLC knew of such contract, and

*Third*, Defendant SeroDynamics, LLC caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant SeroDynamics, LLC did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. 38**

**Claim Two: Defendant LabMed Services, LLC**

Your verdict on Plaintiffs' claim for **Tortious Interference With Contract** must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, a contract existed between Plaintiffs and Putnam County Memorial Hospital and was breached by Putnam County Memorial Hospital, and

*Second*, Defendant LabMed Services, LLC knew of such contract, and

*Third*, Defendant LabMed Services, LLC caused Putnam County Memorial Hospital to breach the contract with Plaintiffs, and

*Fourth*, Defendant LabMed Services, LLC did so intentionally and without justification or excuse, and

*Fifth*, Plaintiffs were thereby damaged.

**Instruction No. 39**

**Claim Three: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for **Civil Conspiracy** must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz made an agreement with at least one of the following Defendants: David Byrns, Jorge Perez, Hospital Partners, Inc., Empower H.I.S., LLC, and

*Second*, Defendant Beau Gertz and the other Defendant(s) made said agreement with the expectation that they would:

- engage in fraud (as submitted in any of instructions 23, 27, and 31), and/or

- tortiously interfere with the contract that existed between Plaintiffs and Putnam County Memorial Hospital (as submitted in Instruction No. 35), and

*Third*, Defendant Beau Gertz and the other Defendant(s) carried out said agreement, and

*Fourth*, Defendant Beau Gertz's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Instruction No. 40**

**Claim Three: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for **Civil Conspiracy** must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake made an agreement with at least one of the following Defendants: David Byrns, Jorge Perez, Hospital Partners, Inc., Empower H.I.S., LLC, and

*Second*, Defendant Mark Blake and the other Defendant(s) made said agreement with the expectation that they would:

- engage in fraud (as submitted in any of instructions 24, 28, and 32), and/or
- tortiously interfered with the contract that existed between Plaintiffs and Putnam County Memorial Hospital (as submitted in Instruction No. 36), and

*Third*, Defendant Mark Blake and the other Defendant(s) carried out said agreement, and

*Fourth*, Defendant Mark Blake's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Instruction No. 41**

**Claim Three: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for **Civil Conspiracy** must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC made an agreement with at least one of the following Defendants: David Byrns, Jorge Perez, Hospital Partners, Inc., Empower H.I.S., LLC, and

*Second*, Defendant SeroDynamics, LLC and the other Defendant(s) made said agreement with the expectation that they would:

- engage in fraud (as submitted in any of instructions 25, 29, and 33), and/or

- tortiously interfered with the contract that existed between Plaintiffs and Putnam County Memorial Hospital (as submitted in Instruction No. 37), and

*Third*, Defendant SeroDynamics, LLC and the other Defendant(s) carried out said agreement, and

*Fourth*, Defendant SeroDynamics, LLC's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Instruction No. 42**

**Claim Three: Defendant LabMed Services, LLC**

Your verdict on Plaintiffs' claim for **Civil Conspiracy** must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC made an agreement with at least one of the following Defendants: David Byrns, Jorge Perez, Hospital Partners, Inc., Empower H.I.S., LLC, and

*Second*, Defendant LabMed Services, LLC, and the other Defendant(s) made said agreement with the expectation that they would:

- engage in fraud (as submitted in any of instructions 26, 30, and 34), and/or

- tortiously interfered with the contract that existed between Plaintiffs and Putnam County Memorial Hospital (as submitted in Instruction No. 38), and

*Third*, Defendant LabMed Services, LLC and the other Defendant(s) carried out said agreement, and

*Fourth*, Defendant LabMed Services, LLC's acts in furtherance of their agreement caused or directly contributed to causing Plaintiffs' damages.

**Instruction No. 43**

**Claim Four: Defendant Beau Gertz**

Your verdict on Plaintiffs' claim for **Money Had And Received** must be for Plaintiffs and against Defendant Beau Gertz if you believe:

*First*, Defendant Beau Gertz received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant Beau Gertz appreciated a benefit, and

*Third*, that Defendant Beau Gertz's acceptance and retention of the money was unjust.

