# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HOSPITAL PARTNERS, INC., et al., )<br>)<br>Defendants. ) | No. 5:18-cv-06037-DGK |

## ORDER CONCERNING MARK BLAKE'S DISCLOSURE OF CONFIDENTIAL INFORMATION IN VIOLATION OF THE COURT'S PROTECTIVE ORDER

This lawsuit arises out of Defendants' fraudulent pass-through billing scheme for laboratory tests billed from Putnam County Memorial Hospital, a fifteen-bed hospital in rural Missouri. After an eight-day trial, a twelve-person jury returned a unanimous verdict in Plaintiffs' favor against Defendants Serodynamics, LLC; LabMed Services, LLC; Beau Gertz; and Mark Blake (collectively "the Sero Defendants") in the amount of $25,653,015.00 for fraud, tortious interference with contract, and civil conspiracy. This civil case is related to a criminal case in the Middle District of Florida, *United States v. David Lane Byrns*, No. 3:19-CR-166-J-32JRK (M.D. Fla.).

Now before the Court is Plaintiffs' motion for a show cause order concerning the disclosure of confidential information in violation of the Court's protective order and sealing order. ECF No. 571. By filing the motion, Plaintiffs sought to identify who disclosed sealed and unredacted information in violation of the protective order entered in this case.

During the course of the briefing on the motion, Defendant Mark Blake ("Blake")—who is a licensed attorney—admitted that he disseminated sealed information to counsel for two

defendants in the related criminal case. Resp. to Mot. for Order to Show Cause, ECF No. 579. The sealed information was the Sero Defendants' suggestions in support of their motion for summary judgment, as well as a Husch Blackwell LLP presentation to the United States Attorney's office that quoted and excerpted extensively from documents protected by the Court's protective order. *Id*. Counsel for these individuals then publicly filed this information in the criminal case. Blake claims he violated the protective order because as "a whistleblower and an officer of the court" he was "ethically and legally bound" to do so, and he alleges, the disclosures contained exculpatory information of which these defendants were unaware. *Id*. at 2.

In their reply brief, Plaintiffs leave it to the Court to determine what, if any, sanctions to impose on Blake or other steps to take with respect to the violation.

The Court rules as follows. Blake's post-hoc assertion that he was "ethically and legally bound" to violate the Court's protective order under the circumstances is not credible and without merit. The protective order set forth clear procedures Blake could have used to challenge the confidentiality designations and authorize the information's release. If for some unfathomable reason he was unable to follow these procedures, he could have filed a separate motion explaining the alleged ethical problem he faced, preferably accompanied by a written legal ethics opinion, and requesting the Court's guidance. The fact that he did none of these things is telling and undercuts his argument that his behavior was driven by ethical concerns

Blake's violation of the protective order was unjustified and merits at least an admonition and possibly more. Given the totality of the circumstances here, however, the Court declines to impose more tangible sanctions upon Blake for several reasons. Since the jury has already ordered Blake and the other Sero Defendants to pay approximately $26,000,000 in compensatory and punitive damages there is nothing left for the Court to impose in terms of a monetary punishment

2

that would serve as marginal deterrence. Imposing some kind of nonmonetary sanction, such as striking Blake's answer, would serve no purpose at this stage of the litigation because the jury has already found against him and, in light of the mountain of evidence presented at trial, the verdict is unlikely to be overturned on appeal. Finally, while the Court could conceivably initiate contempt proceedings against Blake, such a severe sanction is not merited under the circumstances.

Instead, the Court formally admonishes Blake for violating the protective order. The Court orders Blake to disclose this admonition in response to any inquiry asking if he has ever been admonished, sanctioned, or disciplined by any court or judicial authority. The Court will also refer this matter to the disciplinary counsel of the Florida and Texas bars, where Blake is presently a member.

**IT IS SO ORDERED.**

Date: November 5, 2021 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT