IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RIGHTCHOICE MANAGED CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER IMPOSING SANCTIONS UNDER 28 U.S.C. § 1927 AND ORDERING BRIEFING CONCERNING THE AMOUNT OF SANCTIONS

This lawsuit arose out of a fraudulent pass-through billing scheme for laboratory tests. After an eight-day trial, a jury returned a verdict in the Anthem Plaintiffs' ("Plaintiffs") favor for $25,653,015.

Now before the Court is Plaintiffs' Motion for an Order for Attorney Greg Minana to Show Cause as to Why He Should Not Be Sanctioned (ECF No. 797); the parties' briefing on this initial motion (ECF Nos. 798, 815, and 821); the Court's Order Directing Attorney Greg Minana to Show Cause as to Why He Should Not Be Sanctioned Under 28 U.S.C. § 1927 ("Show Cause Order") (ECF No. 846); and the parties' briefing on the Show Cause Order (ECF Nos. 849, 852, and 853).

After reading the briefing on Plaintiffs' initial motion, the Court was inclined to sanction Mr. Minana under § 1927. Show Cause Order at 3–13. ("The Court finds that six of these episodes [identified by Plaintiffs in their motion] likely warrant sanctions under § 1927 . . .") To ensure Mr. Minana had every opportunity to be heard before the Court made a final decision, however, the Show Cause Order permitted additional briefing on why he should not be sanctioned under § 1927. The Show Cause Order also directed the parties to brief what an appropriate method for

determining the amount of sanctions might be, specifically whether basing a sanction amount on a percentage of Plaintiffs' total litigation costs would be a permissible option to a "lodestar approach" based on calculating the sanction amount from specific time records.

Mr. Minana's briefs in response (ECF Nos. 849, 853) argue the following.[1] First, monetary sanctions are unwarranted because he and his law firm have already suffered significant financial and reputational harm from litigating this case. Second, the record does not support an award under § 1927. Third, sanctioning him a percentage of Plaintiffs' attorneys' fees and costs, as opposed to using a lodestar approach tied to individual billing records, would be inconsistent with § 1927. Fourth, the amount of any sanctions award should be determined by reviewing Plaintiffs' billing records.

The Court rules as follows.

After careful consideration, the Court finds Mr. Minana should be sanctioned under § 1927 for the six episodes identified in the prior order. Mr. Minana's suggestion that the record does not support sanctions against him under § 1927 is not persuasive. As set forth in detail in the Court's Show Cause Order, Mr. Minana's behavior in this case merits sanctions. Show Cause Order at 3–13. The Court will not rehash the Show Cause Order's findings other than to observe that after carefully considering the parties' additional briefing and engaging in additional reflection, the Court is firmly convinced that his behavior merits sanctions under § 1927.

In fact, after reading the additional briefing, the Court is struck by Mr. Minana's lack of contrition. He has not apologized for anything, even the most egregious conduct. For example, Mr. Minana has not apologized for writing vicious demand letters which baselessly threatened Plaintiffs' counsel with personal financial ruin if Plaintiffs did not agree to Defendants extortionate

---

[1] His initial brief incorporated all of his Suggestions in Opposition to Plaintiffs' initial motion, so he did not reargue the findings the Court made in the Show Cause Order. Resp. to Show Cause Order at fn.1, ECF No. 849.

demands. Instead, he states he "understands the Court's view of the evidence and, as previously stated, will not debate the merits of the underlying action." Resp. at 5.[2]

Mr. Minana's suggestion that he should not be sanctioned because he has already suffered financial and reputation harm from "litigating" this case is unpersuasive for numerous reasons. First, Mr. Minana is not being sanctioned for litigating this case. He is being sanctioned for repeatedly disregarding his duties to the Court and opposing counsel during this litigation which unreasonably and vexatiously drove up Plaintiffs' expenses. Second, it is difficult to believe that Mr. Minana and his law firm have suffered financial harm here: They were paid $2 million from an insurance policy to represent Defendants before draining the policy and moving to withdraw on the eve of trial. Third, the Court was not punishing Mr. Minana and his firm by requiring them to fulfill their duty of representation to their clients and continue representing them through trial. Missouri's Rules of Professional Conduct are quite clear that attorneys cannot withdraw on the eve of trial where, as here, no qualified attorney was prepared to enter an appearance, because doing so would have a "material adverse effect" on the clients' interests. Mo. R. 4-1.16(b)(1). Finally, any harm to Mr. Minana's reputation is the natural consequence of his actions in this case, not an extenuating circumstance which weighs against imposing sanctions.

As for how the Court should calculate the amount of sanctions, the Court agrees with Mr. Minana that Eighth Circuit caselaw suggests the amount should be based on specific time entries rather than on a percentage of Plaintiffs' costs and attorneys' fees. *See Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 446 (8th Cir. 2001) (holding "a sanctioning court must make an effort

---

[2] Notably, despite writing he will not debate the merits of the underlying action, he goes on to do just that—intimating that since a few bit players in the underlying criminal case were found not guilty and the arbitrator in the "Little River" Texas case (which has no bearing on this case) found no fraud—the jury's decision was completely wrong. Resp. at 5. Although Mr. Minana's failure to acknowledge the reality of the evidence in this case is surprising—the evidence supporting the jury's verdict was overwhelming—even more surprising is his reluctance to acknowledge that personally threatening opposing counsel in a demand letter is totally inappropriate.

to isolate the additional costs and fees incurred by reason of conduct that violated § 1927"). Of course, this amount should include all the work involved in seeking sanctions under § 1927 motion, including all the briefing and preparing the fee application. *See, e.g., In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967, 2012 WL 5372477, at *7 (N.D. Cal. Oct. 30, 2012) (granting costs and fees for preparing § 1927 motion).

Accordingly, Plaintiffs shall submit a proposed sanctions amount supported by affidavits and specific time entries. Plaintiffs shall file this submission on or before December 18, 2023. It may be filled under seal.

Mr. Minana shall have fourteen days to file any response. If the response objects to Plaintiffs' counsel's billing rate(s) or time spent on a particular task, Mr. Minana and his counsel shall submit affidavits disclosing their billings rate(s) during the period for this litigation (that is, from March 30, 2018, to the present) and Mr. Minana's counsel's billing records for this matter. These records may be filed under seal.

If Mr. Minana files a response, Plaintiffs shall then have fourteen days to file a reply brief.

**IT IS SO ORDERED.**

Date:  November 6, 2023   /s/ Greg Kays
                                                                          GREG KAYS, JUDGE
                                                                          UNITED STATES DISTRICT COURT