**Instruction No. 44**

**Claim Four: Defendant Mark Blake**

Your verdict on Plaintiffs' claim for **Money Had And Received** must be for Plaintiffs and against Defendant Mark Blake if you believe:

*First*, Defendant Mark Blake received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant Mark Blake appreciated a benefit, and

*Third*, that Defendant Mark Blake's acceptance and retention of the money was unjust.

**Instruction No. 45**

**Claim Four: Defendant SeroDynamics, LLC**

Your verdict on Plaintiffs' claim for **Money Had And Received** must be for Plaintiffs and against Defendant SeroDynamics, LLC if you believe:

*First*, Defendant SeroDynamics, LLC received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant SeroDynamics, LLC appreciated a benefit, and

*Third*, that Defendant SeroDynamics, LLC's acceptance and retention of the money was unjust.

**Instruction No. 46**

**Claim Four: LabMed Services, LLC**

Your verdict on Plaintiffs' claim for **Money Had And Received** must be for Plaintiffs and against Defendant LabMed Services, LLC if you believe:

*First*, Defendant LabMed Services, LLC received or obtained possession of Plaintiffs' money, and

*Second*, as a result, Defendant LabMed Services, LLC appreciated a benefit, and

*Third*, that Defendant LabMed Services, LLC's acceptance and retention of the money was unjust.

**Instruction No. 47**

If you find in favor of Plaintiffs, then you must award Plaintiffs such sum as you believe will fairly and justly compensate Plaintiffs for any damages you believe Plaintiffs sustained as a direct result of the occurrences mentioned in the evidence.

## Instruction No. 48

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the courtroom deputy, Ms. Strodtman, and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell Ms. Strodtman that you are ready to return to the courtroom.

## VERDICT FORM ___
## Part I

**Question No. 1**:

**Note**:          Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim One against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for **Fraud** (as submitted in Instruction Nos. 23-26), we, the undersigned jurors, find in favor of

_____
Plaintiffs                          or                    Defendant Beau Gertz


_____
Plaintiffs                          or                    Defendant Mark Blake


_____
Plaintiffs                          or                    Defendant SeroDynamics, LLC


_____
Plaintiffs                          or                    Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 2**:

**Note**:　　　Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim One, Alternative One against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for **Fraud** (as submitted in Instruction Nos. 27-30), we, the undersigned jurors, find in favor of

_____

Plaintiffs　　　　　　　　or　　　　　　　　Defendant Beau Gertz

_____

Plaintiffs　　　　　　　　or　　　　　　　　Defendant Mark Blake

_____

Plaintiffs　　　　　　　　or　　　　　　　　Defendant SeroDynamics, LLC

_____

Plaintiffs　　　　　　　　or　　　　　　　　Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 3**:

**Note**: Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim One, Alternative Two against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for **Fraud** (as submitted in Instruction Nos. 31-34), we, the undersigned jurors, find in favor of

_____

Plaintiffs                          or                    Defendant Beau Gertz


_____

Plaintiffs                          or                    Defendant Mark Blake


_____

Plaintiffs                          or                    Defendant SeroDynamics, LLC


_____

Plaintiffs                          or                    Defendant LabMed Services, LLC


*Proceed to the next question.*

**Question No. 4**:

**Note**:　　　Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim Two against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for **Tortious Interference With Contract** (as submitted in Instruction Nos. 35-38), we, the undersigned jurors, find in favor of

_____
Plaintiffs　　　　　　　　　or　　　　　　　Defendant Beau Gertz

_____
Plaintiffs　　　　　　　　　or　　　　　　　Defendant Mark Blake

_____
Plaintiffs　　　　　　　　　or　　　　　　　Defendant SeroDynamics, LLC

_____
Plaintiffs　　　　　　　　　or　　　　　　　Defendant LabMed Services, LLC

*Proceed to the next question.*

**Question No. 5**:

**Note**: Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim Three against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for **Civil Conspiracy** (as submitted in Instruction No. 39-42), we, the undersigned jurors, find in favor of

_____
Plaintiffs                         or                    Defendant Beau Gertz


_____
Plaintiffs                         or                    Defendant Mark Blake


_____
Plaintiffs                         or                    Defendant SeroDynamics, LLC


_____
Plaintiffs                         or                    Defendant LabMed Services, LLC


*Proceed to the next question.*

**Question No. 6**:

**Note**: Complete this form by writing in the names required by your verdict.

On Plaintiffs' Claim Four against Defendants Beau Gertz, Mark Blake, SeroDynamics, LLC, and LabMed Services, LLC for **Money Had And Received** (as submitted in Instruction No. 43-46), we, the undersigned jurors, find in favor of

_____

Plaintiffs                              or                      Defendant Beau Gertz


_____

Plaintiffs                              or                      Defendant Mark Blake


_____

Plaintiffs                              or                      Defendant SeroDynamics, LLC


_____

Plaintiffs                              or                      Defendant LabMed Services, LLC


*Proceed to Question No. 7.*

## Part II

**Question No. 7**:

**Note**:  Complete the following paragraph only if at least one of the findings in Part I above is in favor of Plaintiffs.

We, the undersigned jurors, assess the damages of Plaintiffs as:

For compensatory damages $ _____ (*stating the amount*)

**Instruction No. 49**

In addition to the damages mentioned in the previous instructions, the law permits the jury under certain circumstances to award punitive damages. Punitive damages are designed to punish the offender and serve as an example to others. Your job in this final phase of the trial is to determine whether punitive damages should be awarded, and if so, in what amount.

# Instruction No. 50

Submitted to you for consideration of an award of punitive damages is that conduct which formed the basis of your Verdicts on Question Nos. 1, 4, and 5.

If you believe the conduct of Defendant Beau Gertz as submitted in Instruction Nos. 23, 35, and 39 was outrageous because of his evil motive or reckless indifference to the rights of others, then in addition to any damages to which you found Plaintiffs entitled under Instruction No. 47, you may award Plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish Defendant Beau Gertz and to deter him and others from like conduct.

If you believe the conduct of Defendant Mark Blake as submitted in Instruction Nos. 24, 36, and 40 was outrageous because of his evil motive or reckless indifference to the rights of others, then in addition to any damages to which you found Plaintiffs entitled under Instruction No. 47, you may award Plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish Defendant Mark Blake and to deter him and others from like conduct.

If you believe the conduct of Defendant SeroDynamics, LLC as submitted in Instruction Nos. 25, 37, and 41 was outrageous because of its evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiffs entitled under Instruction No. 47, you may award Plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish Defendant SeroDynamics, LLC and to deter it and others from like conduct.

If you believe the conduct of Defendant Labmed Services, LLC as submitted in Instruction Nos. 26, 38, and 42 was outrageous because of its evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiffs entitled under Instruction No. 47, you may award Plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish Defendant Labmed Services, LLC and to deter it and others from like conduct.

You may consider harm to others in determining whether a defendant's conduct was outrageous. However, in determining the amount of any punitive damage award, you must not include damages for harm to others who are not parties to this case.

If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

Finally, there is a higher burden of proof that applies to punitive damages. A party seeking to recover punitive damages has the burden to establish by clear and convincing evidence the facts necessary to recover punitive damages.

## Part III

**Question No. 8:**

We, the undersigned jurors, find that Defendant Beau Gertz _____ *("is" or "is not")* liable for punitive damages.

We, the undersigned jurors, find that Defendant Mark Blake _____ *("is" or "is not")* liable for punitive damages.

We, the undersigned jurors, find that Defendant SeroDynamics, LLC _____ *("is or "is not")* liable for punitive damages.

We, the undersigned jurors, find that Defendant Labmed Services, LLC _____ *("is" or "is not")* liable for punitive damages.

_____          _____
SIGNATURE OF JURY FOREPERSON                      DATE

**<u>Part IV</u>**

**VERDICT FORM ___**

**Note**: Complete this form as required by your verdict.

We, the undersigned jurors, assess punitive damages against Defendant Beau Gertz at $_____ (*stating the amount or, if none, write the word, "none"*).

We, the undersigned jurors, assess punitive damages against Defendant Mark Blake at $_____ (*stating the amount or, if none, write the word, "none"*).

We, the undersigned jurors, assess punitive damages against Defendant SeroDyanmics, LLC at $_____ (*stating the amount or, if none, write the word, "none"*).

We, the undersigned jurors, assess punitive damages against Defendant Labmed Services, LLC at $_____ (*stating the amount or, if none, write the word, "none"*).


_____          _____
SIGNATURE OF JURY FOREPERSON                           DATE